UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAKHAN JHA and MINAKSHI KUMARI,<br><br>Plaintiffs,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:23-cv-00584<br><br>ORDER STRIKING BOTH OF DEFENDANT'S PENDING SUMMARY JUDGMENT MOTIONS |

Before the Court are dueling motions. The first is Plaintiffs Lakhan Jha and Minakshi Kumari's motion to strike Defendant Chicago Title Insurance Company's second pending summary judgment motion, arguing that it violates the Local Civil Rule against "filing contemporaneous dispositive motions." Dkt. No. 31. The other motion is from Defendant asking permission to sidestep the rule. Dkt. No. 33. Both motions are fully briefed, and the Court has reviewed the record carefully. For the reasons stated below, the Court DENIES Defendant's motion and GRANTS Plaintiffs' motion.

To provide more background, Defendant filed a motion for partial summary judgment, which is still pending. Dkt. No. 16. Twenty-five days later, Defendant filed a "cross-motion" for summary judgment, which is also still pending. Dkt. No. 28. Defendant's cross-motion, however,

is essentially a companion piece to its response to Plaintiffs' motion for partial summary judgment. Defendant's summary judgment response clocks in at 8,017 words, and it contains multiple references to the (then) forthcoming cross-motion. *See* Dkt. No. 26 at 5, 9, 18. Defendant's cross-motion filed that same day contains 7,026 words. Dkt. No. 28.

Under the Local Civil Rules, "[a]bsent leave of the court, a party must not file contemporaneous dispositive motions, each one directed toward a discrete issue or claim." LCR 7(e)(3). The rule promotes judicial efficiency, but also prevents shrewd advocates from circumventing the word limits for dispositive motions. *See O'Donnell/Salvatori Inc. v. Microsoft Corp.*, No. C20-882-MLP, 2022 WL 220543, at *1 (W.D. Wash. Jan. 25, 2022) ("The page limits would be meaningless if parties could file multiple motions for summary judgment.").

Defendant acknowledges the Local Rules, but claims this is "not a situation where [it] is filing separate motions on discrete issues to circumvent briefing limitations or the one-motion-at-a-time rule," and that its cross-motion is in "direct *response* to Plaintiff's MSJ and is required for the Court to fully and fairly consider" the issues. Dkt. No. 33 at 2 (emphasis in original). This argument is not persuasive and is all but an admission that Defendant's cross-motion is simply an attempt to evade the 8,400 page-limit for summary-judgment responses. *See* LCR 7(e)(3).

Defendant also argues that Plaintiffs raise new arguments in their reply brief in support of their summary judgment motion and that this justifies—after the fact—its cross motion. Defendants offer no authority for this argument, and it defies common sense that Defendants would preemptively file a second dispositive motion on the off chance that Plaintiff's reply brief would veer into new territory. Besides, to the extent Defendant took exception to something contained in Plaintiff's reply, the proper course of action would have been to file a surreply requesting that the Court strike the objectionable material. *See* LCR 7(g).

ORDER STRIKING BOTH OF DEFENDANT'S PENDING SUMMARY JUDGMENT MOTIONS - 2

Defendant raises other arguments about Plaintiffs conflating insurance coverage and bad faith arguments in their summary judgment motion. The Court will not comment on this point or Plaintiffs' briefing except to say that Defendant offers no explanation why it could not elucidate on this subject in its summary judgment response to the extent it felt Plaintiffs had muddled their causes of action. Allowing Defendants to dissect Plaintiffs' claims across two motions would simply "reward [Defendant] for violating the court's rules, which the court is disinclined to do." *Delashaw v. Roberts*, No. C18-1850JLR, 2020 WL 2405405, at *2 (W.D. Wash. May 12, 2020).

Thus, the Court rejects Defendant's arguments in favor of allowing a second contemporaneous dispositive motion. But during the pendency of Plaintiffs' motion to strike, the parties finished the briefing schedule on Plaintiffs' and Defendant's separate partial summary judgment motions, as well as Defendant's cross-motion for summary judgment. So while the Local Civil Rules justify striking Defendant's cross-motion in its entirety, the Court, as a practical matter, cannot ignore the substantial work performed by the parties and the various briefs they have *already* submitted. Moreover, this case was removed from State court and does not yet have a trial date; narrowing the issues in dispute through motion practice will potentially shorten the length of trial and allow for a sooner trial setting.

Accordingly, the Court STRIKES both of Defendant's pending summary judgment motions without prejudice and grants it leave to file a single summary judgment motion that complies with the Local Civil Rules, including the word length for dispositive motions. Defendant must refile any such motion by August 21, 2023, and note it for consideration no later than September 15, 2023.

The Court does not take lightly the impact this ruling will have on Plaintiffs and assumes they will refashion their prior briefing to address any consolidated motion that Defendant files.

The Court will entertain a motion to file an overlength brief to the extent Plaintiffs need additional space to respond.

Dated this 7th day of August, 2023

Jamal N. Whitehead
United States District Judge