UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAKHAN JHA and MINAKSHI KUMARI,<br><br>Plaintiffs,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:23-cv-00584<br><br>ORDER DENYING CERTIFICATION OF QUESTIONS TO THE WASHINGTON SUPREME COURT |

Plaintiffs Lakhan Jha and Minakshi Kumari ("Jhas") ask the Court to certify two questions to the Washington Supreme Court under RCW 2.60.020:

1) Does an "as-is" clause in a Purchase and Sale Agreement between a buyer and seller of real property preclude coverage for a title defect under a title insurance policy?

2) Does an "as-is" clause in a Purchase and Sale Agreement between a buyer and seller of real property apply to exclude coverage under a title insurance policy because the insured "agreed to" a title defect within the meaning of Exclusion 4(a) (the "agreed to" exclusion)?

Dkt. No. 73 at 1.

Under RCW 2.60.020, "[w]hen in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of

ORDER DENYING CERTIFICATION OF QUESTIONS TO THE WASHINGTON SUPREME COURT - 1

[Washington] in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the [Washington] supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto." Certification serves the important judicial interests of efficiency and comity, and it saves "time, energy and resources and helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). "The decision to certify a question to a state supreme court rests in the sound discretion of the district court." *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003). "Even where state law is unclear, resort to the certification process is not obligatory." *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1009 (9th Cir. 2009).

Defendant Chicago Title Insurance Company ("Chicago Title") argues against certification because Chicago Title does not argue—and this Court did not find—that the "as is" clause in the Purchase and Sale Agreement precludes coverage for title claims. Dkt. No. 75. The Court agrees. As explained further in the Court's concurrently issued order denying their motion for reconsideration, the Jhas grossly misrepresent the Court's prior ruling. The Court analyzed the Jhas' claims under the language of Policy Exclusions 4(a) and 4(c), not under the Purchase and Sale Agreement.

Thus, the answers to the Jhas' proposed questions have no impact on the Court's prior ruling, so it would be of no benefit to certify the questions. "Where the benefit [of the Supreme Court's determination of state law] is not needed or

necessary, certification is not appropriate." *Pranger v. Oregon State Univ.*, No. 3:21-CV-00656-HZ, 2023 WL 111983, at *6 (D. Or. Jan. 4, 2023); *see* RCW 2.60.020.

Additionally, "[t]he practice of requesting certification after an adverse judgment has been entered should be discouraged. Otherwise, the initial federal court decision will be nothing but a gamble with certification sought only after an adverse decision. Once a question is submitted for decision in the district court, the parties should be bound by the outcome unless other grounds for reversal are present." *Perkins v. Clark Equip. Co., Melrose Div.*, 823 F.2d 207, 210 (8th Cir. 1987). "[A]llowing parties to exploit certification as a de facto reconsideration or appeal would turn the district court's decision into 'nothing but a gamble.'" *Wilson v. Playtika Ltd.*, No. 3:18-CV-05277-RBL, 2020 WL 2512905 (W.D. Wash. May 15, 2020) (quoting *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008)).

Accordingly, the Court DENIES the Jhas' motion to certify questions to the Washington Supreme Court.

Dated this 22nd day of March, 2024.

_____
Jamal N. Whitehead
United States District Judge