UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAKHAN JHA and MINAKSHI KUMARI,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br>　　　　　Defendant. | CASE NO. 2:23-cv-00584<br><br>ORDER DENYING PLAINTIFFS' RULE 54(b) MOTION |

## 1.　INTRODUCTION

Plaintiffs Lakhan Jha and Minakshi Kumari's ("Jhas") wish to appeal the Court's orders granting Defendant Chicago Title Insurance Company's motion for *partial* summary judgment and denying the Jhas' motion for reconsideration of the same. In most cases, however, an appeal lies only from the *final* judgment in the case. So the Jhas now move for entry of a final judgment under Fed. R. Civ. P. 54(b) and request a determination that there is no just reason for delaying their planned appeal.

Having reviewed the papers submitted in support of and opposition to the motion, the record, and being otherwise fully informed, the Court finds the Jhas

ORDER DENYING PLAINTIFFS' RULE 54(b) MOTION - 1

have not overcome the presumption against piecemeal judgements, especially while Chicago Title's summary judgment motion aimed at dismissing the remainder of the case is ripe for disposition. Accordingly, the Court DENIES the Jhas' motion. Dkt. No. 83.

## 2. BACKGROUND

The Court addresses only the relevant procedural background for this motion. A complete background of the case can be found in the Court's order granting Chicago Title's motion for partial summary judgment. Dkt. No. 67.

On May 5, 2023, Chicago Title moved for partial summary judgment on the Jhas' covered easement claims. Dkt. No. 16. Days later, on May 9, 2023, the Jhas cross-moved for summary judgment. Dkt. No. 20. On May 30, 2023, Chicago Title filed a second motion for summary judgment. Dkt. No. 28. The Jhas then moved to strike Chicago Title's later-filed summary judgment motion, which the Court granted because parties may not file and maintain contemporaneous dispositive motions. Dkt. Nos. 31, 58. The Court struck both of Chicago Title's motions for summary judgment and gave it leave to refile in accordance with the Local Civil Rules. Dkt. No. 58. On August 21, 2023, Chicago Title renewed its partial summary judgment motion, focusing only on coverage issues under the insurance policy at issue. Dkt. No. 59. On November 8, 2023, the Court granted Chicago Title's motion for partial summary judgment on the coverage issues. Dkt. No. 67. The Court denied the Jhas' subsequent motion for reconsideration. Dkt. Nos. 79, 80. The Court also denied the Jhas' motion to certify related questions to the Washington Supreme Court. Dkt. Nos. 73, 82.

On March 28, 2024, the Jhas filed this Rule 54(b) motion. Dkt. No. 83. On April 11, 2024, Chicago Title moved for summary judgment on the remaining issues. Dkt. No. 86. Chicago Title's latest summary judgment motion is now fully briefed and ripe for consideration. *See* Dkt. Nos. 86, 90, 91.

### 3. DISCUSSION

#### 3.1 Legal Standard.

Usually, an appeal may be had only from a final judgment in the case and not from interlocutory orders or rulings. 28 U.S.C. § 1291. "An order granting partial summary judgment is usually not an appealable final order under 28 U.S.C. § 1291 because it does not dispose of all of the claims." *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 884 (9th Cir. 2003). Parties can sidestep this issue by obtaining a Rule 54(b) judgment. *Id.* at 889.

Under Fed. R. Civ. P. 54(b), a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims . . . if the court expressly determines that there is no just reason for delay." "The burden is on the party moving for certification to show that their case's circumstances are unusual enough to merit departure from the general presumption against piecemeal judgments and appeals." *Santiago v. GEICO Advantage Ins. Co.*, No. 2:22-CV-01370-RSL, 2024 WL 1717034, at *1 (W.D. Wash. Apr. 22, 2024). The Court "should not direct entry of judgment . . . unless it has made specific findings setting forth the reasons for its order." *In re Lindsay*, 59 F.3d 942, 951 (9th Cir. 1995) (internal citation omitted).

District courts undertake a two-step process when applying Rule 54(b). First,

1   the court must "determine that it is dealing with a 'final judgment.'" *Curtiss-Wright*
2   *Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). Then, the court "must determine
3   whether there is any just reason for delay." *Wood v. GCC Bend, LLC*, 422 F.3d 873,
4   878 (9th Cir. 2005). The determination of whether "there is any just reason for delay
5   . . . is left to the sound judicial discretion of the district court." *Curtiss-Wright Corp.*,
6   446 U.S. at 8. Courts must consider both "judicial administrative interests" and "the
7   equities involved." *Id.* at 8.

### 3.2   The Court's summary judgment order is a final judgment.

Turning to the first part of the Rule 54(b) inquiry, there "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* at 7 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Courts "evaluate 'such factors as the interrelationship of the claims so as to prevent piecemeal appeals.'" *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (internal quotation and citation omitted).

The Jhas argue, and Chicago Title does not dispute, that the Court's Order granting summary judgment for Chicago Title on the Jhas' breach of contract claims for the 2011/200 Notices and the 2004/2001 Covenants is a final judgment on those claims. The Court agrees.

**3.3    There is just reason for delaying an appeal.**

After finding finality, the Court must determine whether there is any just reason for delay. *Curtiss-Wright Corp.*, 446 U.S. at 8. Here, the Court finds no such reason.

First, the Court evaluates "judicial concerns surrounding the appeal of less than a complete judgment." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 625 (9th Cir. 2015). The Court must determine whether the claims are "sufficiently divisible from the other claims such that the case would not inevitably come back to [the Court of Appeals] on the same set of facts." *Id.* at 628.

Next, the Court should do an "equitable analysis." *Id*. The equitable analysis focuses "on traditional equitable principles such as prejudice and delay." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989). The Court can consider whether the timing of the entry of judgment "would inflict severe financial harm" on either side. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 n.2 (9th Cir. 2005).

Finally, the Court must consider that entry of a partial judgment under Rule 54(b) "is not routine" in ordinary cases and "should not become so." *Id.* at 879. The Circuit "cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Id.* at 882. Thus, "Rule 54(b) should be used sparingly." *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and

ORDER DENYING PLAINTIFFS' RULE 54(b) MOTION - 5

separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

The Jhas have asserted multiple claims arising from Chicago Title's handling of their title insurance claims. Chicago Title moved for, and the Court granted, partial summary judgment excluding the 2010 and 2011 Notices and the 2001 and 2004 Covenants from coverage under the Policy. Dkt. No. 67. There is a summary judgment motion pending that "addresses Chicago Title's handling of all of Plaintiffs' insurance claims." Dkt. No. 86 at 2.

The Court declines to enter a partial judgment under Rule 54(b). An immediate appeal of the Court's partial summary judgment would require the Court of Appeals to examine the facts underlying this dispute. Many of the same facts would have to be presented to an appellate panel again should a separate judgment on Chicago Title's subsequent summary judgment motion be entered. Thus, concerns about piecemeal appellate review loom large given that the partially adjudicated and pending claims are so closely related and stem from the same basic transaction.

## 4.  CONCLUSION

For these reasons, the Court DENIES the Jhas' motion for entry of partial judgment under Rule 54(b).

Dated this 30th day of May, 2024.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Jamal N. Whitehead
United States District Judge

ORDER DENYING PLAINTIFFS' RULE 54(b) MOTION - 7