UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAKHAN JHA and MINAKSHI KUMARI, | CASE NO. 2:23-cv-00584 |
| Plaintiffs, | ORDER |
| v. | |
| CHICAGO TITLE INSURANCE COMPANY, | |
| Defendant. | |

This matter comes before the Court following a hearing on Defendant's Motion to Compel Depositions, Dkt. No. 109, and Plaintiffs' request for a trial continuance. Plaintiffs did not follow the Court's explicit instruction to use the joint expedited procedure under LCR 37 when responding to Defendant's motion. *See* Dkt. No. 105 at 1 ("Any discovery motions must be filed no later than Friday, April 25, 2025. The Parties *must* use the joint expedited procedure set forth in Local Civil Rule 37."). Instead, Plaintiffs filed a separate opposition brief, Dkt. No. 110, in which they raised—for the first time—their request to continue the trial date based on an alleged scheduling conflict involving a family wedding.

ORDER - 1

At the hearing, the Court granted Defendants' motion and directed Plaintiffs to submit declarations providing specific details about their purported conflict. Plaintiffs subsequently filed declarations under seal. Dkt. Nos. 118, 119.

The Court now addresses Plaintiffs' continuance request. In their Joint Status Report filed August 14, 2024, Plaintiffs explicitly represented to the Court that they were available for trial on "June 2–27" of 2025. Dkt. No. 94 at 3. Based on this representation, the Court scheduled trial to commence in this matter on June 2, 2025. Dkt. Mo. 95. Now, months later and with trial rapidly approaching, Plaintiffs claim they cannot proceed on the scheduled date because they must attend their son's wedding abroad. Dkt. No. 110 at 5–7. This explanation has unfolded in piecemeal fashion. First, Plaintiffs sought a continuance purportedly to complete discovery. Dkt. No. 100. When that was denied, Dkt. No. 105, they raised the wedding conflict, No. Dkt. No. 110 at 5–7. Then, only when challenged by Defendant about the details did they reveal that their son was legally married last summer—yet another fact omitted from their initial explanations. Dkt. No. 123 at 2; Dkt. No. 125 at 1–3. While the Court recognizes the cultural significance of wedding ceremonies distinct from legal marriages, Plaintiffs' shifting narrative and incremental disclosures have needlessly consumed judicial resources and undermined candor to the tribunal. Why not inform the Court of the upcoming ceremony at the start?

Despite the Court's concerns, the fundamental purpose of our judicial system is to resolve disputes on their merits. Thus, the Court finds good cause to grant a limited continuance of 45 days. This short extension balances the parties' interests

ORDER - 2

while preventing further unwarranted delay. The Court expects absolute clarity and forthrightness from all parties moving forward.

As for Plaintiffs' motion to seal, "[t]here is a strong presumption of public access to the court's files." LCR 5(g). Thus, "the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (cleaned up). "[T]o minimize the amount of material filed under seal," parties have a duty to meet and confer before moving to seal. LCR 5(g)(3)(A). And even when the parties agree that certain documents should be sealed, courts will not seal those documents unless they meet the requisite standard. LCR 5(g)(3).

Under Local Civil Rule 5, motions to seal must contain "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of" the following:

   i. the legitimate private or public interests that warrant the relief sought;

   ii. the injury that will result if the relief sought is not granted; and

   iii. why a less restrictive alternative to the relief sought is no sufficient.

LCR 5(g)(3)(B)(i)–(iii).

Plaintiffs submit that they should not have to disclose their travel plans on the docket because "[r]eleasing this information publicly could place Plaintiff's family at risk of potential harm as there is a high chance the information contained in these declarations would be indexed into publicly available databases and widely disseminated. Dkt. No. 116 at 2. Plaintiffs claim that one person in particular has

ORDER - 3

used publicly available information about their whereabouts to stalk them in the past. The Court is extremely skeptical of these statements and this argument, especially considering that the Jhas have made other misleading representations to this Court. Nevertheless, given that they allege personal safety concerns, the Court will allow Plaintiffs to file redacted versions of Siddarth Jha's and Lakhan Jha's Declarations, as detailed below. Dkt. Nos. 118, 119. The Court finds that redacting the declarations is appropriate rather than sealing them. Indeed, Plaintiffs have failed to show that redacting specific travel information would not adequately address any genuine safety concerns. *See* LCR 5(g)(3)(B)(iii).

Accordingly, the Court ORDERS:

1. The Parties will work with the Court's Courtroom Deputy to select a new trial date set to begin on or before August 18, 2025.

2. The Court GRANTS IN PART the stipulated motion to seal, Dkt. No. 116, as follows:

    a. The motion is denied as to Plaintiff Minakshi Kumari's declaration, as it does not include any specific travel information or dates. Dkt. No. 117. Accordingly, the Court DIRECTS the Clerk of the Court to unseal Dkt. No. 117.

    b. The motion is granted in part as to Siddharth Jha's Declaration. Dkt. No. 118. The Parties may redact *only the one sentence* beginning at page 2, line 1. The rest of the declaration must remain unredacted.

ORDER - 4

     c. The motion is granted in part as to Plaintiff Lakhan Jha's Declaration. Dkt. No. 119. Plaintiffs may file a redacted version with *only* the following redacted:

         i. Page 2, lines 6–9;

         ii. Page 3, line 13; and

         iii. Page 3, line 16.

     d. Plaintiffs must file redacted versions of the declarations at Dkt. Nos. 118 and 119 by May 7, 2025. If they do not, the Court will direct the Clerk of the Court to unseal those declarations.

3. The Parties must complete the depositions of Robert Chamberlain, Danette Leonhardi, and Plaintiff Minakshi Kumari by June 30, 2025.

4. Robert Chamberlain's and Danette Leonhardi's depositions may take place via remote means.

5. The Parties must meet and confer about the best means to complete Plaintiff Minakshi Kumari deposition in light of her previous discomfort with remote proceedings and document review. If an agreement is reached, the deposition will take place under those terms. If no agreement is reached, Plaintiff Kumari must appear for an in-person deposition, with accommodations made for her comfort.

IT IS SO ORDERED.

ORDER - 5

Dated this 5th day of May, 2025.

_____
Jamal N. Whitehead
United States District Judge

ORDER - 6