UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAKHAN JHA and MINAKSHI KUMARI,<br><br>               Plaintiffs,<br><br>    v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>               Defendant. | CASE NO. 2:23-cv-00584<br><br>ORDER DENYING CONTINUANCE |

      This matter comes before the Court on Plaintiffs' latest Motion to Continue Trial. Dkt. No. 128.

      Just last week, the Court granted a 45-day trial continuance despite its concerns about Plaintiffs' "shifting narrative and incremental disclosures [that] have needlessly consumed judicial resources and undermined candor to the tribunal." Dkt. No. 126. Now, Plaintiffs seek another delay because their newly selected counsel cannot accommodate the current trial date. Plaintiffs do not suggest that their current counsel is withdrawing or unable to proceed.

**ORDER** DENYING CONTINUANCE - 1

"When a party seeks to continue the dates set by the court, it must first show 'good cause' for modification of the [schedule] under Rule 16(b)." *See Zone Sports Ctr., LLC v. Rodriguez*, Case No. 1:11-cv-00622, 2016 WL 224093, at *4 (E.D. Cal. Jan. 19, 206) (citing *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)). "The good cause inquiry primarily considers the diligence of the party seeking amendment. *Id.* (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Id.* (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609). And "[a]lthough the existence or degree of prejudice to the party opposing modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."

New counsel presumably knew or should have known about the trial schedule before agreeing to the representation. Counsel who enter cases shortly before trial do so with eyes wide open to existing deadlines. They cannot manufacture grounds for a continuance simply by accepting representation with known calendar conflicts.

The motion speaks extensively about new counsel's preferences and scheduling difficulties but says nothing about the Court's calendar or constraints or prejudice to Chicago Title. The Court carefully balanced competing interests in granting the limited continuance, taking into account not only the parties' needs but also the Court's congested trial calendar. The judiciary's resources are finite, and

**ORDER** DENYING CONTINUANCE - 2

each continuance affects not only the case at hand but also other litigants awaiting resolution of their disputes.

As Plaintiffs explain in their motion, they have been "looking to obtain new counsel since August 2024." Dkt. No. 128 at 2. The mere preference to add inexperienced co-counsel at the eleventh hour provides no basis for further delay. This litigation has been pending in federal court since April 2023, but began in state court at least ten months prior. Nearly three years is more than enough time to prepare this case for trial, and the interests of justice require resolution. The Court has already accommodated one unexpected conflict—without more, it will not provide another.

The motion is DENIED.

Dated this 14th day of May, 2025.

Jamal N. Whitehead
United States District Judge