UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAKHAN JHA and MINAKSHI KUMARI,<br><br>Plaintiffs,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:23-cv-00584<br><br>ORDER STRIKING DKT. NO. 153 AND DENYING DKT. NO. 156 AS MOOT |

On August 22, 2025, Plaintiffs Lakhan Jha and Minakshi Kumari filed a notice purporting to withdraw their jury trial request and moved to extend certain pretrial deadlines based on this withdrawal. Dkt. Nos. 153; 156. Defendant Chicago Title opposes withdrawal and requests Rule 11 sanctions.

Rule 38(d) provides, in part, "A demand for trial by jury, made as herein provided, may not be withdrawn without the consent of the parties." Fed. R. Civ. P. 38(d); *Reid Bros. Logging Co. v. Ketchikan Pulp Co.*, 69 F.2d 1292, 1304 (9th Cir. 1983). "A party is generally entitled to rely on another party's original jury demand and need not file their own." *Ross Dress for Less, Inc. v. Makarios-Oregon, LLC*, 39

ORDER - 1

F.4th 1113, 1120 (9th Cir. 2022); *Reid Bros. Logging Co.*, 69 F.2d at 1304 (collecting cases); *Camper v. State Farm Fire and Cas. Ins. Co.*, Case No. 3:20-cv-5283, 2021 WL 5217103, at *1 (W.D. Wash. July 8, 2021) (citing *U.S. Sec. & Exch. Comm'n v. Jensen*, 835 F.3d 1100, 1107 (9th Cir. 2016)). "Typically, the combination of Rules 38(d) and 39(a) prevents a party from unilaterally withdrawing its jury demand, even when no other party has requested a jury trial." *Ross Dress for Less, Inc.*, 39 F.4th at 1120; *Reid Bros. Logging Co.*, 69 F.2d at 1304.

That said, "a party may consent to the unilateral withdrawal of a jury demand through its conduct, and thereby waive its right to rely on the protections of Rules 38(d) and 39(a)." *Ross Dress for Less, Inc.*, 39 F.4th at 1120. "Once a party demonstrates through its actions that it has not relied on another's jury demand in failing to file its own, the reason for allowing it to object when another side unilaterally seeks to withdraw its demand dissolves." *Id*. (quoting *Fuller v. City of Oakland*, 47 F.3d 1522, 1532 (9th Cir. 1995)). This exception is narrow: "[b]ecause the right to a jury trial is a fundamental right guaranteed to our citizenry by the Constitution, . . . courts should indulge every reasonable presumption against waiver." *Jensen*, 835 F.3d at 1107 (citations omitted).

Chicago Title objects to Plaintiffs' withdrawal of their jury demand, and it has not waived the protections of Rules 38(d) and 39(a) through its conduct. Chicago Title has not "vigorously" argued for a bench trial. *Cf. Ross Dress for Less, Inc.*, 39 F.4th at 1120. Nor has it engaged in any other conduct that would lead the Court to believe it waived its right to rely on Plaintiffs' jury demand. *See, e.g.*, Dkt. No. 94 at 2 (Joint Status Report noting that "[t]he parties anticipate trial to last 5 days").

ORDER - 2

Plaintiffs' arguments to the contrary are unpersuasive. First, Plaintiffs argue that Chicago Title failed to make its reliance on Plaintiffs' jury demand explicit. Dkt. No. 153 at 2. But the law does not require Chicago Title to do so. Second, Plaintiffs assert that the Joint Status Reports filed in this matter illustrate that only they requested a jury trial—not Chicago Title. *Id.* But this argument misses the mark, too, as a party need not file its own jury demand or request the same to benefit from another party's jury demand.

Plaintiffs argue in reply that Chicago Title was not permitted to respond to its unilateral withdrawal of its jury demand. Dkt. No. 159 at 1. This argument fails, however, because Plaintiffs' attempted withdrawal by notice alone was procedurally improper. Given the limitations on withdrawal imposed by Rules 38(d) and 39(a), as well as Chicago Title's objection, Plaintiffs needed to obtain leave of court to withdraw their jury demand. Their notice was not enough to achieve the withdrawal. *See Ross Dress for Less, Inc.*, 39 F.4th at 1115–16 (considering a motion to withdraw jury demand when one party objected). Viewed in this light, Chicago Title had every right to object to Plaintiffs' improper, unilateral action.

Next, Plaintiffs argue that there is no right to a jury trial here because they never made a proper jury demand in federal court. Of course, the protections of Rules 38(d) and 39(a) only apply when the right to a jury trial exists in the first place. Fed. R. Civ. P. 39(a)(2) (court may accept unilateral withdrawal of jury demand if it concludes there is no right to a jury trial). Plaintiffs assert that their jury demand in this case is defective because it requests only six jurors. Dkt. No. 159 at 2–3. But the fact that a jury demand requests six jurors does not negate the

right to a jury trial here, and Plaintiffs cite no precedent that would convince the Court otherwise. Accordingly, this matter will be tried to a jury.

Having resolved the substantive dispute about withdrawal, the Court turns to Chicago Title's request for sanctions under Rule 11 for having to respond to Plaintiffs' notice. Dkt. No. 157 at 4. "A motion for sanctions" under Rule 11 "must be made separately from any other motion[.]" Fed. R. Civ. P. 11(c)(2). "The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service[.]" *Id*. (providing "safe harbor" period). Here, contrary to Rule 11(c)(2), Chicago Title moved for sanctions in its responsive pleading, rather than a separate motion. *See id*. It also requested Rule 11 sanctions on the same day the allegedly sanctionable conduct took place, failing to abide by the 21-day safe harbor period. Thus, the Court DENIES the motion for sanctions.

Accordingly, the Court ORDERS:

1. The Court STRIKES Plaintiffs' notice of withdrawal of jury demand. Dkt. No. 153. This matter will be tried to a jury.

2. Plaintiffs' motion for extension of time is DENIED AS MOOT. Dkt. No. 156. Plaintiffs must file any outstanding pretrial documents previously due on August 22, 2025, no later than August 28, 2025.

ORDER - 4

3. Chicago Title's motion for sanctions, contained within its responsive pleading at Dkt. No. 157, is DENIED.

Dated this 27th day of August, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 5