UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAKHAN JHA and MINAKSHI KUMARI,<br><br>                  Plaintiffs,<br><br>   v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>                  Defendant. | CASE NO. 2:23-cv-00584<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO EXCLUDE CHICAGO TITLE'S EXPERT WITNESSES |

## 1. INTRODUCTION

This case involves a dispute over title insurance coverage for an easement affecting Plaintiffs' property. The parties' expert disclosures have been marked by repeated failures to comply with Federal Rule of Civil Procedure 26. This matter comes before the Court on Plaintiffs' Motion to Exclude Chicago Title's Expert Witnesses Due to Discovery Violation and Improper Expert Witness Disclosures. Dkt. No. 176. Having reviewed the motion, response, reply, and relevant portions of the record, the Court GRANTS the motion.

## 2. BACKGROUND

On November 4, 2024, Chicago Title disclosed Christopher Morey, a surveyor with True North Land Surveying, Inc., as an expert witness. Dkt. No. 177 at 7–8. The disclosure included an unsigned desk plot survey dated September 23, 2021, bearing the name and professional stamp of Eileen M. Forrester, not Morey. *Id.* at 11–12. Forrester created the desk plot survey for True North but retired at some point between September 2021 and November 2024. Dkt. No. 187 at 2. Chicago Title represents that Morey "remains employed by True North, has access to the survey files, reviewed the files, and will testify that the survey illustrates the location of two different easements on Plaintiffs' property." *Id.* To date, Chicago Title has not provided a signed expert report from Morey.

Plaintiffs disclosed their surveying expert, Robert Johnson, on December 11, 2024, and provided his expert report on June 22, 2025—well after the December 5, 2024, disclosure deadline. In a separate order, the Court granted Chicago Title's motion to exclude Johnson based on the untimely disclosure of his report.

On August 5, 2025—over forty days after receiving Johnson's report—Chicago Title disclosed Ken Shipley as another expert witness without providing a report, claiming none was required. Dkt. No. 177 at 34. Shipley was designated to rebut Johnson's testimony about survey method and property valuation. *Id.*

ORDER GRANTING PLAINTIFFS' MOTION TO EXCLUDE CHICAGO TITLE'S EXPERT WITNESSES - 2

# 3. DISCUSSION

**3.1 Legal standard.**

Under Rule 37(c)(1), a party who fails to provide information required by Rule 26(a) "is not allowed to use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless." This exclusion operates as a "'self-executing', 'automatic'" sanction designed to provide "'a strong inducement for disclosure.'" *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (quoting Fed.R.Civ.P. 37 advisory committee's note (1993). The party facing sanctions bears the burden of proving substantial justification or harmlessness. *Goodman v. Staples the Off. Superstore*, 644 F.3d 817, 827 (9th Cir. 2011).

**3.2 Christopher Morey must be excluded as an expert.**

The Court notes that Plaintiffs waited ten months after Morey's November 2024 disclosure to challenge his designation, creating an avoidable eve-of-trial emergency through either oversight or tactical calculation. While the Court does not condone such dilatory litigation tactics, Chicago Title's Rule 26 violations warrant exclusion nonetheless.

Chicago Title's failure to provide any expert report from Morey violates Rule 26(a)(2)(B)'s most basic requirements. A retained expert must provide a signed written report containing "a complete statement of all opinions the witness will express and the basis and reasons for them," along with the facts considered, qualifications, and compensation. Fed. R. Civ. P. 26(a)(2)(B). Chicago Title offers no

explanation—let alone substantial justification—for this complete failure over ten months.

Even if Chicago Title had provided Morey's report, Morey cannot properly testify as an expert about work he did not perform. The desk survey bears Forrester's name, not Morey's. Forrester never provided an expert report, leaving her methods, data sources, and analytical basis entirely unknown. Without this foundational information, Morey would necessarily have to rely on hearsay or speculation to explain Forrester's work—testimony that is impermissible under both the Federal Rules of Evidence and established expert witness practice.

Courts consistently prohibit one expert from serving as a "mouthpiece" for another expert's conclusions. *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 409 (6th Cir. 2006) ("reject[ing] any argument that Rule 703 extends so far as to allow an expert to testify about the conclusions of other experts."). While substitution of experts may be permitted when the original becomes unavailable, the substitute's testimony must be "substantially similar" to what the original expert would have provided. *Stratton v. Thompson/ Ctr. Arms, Inc.*, 608 F. Supp. 3d 1079, 1088 (D. Utah 2022) (prohibiting substitute expert from testifying based on computer modeling where deceased original expert had not employed such techniques). The substitute cannot use "new methods that the original expert did not use." *Id.*

Chicago Title states Morey "has access to the survey files, reviewed the files, and will testify that the survey illustrates the location of two different easements." Dkt. No. 187 at 2. This is precisely the type of impermissible mouthpiece

ORDER GRANTING PLAINTIFFS' MOTION TO EXCLUDE CHICAGO TITLE'S EXPERT WITNESSES - 4

testimony—Morey would be reviewing and conveying another surveyor's work rather than explaining work he performed using methods substantially similar to Forrester's unknown approach.

Chicago Title has not shown substantial justification or harmlessness for its Rule 26 violations. Plaintiffs remain prejudiced by the absence of any expert report detailing Morey's opinions. With trial set for October 6, 2025, this prejudice cannot be cured without continuing trial—something the Court will not do again.

While Morey cannot testify as an expert witness, he may testify as a fact witness that True North conducts surveys, that the survey data is a business record, the desk survey was performed by his company, and that the desk survey was performed using that data and then provided to Chicago Title. Given that Plaintiffs stipulate to the survey's authenticity and admissibility, Morey's testimony may not be necessary to establish foundation for the exhibit.

**3.3   Ken Shipley must also be excluded.**

Shipley's disclosure suffers from multiple fatal defects. First, it was untimely. Rule 26(a)(2)(D)(ii) requires rebuttal expert disclosures within 30 days of the initial expert disclosure. Chicago Title received Johnson's report on June 22, 2025, but did not disclose Shipley until August 5, 2025—44 days later. Dkt. No. 177 at 13–18, 34.

Second, Chicago Title's assertion that "Shipley is not required to provide a written report" is legally baseless. Shipley is unquestionably a retained expert who regularly provides expert testimony and advertises such services. *Id.* at 42. Rule 26(a)(2)(B) mandates a written report from retained experts.

ORDER GRANTING PLAINTIFFS' MOTION TO EXCLUDE CHICAGO TITLE'S EXPERT WITNESSES - 5

Finally, and perhaps most relevant, having excluded Plaintiffs' expert Johnson for disclosure violations, there is nothing for Shipley to rebut. The Court must apply Rule 37(c)(1) consistently to both parties. Johnson was excluded for providing his report six months late and being deposed after court deadlines. Fundamental fairness requires that Chicago Title's experts face the same automatic sanctions for their Rule 26 violations.

### 4.  CONCLUSION

In sum, Plaintiffs' Motion is GRANTED. Dkt. No. 176. Christopher Morey may not testify as an expert witness at trial, but he may provide limited fact testimony. Ken Shipley is EXCLUDED entirely.

Dated this 25th day of September, 2025.

Jamal N. Whitehead
United States District Judge