1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAKHAN JHA and MINAKSHI
KUMARI,

                    Plaintiff,

          v.

CHICAGO TITLE INSURANCE
COMPANY,

                    Defendant.

CASE NO. 2:23-cv-00584

ORDER ON MOTIONS IN LIMINE

        The Parties' motions in limine come before the Court. Dkt. Nos. 147; 149.

Having considered the briefing, the record, and the relevant law, the Court

GRANTS the motions IN PART, as laid out below.

## 1.  LEGAL STANDARD

        "A motion in limine is a procedural mechanism to limit in advance [of trial]

testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108,

1111 (9th Cir. 2009). They're "useful tools to resolve issues which would otherwise

'clutter up' the trial." *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir.

1986). Motions in limine must identify the specific evidence sought to be excluded

**ORDER** ON MOTIONS IN LIMINE - 1

and detail the reasoning for inadmissibility. *United States v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020) (citing *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. 08-CV-08525-PSG (PJWx), 2010 WL 2035800, at \*1 (C.D. Cal. May 19, 2010)). A motion devoid of specificity or merely reminding the court to follow established rules will be denied. *See id.* Trial courts need no reminder of their fundamental duty to enforce the federal rules during trial—that much is self-evident and requires no motion to secure.

Trial courts possess broad discretion when ruling on motions in limine. *Heller,* 551 F.3d at 1111. Denial of a motion in limine does not guarantee admission of contested evidence, but merely indicates that without trial context, the court cannot make a proper determination regarding exclusion. *See id.* And if the court grants a motion in limine, it may still revisit its earlier ruling based on the events at trial. *Ohler v. United States,* 529 U.S. 753, 758 n.3 (2000) ("[*I*]*n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial.").

## 2.   PLAINTIFFS' MOTIONS IN LIMINE

The Court rules as follows on Plaintiffs' motions in limine:

**Plaintiffs' MIL No. 1:** "Exclude References or Statements to Other Cases Involving Plaintiff or Individuals Associated with Plaintiff." Dkt. No. 149 at 2.

GRANTED. References to unrelated litigation would create substantial risk of unfair prejudice and confusion of issues under Fed. R. Evid. 403, with minimal probative value to this title insurance dispute, Fed. R. Evid. 402.

**ORDER** ON MOTIONS IN LIMINE - 2

1

2

3

4

5

6

**Plaintiffs' MIL No. 2:** "24-Hour Notice of Witnesses." Dkt. No. 149 at 2.

GRANTED. The motion is unopposed. *See* Dkt. No. 165 at 1. As discussed at the pretrial conference, the Parties must notify each other of their witnesses for the next day by 5:00 p.m. each day. For the first day of trial, the Parties must notify each other of their witnesses 48 hours in advance. *See* Trial Procedures – Civil, 1.7 – Streamlining evidentiary disputes.

7

8

**Plaintiffs' MIL No. 3: "**All non-party witnesses should be excluded from the courtroom during trial, except Mr. Jha." Dkt. No. 149 at 3.

9

10

11

12

13

GRANTED IN PART. Siddharth Jha is a key fact witness and non-party who must be excluded under Fed. R. Evid. 615. The rule's purpose is to discourage and expose fabrication, inaccuracy, and collusion, which applies with particular force to a central witness like Mr. Jha who will testify about critical events in this case. The motion is GRANTED as to all other non-party witnesses. *See id.*

14

15

**Plaintiffs' MIL No. 4:** "Prohibit Any Reference to Windfall or Lottery." Dkt. No. 149 at 4.

16

GRANTED. The motion is unopposed. *See* Dkt. No. 165 at 1.

17

18

**Plaintiffs' MIL No. 5: "**Prohibit Defendants from Obtaining Any Peremptory Challenges in Excess of Those Allocated to Plaintiff." Dkt. No. 149 at 4.

19

20

21

GRANTED. The motion is unopposed. *See* Dkt. No. 165 at 1. Consistent with law, each party will have three peremptory challenges. *See* Fed. R. Civ. P. 47; 28 U.S.C. § 1870.

