Hon. Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAKHAN JHA and MINAKSHI KUMARI,<br><br>Plaintiffs,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant. | No. **2:23−cv−00584−JNW**<br><br>CHICAGO TITLE'S AMENDED RESPONSE TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE UNDER FRCP 41(a)(2) (ECF 199)<br><br>NOTE ON MOTION CALENDAR:<br>**OCTOBER 22, 2025** |

Plaintiffs filed their Motion for Voluntary Dismissal Without Prejudice Pursuant to Rule 41(a)(2) at 10:00 PM on October 1, 2025. Jury selection was scheduled for two days later, October 3, 2025, and trial was set to commence October 6, 2025. Plaintiffs' motion comes after over three and a half years of litigation in state and federal court. The parties have engaged in years of contentious discovery, multiple motions for dismissal and summary judgment, and are now literally on the eve of trial for the third time.

Plaintiffs' motion to dismiss should be denied and require Plaintiffs to proceed to trial. Alternatively, the Court should dismiss Plaintiffs' claims with prejudice. Finally, if the Court dismisses Plaintiffs' claims without prejudice, then it should require Plaintiffs to pay all Defendant's attorney fees and costs generated in this matter.

CHICAGO TITLE'S AMENDED RESPONSE TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE UNDER FRCP 41(A)(2) - 1

**FIDELITY NATIONAL LAW GROUP**
**THE LAW DIVISION OF FIDELITY NATIONAL FINANCIAL**
601 UNION STREET, SUITE 3225
SEATTLE, WA 98101
(206) 223-4525

## I. LEGAL STANDARDS FOR FRCP 41(a)(2)

A decision on a motion for voluntary dismissal is discretionary with the trial court. W*estlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). The 9th Circuit has held that "[w]here the request is to dismiss without prejudice, '[a] District Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result.'" *WPP Lux. Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058–59 n.6 (9th Cir. 2011). "Legal prejudice" is a term of art: it means "prejudice to some legal interest, some legal claim, some legal argument."

If a court does not find legal prejudice as a basis to deny the motion to dismiss, then it must evaluate whether to dismiss the claims with or without prejudice and "on terms that the court considers proper." Rule 41(a)(2).

## II. ARGUMENT

Plaintiffs have only stated two bases upon which they seek relief under FRCP 41: (1) Plaintiffs claim the exclusion of surveyor Robert Johnson prejudices their case; and (2) Plaintiffs claim surprise and prejudice as to Chicago Title's affirmative defenses 1-3. In their initial briefing on October 1, 2024 (ECF 199), at oral argument on October 2, 2025, and finally in their reply brief filed October 3, 2025 (ECF 203), Plaintiffs do not state any other reason for the instant motion. Both grounds are baseless.

Initially, this Court should be made aware the State Court has already ruled on the second above-stated premise for Plaintiffs' motion. Plaintiffs moved to dismiss Chicago Title's affirmative defenses, including all those raised by the present motion, on August 22, 2022 (See ECF 007 p 142-152; ECF 013 p 495-496), Declaration of Daniel A. Womac (Womac Decl.), **Exhibit A**. The State Court <u>denied</u> Plaintiffs motion with respect to the defenses of (1) failure

CHICAGO TITLE'S AMENDED RESPONSE TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE UNDER FRCP 41(A)(2) - 2

FIDELITY NATIONAL LAW GROUP
THE LAW DIVISION OF FIDELITY NATIONAL FINANCIAL
601 UNION STREET, SUITE 3225
SEATTLE, WA 98101
(206) 223-4525

to state a claim; (2) failure tfo act in a reasonable manner; and (3) unclean hands, on April 6, 2023. Womac Decl., **Exhibit B**. Plaintiffs have intentionally dodged real discussion of this ruling in their briefing. The defenses were properly plead and apply to all remaining claims unless dismissed. Plaintiffs have invented a false prejudice with the recent motion and are hoping nobody will recall the issue has been litigated to certainty already.

Even if this were not true, these are standard, boilerplate affirmative defenses without real consequence in this case. To that end, should the Court rule that the state court did not decide the issue already, Chicago Title will agree to waive these three defenses now if it means the Court will deny Plaintiffs' motion to dismiss. Chicago can defend its case without reference to any of these simple defenses.