22

23

**ORDER** ON MOTIONS IN LIMINE - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

**Plaintiffs' MIL No. 6:** "Exclude References to Motions *in Limine.*"

GRANTED. The motion is unopposed. *See* Dkt. No. 165 at 1. If counsel need to reference an evidentiary issue that was the subject of a motion in limine, they should state only that "this issue is the subject of a motion" or the like and seek a sidebar or address the issue on a break.

### 3. DEFENDANT'S MOTIONS IN LIMINE

Plaintiffs raise procedural challenges to all Chicago Title's motions in limine. First, Plaintiffs correctly note that Chicago Title's attorneys failed to sign the motions in limine in violation of the Federal and Local Civil Rules. Second, Plaintiffs assert that Chicago Title failed to meet and confer as required by Local Civil Rule 7(d)(5), presenting evidence that no conference occurred on August 11, 2025, despite Chicago Title's certification otherwise.

These procedural deficiencies are concerning, but even so, the Court will consider Chicago Title's motions on their merits. The Court expects strict compliance with procedural requirements, accurate certifications, and cooperative resolution of evidentiary disputes throughout trial.

The Court rules as follows on Defendant's motions in limine:

**Defendant's MIL No. 1:** "Chicago Title moves the Court to exclude testimony from Plaintiff's surveyor, Robert Johnson." Dkt. No. 147 at 2.

GRANTED. Chicago Title seeks to exclude Johnson's testimony because his expert report was six months late (due December 5, 2024, but provided June 23, 2025) and his deposition occurred after the Court's June 30, 2025, deadline. Dkt.

**ORDER** ON MOTIONS IN LIMINE - 4

Nos. 126; 141. Under Fed. R. Civ. P. 37(c)(1), exclusion operates as a "self-executing, automatic sanction" for untimely expert disclosures. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

The violation of explicit court deadlines is particularly compelling because it undermines judicial case management and creates unfair tactical advantages. Courts have excluded expert testimony for far shorter delays where court orders were violated. *Krause v. County of Mohave*, 459 F. Supp. 3d 1258, 1269 (D. Ariz. 2020) (excluding expert report four months late).

The fact that this involved a rebuttal expert makes the violation more serious, as rebuttal deadlines are specifically designed to prevent unfair surprise and allow adequate preparation time before trial.

**Defendant's MIL No. 2:** "Chicago Title moves the Court to exclude all trial testimony from Plaintiffs' designated bad faith expert, Danette Leonhardi." Dkt. No. 147 at 3.

DENIED. Chicago Title argues that Plaintiffs failed to disclose their bad-faith expert until the rebuttal expert deadline, even though she is not a rebuttal expert. Chicago Title also argues that Plaintiffs failed to make Leonhardi available for a deposition before June 30, 2025, as ordered by the Court. It asks that the Court exclude Leonhardi as a discovery sanction for violating the Court's order.

Plaintiffs state that they provided Leonhardi's report in 2023, and indeed, they filed the report early on in this case. Dkt. No. 25-1. As for Leonhardi's deposition, Plaintiffs state that Leonhardi just wasn't available in June 2025. While Plaintiffs should have sought leave to modify the deadline for conducting

1    Leonhardi's deposition, the Court finds that Chicago Title was not prejudiced by

2    any delay.

3    **Defendant's MIL No. 3:** "Chicago Title moves the Court to exclude

4    testimony by Robert Chamberlin of the diminution in value of the Property because

5    of the covered easement." Dkt. No. 147 at 4.

6    DENIED. This motion is an untimely *Daubert* challenge filed after the

7    dispositive motion deadline. Chamberlin will be limited to the scope of his properly

8    disclosed expert opinions. *See* Fed. R. Civ. P. 26(a)(2)(B). Chicago Title's remaining

9    arguments about his method and the evidence he considered go to the weight of his

10   planned testimony, not its admissibility. Denial of this motion does not guarantee

11   admission of Chamberlin's testimony—Chicago Title may renew its objections at

12   trial. The Parties must follow Trial Procedures – Civil, 1.7 – Streamlining

13   evidentiary disputes, which requires the parties to meet and confer on witness

14   objections, then email the Court any disputed witnesses for the next day so the

15   Court can address and rule on admissibility before trial begins.

16   **Defendant's MIL No. 4:** "Chicago Title moves the Court to exclude any

17   expert or opinion testimony by Siddharth Jha." Dkt. No. 147 at 6.