Second, though Chicago respects and defers to all the Court's rulings on respective motions to date, but as a direct result of Plaintiffs' fabricated reasons for their motion to voluntarily dismiss their case now, Chicago Title agrees to waive any objection to Robert Johnson testifying at trial. Chicago Title agrees to this path forward provided the Court (1) remains able to rule on the scope/limitation of Johnson's testimony under the relevant rules of evidence and Federal Procedure and (2) so long as Chicago Title can cross-examine the witness at trial. That said, if Plaintiffs <u>really</u> had a legitimate argument as to Defendants' appraisal, they had three years to raise it as an issue. Instead, they waited until just weeks before trial and are now using it as an excuse as to why they are not prepared to go to trial.

With the above information that the affirmative defenses have been ruled on, coupled with the stipulations from Chicago Title, Plaintiffs have <u>no</u> remaining bases for their motion. As such, Chicago Title would respectfully ask the Court to deny the motion and permit this case

CHICAGO TITLE'S AMENDED RESPONSE TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE UNDER FRCP 41(A)(2) - 3

FIDELITY NATIONAL LAW GROUP
THE LAW DIVISION OF FIDELITY NATIONAL FINANCIAL
601 UNION STREET, SUITE 3225
SEATTLE, WA 98101
(206) 223-4525

to proceed to jury trial. In short, the Court need not even reach a determination of legal prejudice to Chicago Title since Plaintiffs have no underlying reason for the dismissal at this point.

### A. Alternatively, a Dismissal Should be With Prejudice and Apply to all Plaintiff's Claims

If the Court reaches an analysis and decision that there is no plain legal prejudice to Chicago Title by a dismissal, and that the motion to dismiss must be granted, then the Court still must determine whether that dismissal is with or without prejudice. This analysis is untethered from the initial determination involving legal prejudice. Under these facts, Defendant respectfully seeks dismissal of all claims and causes of action in this case with prejudice.

When granting a motion for voluntary dismissal, a district court may impose "terms that [it] considers proper." Fed.R.Civ.P. 41(a)(2). These terms may include that the dismissal be with prejudice. *See Burnette v. Godshall,* 828 F.Supp. 1439, 1443 (N.D.Cal.1993), aff'd sub nom., *Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir.1995), and *see Microhits, Inc. v. Deep Dish Prods., Inc.*, 510 F. Appx 611, 612, 2013 WL 704013 (9th Cir. 2013) (unpublished), Fed.R.Civ.P. 32.1. "When deciding whether a dismissal should be with or without prejudice, District Courts in this Circuit have looked to whether it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Williams v. Peralta Community College Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005) (*quoting Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), aff'd sub nom. *Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766, 767 (9th Cir. 1995)); and *see Flooring Associates, Inc. v. Design Manufacturing International, LLC,* 2021 WL 317887 (W.D. Washington at Tacoma 2021) (unpublished), Fed.R.Civ.P. 32.1. District Courts in this Circuit have looked to three general

CHICAGO TITLE'S AMENDED RESPONSE TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE UNDER FRCP 41(A)(2) - 4

Fidelity National Law Group
The Law Division of Fidelity National Financial
601 Union Street, Suite 3225
Seattle, WA 98101
(206) 223-4525

considerations: "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Burnette v. Godshall*, 828 F. Supp. at 1443–44 (internal quotation marks and citation omitted); e.g., *Self v. Equinox Holdings, Inc.*, No. CV1404241MMMAJWX, 2015 WL 13298146, at *13 (C.D. Cal. Jan. 5, 2015) (applying these factors); *see also* Conditional dismissal, 2 Motions in Federal Court § 8:30 (3d ed.).

This Court is widely aware that Chicago Title sought to press this case to trial in June 2025. Chicago Title filed all pre-trial briefing and announced to the Court it was prepared to proceed, but for the deposition testimony it sought by LCR 37 motion to compel (ECF 109). Instead of merely opposing the LCR 37 motion, Plaintiffs moved to continue the June 2025 trial date suddenly claiming their son, Sidd Jha, was getting wed out of the country (ECF 110). The Court granted Chicago Title's motions to compel, and after inquiry into Plaintiffs alleged wedding, continued the June trial date.