18   GRANTED. The motion is unopposed. *See* Dkt. No. 167 at 13.

19   **Defendant's MIL No. 5: "**Chicago Title moves the Court to exclude any

20   testimony by Siddharth Jha as to Plaintiffs' damages." Dkt. No. 147 at 7.

21   DENIED without prejudice. Siddharth Jha may provide lay witness

22   testimony about damages under Fed. R. Evid. 701, including opinions based on his

23   personal knowledge and familiarity with the property. That said, his testimony may

ORDER ON MOTIONS IN LIMINE - 6

not veer into expert testimony requiring specialized knowledge beyond that of an ordinary lay witness.

**Defendant's MIL No. 6:** "Chicago Title moves the Court to exclude any testimony by Plaintiffs as to the diminution in value of their property." Dkt. No. 147 at 7.

DENIED without prejudice. *See* Ruling on Defendant's MIL No. 5.

**Defendant's MIL No. 7:** "Chicago Title moves the Court to exclude any testimony as to diminution in value damages other than those calculated as of March 22, 2021." Dkt. No. 147 at 8.

DENIED. Chicago Title asserts that most courts conclude that the date of loss under a title insurance policy is the date on which the insured discovered the defect. Dkt. No. 147 at 8 (citing *Overholtzer v. N. Ctys. Title Ins. Co.*, 253 P.2d 116, 125 (Cal. Ct. App. 1953)). Whether this is the case or not, the policy governs when it states otherwise. Joyce Palomar, 1 Title Insurance Law § 10:16 (2025 ed.) ("Where policy language states the date on which the value of the insured property is to be determined, with and without the title defect, the policy language will be followed.").

The policy language here states: "If we pursue Our rights under Sections 4.a.(3) and 5.e. of these Conditions [including the right to litigate disputes] and are unsuccessful in establishing the Title, as insured . . . You shall have the right to have the actual loss determined on either the date the claim was made by You or the date it is settled and paid." Dkt. No. 23-3 at 24. This language appears consistent with the American Land Title Association's form policy conditions

**ORDER** ON MOTIONS IN LIMINE - 7

1

2

3

language, which "give[s] the insured the option of using either the property's value on the date the insured made the claim or the property's value on the date that the claim is settled and paid." Joyce Palomar, 1 Title Insurance Law § 10:16 (2025 ed.).

4

5

6

7

**Defendant's MIL No. 8:** "Chicago Title moves the Court to exclude any testimony as to the valuation of Plaintiffs' drainage system claims or claims of damages as to any of the other title insurance claims that have been dismissed." Dkt. No. 147 at 9.

8

9

10

GRANTED. The parties agree that references to dismissed claims, including drainage system claims and other non-covered title issues, should be excluded to avoid jury confusion. This trial will focus on the covered 2000 easement claim.

11

12

13

**Defendant's MIL No. 9:** "Chicago Title moves the Court to limit damage claims to the extent the non-excepted easement is outside of the excepted easements." Dkt. No. 147 at 9.

14

15

16

17

18

19

DENIED. This motion seeks to resolve complex factual and legal questions about the scope of coverage and damages calculations that are inappropriate to resolve on a motion in limine. *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) ("Motions in limine must not be used to resolve factual disputes."); *C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008) ("[A] motion in limine should not be used to resolve factual disputes or weigh evidence.").

20

21

22

**Defendant's MIL No. 10:** "Chicago Title moves the Court to exclude any testimony by Plaintiffs of attorney fees or expenses as a component of actual damages." Dkt. No. 147 at 10.

23

**ORDER** ON MOTIONS IN LIMINE - 8

DENIED. This motion seeks to resolve questions of contract interpretation regarding the scope of "actual damages" under the policy and Washington law, which are better addressed through jury instructions rather than evidentiary exclusion. The motion also improperly attempts to exclude an entire category of damages through a motion in limine rather than summary judgment or other substantive motions practice.

## 4. CONCLUSION

The parties must comply with the Court's rulings at trial. If questions arise about the application or scope of the Court's rulings, they should be addressed outside the presence of the jury.

Dated this 25th day of September, 2025.

Jamal N. Whitehead
United States District Judge

ORDER ON MOTIONS IN LIMINE - 9