Still, Plaintiffs manufactured yet another reason to continue the rescheduled trial. On May 9, 2025 Plaintiffs attempted to insert new counsel, Ryan Yoke, into the case as a tactic to push trial out even further (ECF 128). The May 2025 motion to continue trial was a full month and a half <u>before</u> Plaintiffs even disclosed Robert Johnson as an expert in this case! Mr. Scuderi's reason supplied in his own declaration in support of that motion was he "was never going to do the trial in this matter." (ECF 130). Yet, as this Court noted in its ruling on the motion, Mr. Scuderi had years to withdraw from this case and simply never did. These latest efforts are consistent with that goal – to avoid trying this case to a jury and to waste Chicago Title's time. This Court denied the May 2025 motion and set this trial for September 8, 2025 and then again to October 6, 2025 (ECF 132).

CHICAGO TITLE'S AMENDED RESPONSE TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE UNDER FRCP 41(A)(2) - 5

Plaintiffs' attempt to effectively remove the case via this motion is tantamount to forum shopping. As this Court is aware, 23 of the 24 claims have been decided already, and there remains no final judgment on any claim. Plaintiffs did move this Court under Fed.R.Civ.P. 54(b) for a final determination, but that motion was denied. (ECF 92). Since Plaintiffs did not file the motion again, all 24 claims remain without a final judgment presently. At a minimum, dismissal with prejudice of the sole-remaining claim affords a consistent result where Plaintiffs are appealing all the rulings at the same time with the possibility of return of any issues to this same forum and bench, most familiar with the facts and legal background of this case. Any other result risks inconsistent results and is an affront to the fairness and justice intended by the Federal Rules of Civil Procedure.

Here, each of the above *Burnette* factors falls in Defendant's favor. First, Chicago Title has fully prepared for trial two times and is ready to proceed without delay. The Court will certainly recall that, in April 2025, Defendant first opposed Plaintiffs' motion to continue trial for a surprise international wedding and stated its readiness. Trial was continued then and supposed to begin September 8, 2025, and was re-set by the court to October 6, 2025. Defendants have easily spent upwards of six figures in costs and expenses in motion practice and discovery, have obtained and prepared experts and their reports, incurred myriad travel expenses for witnesses and clients, prepared and printed exhibits, and spent hundreds of hours preparing presentations and witnesses for trial testimony.

Second, this Court has first-hand knowledge that Plaintiffs have continually sought to delay the trial. Plaintiffs have filed multiple motions to continue the trial for various reasons. Defendant has opposed the continuance requests at each turn and has sought to keep and maintain the scheduled trial dates due to the lengthy duration of this litigation in King County

CHICAGO TITLE'S AMENDED RESPONSE TO
PLAINTIFFS' MOTION TO DISMISS WITHOUT
PREJUDICE UNDER FRCP 41(A)(2) - 6

**FIDELITY NATIONAL LAW GROUP**
THE LAW DIVISION OF FIDELITY NATIONAL FINANCIAL
601 UNION STREET, SUITE 3225
SEATTLE, WA 98101
(206) 223-4525

and this Court. Plaintiffs have delayed discovery, failed to produce witnesses timely (see, e.g., ECF 109, 115, 126), failed to timely file trial briefs or any exhibits with the Court, and now filed a motion to dismiss for reasons so specious Chicago Title is willing to stipulate to waive its prior objections just to proceed to trial.

These facts are similar to those outlined in *Flooring Associates, supra*, where this Court granted defendant's motion to dismiss the case with prejudice where plaintiff filed its motion after summary judgment and motions in limine had been filed. *Flooring Associates, Inc. v. Design Manufacturing International, LLC, supra*, 2021 WL 317887. The facts in this case, however, are far more egregious in favor of a dismissal with prejudice, as Plaintiffs' motion was filed just a day before jury selection.

Third, Plaintiffs' explanation of why they want to dismiss the case cannot hold water after Chicago Title's above-stated argument and concessions in Section II. There is no longer a dispute about (1) the affirmative defenses or (2) testimony of Robert Johnson. In short, Plaintiffs have done everything to <u>avoid</u> going to trial in this case, and now, being faced with the trial's imminence, are seeking to dismiss the case and start over. This is not a compelling reason to survive scrutiny under this third factor.

Finally, as explained below, Plaintiffs have a litigious history of filing suits and then dismissing them as soon as there are adverse rulings. In each instance, Plaintiffs immediately re-filed the cases, seeking alternate relief. While not directly related to this case, the Court is within its discretion under *Burnette* factors (2) and (3) to consider all of Plaintiffs' litigation tactics and repeat abuse of the justice system and applicable Federal Rules.

**B. Alternatively, a Dismissal Without Prejudice Should Require Plaintiffs to Pay Defendants' Attorney Fees and Costs**

CHICAGO TITLE'S AMENDED RESPONSE TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE UNDER FRCP 41(A)(2) - 7

FIDELITY NATIONAL LAW GROUP
THE LAW DIVISION OF FIDELITY NATIONAL FINANCIAL
601 UNION STREET, SUITE 3225
SEATTLE, WA 98101
(206) 223-4525

If the Court grants Plaintiffs' motion to dismiss without prejudice, the Court should require Plaintiffs to pay for all Defendants' attorney fees and costs incurred to date in this case. Where a defendant has incurred substantial expense, the court may exercise its discretion to protect the defendant's interests by conditioning a voluntary dismissal without prejudice upon the payment of appropriate costs and attorney fees. *Westlands, supra*, 100 F.3d at 97. Although imposition of costs and fees is not a prerequisite to an order granting a voluntary dismissal, they "are often imposed upon a plaintiff who is granted voluntary dismissal under [Rule] 41(a)(2)." *Stevedoring Serv. of Am. v. Armilla Int'l B. V.*, 889 F.2d 919, 912 (9th Cir.1989). It is clearly within the district court's discretion to award attorney fees and costs as a condition of granting voluntary dismissal pursuant to Rule 41(a)(2). Doing so is commonplace and serves the purpose of protecting the defendant from undue prejudice. *See, e.g., Woodfin Suite Hotels, LLC v. City of Emeryville,* 2007 WL 81911, at *5 (N.D.Cal.2007) (unpublished), Fed.R.Civ.P 31(b); *Helio, LLC v. Palm, Inc.*, No. C 06-7754 SBA, 2007 WL 1063507, at *3 (N.D. Cal. Apr. 9, 2007), (unpublished) Fed.R.Civ.P. 31(b).

"In determining whether to award costs to a defendant after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Williams v. Peralta Community College Dist.*, 227 F.R.D. 538, 539 (N.D.Cal.2005), *citing* 8–41 Moore's Fed. Prac.-Civ. § 41.40[10][d][I].

With regard to these above-outlined *Williams* factors, all weigh in favor of awarding fees and costs to Chicago Title in this case. Factors two, three and four are clearly met, as outlined above with respect to the *Burnette* factor analysis. With respect to the first factor,

CHICAGO TITLE'S AMENDED RESPONSE TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE UNDER FRCP 41(A)(2) - 8

FIDELITY NATIONAL LAW GROUP
THE LAW DIVISION OF FIDELITY NATIONAL FINANCIAL
601 UNION STREET, SUITE 3225
SEATTLE, WA 98101
(206) 223-4525

Plaintiffs will certainly file another lawsuit against Chicago Title and have admitted their intent to attempt to appeal all 23 decided claims/causes of action in this case (ECF 203, p. 7). This second litigation (let alone the appeal which they cannot file given this case's present status) will be excessive and duplicative. Chicago Title will have to spend nearly the same amount of time, financing and energy to prepare this case for trial a <u>third</u> time. Plaintiffs intentionally made no effort to dismiss this case timely. In fact, the evidence suggests Plaintiffs never intended to take this case to trial.

All four *Williams* factors are met. Under the circumstances, Plaintiffs have been dragging their feet in this case and only filed their 11th hour motion to dismiss on the hollow argument their surveyor was excluded because his disclosure was untimely.

**C.  The Court May Consider Plaintiffs' Conduct in Other Cases**

The Court may also consider the Plaintiffs' conduct in other litigation as a basis for the above-sought relief by Defendant on this motion under both the *Burnette* and *Williams* factors. As outlined below, Plaintiffs' voluntarily dismissing their cases on the steps of the courthouse before trials is routine where rulings do not go their way. Plaintiffs are highly litigious and have abused the legal system in dozens of cases over dozens of years in multiple jurisdictions.  Since 2017, the Jhas and their entities have filed and been involved in the following cases in Washington State alone:

| Case Number | Court | Case Name |
|---|---|---|
| 17-2-30388-7 | King County Superior Court | Jha v Zgraggen |
| 19-2-31564-4 SEA | King County Superior Court | Jha v Piepkorn |
| 20-2-07476-4 SEA | King County Superior Court | Jha v Poole |
| 20-2-08866-8 SEA | King County Superior Court | Jha v Piepkorn |
| 21-2-14469-8 SEA | King County Superior Court | Jha v Khan |
| 23-2-12790-1 SEA | King County Superior Court | 10431 Avondale v Jha |
| 23-2-15282-4 SEA | King County Superior Court | Piepkorn v Jha |
| 23-2-17517-4 SEA | King County Superior Court | Jha v Piepkorn |

CHICAGO TITLE'S AMENDED RESPONSE TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE UNDER FRCP 41(A)(2) - 9

FIDELITY NATIONAL LAW GROUP
THE LAW DIVISION OF FIDELITY NATIONAL FINANCIAL
601 UNION STREET, SUITE 3225
SEATTLE, WA 98101
(206) 223-4525

| 24-2-23326-1 SEA | King County Superior Court | Jha v Uddin |
| --- | --- | --- |
| 25-2-15678-8 SEA | King County Superior Court | Jha v Piepkorn |
| 22-2-08981-4 KNT | King County Superior Court | SE 278th St LLC Vs Dinsdale |
| 23-2-12790-1 SEA | King County Superior Court | 10431 Avondale Road NE LLC v. Comcast Cable Communications |
| 23-2-18846-2 SEA | King County Superior Court | 10431 Avondale Road NE LLC v. Hedges |
| 25-2-13814-3 SEA | King County Superior Court | 10431 Avondale Road NE LLC v. Comcast Cable Communications LLC |
| 2:24-cv-00552 | USDC, Western Washington | 3RD AVE SW LLC and JHA FAMILY LLC, v Jiminez |
| 2:25-cv-01553-BJR | USDC, Western Washington | 10431 Avondale Road NE LLC v Comcast |
| 2:25-cv-01557-RAJ | USDC, Western Washington | 10431 Avondale Road NE LLC v Comcast |

This list is not, by any means, exhaustive. To be clear, it is not the amount of litigation itself that is an issue – it is the Plaintiffs' tactics during the litigation and excessive and abusive filings by the Jhas that the court should consider. Attached as **Exhibit C** to the Womac Decl. is an Order entered on September 17, 2025 in *Jha v Piepkorn,* 19-2-31564-4 SEA and 25-2-15678-8 SEA by Judge Michael Scott which outlines the abusive and meritless litigation tactics taken by the Jhas in King County. That court has prohibited Sidd Jha from preparing and filing legal motions in King County in any action without adequate supervision from an attorney. As this Court is aware, this has been a known problem in this Case as well, with Sidd Jha communicating at multiple turns directly with this Court's staff. A new complaint and second bite at this apple will only permit Sidd Jha and Plaintiffs to continue this abusive pattern.

Attached as **Exhibit D** to the Womac Decl. is a Complaint filed in Baltimore City Circuit Court, Case No 24C11-006740 where Sidd Jha signed the Complaint representing himself to be an attorney in suing John Hopkins because he did not like his grade in class (he got a B). Sidd Jha has never received a law degree from any school in the United States nor is

CHICAGO TITLE'S AMENDED RESPONSE TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE UNDER FRCP 41(A)(2) - 10

FIDELITY NATIONAL LAW GROUP
THE LAW DIVISION OF FIDELITY NATIONAL FINANCIAL
601 UNION STREET, SUITE 3225
SEATTLE, WA 98101
(206) 223-4525

he licensed to practice law in any United States jurisdiction. This exhibit is directly relevant to his credibility in this case to assess *Burnette* factors (2) and (3) and *Williams* factor (4).

Attached as **Exhibit E** to the Womac Decl. are Findings of Fact and Conclusions of Law in *Jha v Piepkorn*, King County Superior Court Case 19-2-31564-4 SEA where the Court found Siddharth Jha's testimony not credible (paragraph 28). This exhibit is directly relevant to his credibility in this case to assess *Burnette* factors (2) and (3) and *Williams* factor (4).

Attached as **Exhibit F** to the Womac Decl. is a ruling in King County Superior Court Case 20-2-08866-8 SEA by Judge Mary Roberts which found Minakshi Kumari and Siddharth Jha's entire testimony not credible. This exhibit is directly relevant to his credibility in this case to assess *Burnette* factors (2) and (3) and *Williams* factor (4).

For further example, the Jhas filed an initial litigation against Comcast in 2023. Womac Decl, **Exhibit G**. After the parties filed 31 motions (including 5 dispositive motions), Judge Maureen McKee had ruled on most issues against the Jhas, narrowing the issues for a July 14, 2025 trial and damages that had previously been dismissed by way of summary judgment rulings. *Id*. Comcast filed a motion for summary judgment on April 25, 2025. Instead of responding to that motion, the Jhas dismissed all the remaining claims via CR 41. *Id*. Then, weeks later in May 2025, the Jhas filed a second suit asserting the exact same claims. On June 4, 2025 Comcast moved to consolidate the cases which the court permitted, effectively closing the 2025 case. Since the Jhas were clearly dodging Judge McKee, they filed a motion to disqualify her in the 2025 suit. Comcast filed a Motion to Strike and/or Objection to the Notices of Disqualification as to Judge McKee. The Court granted the Comcast motion and the Jhas filed a writ. *Id*. Then, as per their usual tactic, the Jhas voluntarily dismissed all their claims in the 2025 litigation again leaving only Comcast's crossclaims from the 2023 suit. The Jhas then

CHICAGO TITLE'S AMENDED RESPONSE TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE UNDER FRCP 41(A)(2) - 11

FIDELITY NATIONAL LAW GROUP
THE LAW DIVISION OF FIDELITY NATIONAL FINANCIAL
601 UNION STREET, SUITE 3225
SEATTLE, WA 98101
(206) 223-4525

filed a virtually identical suit in federal court and removed the 2023/2025 suit to federal court. A motion to remand is currently pending in that suit. *Id*. Comcast moved to have the case dismissed with prejudice in the state court action. That motion will not be ruled upon unless the federal court suit is remanded. *Id.*

In another telling example of this strategy, the Jhas (as SE 278th St LLC) sued the Dinsdales in King County case 22-2-08981-4 KNT. The case made it all the way to jury selection before the Jhas moved to dismiss under CR 41(a)(1)(B). The court granted their motion. Womac Decl., **Exhibit H**. And, of course, they immediately refiled the case against the Dinsdales. *Id*. The declaration from Dinsdale counsel, John Casey, is telling of the Jhas' practices and offered to this Court as instructive on all *Burnette* and *Williams* factors.

There is no reason to believe that the Jhas will not simply continue their abusive litigation tactics if this case is dismissed without prejudice. Those tactics are a waste of judicial resources and an abuse of the judicial process. Thus, the Court should consider these factors in dismissing this case with prejudice or, in the alternative, to awarding Chicago its attorneys' fees and costs in this case.

Dated: October 15, 2025

Certification: In compliance with LCR 7(e)(3), I certify this motion is within the 4,200-word limit.

*/s/ Daniel A. Womac*
Daniel A. Womac, WSBA #36394
Matthew R. Cleverley, WSBA #32055
Fidelity National Law Group
601 Union Street, Suite 3225
Seattle, WA 98101
Matthew.Cleverley@fnf.com
Daniel.Womac@fnf.com
206-224-6003
*Attorneys for Chicago Title*

CHICAGO TITLE'S AMENDED RESPONSE TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE UNDER FRCP 41(A)(2) - 12

FIDELITY NATIONAL LAW GROUP
THE LAW DIVISION OF FIDELITY NATIONAL FINANCIAL
601 UNION STREET, SUITE 3225
SEATTLE, WA 98101
(206) 223-4525

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on October 15, 2025, the foregoing document was sent for delivery on the following parties/counsel in the manner indicated below.

| | |
|---|---|
| Joseph Scuderi, WSBA #26623<br>Scuderi Law Offices, P.S.<br>108 – 22ⁿᵈ Avenue Southwest, #24<br>Olympia, Washington 98501<br>Phone: (360) 534-9183<br>Email: joescuderi@scuderilaw.com<br>*Attorneys for Plaintiffs* | ☒ ECF/e-filing<br>☐ Email<br>☐ USPS Mail<br>☐ Certified Mail/FedEx/UPS<br>☐ Legal Messenger |

Dated: October 15, 2025　　　　　　　　　/s/ Daniel A. Womac