1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

LAKHAN JHA and MINAKSHI KUMARI,

9
Plaintiffs,

10
v.

11
CHICAGO TITLE INSURANCE
COMPANY,

12

13
Defendant.

No.  2:23-cv-00584-JNW

DECLARATION OF DANIEL A.
WOMAC IN SUPPORT OF CHICAGO
TITLE'S AMENDED RESPONSE TO
PLAINTIFFS' MOTION TO DISMISS
WITHOUT PREJUDICE UNDER
FRCP 41(a)(2)

14      **UNDER PENALTY OF PERJURY** under the laws of the State of Washington,

15   Daniel A. Womac declares:

16      1.      I am an attorney of record for defendant Chicago Title Insurance Company

17   ("CTIC"). I am over the age of eighteen and make this Declaration based upon my personal

18   knowledge. I am competent to testify to the matters herein and make this Declaration of Daniel

19   A. Womac in Support of Chicago Title's Amended Response to Plaintiff' Motion to Dismiss

20   without Prejudice under FRCP 41(a)(2) [ECF #199].

21      2.      Plaintiffs have a history of initiating multiple lawsuits against property owners

22   and property sellers who are adjacent to the subject property for adverse possession,

23   prescriptive easement rights, negligent construction, quite title and trespass.

DECLARATION OF DANIEL A. WOMAC IN
SUPPORT OF CHICAGO TITLE'S AMENDED
RESPONSE TO PLAINTIFFS' MOTION TO
DISMISS WITHOUT PREJUDICE – 1

FIDELITY NATIONAL LAW GROUP
THE LAW DIVISION OF FIDELITY NATIONAL FINANCIAL
601 UNION STREET, SUITE 3225
SEATTLE, WA 98101
(206) 794-4563

3.      Plaintiffs also have a habit of dismissing their lawsuits right before dispositive hearings and trials.

4.      Attached as **Exhibit A** is a Motion for Partial Summary Judgment in King County, Washington, Jha v. Chicago Title Company of Washington, 22-2-03741-5 filed by Plaintiffs in January 2025 regarding Chicago Title's same Affirmative Defenses.

5.      Attached as **Exhibit B** is an Order entered in King County, Washington, Jha v. Chicago Title Company of Washington, 22-2-03741-5 filed by Judge Jaime Hawk denying Plaintiffs' Motion for Partial Summary Judgment on Affirmative Defenses.

6.      Attached as **Exhibit C** is an Order entered on September 17, 2025 in Jha v Piepkorn, 19-2-31564-4 SEA and 25-2-15678-8 SEA by Judge Michael Scott which outlines some of the abusive and meritless litigation tactics taken by the Jhas in King County.

7.      Attached as **Exhibit D** is a Complaint filed in Baltimore City Circuit Court, Case No. 24-C-11-006740 where Sidd Jha signed the Complaint representing himself to be an attorney in suing because he did not like his grade.

8.      Attached as **Exhibit E** are Findings of Fact and Conclusions of Law in Jha v Piepkorn, King County Superior Court Case 19-2-31564-4 SEA where the Court found Siddharth Jha's testimony not credible (paragraph 28).

9.      Attached as **Exhibit F** is a ruling in King County Superior Court Case NO 20-2-08866-8 SEA by Judge Mary Roberts which found Minakshi Kumari and Siddharth Jha's entire testimony not credible.

10.      Attached as **Exhibit G** is a Comcast Defendants' Motion to Partially Reconsider and/or Modify August 14, 2025 Dismissal Order and a declaration of Rhys Farren in support

DECLARATION OF DANIEL A. WOMAC IN SUPPORT OF CHICAGO TITLE'S AMENDED RESPONSE TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE – 2

FIDELITY NATIONAL LAW GROUP
THE LAW DIVISION OF FIDELITY NATIONAL FINANCIAL
601 UNION STREET, SUITE 3225
SEATTLE, WA 98101
(206) 794-4563

filed in King County Superior Court Case No 23-2-12790-1 SEA and 25-2-13814-3, by Comcast detailing all the tactics deployed by Plaintiffs.

11.      Attached as **Exhibit H** is a Motion for Award of Attorney Fees and Costs filed in King County Superior Case NO 22-2-08981-4 KNT by Defendants for, just like here, Plaintiffs dismissal of the case right before trial and upon dismissal, immediately refiled their case.

12.      Defendant has incurred significant costs and expended substantial resources in defending this action. A dismissal without prejudice would unfairly prejudice Defendant by allowing Plaintiffs to refile and relitigate the same issues and avoiding adverse rulings.

*I hereby declare that the above statements are true and correct to the best of my knowledge.*

EXECUTED this 15th day of October 2025 in Seattle, Washington.


_ /s/ Daniel A. Womac_ 
Daniel A. Womac, WSBA #36394

DECLARATION OF DANIEL A. WOMAC IN
SUPPORT OF CHICAGO TITLE'S AMENDED
RESPONSE TO PLAINTIFFS' MOTION TO
DISMISS WITHOUT PREJUDICE – 3

FIDELITY NATIONAL LAW GROUP
THE LAW DIVISION OF FIDELITY NATIONAL FINANCIAL
601 UNION STREET, SUITE 3225
SEATTLE, WA 98101
(206) 794-4563

# CHICAGO TITLE'S EXHIBIT A

The Honorable Jaime Hawk
Hearing Date: September 16, 2022
Hearing Time: 9:00 AM
With Oral Argument

FILED
2022 AUG 22 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 22-2-03741-5 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR THE COUNTY OF KING

LAKHAN JHA and MINAKSHI KUMARI,

Plaintiff,

v.

CHICAGO TITLE COMPANY OF
WASHINGTON and CHICAGO TITLE
INSURANCE COMPANY,

Defendants.

No. 22-2-03741-5 SEA

**PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
ON DEFENDANT CHICAGO
TITLE'S AFFIRMATIVE DEFENSES**

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON
DEFENDANT CHICAGO TITLE'S
AFFIRMATIVE DEFENSES - 1

SCUDERI LAW OFFICES PS
108 22nd Ave SW, Suite 24
Olympia, WA 98501
P: (360) 534-9183

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION ................................................................. 3

II.  FACTS ................................................................................ 3

    A.  Plaintiff's Incorporation of Facts .................................. 3

    B.  Chicago Title's Affirmative Defenses ........................... 3

III.  EVIDENCE RELIED UPON ............................................. 3

IV.  ARGUMENT ...................................................................... 4

    A.  Summary Judgment Standard ........................................ 4

    B.  Chicago Title's Seven Affirmative Defense Should Be Dismissed With Prejudice ...................................................................... 4

        1.  1st (Failure to State a Claim) and 2nd (Failure to Act in a Reasonable Manner) ....................................... 4

        2.  3rd (Unclean Hands) ........................................... 6

        3.  4th (Statute of Limitations) and 5th (Estoppel, Waiver, and Laches) 6

        4.  6th (Suffered No Loss or Damage Compensable Under the Policy) 8

        5.  7th (Frivolous Action Under RCW 4.84.185) .................. 9

V.  CONCLUSION .................................................................. 9

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON
DEFENDANT CHICAGO TITLE'S
AFFIRMATIVE DEFENSES - 2

SCUDERI LAW OFFICES PS
108 22nd Ave SW, Suite 24
Olympia, WA 98501
P: (360) 534-9183

# I.    INTRODUCTION

As mentioned more in detail in Plaintiff-Insured's (the "Jhas") accompanying Motion for Partial Summary Judgment on liability on its first, second, and third causes of action against Defendant-Insurer Chicago Title Insurance Company ("Defendant or Chicago Title"), this case is about a title insurance company's colossal failure in handling a claim under a title insurance policy.

By way of this Motion, the Jhas seek summary judgment on Chicago Title's affirmative defenses. The Jhas submit that Chicago Title cannot sustain its burden of proof on its affirmative defenses and summary judgment in favor of the Jhas is appropriate

# II.    FACTS

## A.    Plaintiff's Incorporation of Facts

In the interest of brevity, the Jhas incorporate by reference all of the facts relating to the underlying title insurance policy and coverage dispute with Chicago Title as referenced in the Jhas' accompanying MPSJ on liability. Thus, only facts relevant to Chicago Title's affirmative defenses are recited.

## B.    Chicago Title's Affirmative Defenses

In its Answer, Chicago Title raised the following seven affirmative defenses: (i) the Jhas fail to state a claim upon which relief may be granted; (ii) the Jhas' claims are barred by the Jhas' failed to act in a reasonable manner; (iii) the Jhas' claims are barred by their unclean hands; (iv) the Jhas' claims are barred by the statute of limitations; (v) the Jhas' claims are barred by the doctrines of estoppel, waiver and laches; (vi) the Jhas have suffered no loss or damage compensable under the Policy; and (vii) seeking relief under RCW 4.84.185, some of the Jhas' claims are frivolous and without foundation in fact or law. Dkt. #12 at 9-10.

# III.    EVIDENCE RELIED UPON

Plaintiff's Motion relies on the Declaration Siddharth Jha, and Plaintiff's Motion for Partial Summary Judgment submitted herewith, together with the records on file in the case.

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON
DEFENDANT CHICAGO TITLE'S
AFFIRMATIVE DEFENSES - 3

# IV.    ARGUMENT

## A.    Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Clements v. Travelers Indem. Co*., 121 Wn.2d 243, 249, 850 P.2d 1298 (1993) ("The motion should be granted only if, from all the evidence, reasonable persons could reach but one conclusion."). However, bare assertions that a genuine material issue exists will not defeat a summary judgment motion in the absence of actual evidence. *White v. State*, 131 Wn.2d 1, 9, 929 P.2d 396 (1997). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to identify specific factual disputes that must be resolved at trial. *Hexcel Corp. v. Ineos Polymers, Inc*., 681 F.3d 1055, 1059 (9th Cir. 2012).

As explained below, the Jhas submit that the only conclusion reasonable persons could reach is that Chicago Title's affirmative defenses are without merit and must be dismissed because even under the benefit afforded to the non-moving party, Chicago Title cannot proffer evidence to overcome the Jhas' claim that they are entitled to judgment as a matter of law on Chicago Title's affirmative defenses.

## B.    Chicago Title's Seven Affirmative Defense Should Be Dismissed With Prejudice

Chicago Title's seven affirmative defenses should be dismissed with prejudice because a number of them are not even affirmative defenses and because Chicago Title cannot proffer any facts necessary to even remotely sustain its burden of proof on the affirmative defenses that can be properly alleged as affirmative defenses.

### 1.    1st (Failure to State a Claim) and 2nd (Failure to Act in a Reasonable Manner)

Chicago Title asserts that "Plaintiff fails to state a claim upon which relief may be granted." Dkt. #12, 9:13. But contrary to Chicago Title's misunderstanding, a purported failure to state a claim or purported failure to act in a reasonable manner are not actually affirmative defenses at all.

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON
DEFENDANT CHICAGO TITLE'S
AFFIRMATIVE DEFENSES - 4

SCUDERI LAW OFFICES PS
108 22nd Ave SW, Suite 24
Olympia, WA 98501
P: (360) 534-9183

An allegation that "Plaintiff fails to state a claim upon which relief may be granted" is not an affirmative defense nor is the allegation that "Plaintiffs' claims are barred by their failure to act in a reasonable manner." *Wesch v. Yodlee, Inc*., No. 20-CV-05991-SK, 2021 WL 6206642, at *1 (N.D. Cal. Dec. 6, 2021) (quoting *Zivkovic v. S. California Edison Co*., 302 F.3d 1080, 1088 (9th Cir. 2002)). An affirmative defense is a defense that does not negate the elements of a plaintiff's claim, but instead precludes liability even if all of the elements of plaintiff's claim are proven. Instead, an affirmative defense is one on which the *defendant* bears the burden of proof. *Kanne v. Connecticut General Life Ins. Co*., 867 F.2d 489, 492 n. 4 (9th Cir. 1988).

Moreover, the Jhas alleged that they sustained damages due to Chicago Title's actions, which included each element of the cause of action that, if sustained, would allow for judgement on the cause of action the Jhas complain about. In any event, to the extent Chicago Title's first and second affirmative defenses are permissible affirmative defenses, Chicago Title cannot proffer any competent evidence that the Jhas failed to state a claim or that the Jhas failed to act in a reasonable manner.

In fact, quite to the contrary. The Jhas *did* act in a reasonable manner when they paid—out of their own pocket—over $242,000 to cure two title defects that were Chicago Title's responsibility. *See* Declaration of Siddharth Jha ISO Plaintiff's MPSJ ("Jha Decl."), ¶X. And when the Jhas made a claim with Chicago Title for losses covered under the Policy, Chicago Title denied their claim and stonewalled and delayed other covered claims for over a year. *Id*., at ¶¶X-X. Even though Chicago Title told the Jhas it would get back to them regarding a coverage determination for one of the title defects they had made a claim for, Chicago title failed to do so—for nearly one year. *Id*., at ¶¶X-X.

Even though the Jhas patiently waited for months for Chicago Title's response, they did not hear back. If anyone has "fail[ed] to act in a reasonable manner", it is Chicago Title and not the Jhas. Insureds are at the mercy of their insurer. And where, as here, the insurer attempts to paint its insured as unreasonable when it is the *insurer's* unreasonableness that

1    resulted in this suit, the insurer's stall tactics are all the more evident.

2         Thus, Chicago Title's efforts to turn the CR 12(b)(6) standard into an "affirmative

3    defense" is not only inappropriate as a matter of civil procedure, Chicago Title cannot sustain

4    its burden. Equally impermissible is Chicago Title's efforts to turn the Jhas' purported

5    "failure to act in a reasonable manner" into an "affirmative defense." Chicago Title's first

6    and second affirmative defenses should be dismissed because they are not affirmative

7    defenses, and even if they are, Chicago Title has not sustained its burden.

8                  **2.**       **3rd (Unclean Hands)**

9         Chicago Title asserts that "Plaintiffs' claims are barred by their unclean hands."

10    Dkt. #12, 9:16. The doctrine of unclean hands prevents a party from obtaining equitable

11    relief if the party has committed willful misconduct that has an immediate and necessary

12    relation to the requested relief. *J.L. Cooper & Co. v. Anchor Sec. Co.*, 9 Wn.2d 45, 2 (1941).

13    The doctrine applies to someone whose conduct has been unconscionable, unjust, or marked

14    by lack of good faith. *King County v. Taxpayers of King County*, 133 Wn.2d 584, 644

15    (1997).

16         Chicago Title can introduce no evidence that the Jhas engaged in any willful

17    misconduct that has an immediate and necessary relation to their requested relief nor can

18    Chicago Title show unconscionable or unjust behavior undertaken by the Jhas that prevents

19    them from seeking relief against Chicago Title. Chicago Title's affirmative defense of

20    unclean hands should be dismissed.

21                  **3.**       **4th (Statute of Limitations) and 5th (Estoppel, Waiver, and**
22                         **Laches)**

23         Chicago Title's fourth affirmative defense that "Plaintiffs' claims are barred by the

    statute of limitations" is frivolous at best. Dkt. #12, 9:17. Chicago Title provides no

24    indication what statute of limitation it believes bars the Jhas' claims. In any event, no statute

25    of limitations have lapsed that prevent Plaintiff's claims. The Jhas' filed a title insurance

26    claim on March 22, 2021. Jha Decl, ¶X. Chicago Title denied their claim on August 23, 2021

27

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON
DEFENDANT CHICAGO TITLE'S
AFFIRMATIVE DEFENSES - 6

SCUDERI LAW OFFICES PS
108 22nd Ave SW, Suite 24
Olympia, WA 98501
P: (360) 534-9183

and breached their insurance contract. *Id*. at ¶X. After not hearing back from Chicago Title for months after the Jhas asked Chicago Title to reconsider its initial coverage determination, the Jhas filed an IFCA 20-day notice on January 27, 2022. *Id*. at ¶X. On March 22, 2022, the Jhas filed the instant action. Dkt. #1.

From the day Chicago Title breached its insurance contract with the Jhas (August 23, 2021) to the day the Jhas filed suit (March 22, 2022) seven months had lapsed. In Washington, the statute of limitations for a breach of contract is 6 years. RCW 4.16.040(1). Chicago Title cannot show the Jhas' claims are barred by the statute of limitations and its fourth affirmative defense should be dismissed. Moreover, it is absurd that an insurance company could assert a borderline frivolous affirmative defense to make its insured jump through additional hoops in order to forestall its insureds from obtaining benefits they are rightfully owed under the policy.

Chicago Title's fifth affirmative defense is an amalgamation of various doctrines: "Plaintiffs' claims are barred by the doctrines of estoppel, waiver and laches." Dkt. #12, 9:18-19. Addressing each one individually, Chicago Title cannot offer any admissible evidence that the Jhas' claims are barred by estoppel, waiver, or laches.

Chicago Title must satisfy three elements to support any claim of estoppel: "(1) the conduct, acts, or statements by the party to be estopped are inconsistent with a claim afterward asserted by that party, (2) the party asserting estoppel took action in reasonable reliance upon that conduct, act, or statement, and (3) the party asserting estoppel would suffer injury if the party to be estopped were allowed to contradict the prior conducts, act, or statement." *Sorenson v. Pyeatt*, 158 Wn.2d 523, 538-39 (2006). Chicago Title can put forward no facts supporting this affirmative defense as the Jhas have not perpetuated inconsistent conduct, acts, or statements. Chicago Title's estoppel affirmative defense should be dismissed.

A claim of waiver requires Chicago Title to show "unequivocal acts or conduct … evincing an intent to waive." *Dep't of Revenue v. Puget Sound Power & Light Co*., 108

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON
DEFENDANT CHICAGO TITLE'S
AFFIRMATIVE DEFENSES - 7

SCUDERI LAW OFFICES PS
108 22nd Ave SW, Suite 24
Olympia, WA 98501
P: (360) 534-9183

Wn.2d 501, 505 (1985). Chicago Title cannot bring forward any facts that show the Jhas intended to waive any rights, entitlements, claims or benefits under the Policy. Chicago Title's waiver affirmative defense should be dismissed.

To sustain its burden under a claim for laches, Chicago Title would have to show "(1) inexcusable delay and (2) prejudice to the other party from such delay." *State ex rel. Citizens Against Tolls (CAT) v. Murphy*, 151 Wn.2d 226, 241 (2004). "A court is generally precluded, absent highly unusual circumstances, from imposing a shorter period under the doctrine of laches than that of the relevant statute of limitations." *Brost v. L.A.N.D., Inc*., 37 Wn. App. 372, 375 (1984).

As explained above regarding the timeline of the Jhas' claim and the subsequent filing of this suit, Chicago Title cannot show "inexcusable delay" on the part of the Jhas, let alone show any "prejudice to the other party." Thus, its affirmative defense of laches fails. Moreover, any delay that was caused was caused by *Chicago Title's* failure to timely investigate the Jhas' claim and tender policy benefits—not the other way around. Moreover, Chicago Title cannot make any showing of unusual circumstances warranting application of laches, either.

### 4.     6th (Suffered No Loss or Damage Compensable Under the Policy)

Chicago Title's sixth affirmative defense is that "Plaintiffs' have suffered no loss or damage compensable under the Policy." Dkt. #12, 9:20-21. For the same reasons its first and second affirmative defenses are not affirmative defenses, Chicago Title's sixth affirmative defense that is also not a cognizable affirmative defense.

In any event, Chicago Title admits that the Jhas *did* suffer compensable losses under the Policy. Jha Decl., ¶X. Although Chicago Title took over sixteen months from when the claim was filed to send an appraiser to appraise the Jhas' losses under the Policy, Chicago Title did in fact retain an appraiser to appraise the Jhas' losses under the Policy. *Id.*, ¶X. Chicago Title's current position in the form of an inapplicable "affirmative defense" to the

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON
DEFENDANT CHICAGO TITLE'S
AFFIRMATIVE DEFENSES - 8

SCUDERI LAW OFFICES PS
108 22nd Ave SW, Suite 24
Olympia, WA 98501
P: (360) 534-9183

contrary is wholly at odds with its own coverage determination and the facts of this case.

### 5.    7th (Frivolous Action Under RCW 4.84.185)

Chicago Title's seventh affirmative defense is brought pursuant to RCW 4.84.185 and is that "[s]ome of Plaintiffs' claims are frivolous, and without foundation in fact or law." Dkt. #12, 10:1-2 and 8-9. Chicago Title's bald assertions without providing any factual support for which claims Chicago Title purports is frivolous or without foundation is inadequate.

But courts have held a defendant cannot assert frivolousness and use RCW 4.84.185 as an affirmative defense. *Lane v. Micro-Focus(US), Inc.*, No. C09-1363-MJP, 2010 WL 5018146, at *5 (W.D. Wash. Dec. 3, 2010) ("[t]his defense is not properly asserted as an affirmative defense."). That's because RCW 4.84.185 provides for a motion remedy. *Id.* ("In certain specific circumstances RCW 4.84.185 permits Defendants and Plaintiffs to file a motion seeking to declare a claim or defense to be frivolous…Either party can invoke this statute by motion if they believe a proper basis exists to pursue such a claim and if the statute permits such a filing.") To the extent Chicago Title believes the Jhas' claims are frivolous and Chicago Title can sustain its burden under RCW 4.84.185, it can seek relief under RCW 4.84.185, but it cannot transform broad claims of frivolousness into an affirmative defense.

Because Chicago Title's seventh affirmative defense is not an affirmative defense, the Court should dismiss Chicago Title's seventh affirmative defense.

### V.    CONCLUSION

Chicago Title's affirmative defenses should be dismissed with prejudice. Many of Chicago Title's purported defenses are improperly asserted as "affirmative defenses" and improper as a matter of civil procedure. To those affirmative defenses that can be alleged as an affirmative defense, Chicago Title has not, cannot, and will not be able to come forward with facts necessary to sustain its burden of proof to overcome the Jhas' instant request for judgment as a matter of law.

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON
DEFENDANT CHICAGO TITLE'S
AFFIRMATIVE DEFENSES - 9

Scuderi Law Offices PS
108 22nd Ave SW, Suite 24
Olympia, WA 98501
P: (360) 534-9183

Accordingly, the Jhas submit that dismissal of Chicago Title's affirmative defenses with prejudice is proper as the Jhas is entitled a judgment under the law and no material facts exist to contravene such a judgment.

DATED this 19th day of August, 2022.

**SCUDERI LAW OFFICES, P.S.**

By:  */s/ Joseph Scuderi*
Joseph Scuderi, WSBA #26623
Jeremey Dobbins, WSBA #47709

*Attorneys for Plaintiffs*

*The undersigned certifies that this memorandum contains 2,391 words, in compliance with the Local Civil Rules.*

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON
DEFENDANT CHICAGO TITLE'S
AFFIRMATIVE DEFENSES - 10

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service as indicated:

FIDELITY NATIONAL FINANCIAL, INC.

Erika Nohavec
Matthew Cleverley                                           ☐ E-mail
701 Fifth Avenue, Suite 2710                              ☐ U.S. Mail
Seattle, WA 98104                                          ☒ E-filing
Erika.Nohavec@fnf.com
Matthew.Cleverley@fnf.com
*Attorneys for Defendant Chicago Title*

Dated this 19th day of August, 2022 in Olympia, Washington.

/s/ Elisabeth Cushman
Elisabeth Cushman
Legal Assistant

PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON
DEFENDANT CHICAGO TITLE'S
AFFIRMATIVE DEFENSES - 11

SCUDERI LAW OFFICES PS
108 22nd Ave SW, Suite 24
Olympia, WA 98501
P: (360) 534-9183

# CHICAGO TITLE'S EXHIBIT B

1

Honorable Jaime Hawk
Hearing Date: January 20, 2023
Hearing time: 10:00 a.m.
with oral argument

2

3

4

5

6

7

8

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

9

LAKHAN JHA and MINAKSHI KUMARI,

10

Plaintiffs,

11

v.

12

CHICAGO TITLE INSURANCE
COMPANY OF WASHINGTON and
CHICAGO TITLE INSURANCE
COMPANY,

13

14

Defendant.

No. **22-2-03741-5 SEA**

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT ON AFFIRMATIVE
DEFENSES

15

16

**THIS MATTER** came before the Court on Plaintiffs' Motion for Partial Summary

17

Judgment on Affirmative Defenses on January 20, 2023 at 10:00 a.m.  The Court has heard

18

oral argument from the parties and has specifically reviewed the following pleadings for this

matter:

19

20

1.  Plaintiff's Motion for Partial Summary Judgment on Defendant Chicago Title's
    Affirmative Defenses;

21

2.  Declarations of Siddharth Jha (filed August 19, 2022 and September 12, 2022);

22

3.  Declaration of Thomas Hayden (filed November 14, 2022);

23

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES - 1

**Fidelity National Law Group**
701 – 5th Avenue, Suite 2710
Seattle, WA 98104
Tel 206.223.4525 | Fax 206.223.4527

4.  Declaration of Phil Archer (filed November 14, 2022);

5.  Declaration of Lara Dunn (filed November 17, 2022);

6.  Declaration of Erika Nohavec (filed January 6, 2023);

7.  Defendant Chicago Title Insurance Company's Opposition to Plaintiffs' Motion for Partial Summary Judgment on Affirmative Defenses;

8.  Plaintiff's Reply in Support of their Motion for Partial Summary Judgment on Defendant Chicago Title's Affirmative Defenses (if any);

Now, the Court, deeming itself fully advised in the premises, hereby **ORDERS**, **ADJUDGES**, and **DECREES**:

Plaintiffs' Motion for Partial Summary Judgment on Affirmative Defenses regarding:

1. Failure to State a Claim is DENIED;

2. Failure to Act in a Reasonable Manner is DENIED;

3. Unclean Hands is DENIED;

4. State of Limitations is GRANTED;

5. Doctrines of Estoppel, Waiver, and Laches is DENIED;

6. No Actual Loss is DENIED; and

7. Frivolous Action Under RCW 4.84.185 is GRANTED.

DATED _____April 6, 2023_____.

_____
JUDGE JAIME HAWK

ORDER ON PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES - 2

**FIDELITY NATIONAL LAW GROUP**
701 – 5th Avenue, Suite 2710
Seattle, WA 98104
Tel 206.223.4525 | Fax 206.223.4527

# CHICAGO TITLE'S

# EXHIBIT C

**FILED**
2025 SEP 17 11:34 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 19-2-31564-4 SEA

**Judge Michael Scott**
**Hearing Date: 09/17/2025**
**Without Oral Argument**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| LAKHAN JHA and MINAKSHI KUMARI, husband and wife,<br><br>        Plaintiff,<br><br>  vs.<br><br>MICHAEL WILLIAM PIEPKORN,<br>        Defendant. | NO.  19-2-31564-4 SEA<br>And  25-2-15678-8 SEA<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR AN ORDER THAT PROHIBITS PLAINTIFFS' SON, SIDDHARTH JHA, FROM PREPARING AND FILING ANY LEGAL DOCUMENTS IN THE ABOVE 2019 AND 2025 CASES, AND PROHIBITING SIDDHARTH JHA FROM E-FILING IN KING COUNTY SUPERIOR COURT<br><br>**[CLERK'S ACTION REQUIRED]** |

THIS MATTER has come before the Court on Defendant Piepkorn's Motion for an Order that would prohibit Plaintiffs' son, Siddharth Jha, from selecting, drafting, completing or filing any legal documents in the cause numbers, and require Plaintiffs' attorneys to sign all pleadings by long hand, not by e-signature. The Court has reviewed:

    1.      Defendant's Motion to prohibit Plaintiff's Son, Siddharth Jha, from selecting, drafting, completing or filing any legal documents in the above 2019 and 2025

ORDER GRANTING DEFENDANT'S MOTION FOR AN ORDER THAT PROHIBITS PLAINTIFFS' SON, SIDDHARTH JHA, FROM PREPARING AND FILING ANY LEGAL DOCUMENTS IN THE ABOVE 2019 AND 2025 CASES, AND PROHIBITING SIDDHARTH JHA FROM E-FILING IN KING COUNTY SUPERIOR COURT - 1

JUDGE MICHAEL R. SCOTT
KING COUNTY SUPERIOR COURT
516 THIRD AVENUE
SEATTLE, WA 98104

cases, and that requires Plaintiffs' attorneys to sign all pleadings by long hand, not by e-signature.

2.    Declaration of Defendant's attorney, Gary A. Trabolsi with Exhibits 1 through 4.

3.    Declaration of Defendant's attorney, Rodney T. Harmon with Exhibits A and B.

4.    Plaintiffs' Opposition to Defendant's Motion.

5.    Declaration of Plaintiffs' attorney, Courtland Shafer.

6.    Declaration of Plaintiffs' attorney, Nigel Malden.

7.    Declaration of Lakhan Jha.

8.    Defendant's Reply in support of Defendant's Motion to prohibit Plaintiff's Son, Siddharth Jha, from selecting, drafting, completing or filing any legal documents in the above 2019 and 2025 cases, and that requires Plaintiffs' attorneys to sign all pleadings by long hand, not by e-signature.

9.    Declaration of Defendant's attorney, Gary A. Trabolsi with Exhibits 1 and 2.

10.    Declaration of Defendant's attorney, Rodney T. Harmon.

And the Court has had access to the pleadings, motions, orders, judgments, and records on file with the Court and the King County Superior Court Clerk's Office.

The Court finds and orders as follows:

The evidence submitted to the Court on this motion establishes that since November 12, 2024, Siddharth Jha has filed documents in multiple cases. He has filed a total of 171 documents, totaling 6,747 pages, in seven cases. Siddharth Jha is not a party in any of these cases. Siddharth Jha is not an attorney and is not authorized to represent any other person in court proceedings.

//

[CLERK'S ACTION REQUIRED] - 2

JUDGE MICHAEL R. SCOTT
KING COUNTY SUPERIOR COURT
516 THIRD AVENUE
SEATTLE, WA 98104

In three cases, the plaintiffs are Siddharth Jha's parents, Lakhan Jha and Minakshi Kumari:

| Case No. | Case Name | filings | pages |
|---|---|---|---|
| 19-2-31564-4 SEA | Jha v. Piepkorn | 80 | 1,510 |
| 24-2-23326-1 SEA | Jha v. Uddin | 6 | 191 |
| 25-2-15678-8 SEA | Jha v. Piepkorn | 8 | 171 |

In the other four cases, the plaintiff is a limited liability company of which Siddharth Jha is the manager:

| Case No. | Case Name | filings | pages |
|---|---|---|---|
| 22-2-08981-4 KNT | SE 278th St LLC Vs Dinsdale | 35 | 543 |
| 23-2-12790-1 SEA | 10431 Avondale Road NE LLC v. Comcast Cable Communications | 84 | 3,268 |
| 23-2-18846-2 SEA | 10431 Avondale Road NE LLC v. Hedges | 4 | 68 |
| 25-2-13814-3 SEA | 10431 Avondale Road NE LLC v. Comcast Cable Communications LLC | 24 | 996 |

The attorneys representing the plaintiffs and the assigned judges in these cases currently are:

| Case No. | Case Name | Plaintiffs' counsel | Assigned Judge |
|---|---|---|---|
| 19-2-31564-4 SEA | Jha v. Piepkorn | Nigel Malden | Scott |
| 24-2-23326-1 SEA | Jha v. Uddin | Parents Pro Se | McCullough |
| 25-2-15678-8 SEA | Jha v. Piepkorn | Courtland Shafer | Scott |
| 22-2-08981-4 KNT | SE 278th St LLC Vs Dinsdale | Ryan Yoke | On appeal |
| 23-2-12790-1 SEA | 10431 Avondale Road NE LLC v. Comcast Cable Communications | Courtland Shafer Ryan Yoke | McKee |
| 23-2-18846-2 SEA | 10431 Avondale Road NE LLC v. Hedges | Peter Nierman | O'Donnell |
| 25-2-13814-3 SEA | 10431 Avondale Road NE LLC v. Comcast Cable Communications LLC | Courtland Shafer | Rogers |

[CLERK'S ACTION REQUIRED] - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

The evidence establishes that in the two cases assigned to the undersigned judge, Cause Nos. 19-2-31564-4 SEA and 25-2-15678-8 SEA, Siddharth Jha has prepared and filed legal motions without adequate supervision by attorneys representing the parties on whose behalf the motions were filed. This finding is based on this Court's own review of the motions filed by Siddharth Jha and the other evidence submitted by Defendant on this motion. Siddharth Jha has filed numerous motions on a purported emergency basis, where no emergency existed; motions to shorten time without meaningful notice to Defendant; and numerous meritless show motions and other motions. These motions have been unduly burdensome for the Court and the opposing party. Siddharth Jha has wasted judicial resources and abused the judicial process.

The email exchange between Courtland Shafer and Siddharth Jha on July 8 and 9, 2025, submitted as Exhibit 1 to the Declaration of Gary A. Trabolsi, Dkt. 1022 in Cause No. 19-2-31564-4 SEA, provides further evidence that Siddharth Jha has prepared and filed motions. In the instance discussed in the email exchange, Siddharth Jha boasted: "My CR 41(a)(1)(B) motion with a ton of case citations has never failed to work. I think in practice most judges don't know that such a dismissal request can be granted without notice."

This Court has inherent authority to control and manage its records and proceedings. *Cowles Pub. Co. v. Murphy*, 96 Wn.2d 584 (1981). The Court may, under its inherent authority, fashion and impose appropriate sanctions. *In re Firestorm*, 129 Wn.2d 130 (1996). Siddharth Jha has unlawfully engaged in the practice of law by preparing and filing motions and other legal documents in these cases. Accordingly, Defendant's Motion is GRANTED IN PART and DENIED IN PART as follows:

[CLERK'S ACTION REQUIRED] - 4

1.     Plaintiffs' son, Siddharth Jha, is prohibited from preparing and filing any legal documents in Cause Nos. 19-2-31564-4 SEA and 25-2-15678-8 SEA pending before the Court.

2.     Siddharth Jha is prohibited from e-filing documents in all King County Superior Court proceedings on behalf of himself or any other person or party. The Clerk is directed to block Siddharth Jha from using its KC Script Portal, whether he uses the email address sjha@piersixtyseven.com or any other email address.

3.     Siddharth Jha may file documents in person or by mail in any action in which he represents himself.

4.     Defendant's request that Plaintiffs' attorneys be required to sign all pleadings in the above 2019 and 2025 cases by long hand and not by E-Signature is denied.

  IT IS SO ORDERED.

  DATED this 17th day of September, 2025.

*Electronic signature attached*

By _____

    CHIEF CIVIL JUDGE MICHAEL R. SCOTT

JUDGE MICHAEL R. SCOTT
KING COUNTY SUPERIOR COURT
516 THIRD AVENUE
SEATTLE, WA 98104

**King County Superior Court**
**Judicial Electronic Signature Page**

Case Number:              19-2-31564-4  SEA
Case Title:               JHA ET ANO VS PIEPKORN ET AL

Document Title:           Order

Date Signed:              09/17/2025

_Michael R. Scott_
_____
Judge: Michael Ramsey Scott

Key/ID Number:            *294240753*

Page Count:               This document contains 5 page(s) plus this signature page.

# CHICAGO TITLE'S EXHIBIT D

# Maryland Judiciary Case Search

**NOTICE: Available**

## Case Detail

### Case Information

Court System: **Circuit Court For Baltimore City - Civil**
Location: **Baltimore City Circuit Court**
Case Number: **24-C-11-006740**
Title: **Lakhan J Jha vs Phillip H Phan, et al**
Case Type: **Other Civil**
Filing Date: **10/25/2011**
Case Status: **Closed / Inactive**
Judicial Officer: **To Be Assigned, Judge**

### Involved Parties Information

#### Converted Fee Party

Name: **FeeParty, Converted**

#### Defendant

Name: **Dada, Maqbool**

Address: **Address Unknown**
City:        **State:**

#### Defendant

Name: **Adler, Christopher**

Address: **Address Unknown**
City:        **State:**

#### Defendant

Name: **Carey Business School**

Address: **Address Unknown**
City:    **State:**

---

## Plaintiff

Name: **Jha, Lakhan J**

Address: **C/o Siddharth Jha, Atty**
         **3970 Edgehill Ave, Ste A5**
City:    **Baltimore**    State: **MD**    Zip Code: **21211**

---

## Defendant

Name: **Phan, Phillip H**

Address: **Address Unknown**
City:    **State:**

---

# Judgment Information

Judgment Event Type: **Case Disposition History**
Judge:

---

# Document Information

File Date: **10/25/2011**
Document Name: **Complaint for Injunction**

Comment: **Motion: 1 Sequence: 0 Create Initials: JB Create Date: 10/25/2011 Update Initials: JB Update Date: 10/26/2011 DICI - Complaint for Injunctive Relief Filed: 10/25/2011 Party: PLT PartyNum: 1 PartyName: Lakhan J Jha**

---

File Date: **10/26/2011**
Document Name: **Motion / Request / Line to Withdraw Filing**

Comment: **Motion: 1 Sequence: 1 Create Initials: JB Create Date: 10/26/2011 Update Initials: JB Update Date: 10/26/2011 DLWM - Line Withdrawing Case # 24-C-11-006740 from the Circuit Court of Baltimore City. Per Judge Pierson, Siddharth Jha "does not have standing to represent the plaintiff." Filed: 10/26/2011 Party: PLT PartyNum: 1 PartyName: Lakhan J Jha**

---

*This is an electronic case record. Full case information cannot be made available either because of legal restrictions on access to case records found in Maryland Rules, or because of the practical difficulties inherent in reducing a case record into an electronic format.*

Copyright © 2025. Maryland Judiciary. All rights reserved.
Service Desk: (410) 260-1114



CIRCUIT COURT
BALTIMORE

2011 OCT 25  PM 3: 57

CIVIL DIVISION

Circuit Court for  Baltimore City
<br>City or County

# CIVIL - DOMESTIC CASE INFORMATION REPORT

**DIRECTIONS:**

**Plaintiff:** This information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111. A copy must be included for each defendant to be served.

**Defendant:** You must file an Information Report as required by Rule 2-323(h).

**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE**

FORM FILED BY: ☒ PLAINTIFF    ☐ DEFENDANT         CASE NUMBER _____
<br>Clerk to insert

CASE NAME: Lakhan J. Jha

PARTY'S NAME: Lakhan J. Jha    Plaintiff    vs.  Phan, Dada, Adler, Carey Business School
<br>Defendant

ADDRESS: 6466 195th PL NE Redmond, WA 98052    PHONE: ( 425 ) 883 - 8519
<br>Day Time Phone

PARTY'S ATTORNEY'S NAME: Siddharth Jha

ATTORNEY'S ADDRESS: 3970 Edgehill Avenue Suite: A5, Baltimore MD 21211    PHONE: ( 425 ) 445 - 2310

☐ I am not represented by an attorney

RELATED CASE PENDING? ☐ Yes ☒ No    If yes, Court and case #(s) if known: _____

Special Requirements? ☐ Interpreter (Please attach Form CC-DC 41)

☐ ADA accommodation (Please attach Form CC-DC 49)

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation ☐ Yes ☒ No
B. Arbitration ☐ Yes ☒ No
C. Settlement Conference ☒ Yes ☐ No
D. Neutral Evaluation ☐ Yes ☒ No

IS THIS CASE CONTESTED? ☐ Yes ☒ No    If yes, which issues appear to be contested?

☐ Ground for divorce
☐ Child Custody  ☐ Visitation
☐ Child Support
☐ Alimony  ☐ Permanent  ☐ Rehabilitative
☐ Use and possession of family home and property
☐ Marital property issues involving:
☐ Valuation of business  ☐ Pensions  ☐ Bank accounts/IRA's  ☐ Real Property
☐ Paternity  ☐ Other: _____
☐ Adoption/termination of parental rights
☐ Other: _____

Request is made for: ☒ Initial order ☐ Modification ☐ Contempt ☐ Absolute Divorce ☐ Limited Divorce

For non-custody/visitation issues, do you intend to request:
☐ Court-appointed expert (name field) _____
☐ Initial conference with the court
☐ Mediation by  a Court-sponsored settlement program
☐ Other: _____

For custody/visitation issues, do you intend to request:
☐ Mediation by a private mediator
☐ Evaluation by mental health professional
☐ Other Evaluation _____
☐ Appointment of counsel to represent child (not just to waive psychiatric privilege)
☐ A conference with the Court

Is there an allegation of physical or sexual abuse of party or child? ☐ Yes ☒ No

CC/DCM 001 (Rev. 2/2010)    Page 1 of 2

CASE NAME __Lakhan J. Jha_____ vs. __Phan, Dada, Adler, CBS__    CASE NUMBER:_____
                      Plaintiff                      Defendant                      (Clerk to Insert)

TIME ESTIMATE FOR A MERITS HEARING: _____ hours _____ days

TIME ESTIMATES FOR HEARING OTHER THAN A MERITS HEARING:_____ hours _____ days

### COMPLEX SCIENCE MEDICAL CASE
### MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO AN ASTAR RESOURCE JUDGE under Md. Rule 16-202.*
*Please check the applicable box below and attach a duplicate copy of your complaint.*

☐ Expedited - Trial within 7 months of filing          ☐ Standard - Trial within 18 months of filing

_____          _____10/25/11_____
Signature of Counsel/Party                                         Date

Siddharth Jha
Print Name

3970 Edgehill Avenue Suite: A5
Street Address

Baltimore, MD 21211
City/State/Zip

**CC/DCM 001 (Rev. 2/2010)**          Page 2 of 2

CIRCUIT ...
BALTI...

2011 OCT 25 PM 3: 57

CIVIL DIVISION

Circuit Court for  Baltimore City _____
<span style="text-align:center">City or County</span>

## CIVIL - DOMESTIC CASE INFORMATION REPORT

**DIRECTIONS:**

*Plaintiff: This information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111. A copy must be included for each defendant to be served.*

*Defendant: You must file an Information Report as required by Rule 2-323(h).*

**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE**

FORM FILED BY:  ☒ PLAINTIFF  ☐ DEFENDANT          CASE NUMBER _____
<span style="text-align:right">Clerk to insert</span>

CASE NAME: Lakhan J. Jha _____   vs.   Phan, Dada, Adler, Carey Business School
<span>Plaintiff</span>                                            <span>Defendant</span>

PARTY'S NAME: Lakhan J. Jha                        PHONE: ( 425 )  883  -  8519
<span style="text-align:right">Day Time Phone</span>

ADDRESS: 6466 195th PL NE Redmond, WA 98052

PARTY'S ATTORNEY'S NAME: Siddharth Jha _____   PHONE: ( 425 )  445  -  2310

ATTORNEY'S ADDRESS: 3970 Edgehill Avenue Suite: A5, Baltimore MD 21211

☐ I am not represented by an attorney

RELATED CASE PENDING? ☐ Yes ☒ No   If yes, Court and case #(s) if known: _____

Special Requirements?  ☐ Interpreter (Please attach Form CC-DC 41)

☐ ADA accommodation (Please attach Form CC-DC 49)

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation ☐ Yes ☒ No                C. Settlement Conference ☒ Yes ☐ No
B. Arbitration ☐ Yes ☒ No              D. Neutral Evaluation ☐ Yes ☒ No

IS THIS CASE CONTESTED? ☐ Yes ☒ No   If yes, which issues appear to be contested?

☐ Ground for divorce
☐ Child Custody          ☐ Visitation
☐ Child Support
☐ Alimony          ☐ Permanent          ☐ Rehabilitative
☐ Use and possession of family home and property
☐ Marital property issues involving:
   ☐ Valuation of business  ☐ Pensions  ☐ Bank accounts/IRA's  ☐ Real Property
   ☐ Other: _____
☐ Paternity
☐ Adoption/termination of parental rights
☐ Other: _____

Request is made for:  ☒ Initial order ☐ Modification ☐ Contempt ☐ Absolute Divorce ☐ Limited Divorce

For non-custody/visitation issues, do you intend to request?
☐ Court-appointed expert (name field) _____   ☐ Mediation by a Court-sponsored settlement program
☐ Initial conference with the court                ☐ Other: _____

For custody/visitation issues, do you intend to request:
☐ Mediation by a private mediator                  ☐ Appointment of counsel to represent child (not just to
☐ Evaluation by mental health professional             waive psychiatric privilege)
☐ Other Evaluation _____                      ☐ A conference with the Court

Is there an allegation of physical or sexual abuse of party or child? ☐ Yes ☒ No

CC/DCM 001 (Rev. 2/2010)          Page 1 of 2

CASE NAME Lakhan J. Jha _____ vs. Phan, Dada, Adler, CBS _____ CASE NUMBER:_____
                Plaintiff                           Defendant                                    (Clerk to Insert)

TIME ESTIMATE FOR A MERITS HEARING: _____ hours _____ days

TIME ESTIMATES FOR HEARING OTHER THAN A MERITS HEARING:_____ hours _____ days

### COMPLEX SCIENCE MEDICAL CASE
### MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO AN ASTAR RESOURCE JUDGE under Md. Rule 16-202.*
*Please check the applicable box below and attach a duplicate copy of your complaint.*

☐ Expedited - Trial within 7 months of filing             ☐ Standard - Trial within 18 months of filing

_____
Signature of Counsel/Party

10/25/11
Date

Siddharth Jha
_____
Print Name

3970 Edgehill Avenue Suite: A5
_____
Street Address

Baltimore, MD 21211
_____
City/State/Zip

CC/DCM 001 (Rev. 2/2010)             Page 2 of 2

RECEIVED FT
CIRCUIT
BALT

2011 OCT 25 PM 3: 57

CIVIL DIVISION

Circuit Court for  Baltimore City
_____
City or County

## CIVIL - DOMESTIC CASE INFORMATION REPORT

**DIRECTIONS:**
*Plaintiff: This information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111. A copy must be included for each defendant to be served.*
*Defendant: You must file an Information Report as required by Rule 2-323(h).*
***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE***

FORM FILED BY: ☒ PLAINTIFF ☐ DEFENDANT    CASE NUMBER _____
                                                                        Clerk to insert

CASE NAME: Lakhan J. Jha                    vs.  Phan, Dada, Adler, Carey Business School
_____         _____
            Plaintiff                                        Defendant
PARTY'S NAME: Lakhan J. Jha                       PHONE: ( 425 ) 883 - 8519
                                                                   Day Time Phone

ADDRESS: 6466 195th PL NE Redmond, WA 98052

PARTY'S ATTORNEY'S NAME: Siddharth Jha         PHONE: ( 425 ) 445 - 2310

ATTORNEY'S ADDRESS: 3970 Edgehill Avenue Suite: A5, Baltimore MD 21211
☐ I am not represented by an attorney
RELATED CASE PENDING? ☐ Yes ☒ No   If yes, Court and case #(s) if known: _____

Special Requirements?  ☐ Interpreter (Please attach Form CC-DC 41)
                       ☐ ADA accommodation (Please attach Form CC-DC 49)

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION
Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation ☐ Yes ☒ No          C. Settlement Conference ☒ Yes ☐ No
B. Arbitration ☐ Yes ☒ No        D. Neutral Evaluation ☐ Yes ☒ No

IS THIS CASE CONTESTED? ☐ Yes ☒ No   If yes, which issues appear to be contested?
☐ Ground for divorce
☐ Child Custody     ☐ Visitation
☐ Child Support
☐ Alimony           ☐ Permanent      ☐ Rehabilitative
☐ Use and possession of family home and property
☐ Marital property issues involving:
    ☐ Valuation of business  ☐ Pensions  ☐ Bank accounts/IRA's  ☐ Real Property
    ☐ Other: _____
☐ Paternity
☐ Adoption/termination of parental rights
☐ Other: _____

Request is made for:  ☒ Initial order ☐ Modification ☐ Contempt ☐ Absolute Divorce ☐ Limited Divorce

For non-custody/visitation issues, do you intend to request?
☐ Court-appointed expert (name field) _____  ☐ Mediation by a Court-sponsored settlement program
☐ Initial conference with the court                ☐ Other: _____

For custody/visitation issues, do you intend to request?
☐ Mediation by a private mediator            ☐ Appointment of counsel to represent child (not just to
☐ Evaluation by mental health professional       waive psychiatric privilege)
☐ Other Evaluation _____           ☐ A conference with the Court

Is there an allegation of physical or sexual abuse of party or child? ☐ Yes ☒ No



RECEIVED
CIRCUIT COURT FOR
BALTIMORE CITY

2011 OCT 25  PM 3: 57

CIVIL DIVISION

Circuit Court for  Baltimore City
_____
                                    City or County

## CIVIL - DOMESTIC CASE INFORMATION REPORT

**DIRECTIONS:**
*Plaintiff:* This information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111. A copy must be included for each defendant to be served.
*Defendant:* You must file an Information Report as required by Rule 2-323(h).
**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE**

| | |
|---|---|
| FORM FILED BY: ☒ PLAINTIFF ☐ DEFENDANT | CASE NUMBER _____ |
| | Clerk to insert |
| CASE NAME: Lakhan J. Jha | vs. Phan, Dada, Adler, Carey Business School |
| *Plaintiff* | *Defendant* |
| PARTY'S NAME: Lakhan J. Jha | PHONE: ( 425 ) 883 - 8519 |
| | *Day Time Phone* |

ADDRESS: 6466 195th PL NE Redmond, WA 98052

PARTY'S ATTORNEY'S NAME: Siddharth Jha       PHONE: ( 425 ) 445 - 2310

ATTORNEY'S ADDRESS: 3970 Edgehill Avenue Suite: A5, Baltimore MD 21211
☐ I am not represented by an attorney
RELATED CASE PENDING? ☐ Yes ☒ No   If yes, Court and case #(s) if known:_____

Special Requirements? ☐ Interpreter (Please attach Form CC-DC 41)
☐ ADA accommodation (Please attach Form CC-DC 49)

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION
Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation ☐ Yes ☒ No          C. Settlement Conference ☒ Yes ☐ No
B. Arbitration ☐ Yes ☒ No          D. Neutral Evaluation ☐ Yes ☒ No

IS THIS CASE CONTESTED? ☐ Yes ☒ No   If yes, which issues appear to be contested?
☐ Ground for divorce
☐ Child Custody    ☐ Visitation
☐ Child Support
☐ Alimony    ☐ Permanent    ☐ Rehabilitative
☐ Use and possession of family home and property
☐ Marital property issues involving:
  ☐ Valuation of business  ☐ Pensions  ☐ Bank accounts/IRA's  ☐ Real Property
  ☐ Other: _____
☐ Paternity
☐ Adoption/termination of parental rights
☐ Other: _____

Request is made for:  ☒ Initial order ☐ Modification ☐ Contempt ☐ Absolute Divorce ☐ Limited Divorce

For non-custody/visitation issues, do you intend to request?
☐ Court-appointed expert (name field) _____  ☐ Mediation by  a Court-sponsored settlement program
☐ Initial conference with the court                ☐ Other:_____

For custody/visitation issues, do you intend to request?
☐ Mediation by a private mediator          ☐ Appointment of counsel to represent child (not just to
☐ Evaluation by mental health professional        waive psychiatric privilege)
☐ Other Evaluation _____            ☐ A conference with the Court

Is there an allegation of physical or sexual abuse of party or child? ☐ Yes ☒ No

CC/DCM 001 (Rev. 2/2010)          Page 1 of 2

CASE NAME Lakhan J. Jha _____ vs. Phan, Dada, Adler, CBS ___ CASE NUMBER:_____
               Plaintiff                       Defendant                         (Clerk to Insert)

TIME ESTIMATE FOR A MERITS HEARING: _____ hours _____ days

TIME ESTIMATES FOR HEARING OTHER THAN A MERITS HEARING:_____ hours _____
days

**COMPLEX SCIENCE MEDICAL CASE
MANAGEMENT PROGRAM (ASTAR)**

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO AN ASTAR RESOURCE JUDGE under Md. Rule 16-202.
Please check the applicable box below and attach a duplicate copy of your complaint.*

☐ Expedited - Trial within 7 months of filing          ☐ Standard - Trial within 18 months of filing

_____           10/25/11
     Signature of Counsel/Party                                   Date

Siddharth Jha
            Print Name

3970 Edgehill Avenue Suite: A5
            Street Address

Baltimore, MD 21211
            City/State/Zip

Document 1          Filed 10/25/2011          Page 1 of 20

## CIRCUIT COURT FOR BALTIMORE CITY
## EIGHTH CIRCUIT

| | |
|---|---|
| LAKHAN J. JHA | ) |
| Plaintiff, | ) |
| v. | )    Civil No. *24C11-006740* |
| PHILLIP H. PHAN | ) |
| *In his official capacity as the Dean of* | ) |
| *the Carey Business School,* | ) |
| MAQBOOL DADA | ) |
| *In his official capacity as the Chair of the* | ) |
| *Grade Appeals Committee of the Carey* | ) |
| *Business School,* | ) |
| CHRISTOPHER ADLER | ) |
| *In his official capacity as an Instructor of* | ) |
| *the Carey Business School* | ) |
| and CAREY BUSINESS SCHOOL | ) |
| Defendants. | ) |

**Complaint and Request for Injunctive Relief**

Plaintiff, Lakhan J. Jha, on behalf of his minor son ("John Doe"), for his complaint

against Phillip H. Phan, ("Phan"), Maqbool Dada, ("Dada"), Christopher Adler, ("Adler")

and the Carey Business School ("the School") states as follows:

### Jurisdiction and Standing

1.  Standing is conferred on this Court by the following: this action is brought upon

by a parent of John Doe and commenced on the grounds that John Doe is a student at the

Carey Business School.

2.  Jurisdiction is vested upon on this Court by the following:

1

a. Phan, the Defendant, is the Dean and a Professor of the Carey Business School.

b. Dada, the Defendant, is a Professor and the Chair of the Grade Appeals Committee at the Carey Business School.

c. Adler, the Defendant, was an adjunct faculty at the Carey Business School and taught the class, Federal Taxation.

d. The School, the defendant, is a school within the Johns Hopkins University and has its principle place of business at 100 International Drive, Baltimore, MD 21202, within this judicial district and jurisdiction of this court.

### Adler Repeatedly Engaged in Professorial Misconduct

1. In the spring of 2011, John Doe enrolled in a class at the School called Federal Taxation.

2. The instructor of this class was Christopher Adler. Adler was an adjunct faculty at the School who is a CPA and a partner at RSM McGladrey.

3. The Federal Taxation course was the first time Adler had taught a class in an educational setting at a college or university.

4. Adler was involved in professorial misconduct by actively and negligently engaging in practices he knew, or otherwise reasonably should have known, was against School and University code.

5.  There are three particular instances where Adler deliberately violated the School code and engaged in "an act that disrupts or interferes with the orderly operation of teaching." (School Handbook, page 19)

6.  Adler showed a purposefully negligent lack of oversight during the exams he administered, thereby giving unfair advantages to other students.

7.  The first instance was when Adler wasn't present during all the examinations and kept leaving the exam room for no apparent reason.

8.  Adler would frequently leave the classroom during examinations to go and sit on the sofas outside the classroom or go stand on the balcony or be actively involved in his cell phone.

9.  Adler's showed a deliberate lack of exam oversight by not being physically present at all times during the examination and as a result students were allowed to engage in academic misconduct and gain unfair advantages on exams in two ways:

    a.  First, students would act like they are going outside to ask Alder a question about the test but instead have brief and quiet conversations in the alcove of the classroom that lead to the door. Such would not have been possible if Adler had remained in his seat at the front of the class.

    b.  Second, it was very easy for students to slip in notecards and other forms of electronic assistance because Adler wasn't in the classroom to provide oversight. As an example, the person sitting to the left of John Doe took out her phone and used it during an examination. Again, such would not have been possible if Adler had remained in his seat at the front of the class.

3

10. As such, Adler knew or should have reasonably known that his actions be considered violations of the honor code of the School as it allowed for "All communications, written, oral, or otherwise, among students during examinations, are forbidden, as is the use of notes, books, calculators, or other written material except when approved by the instructor." (School Handbook, page 18)

11. The second instance was when Adler, without prior approval from the School, enacted a negligently lenient policy in regards to electronics during the exam.

12. On numerous occasions students were allowed to use various forms of electronics on the exam, some of which provided aid beyond what was allowed by the School code.

13. For example during the final exam John Doe saw Adler look at a student who was making hand movements on his iPhone but Adler chose not to do anything.

14. As such, Adler knew or should have reasonably known that his actions were a violation of the School code as it allowed students to engage in "unauthorized providing of materials or information to others during assignments or examinations." (School Handbook, page 18)

15. The third instance was Adler's negligent choice to recklessly grant an excessively large number of exam waivers to allow several students to take the exam at a later than scheduled time.

16. The impact of numerous exam waivers on actual class performance was severely damaging as it allowed several students extra time and more information than students who took the exam at the originally scheduled time.

4

17. During the second midterm, there were only about 5 students out of 14 who gave the exam at the scheduled time.

18. Adler didn't change the make-up exam question ordering or questions, thereby allowing room for students to take exam during the scheduled time and share information with other students who were planning on taking the exam at a later time.

19. John Doe remembers one student telling him explicitly after an exam that "his friends weren't worried about the class because he would tell his friends who took the exam at a later point what kind of questions were asked."

20. In summary, Adler's negligent actions were a direct violation of School code as his actions allowed for "unauthorized providing of materials or information to others during assignments or examinations; and other activity that gives students an unfair academic advantage." (School Handbook, page 18)

### Defendants Failed to take Action after Multiple Notifications of Academic Misconduct and Dishonesty

21. Throughout the class, John Doe had mentioned to Adler in person that he believed that other students might be cheating and have a substantial unfair advantage on exams.

22. Adler had intentionally walked away or not paid attention to the claims brought by John Doe, suggesting that Adler didn't believe or care about such claims.

23. For example, on 05/17/11 John Doe told Adler he believed others and Adler were engaging in conduct as prohibited by page 18 of the Student Handbook, and Adler simply refused those assertions and walked away.

5

24. In an email dated 06/22/11 John Doe mentioned to Adler that he believed others were violating the Honor Code and had substantially unfair advantages on exams and that those actions would adversely skew the grade curve in the class.

25. In an email dated 06/22/11 Adler told John Doe that he wouldn't directly get involved in the assertions that John Doe brought up but rather it was John Doe's responsibility to tell the Carey Administration of such assertions.

26. In an email dated 06/27/11 John Doe sent an email to Phan saying that he strongly believed that Adler was involved in professorial misconduct and that other students had engaged in academic dishonesty and Adler's actions had adversely impacted John Doe's grade for no fault of his own.

27. In an email dated 06/27/11 Phan told John Doe suggesting that there isn't much he could do since John Doe had reported these facts after they had occurred.

28. In an email dated 06/27/11 John Doe told Phan that he was worried about his safety and wellbeing as Adler had threatened action against John Doe when John Doe had requested a grade breakdown.

29. In an email dated 06/27/11 Phan told John Doe that there isn't much he could do about the damage caused by negligent actions of Adler and other student's academic misconduct but that John Doe could appeal his grade through the established processes.

**Defendants Failed to Follow School Procedure,**
**Failed to Discuss Grade Dispute, and Failed to Explain Grading Procedure**

30. The School's student Handbook on page 16 states that in grade disputes "grades should be discussed thoroughly with the faculty member."

31. Throughout the class and after the final grade had been administered John Doe made several attempts to thoroughly discuss his grade with the faculty member and understand the rationale behind  John Doe's class performance and how his grade was going to be computed.

32. On numerous occasions Adler repeatedly refused to discuss John Doe's performance and grade with John Doe when John Doe inquired for such.

33. On numerous occasions John Doe asked if he could see the breakdown of his grade and Adler repeatedly refused to give the breakdown and failed to thoroughly discuss the grade, a violation of page 16 of the School's handbook.

34. On several instances after 05/25/11 Adler mentioned that the syllabus would be changed and that he wouldn't explain or provide a grade break down on how the grades would be computed when accounting for the new changes in the grading scheme.

35. For example, on 06/07/11 John Doe asked Adler since Adler had been seriously considering changing grading approach if Adler would send an email to the class explaining the grading change.

36. Adler refused and said he "wasn't going to email anyone anything in regards to the grading approach" and that it would be his utmost discretion to change the syllabus without giving any notification at all.

37. Another example is on 06/14/11 John Doe asked Adler during a class break how he was performing.

38. Adler mentioned that he had no interest in discussing the performance of John Doe.

39. Prior to the final grades being determined, in an email sent to John Do on 06/26/11 Adler said that he would not be "responding to anyone's inquiry on or request for change in their final grade" suggesting that Adler had already made up his mind in regards to denying prospective grade appeals before final grades were to be determined.

40. After John Doe had received a grade of "B+" as the final grade in the course, he followed the School's Handbook and sent an email to Adler on 06/29/11 asking the following: "Can you give me a break down of what my grade was on all the tests and other graded material? I'd like to see a detailed break down at how you arrived at a B+."

41. In a response dated 06/29/11, Adler refused to provide a detailed breakdown of John Doe's grade and admitted that he hadn't followed the syllabus and changed the method for computing grades and failed to convey the students the new grading change: "...weighting was done away from the first test and heavily towards the last two..."

42. On 07/02/11 the plaintiff emailed Phan about Adler's threatening behavior and unwillingness to follow procedures prescribed in the School's Handbook.

43. In an email dated 07/02/11 Phan admitted to the plaintiff that Adler did not follow school procedure and that it would be investigated as to why the School's procedures were not followed.

### Another Student's Similar Allegations

44. Another student, namely Student 1, had brought similar allegations as John Doe against Adler throughout the appeals process at the School.

45. In his grade appeal Student 1 alleged the following:

    a.  Adler denied the explanation for Student 1's grade and refused to provide a

        breakdown of how Student 1's final grade was computed.

    b.  Adler engaged in professorial misconduct during exams for reasons similar

        to those described by John Doe.

    c.  Adler failed to follow grading standards mentioned in the syllabus and

        refused to disclose the new weighting of exams.

46. Student 1 also alleged that Adler negligently gave prior information to students that he would be getting his exam questions from the CCH publisher's test bank.

47. By negligently revealing the source of exams prior to the exams being administered, several students gained substantially unfair advantages by purchasing the publisher's test bank online prior to the administration of the exams.

48. Student 1 also alleged that Adler was negligent in administering the make-up exams.

49. Adler had been negligently lenient and not followed the School and University policy of having documented reasons for missing or rescheduling an exam, thereby allowing several students discuss the exam with other students prior to taking it at a later date.

50. The School's surveillance video footage would show that several students who asked for a make-up exam at a later time were actually on campus during the scheduled examination.

51. Adler also refused to change the ordering or questions of the make-up exams, thereby giving room for students taking the exam on the scheduled day to memorize certain features of the exam and share with future examinees.

52. Student 1 also alleged that Adler negligently walked out of the classrooms for extended periods of time while administering exams, or was deeply engulfed in other work during examinations, showing a lack of oversight during exams.

53. Such lack of oversight enabled students the means to use electronic devices such as iPods or cell phones to store, receive, send or otherwise use to engage in academic misconduct during the administering of examinations.

54. Student 1 also alleged that as a result of the Adler's negligence, the grade curve in the class was adversely skewed to the left of the normal distribution curve. In other words, the grades were inflated relative to the honest performance of other students, thereby giving higher grades to those who benefited from Adler's negligent actions.

### Grade Appeal and Subsequent Follow-ups

55. On 07/18/11 John Doe sent an email to Wendy Mitchell, his advisor at the School, Lawrence Waudby, the Director of Professional Programs at the School, and William Agresti, the Associate Dean for Professional Programs at the School, his grade appeal which consisted of the "Student Academic Grade Appeal Form" and the "Grade Appeal Explanation of Events."

56. Since Agresti was out of the office during that time, John Doe forwarded the contents along to Jennifer Moessbauer, another School official in charge of forwarding along grade appeals to the committee.

57. On 07/18/11 Moessbauer indicated to John Doe that she would forward the contents John Doe sent to the grade appeals committee.

58. On 07/29/11 John Doe sent an email to Agresti asking the status of his grade appeal and an update on the situation.

59. On 07/29/11 Agresti indicated that John Doe's grade appeal was still with the committee.

60. On 08/11/11 John Doe emailed Agresti asking the status of his grade appeal and an update on the situation.

61. On 08/17/11 Agresti replied to John Doe and mentioned that it was still with the committee. Agresti also apologized for the delay.

62. On 08/22/11 the plaintiff emailed Phan expressing his disappointment in the baseless delay caused by the school in processing John Doe's grade appeal.

63. On 08/22/11 Phan replied to the plaintiff suggesting that he would look to expedite the process.

### Email Exchanges with Dada & Defamation

64. Over a month after the initial appeal was sent on 07/18/11, on 08/22/11 Maqbool Dada, wrote John Doe an email asking for the same information that was provided in the grade appeal documents that John Doe sent on 07/18/11.

65. On 08/24/11 John Doe replied to Dada suggesting that he had explicitly provided all the information Dada was asking for in his grade appeal documents and was disappointed in the delay caused by Dada's committee.

66. On 08/24/11 Dada replied to John Doe saying that the committee received John Doe's grade appeal on 08/22/11, the day Dada requested it.

67. On three separate occasions, 07/18/11, 07/29/11 and 08/11/11, Agresti and Moessbauer mentioned that it was already with the committee, thereby nullifying Dada's statement that the committee received John Doe's grade appeal on 08/22/11.

68. Dada refused to read John Doe's grade appeal because it was 11 pages long and wasn't considered "concise." Dada suggested that John Doe rewrite his grade appeal in no more than 500 words.

69. Dada accused John Doe of furnishing inaccurate statements pertaining to when Dada's committee had received the grade appeal.

70. Dada also defamed John Doe's character by inaccurately accusing him of lying and CCing Phan in that email.

71. Dada's actions directly impacted the grade appeals process because Dada had provided Phan inaccurate information pertaining to John Doe's character when Dada knew that Phan would prospectively be hearing an appeal.

72. On 08/24/11 John Doe replied to Dada's email suggesting that he wasn't providing untruthful information and that there were three separate emails from School officials to prove his claim that the committee had the grade appeal prior to 08/22/11.

73. John Doe also mentioned to Dada that the new word count of 500 words was unfair and unjust and that John Doe would not be writing a condensed grade appeal as no word count maximum had ever been mentioned to John Doe prior to the grade appeals process or on the "Student Academic Grade Appeal Form."

12

74. John Doe again mentioned to Dada on 08/24/11 that all the information that Dada was looking for could be explicitly found in John Doe's grade appeal supporting documents.

75. In retaliation, on 08/25/11 Dada emailed John Doe and told him that the grade appeals committee was dismissing his case on the grounds that he hadn't provided Dada the information for the appeal in the "appropriate format."

76. On 08/25/11 the plaintiff emailed Phan expressing his disappointment in regards to Dada changing the requirements of the grade appeal and accusing John Doe of furnishing untruthful information, whereas the facts prove otherwise.

77. On 08/25/11 Dada emailed John Doe telling him that he "finally" had time to read the original petition and that a condensed version is no longer needed. After recklessly dismissing the grade appeals process Dada indicated that he would restart it.

78. On 08/25/11 John Doe emailed Dada reminding him that Adler had said in his email that right before grades were to be computed he changed the weighting of the exams.

79. John Doe mentioned this as he believed that the committee must consider the fact that Adler had admitted to changing the exam weighting in an email on 06/30/11 and the possibility that Adler could have dishonestly weighted the exams in his favor.

80. On 08/25/11 Dada mentioned that he would assign the grade appeal for evaluation on 08/26/11.

**Final Grade Appeal Decision and Family**
**Education Rights and Privacy Act (FERPA) Violation**

13

81. On 09/01/11 Dada emailed John Doe to tell him that the grade appeals committee did not support John Doe's appeal for three reasons:

    a.  First, Dada said that John Doe received a 50% on exam 1 which weighted down John Doe's grade to final course grade of "B+."

    b.  Second, Dada said that the allegations made by John Doe in regards to violations of academic integrity that inflated the grades of many students were inaccurate as Dada said "no student received a 100% on any exam."

    c.  Third, Dada said that John Doe's class rank within the course of 5/14 was not lowered as a result of violations of academic integrity.

82. John Doe rejected all of Dada's assertions for the following reasons:

    a.  First, John Doe did not receive a 50% on exam 1. Adler had explicitly mentioned that everyone on exam 1 had received anywhere between an A to C with grades of A, A-, B, B-, C+ and C being possible and a 50% didn't correspond to any of the possible grades. John Doe believed that a falsified and tremendously low exam 1 grade was inaccurately provided by Adler in hopes of justifying the final "B+" grade as all exam 1 grades were curved to fit the range of A to C.

    b.  John Doe had never suggested or implied that other students who engaged in the violations of academic integrity "received a 100% on exams," John Doe merely suggested that Adler's professorial misconduct allowed other students to engage in academic misconduct and subsequently get higher grades than they deserved, for example, from C to a B+ or D- to a C.

  c. John Doe's relative rank was lowered if other students had any form of

    unfair advantages on exams as others were able to obtain a higher score

    than they would have otherwise, therefore Dada's basis for denying John

    Doe's grade appeal on those grounds are severely flawed and inaccurate.

83. In the email that Dada sent to John Doe on 09/01/11, Dada violated John Doe's

FERPA rights as guaranteed by 20 U.S.C. § 1232g.

84. Dada CC'ed Lawrence Waudby, among others, the details of John Doe's grade

when Waudby was not privileged to all the details, specific numbers and percentages, of

John Doe's grade breakdown.

85. The numbers and percentages of John Doe's grade breakdown are considered

"information directly related to a student" as described in 20 U.S.C. § 1232g (a)(4)(A)(i).

86. Waudby, the Director of Professional Programs, is responsible for creation and

development of classes that fall under the professional programs of the School.

87. Waudby's official capacity does not require that he know the details of John Doe's

grade and does not carry the same rights afforded to other school officials under 20

U.S.C. § 1232g (b)(1)(A) as Waudby does not "have legitimate educational interest" to

know the details of John Doe's grade as it does not have a direct connection with

Waudby's professional responsibilities.

88. On 08/26/11 Dada in person mentioned to John Doe that Waudby was not

privileged to the information regarding John Doe's grade appeal and if Waudby were to

request such information Dada would deny that request as Waudby isn't privileged under

20 U.S.C. § 1232g  to see the details of John Doe's grade breakdown.

89. Student 1 received a similar final decision email from Dada in regards to his/her grade appeal.

90. In that email from Dada to Student 1, Waudby was not CC'ed suggesting that Waudby's work was not directly related to the details of student 1's grade and student grade appeals in general which further suggested that Waudby's work did not fulfill the requirement of "have legitimate educational interest" under 20 U.S.C. § 1232g (b)(1)(A).

91. John Doe allowed his father, namely the plaintiff, to share the rights with him as privileged to John Doe under 20 U.S.C. § 1232g.

92. The plaintiff under 20 U.S.C. § 1232g (b)(1)(H) made a request to Phan on 07/01/11 if he could be provided of a detailed breakdown of John Doe's grade in the Federal Taxation course.

93. The plaintiff is entitled to make such requests to Phan as he is considered "parents of a dependent student of such parents" as defined under 26 U.S.C. § 152 and as allowed by 20 U.S.C. § 1232g (b)(1)(H).

94. Although Phan admitted in an email on 07/02/11 that such breakdowns are "provided as a matter of course", Phan didn't provide the information that the plaintiff requested on 07/01/11.

### Appeal to Phan and Final Decision

95. On 09/08/11 John Doe appealed Dada's decision to the Dean of the School, Phan.

96. On 09/14/11 Phan affirmed Dada's decision and denied John Doe's grade appeal and cited the basis for such judgment as "the facts of the appeal as stated by the grade appeals committee have been verified as accurate"

16

### Injunction under Gross Negligence

97. The plaintiff incorporates by reference the allegations in paragraphs 1 through 96.

98. Adler's negligent actions, specifically:

    a.  deliberately walking out during exams and showing a lack of proper examination oversight,

    b.  allowing for a negligently lenient policy in regards to electronics during the exam,

    c.  and recklessly granting massive amounts of exam waivers

are considered violations of the Student Handbook pages 18 through 20 as they constitute "an act that disrupts or interferes with the orderly operation of teaching."

99. In addition, Adler purposefully and negligently showed no regard for the School Handbook as he violated page 16 regarding the procedures established for the grade appeal.

    a.  Adler refused to thoroughly discuss the reasons for John Doe's grade with John Doe when John Doe requested Adler several times.

    b.  Adler also threatened John Doe with action if John Doe kept inquiring about his grade and past performance.

100. Adler's continued negligence adversely impacted John Doe's grade as John Doe would have gotten an "A" in the class had others not been given unfair advantages due to Adler's negligence and had Adler followed the School's Handbook for administering the exams ethically, honestly, and professionally.

101. Additionally, the defendants Dada and Phan were recklessly negligent as they failed to look into the possibility that Adler could have been in violation of the School's Handbook and engaged in professorial misconduct which subsequently allowed a significant number of students to engage in academic misconduct and cause harm to John Doe's grade.

102. As a result of the defendants negligent and reckless actions John Doe suffered severe and unnecessary harm to his grades:

    a. John Doe's Federal Taxation course grade dropped from an "A" to a "B+" which made his semester GPA from 4.0 to 3.88.

    b. John Doe's overall GPA was impacted adversely as his overall GPA dropped from 4.0 to 3.94.

### Injunction under Defamation of Character

103. The plaintiff incorporates by reference the allegations in paragraphs 1 through 102.

104. Dada defamed John Doe's character by inaccurately accusing him of lying and CCing Phan in that correspondence.

105. Dada made defamatory statements that caused John Doe severe harm because he told another party, when they were supposed to be independent throughout the process, inaccurate and misleading information.

106. Phan could not have and did not make a fair judgment after Dada effectively terminated an honest and independent review of John Doe's grade appeal by Phan by tainting John Doe's honest character.

18

## Injunction under FERPA Violation

107. The plaintiff incorporates by reference the allegations in paragraphs 1 through 106.

108. Dada was recklessly negligent in violating John Doe's FERPA rights by releasing a person not authorized under 20 U.S.C. § 1232g the specific numbers and percentages of John Doe's grade breakdown which are considered "information directly related to a student" as described under 20 U.S.C. § 1232g (a)(4)(A)(i).

109. By violating 20 U.S.C. § 1232g Dada jeopardized and did not protect the integrity of the grade appeals process as required by University regulations.

110. As such the defendants caused John Doe severe harm as John Doe was not afforded a grade appeals process that was done in accordance with School and University regulations.

## Prayer for Relief

WHEREFORE, the plaintiff, Lakhan J. Jha, respectfully prays for the following:

A. That the Court find that defendants have engaged in repeated and continual conduct that constituted negligence that caused severe harm to John Doe's course and overall grade.

B. That the Court find that defendants have engaged in repeated and continual conduct that constituted several violations of the student handbook which ultimately caused severe harm to John Doe's course and overall grade.

C. That the Court find that defendants have engaged in conduct that defamed the

character of John Doe which subsequently terminated an honest and independent review

of John Doe's grade appeal by Phan.

D. That the Court find that defendants have engaged in the violation of 20 U.S.C. §

1232g which ultimately jeopardized the integrity of John Doe's grade appeal.

E. That the Court find that defendants have engaged in repeated and continual

conduct that violated the School's Handbook and constituted "an act that disrupts or

interferes with the orderly operation of teaching."

F. That the Court enter a permanent injunction requiring the defendants to change

John Doe's Federal Taxation grade from a "B+" to an "A."

G. That this Court order that the plaintiff is permitted to engage in post-judgment

discovery to ensure compliance with the permanent injunction; and

H. That this Court grant the plaintiff such other relief, including costs, as is just and

equitable.


/s/ Lakhan J. Jha
LAKHAN J. JHA
Plaintiff

Counsel:    Siddharth Jha
3970 Edgehill Ave Suite: A5
Baltimore, MD 21202

x Siddharth Jha

20

# CHICAGO TITLE'S EXHIBIT E

**FILED**

KING COUNTY, WASHINGTON

JUN 1 1 2024

SEA
SUPERIOR COURT CLERK

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| LAKHAN JHA and MINAKSHI KUMARI, | |
| Plaintiff, | No. 19-2-31564-4 SEA |
| v. | **FINDINGS OF FACTS AND CONCLUSIONS OF LAW** |
| MICHAEL WILLIAM PIEPKORN and JANE DOE PIEPKORN, husband and wife; CLIFFORD ANTHONY KURZINSKI and LINDSAY NICOLE TARR, husband and wife, and SEATTLE'S FINEST SECURITY & TRAFFIC CONTROL, LLC, | |
| Defendants. | |

## I.    INTRODUCTION

THIS MATTER came before this Court for a bifurcated bench trial on May 13, 14, 15, 16, 20, and 21, 2024 on Plaintiffs Dr. Lakhan Jha and Minakshi Kumari ("Jhas") Causes of Action No. 1-5, and Defendant Dr. Michael Piepkorn's ("Piepkorn") First Counterclaim.

Prior to trial, the Court reviewed the trial briefs submitted by the parties. The Court considered sworn testimony of the following witnesses: Siddarth Jha, Landon Beyler, Dr. Lakhan Jha, Jarone Baker, Dr. Michael Folsom, Dr. Michael Piepkorn, Raees Uddin, and Doug Hartman.  The Court also considered the following exhibits admitted into evidence: Exs. 1-24, 33, 35, 43, 48-50, 53-55, 80, 86, 88-89, 92, 96-102, 104, 107-110, 250-255, 257-

FINDINGS OF FACTS AND
CONCLUSIONS OF LAW - 1

Judge Annette Messitt
King County Superior Court
Courtroom W829, King County Courthouse
516 Third Avenue
Seattle, WA 98104-2381
(206) 477-1543

A1

259, 263, 269, 271, 273-275, 279, and 293-301.  At trial, the Court also heard argument from counsel for the Jhas and Piepkorn. The Court now makes the following Findings of Fact and Conclusions of Law.

## II.    FINDINGS OF FACT

### The Properties

1.        The Jhas are the owners of the real property commonly known as 15625 NE 167th Place, Woodinville, WA 98072, which is also known as King County Tax Parcel No. 1126059113 ("Jha Property").

2.        Piepkorn is the record owner of the rental property commonly known as 16722 152nd Place NE, Woodinville, WA 98072, which is also known as King County Tax Parcel No. 1126059017 ("Piepkorn Property").  Piepkorn purchased the property in September 2003.

3.        The real property that is the subject of this quiet title action is the northern portion of Piepkorn's Property ("Disputed Property"). (Ex. 95).  Portions of the Disputed Property were described throughout trial as the red triangle, the yellow area, and the area in between the two.  The red triangle is located on the northwest corner of the Piepkorn Property. (Ex. 95).  The yellow area is located on the northeast portion of the Piepkorn Property. (Ex. 43 at 2).  The Disputed Property and the red triangle are illustrated in the right-hand photograph (Ex. 95 at 1 for illustrative purposes only).

### Raees Uddin's Ownership

4.        Raees Uddin (Uddin) owned the Jha Property located at 15625 NE 167th Place, Woodinville, WA 98072 from April 7, 2004 to February 16, 2012.

5.        In 2004, Uddin applied for a building permit with King County that included building storm drainage improvements.  King County approved those plans and allowed Uddin to build drainage improvements.  One storm drainage line of the proposed drainage improvements ran southwest from the house and parallel to the entrance road and appears to be just beyond the northwest corner of the Piepkorn Property. (Ex. 4).

FINDINGS OF FACTS AND
CONCLUSIONS OF LAW - 2

Judge Annette Messitt
King County Superior Court
Courtroom W829, King County Courthouse
516 Third Avenue
Seattle, WA 98104-2381
(206) 477-1543

A2

1    6.    Also in 2004, Uddin submitted plans for a septic system on the southern

2  portion of the Jha Property. (Ex. 96 at 7). There are several plans attached to the as-built

3  document. The initial plan, which shows an active septic field to both the north and south of

4  the home, bears the note "04/04 turndown." A second plan bears the note "06/04 approval,"

5  and it shows an active drain field to the north of the house with a reserve drain field location

6  to the south. (Ex. 96 at 6). This second plan is consistent with the 2007 as-built plan (Ex. 96

7  at 2) certified by the designer and approved by the county on December 11, 2007. That plan

8  shows that no septic system was installed south of the house. It also shows that the area

9  allocated for a reserve septic drain field is entirely within the Jha Property.

10    7.    No evidence was presented that the King County Department of Public

11  Health ever inspected or permitted a septic field to the south of the home.

12    8.    The Court finds that it is more likely than not that the as-built drawing (Ex.

13  96 at 2) accurately reflects the septic system that was constructed on the Jha property: an

14  active system to the north of the house and space allocated for a reserve system to the south.

15  It is consistent with and supported by the testimony of King County Employee Jarone Baker,

16  who testified that according to the as-built plans, there was no septic system constructed to

17  the south of the house; rather, the area was designated for a reserve field in the event of

18  failure of the active septic system to the north.

19    9.    This finding is also consistent with and supported by the testimony of Uddin,

20  who testified that the septic system was built north of the house and no septic field was

21  constructed south of the house. The Court found Uddin's testimony as to the improvements

22  he made to the property to be credible. The Court considered Plaintiff's efforts to challenge

23  Uddin's credibility as a witness but finds that they were related to collateral issues and

24  unpersuasive in discrediting his testimony.

25    10.    Aerial images show that after Uddin obtained the building permit from King

26  County, he began to excavate and construct improvements on the Jha Property. Those aerial

27  images show that portions of the Jha Property were cleared and graded after Uddin obtained

FINDINGS OF FACTS AND
CONCLUSIONS OF LAW - 3

Judge Annette Messitt
King County Superior Court
Courtroom W829, King County Courthouse
516 Third Avenue
Seattle, WA 98104-2381
(206) 477-1543

A3

1  his building permit and began construction. However, these aerial images do not show

2  excavation, maintenance, improvements, or construction in any part of the Disputed

3  Property.

4       11.     At some point during construction in 2004, Uddin installed drainage

5  improvements. As a result of these improvements either intentionally, negligently, or

6  accidentally and without permission, a stormwater drainage line was placed under the

7  northwest corner of the Piepkorn Property. This is supported by clear and convincing proof,

8  including the Beyler Surveys from 2020 and 2024, Beyler's testimony, and other

9  documentary evidence offered into evidence.

10       12.     The Court finds the encroaching drainage line is connected to catch basins

11  on the Jha Property and a catch basin downslope at the street, both of which are obvious and

12  visible above the ground. The work required to install the encroaching pipe would have been

13  obvious to an ordinarily vigilant owner, including Piepkorn who owned the Disputed

14  Property when the drainage line was installed by Uddin. The drain line carries stormwater

15  from the Jha Property down to the street and has done so regularly and continuously since

16  2004.

17       13.     Other than installing the encroaching drainage line, Uddin did not maintain,

18  landscape or use the red or yellow areas, or the areas in between the red and yellow areas

19  during Uddin's ownership of the property from April 7, 2004 to February 16, 2012.

20       14.     Neither Uddin nor anyone else occupied the Jha Property from January 2011

21  through February 2012.

22       15.     No one maintained, landscaped, or otherwise used the red or yellow areas or

23  the areas in between the red and yellow areas from January 2011 through February 2012.

24       16.     Uddin lost the Jha Property to foreclosure to PNC Bank in 2012.

25                                **PNC Bank's Ownership**

26       17.     PNC Bank owned the Jha Property from February 17, 2012 until it sold it to

27  the Jhas on April 4, 2014.

FINDINGS OF FACTS AND
CONCLUSIONS OF LAW - 4

Judge Annette Messitt
King County Superior Court
Courtroom W829, King County Courthouse
516 Third Avenue
Seattle, WA 98104-2381
(206) 477-1543

A4

1    18.        During PNC Bank's ownership, no one occupied the home.

2    19.        During its ownership, PNC Bank spent approximately $400,000 in

3    constructing, improving, and maintaining the residence on the Jha Property.  The work was

4    scheduled to take approximately three months with a start date of June 12, 2012 and a

5    completion date of September 19, 2012.

6    20.        PNC Bank hired a contractor perform landscaping, clearing, and grading

7    activities on the Jha Property, including a general cut down of immediately intruding

8    vegetation of property & cleanup; removal all small trees & vegetation on hillside; creation

9    of an approximately 4' planting strip around the perimeter of the home; and hydroseeding the

10   area around home.  PNC Bank spent approximately $21,720 on landscaping improvements.

11   There is no evidence that any of this work occurred on the Disputed Property, and in fact, the

12   photographic evidence as examined by Dr. Michael Folsom supports a finding that no

13   landscaping improvements were made on the Disputed Property during PNC Bank's

14   Ownership.

15   21.        During its ownership of the Jha Property, PNC Bank surveyed the drainage

16   improvements.  PNC Bank corresponded with King County and made efforts to repair

17   portions of the improvements.  PNC Bank also conducted geotechnical studies and

18   investigations of the drainage improvements.  There is no evidence that King County

19   recommended any improvements to the portion of the storm drainage system that runs

20   underneath the northwestern corner of the Piepkorn Property (within the Disputed Property)

21   and there is no evidence that any improvements occurred within the Disputed Property.

22   22.        PNC Bank sold the Jha Property to the Jhas on April 4, 2014.

23                              **The Jha's Ownership**

24   23.        Shortly after the Jhas purchased the Jha Property in April 2014, King County

25   required the Jhas to make significant repairs to the drainage improvements located on their

26   Property.  The Jhas appointed their son, Siddharth Jha to oversee the construction work.

27   24.        The Jhas expended significant amounts on operating, investigating,

FINDINGS OF FACTS AND
CONCLUSIONS OF LAW - 5

Judge Annette Messitt
King County Superior Court
Courtroom W829, King County Courthouse
516 Third Avenue
Seattle, WA 98104-2381
(206) 477-1543

A5

1  repairing, and maintaining drainage and septic improvements. The work was performed
2  close to the Jha's home, was expansive, and would have been visible to others.

3      25.    While the drainage improvement work was substantial, there is insufficient
4  evidence in the record that any of these repairs or improvements occurred on the Disputed
5  Property. Siddarth Jha testified several times during trial that the stormwater drainage
6  improvement work of 2014-2016 was performed on the Disputed Property. However, his
7  testimony was vague as to where on the Disputed Property improvements were made and
8  what kind of improvements were made in the Disputed Property. For example, he testified
9  that work reflected on a metal fabricator's invoice was work done "in parts of the Disputed
10  Property" but he failed to say with specificity where on the Disputed Property these
11  fabrications were employed. None of the 163 pages of invoices establish that the any of the
12  work was performed on the Disputed Property. The Court finds that it is more likely than not
13  that no drainage improvement work occurred within the Disputed Property.

14      26.    When asked directly at trial what improvements, if any, were located on the
15  Piepkorn Property, Siddarth Jha relied on the 2024 Beyler survey and listed only "a drain line
16  to the northwest corner" and septic improvements, but then he added that "the entirety of all
17  the septic improvements are not depicted [on the survey]." The Court finds that the only
18  underground improvements Plaintiffs have shown that may exist in the Disputed Property
19  include (1) the single drainage line of the 2004 stormwater drainage system that the Court
20  finds encroaches on the northwest corner of the Piepkorn Property and (2) the alleged reserve
21  septic system pipes in the yellow area.

22      27.    The 2024 Beyler depicts the encroaching drain line on the northwest corner
23  of the disputed property and 2-1/2" PVC reserve system pipes ("2-1/2" PVC Pipes") that
24  they claim is part of the Jha Property's reserve septic. Beyler testified that he had never been
25  to the Jha Property and it was one of his employees, Rob Johnson, who located the 2-1/2"
26  PVC Pipes depicted on the survey. Beyler could not provide any information about how the
27  pipes were located, why they were labeled as "reserve pipes," how the depth of the pipes

FINDINGS OF FACTS AND
CONCLUSIONS OF LAW - 6

Judge Annette Messitt
King County Superior Court
Courtroom W829, King County Courthouse
516 Third Avenue
Seattle, WA 98104-2381
(206) 477-1543

A6

1  were determined, or why they were placed on the drawing in the way that they were
2  depicted. No photographic evidence of the excavation or the uncovered PVC pipes was
3  offered at trial. Neither the Court nor Piepkorn gave permission to anyone to enter the
4  Disputed Property to look for pipes.

5      28.      Siddarth Jha testified that he witnessed Rob Johnson locate the 2-1/2" PVC
6  Pipes on the Piepkorn Property. He testified that he saw the surveyors use a rebar to probe
7  the soil to get a depth dimension. He states he saw parts of the pipes—about 5-6" in
8  length—when the surveyor "removed some soil." He presumed the pipes were connected to
9  other pipes, but he did not see it himself. The Court finds that Mr. Jha's testimony as to this
10  issue is not credible. The Court considered his manner while testifying, particularly on
11  cross-examination, as well as the reasonableness of Mr. Jha's description of what he
12  allegedly saw and how the pipes were allegedly uncovered.

13      29.      Beyler testified that they would not typically probe things or dig down to
14  find pipes. He did not know who exposed the pipes. He could not say what the length of the
15  pipes were. The Court found Beyler's testimony on these issues to be credible.

16      30.      Johnson, a person with no apparent stake in this litigation and with first-hand
17  knowledge, did not testify.

18      31.      Even if this Court were to find that the 2-1/2" PVC Pipes exist in the
19  Disputed Area, Plaintiffs have not met their burden to show that these 2-1/2" PVC Pipes
20  were installed by any of the Jha's predecessors. Furthermore, there is no evidence that these
21  pipes are connected to anything. No investigation was done to determine whether the pipes
22  are in use. Lastly, Beyler could not say that the 2-1/2" PVC Pipes are part of a reserve septic
23  system. In fact, there is no evidence the 2-1/2" PVC Pipes are part of a reserve or active
24  septic system at all, much less one owned by the Jhas or their predecessors.

25      32.      The Jhas maintain that they have performed significant landscaping and
26  maintenance work in the Disputed Property since 2014. That may be so, but the Court finds
27  that the only persons to have performed maintenance or improvements in the Disputed

FINDINGS OF FACTS AND
CONCLUSIONS OF LAW - 7

Judge Annette Messitt
King County Superior Court
Courtroom W829. King County Courthouse
516 Third Avenue
Seattle. WA 98104-2381
(206) 477-1543

A7

1   Property are the Jhas and they did so for far less than ten years.

2       33.     In October 2019, Piepkorn told Lakhan Jha and Siddharth Jha to stop their

3   land clearing activities on or near the north boundary of Piepkorn's Property.

4       34.     Plaintiffs have not offered sufficient or compelling evidence for the Court to

5   find that the Jha's predecessors performed any maintenance or improvements in the Disputed

6   Property, including the red triangle, the yellow area, and the area in between.

7       35.     The maintenance activities performed by the Jhas on the Disputed Property

8   was unwelcomed by Piepkorn and there is no evidence the work increased the value of

9   Piepkorn's property.

10      36.     Neither Plaintiffs nor their predecessors and the Defendant mutually agreed

11  to or recognized a common boundary between the south section of Plaintiffs' property and

12  the north section of Defendant's property for 10 consecutive years.

13                  **III.    CONCLUSIONS OF LAW**

14      Based on the above findings, the Court concludes as follows:

15      1.      Plaintiffs have not established each element of their first cause of action for

16  title by adverse possession of any part of the Disputed Area.

17      2.      Plaintiffs have not established each element of their second cause of action

18  for title by mutual acquiescence.

19      3.      Plaintiffs have not established each element of their third cause of action for

20  a declaratory judgment to quiet title in favor of the Jhas.

21      4.      Plaintiffs have established each element of their fourth cause of action for

22  declaratory relief establishing a prescriptive easement only with regard to the storm drainage

23  line that encroaches on the northwest portion of the Disputed Property.  An easement

24  acquired by prescription is determined by the extent of use during the prescriptive period.

25  The Court concludes that the following use is permitted by the prescriptive easement: the

26  storm drainage pipe is permitted to remain in the current location so long as it continues to

27  serve as a functioning part of the Jha's stormwater drainage system.  Plaintiffs have not

FINDINGS OF FACTS AND
CONCLUSIONS OF LAW - 8

Judge Annette Messitt
King County Superior Court
Courtroom W829, King County Courthouse
516 Third Avenue
Seattle, WA 98104-2381
(206) 477-1543

A8

1    established this cause of action as to any other portion of the Disputed Property.

2         5.     Plaintiffs have not established each element of their fifth cause of action for

3    unjust enrichment.

4         6.     Defendant has established his counterclaim for a declaratory judgment to

5    quiet title in favor of Dr. Michael Piepkorn.

6         DONE this 11th day of June, 2024.

7

8    _____

9    THE HONORABLE ANNETTE M. MESSITT
     King County Superior Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

FINDINGS OF FACTS AND
CONCLUSIONS OF LAW - 9

Judge Annette Messitt
King County Superior Court
Courtroom W829, King County Courthouse
516 Third Avenue
Seattle, WA 98104-2381
(206) 477-1543

A9

# CHICAGO TITLE'S

# EXHIBIT F

FILED
2020 JUN 10 04:17 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 20-2-08866-8 SEA

| **Superior Court of Washington**<br>**For King County** | **No**. 20-2-08866-8 SEA |
|---|---|
| | **Denial Order**<br>**[X]  Harassment**<br>**[X]  Stalking** |
| LAKHAN JEE JHA          01/05/1961<br><br>and<br><br>MINAKSHI KUMARI,<br><br>Petitioner)<br>                    vs.<br><br>MICHAEL W PIEPKORN          11/28/1948<br><br>Respondent | (Optional Use) (ORDMTP)<br>[ ] Clerk's Action Required<br>Next Hearing Date/Time: _____<br>At: _____<br>_____ |

**This Matter** is before the court upon the request of petitioners Lakhan Jee Jha and Minakshi Kumari for a:

[ ] Temporary Order      [X] Full Order      [ ] Renewal Order
[ ] Modification Order      [ ] Termination Order

and the **Court Finding**:

[ ]    Petitioner  [ ] Respondent did not appear.
[ ]    Petitioner **requested dismissal** of petition.
[ ]    This **order materially changes** an existing order. A hearing after notice is necessary.
[ ]    No notice of this request has been made or attempted to the opposing party.
[ ]    The petitioner has failed to demonstrate that there is sufficient basis to enter a temporary order without notice to the opposing party.

_Harassment_:

[ ]    The harassment protection order **petition does not list specific incidents and approximate dates** of harassment.

[ ]    The **reasons for denial** of the order are: _____

_____

_Denial Order – Antiharassment/Stalking (ORDYMT) - Page 1 of 5_
UHST  09.0500  (07/2019) - RCW 10.14, RCW 7.92

_____

_____ .

[X]  A **preponderance of the evidence has not established** that there has been harassment.

[X]  Other:  The court heard several hours of testimony in this matter, and considered the various declarations filed in the matter.  Mr. Siddharth Jha provided significant testimony to support the petition filed by his parents.  The court did not find Mr. Siddharth Jha credible.  There were many things about the testimony the court found not worthy of belief.  A few will be mentioned here.  He provided misleading and contradictory testimony.  For example, he testified that Dr. Michael Piepkorn violated the temporary protection order by driving down the petitioner's "private driveway."  He then testified that it was a public road.  Although the court does not find that Dr. Piepkorn drove on the road that day, it is clear that it is a public road.  Mr. Siddharth Jha testified and provided evidence in his declaration that implied Dr. Piepkorn and respondent Mr. Clifford Kurzinski (a respondent in a companion case) sculked around the petitioners' property in the middle of the night for no apparent reason, leading the reader to see Dr. Piepkorn and Mr. Kurzinski in a menacing light.  Then it became clear that Mr. Siddharth Jha was operating heavy equipment plowing and removing vegetation in an area he knew to be disputed property at the time.  His attempts to characterize Dr. Piepkorn and Mr. Kurzinski as inexplicably obsessed and surveilling the petitioners in a way that was "shocking, surprising, and terrifying," was wholly disingenuous and colored his entire testimony as not credible. Mr. Siddharth Jha knew from moment one, when Dr. Piepkorn called him on October 3, 2019 to discuss the excavation, that he was clearing land that was legally described as owned by Dr. Piepkorn.  This is made clear by the immediate claim by Mr. Siddharth Jha that the property belonged to his parents by way of adverse possession, and his explanation as to why he asserted that.  His claim that he had no idea why Dr. Piepkorn would then appear at the disputed area and attempt to survey his own land or observe what was going on is not worthy of belief.  Mr. Siddharth Jha created an entire story of unhinged neighbors spying and stalking when all that was going on was a dispute over a property line and the legitimate attempts by Dr. Piepkorn to survey his own property and to document what the Jhas were doing on disputed property.


The court specifically rejected Mr. Siddharth Jha's testimony about how his parents might have felt about any conduct by any respondent to be without foundation, and not credible at any rate.


Nor did the court find the testimony or declarations submitted by petitioner Minakshi Kumari credible.  Again, the characterization of Dr. Piepkorn as inexplicably appearing and harassing the Jhas is inconsistent with the objective facts surrounding the property dispute.  Her claim to have run to her house in fear on October 4, 2019, for example, is belied by her testify that she went to the house to retrieve a phone and then came back out to take a video of Dr. Piepkorn


The court did find the testimony and declarations submitted by Dr. Piepkorn and by Mr. Kurzinski credible.  Each told the whole story, which made sense with the objective facts and did not paint a misleading picture.  Mr. Kurzinski's "letter," to the petitioners' attorney, William Linton, on March 20, 2020, while odd and over the top, was not threatening and

was not found by the court to support any of the petitioners' allegations. Mr. Kurzinski had almost not interaction with the Jhas. None of it was threatening or of a stalking nature.

The court specifically finds that Dr. Piepkorn did not threaten to shoot anyone, and did not drive on the road adjacent to the Jhas' property on the day he was served with the temporary protection order. The court specifically finds that Mr. Kurzinski did not conduct surveillance of the Jhas as is contemplated by the anti-harassment and anti-stalking laws. Both Dr. Piepkorn and Mr. Kurzinski acted with legitimate purposes in their interactions with the Jhas.

Finally, the court notes that most of the conduct alleged in the petitions filed by the Jhas against Dr. Piepkorn and Mr. Kurzinski was between Mr. Siddharth Jha and the respondents, with almost no interaction involving the actual petitioners.

*Renewal:*

[ ] The respondent proved by a preponderance of the evidence that the respondent will not resume harassment of the petitioner when the protection order expires.

[ ] Other: _____

_____

_____

*Modify or Terminate:*

[ ] The court finds that the **Respondent has previously filed a motion** to modify or terminate during the current 12 month period following entry of the order, and is not eligible for the relief requested.

[ ] Other: _____

_____

_____

*Stalking*:

[ ] The stalking protection order **petition does not list specific incidents and approximate dates** of stalking conduct.

[ ] The **reasons for denial** of the order are: _____

_____

_____.

[X] A **preponderance of the evidence has not established** that there has been stalking conduct.

[X] Other: See the findings above related to the harassment claims.

*Renewal:*

[ ]  The respondent proved by a preponderance of the evidence that the respondent will not resume acts of stalking conduct against the petitioner or the petitioner's children or family or household members when the protection order expires.

[ ]  Other: _____

_____

_____

*Modify or Terminate:*

[ ]  The court finds that the **Respondent has previously filed a motion** to modify or terminate during the current 12 month period following entry of the order, and is not eligible for the relief requested.

[ ]  Other: _____

_____.

**The court orders that**:

[ ]  The request to waive the filing fee is denied.

[ ]  The request for a temporary order is denied and the case is dismissed.

[X]  The request for a full order is denied, and the petition is dismissed.  Any previously entered temporary order expires at noon today.

[ ]  The request for a temporary order is denied and the clerk is directed to set a hearing on the petition.

[ ]  The request before the court is denied, provided that it may be renewed after notice has been provided to the opposing party according to the Civil Rules.

[ ]  The request to modify, terminate, or renew the order dated _____ is denied.

[ ]  The request for a temporary/final Order to Surrender Weapons is denied.

[ ]  If any firearms or dangerous weapons have been surrendered under this cause number, they shall be released to the respondent, absent some other legal reason that may exist prohibiting the respondent from possessing them.

[ ]  The parties are directed to appear for a hearing as shown on page one.

The requesting party shall make arrangements for service of the petition/motion and this order on (name) _____ by law enforcement, professional process server, a person who is 18 or older, competent to be a witness, and not a party to the case.  A Return of Service shall be filed with the clerk at or before the hearing.

The respondent's request for sanctions under CR 11 is denied.

The petitioners' motion to stay this order pending appeal is denied.

This order is dated and signed in open court.  The parties and counsel (William Linton for the petitioners, and Thomas Hansen) all appeared by telephone and were advised on the record of this order.  They agreed to accept service by way of email to counsel

Date: June 10, 2020     Time 4:15 p.m.          see digital signature
                                                **JUDGE MARY E. ROBERTS**

I acknowledge receipt of a copy of this order:

➢ _____        _____
Signature of Respondent/Lawyer  WSBA No.     Print Name              Date

➢ _____        _____
Signature of Petitioner/Lawyer   WSBA No.     Print Name              Date

King County Superior Court
Judicial Electronic Signature Page

Case Number:        20-2-08866-8
Case Title:         JHA ET ANO VS PIEPKORN

Document Title:     ORDER DENYING ANTIHARASSMENT PETITION

Signed by:          Mary Roberts
Date:               6/10/2020 4:17:41 PM

Judge/Commissioner: Mary Roberts

This document is signed in accordance with the provisions in GR 30.
Certificate Hash:            3D64BFCEEA2C954279D2D48411270A0F20B49453
Certificate effective date:  7/16/2018 1:34:44 PM
Certificate expiry date:     7/16/2023 1:34:44 PM
Certificate Issued by:       C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA,
                             O=KCDJA, CN="Mary Roberts:
                             YO/0sIr95BGVOK5mHl1GsA=="

Page 6 of 6

# CHICAGO TITLE'S

# EXHIBIT G

The Honorable Paul Crisalli[1]

**FILED**

2025 AUG 25 03:58 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-12790-1 SEA

Hearing Date: September 15, 2025
Without Oral Argument

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| 10431 AVONDALE ROAD NE LLC, | No. 23-2-12790-1 SEA |
|---|---|
| Plaintiff, | No. 25-2-13814-3 SEA |
| v. | [*Consolidated*] |
| COMCAST CABLE COMMUNICATIONS, LLC AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, | COMCAST DEFENDANTS' MOTION TO PARTIALLY RECONSIDER AND/OR MODIFY AUGUST 14, 2025 DISMISSAL ORDER |
| Defendants. | |

## I.    INTRODUCTION AND RELIEF REQUESTED

Defendants Comcast[2] respectfully ask this Court to partially reconsider and correct errors

in the August 14, 2025 Order Granting Plaintiff's Motion for Dismissal Of All Claims Pursuant

to CR 41(a) in Case No. 25-2-13814-3 (the "Second-Filed Case"), through which dismissal was

entered *without prejudice*.  *See* Dkt. #597[3] (the "Order," attached as Farren Decl., Ex. E).

---

[1] Because the order at issue was entering by the Honorable Paul Crisalli, this motion is noted for consideration by Judge Crisalli.  The consolidated cases (including Cause No. 25-2-13814-3 SEA) are assigned to Judge McKee, however Plaintiff has sought to disqualify Judge McKee from hearing Cause No. 25-2-13814-3 SEA, and there is a pending Petition for Writ of Mandamus pending in the Washington Supreme Court.  To avoid any possibility that the order dismissing Plaintiff's claims in Cause No. 25-2-13814-3 SEA has been improvidently entered, Comcast requests that this motion be decided by Judge Crisalli or, in the alternative, Chief Civil Judge Scott.

[2] Defendants or Comcast shall mean collectively Comcast Cable Communications, LLC and Comcast Cable Communications Management, LLC.

[3] All references to "Dkt." are to the Sub nos. in the above-captioned consolidated cases.  All filings are required to be filed under Case No. 23-2-12790-1 SEA.

DEFENDANTS' MOT. TO RECONSIDER AND/OR MODIFY
AUGUST 14, 2025 DISMISSAL ORDER – 1

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

1    Although this motion is made under Civil Rule 59, it is Comcast's first opportunity to

2    respond to Plaintiff 10431 Avondale Rd. NE, LLC's ("Plaintiff") underlying motion—and to

3    alert the Court that Plaintiff purposefully concealed critical information from the Court in its

4    motion.  Plaintiff gave Comcast no notice of the underlying motion to dismiss (and has *still* not

5    served its motion).[4]  What Comcast has learned after the fact is that Plaintiff filed a motion to

6    voluntarily dismiss its claims in Cause No. 25-2-13814-3 (also attached as Farren Decl., Ex. E)

7    to secure the Order Granting Plaintiff's Motion for Dismissal of All Claims Pursuant to Civil

8    Rule 41(a).  The Order states that the dismissal of Plaintiff's claims is "without prejudice," and

9    includes additional terms neither briefed nor explained to the Court.  *See* Farren Decl., Ex. E.

10    Plaintiff hid three major facts, among others, from the Court when moving *ex parte*,

11    without notice to Comcast.

12    **First**, Plaintiff concealed that this is Plaintiff's *second* dismissal of its claims in this case.

13    Plaintiff previously filed and voluntarily dismissed *the same claims* in a prior action, Cause No.

14    23-2-12790-1 ("First-Filed Case"), three months ago.  Farren Dec., ¶ 12, Ex. B (motion and

15    dismissal order).  The Court soon after consolidated Comcast's remaining counterclaims in the

16    First-Filed Case with Plaintiff's renewed claims in the Second-Filed Case given they "involve

17    the same parties" and "share common issues of law and fact."  Dkt. #538 at 2.  Given the

18    dismissal of Plaintiff's claims in the First-Filed Case that are "based on or including the same

19    claim[s]" as those in the Second-Filed Case, under Washington's clear "two-dismissal rule,"

20    Plaintiff's claims against Comcast are now dismissed *with* prejudice.[5]

21    **Second**, Plaintiff omitted that, along with dismissing its claims in the Second-Filed Case,

22    Plaintiff planned to file a third case against Comcast ("Third-Filed Case") in federal court, *see*

23

---

24    [4] Under KCLGR 30(b)(4), attorneys are required to electronically file (e-file) documents using King County eFiling.
       Under KCLGR 30(b)(4)(B)(i), "[w]hen a party [electronically files] a document, *the party **must** electronically serve*

25    *(e-serve) the document.*"  "*Where [a party] failed to electronically serve a motion for voluntary nonsuit on all*
       *parties, it violated KCLGR 30(b)(4)(B)(i).*"  *See City of Duvall v. Levine*, 10 Wn. App. 2d 1042, 2019 WL 5112458,

26    at *4 (2019) (unpublished).

27    [5] As discussed *infra*, the legal effect of the second dismissal is the same regardless of what is stated in the order of
       dismissal, and Comcast is in no way waiving its rights by seeking a correction of the Order.

DEFENDANTS' MOT. TO RECONSIDER AND/OR MODIFY
AUGUST 14, 2025 DISMISSAL ORDER – 2

Farren Decl., Ex. F—in one of the most elaborate cases of "judge shopping" the undersigned counsel has ever witnessed. Plaintiff then slipped into its proposed order the following, unexplained provisions:

> [T]he dismissal is a dismissal without prejudice within the meaning of Fed. R. Civ. P. Rule 41(a)(2) . . . [and] should be construed as a voluntary dismissal . . . within the meaning of Fed. R. Civ. P. Rule 41(a)(2). . . . If Plaintiff refiles the claims that are the subject of this voluntary dismissal, the forgoing findings and determinations of this Court shall be binding on any future court in which Plaintiff refiles the claims that are the subject of this voluntary dismissal.

Farren Decl., Ex. E. The additional provisions were a clear attempt to use this Court to enter an order binding the federal judge in that suit, all without any legal authority or justification.

**Third**, Plaintiff also omitted that it has repeatedly evaded $57,279.19 in discovery sanctions in the form of Comcast's fees, which were court-ordered to be paid long ago. Along with that omission, Plaintiff covertly slipped into its proposed order a provision that "no costs shall be awarded to any party as a result of this voluntary dismissal, nor shall any costs and attorneys' fees be awarded to any party based upon the voluntary dismissal without prejudice that was previously entered by this Court under Dkt. #523 in Cause No. 23-2-12790-1 SEA." *Id.* Not only should Plaintiff owe costs under Civil Rule 41(d) given its first dismissal, *see* CR 41(d) (providing the court may order costs against a plaintiff who has once dismissed an action), but Plaintiff must be ordered to pay Comcast the long-outstanding $57,279.19 in fees.

Comcast does not object to or seek reconsideration of the dismissal. Plaintiff's claims have been dismissed. However, the Order should be amended to reflect that the case is dismissed **with prejudice** under the two-dismissal rule to prevent Plaintiff's endless court-shopping for its doomed claims. Comcast asks that the Order be amended to conform to the law, and that the additional verbiage included in the Order be stricken. A proposed order correcting the record is included with the Court's working papers.

## II.    STATEMENT OF FACTS

The same Plaintiff filed and dismissed the same claims in two lawsuits against the same two Comcast Defendants. As explained below, both cases involve disputes arising out of the

DEFENDANTS' MOT. TO RECONSIDER AND/OR MODIFY
AUGUST 14, 2025 DISMISSAL ORDER – 3

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

1   same 26-year-old residential easement[6] and shared driveway access. The facts in support of this

2   Motion are contained within the extensive record on the First-Filed Case and the accompanying

3   Declaration of Rhys Farren.

4       **A.    The First-Filed Case**

5           Plaintiff filed the First-Filed Case on July 17, 2023. *See* Dkt. #1 (the "First-Filed

6   Complaint") (attached at Farren Decl., Ex. A). The case was assigned briefly to the Honorable

7   Matt Segal and then to the Honorable Jason Holloway. After Plaintiff filed an affidavit of

8   prejudice against Judge Holloway, the case was reassigned to the Honorable Maureen McKee,

9   who has presided over the First-Filed Case since February 16, 2024.

10          The First-Filed Case has seen an extraordinary level of litigation by Plaintiff, as reflected

11  in the 599 docket entries in Cause No. 23-2-12790-1. A total of 52 motions have been filed in

12  the First-Filed Case—the overwhelming majority by Plaintiff (which were, with a few

13  exceptions, denied). The trial court also denied most of Plaintiff's four motions for partial

14  summary judgment (*see* motions at Dkts. #11, 54, 178, 179). The Court granted most of

15  Comcast's motion for partial summary judgment and dismissed several of Plaintiff's claims on

16  October 31, 2024. *See* Dkt. #183 (motion); Dkt. #310 (order granting motion).

17          The First-Filed Case has also seen extensive discovery and discovery litigation. Last

18  December 2024, Judge McKee entered a *sua sponte* order referring discovery disputes to a

19  Discovery Master, the Honorable Chad Allred (then at JAMS). Discovery Master Allred issued

20  11 Discovery Orders, all *after* the discovery cutoff. The trial court has also issued multiple

21  orders compelling discovery against Plaintiff and sanctioning Plaintiff. During their respective

22  cases, Judge McKee entered an Order Awarding Comcast Fees totaling $20,532.75 (Dkt. #318)

23  (which were ordered to be paid by November 28, 2024, and which Judge Allred reaffirmed and

24  ordered paid) and Discovery Master Allred entered Discovery Order No. 11 on May 15, 2025

25  awarding Comcast an additional $36,746.44 in fees. Yet Plaintiff has refused to pay any of the

26  _____

[6] Comcast uses the easement for a small 10' x 20' shelter housing a secondary hub that serves 40,000 customers of
27  Redmond and Sammamish.

DEFENDANTS' MOT. TO RECONSIDER AND/OR MODIFY
AUGUST 14, 2025 DISMISSAL ORDER – 4

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

1  $57,279.19 in discovery sanctions, notwithstanding the specific order that Plaintiff do so by dates

2  certain.

3        As the case approached its third-rescheduled trial date on July 14, 2025 (two years after

4  the case was filed), Comcast filed its second dispositive motion, which was set for hearing on

5  May 23, 2025. *See* Dkts. #510–15.[7] (If granted, Comcast's motion would have disposed of most

6  of the remaining issues in the case.)  But shortly before the hearing on Comcast's dispositive

7  motion, Plaintiff submitted a voluntary dismissal motion unilaterally dismissing all of its claims

8  in the First-Filed Case on May 19, 2025.  Notably, Plaintiff ***did not*** submit that critical motion to

9  Judge McKee or serve it on Comcast or its counsel.  Instead, Plaintiff submitted the dismissal

10  motion by filing it *Ex Parte* to a Court Commissioner, without any notice to Comcast.  *See* Dkts.

11  #519–23.  Indeed, when Plaintiff filed its *ex parte* voluntary dismissal motion, it purposely chose

12  to conceal any notice of the motion by not selecting Comcast's counsel during the e-service

13  process.

14        **B.**     **The Second-Filed Case**

15        If Plaintiff had dismissed all of its claims in the First-Filed Case because it intended to

16  end litigation, that would likely have been the end of it—with the exception of the $57,279.19 in

17  sanctions Plaintiff owes to Comcast.  However, Plaintiff's motive in dismissing its case was not

18  to conclude litigation.  Instead, it was to find a different judge who did not know of Plaintiff's

19  history.

20        Plaintiff filed the Second-Filed Case on May 6, 2025.  *See* Farren Decl., Ex. C ("Second-

21  Filed Complaint").  The Second-Filed Case included the same parties and subject matter as the

22  First-Filed Case:

|  | **First-Filed Case** | **Second-Filed Case** |
|---|---|---|
| *Plaintiff* | 10431 Avondale Road NE LLC | 10431 Avondale Road NE LLC |

---

[7] Comcast's summary judgment motion was inadvertently filed twice.  The motions are identical.

DEFENDANTS' MOT. TO RECONSIDER AND/OR MODIFY
AUGUST 14, 2025 DISMISSAL ORDER – 5

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

|  | **First-Filed Case** | **Second-Filed Case** |
|---|---|---|
| *Defendants* | Comcast Cable Communications, LLC; Comcast Cable Communications Management, LLC | Comcast Cable Communications, LLC; Comcast Cable Communications Management, LLC |
| *Subject Property* | 10431 Avondale Road NE, Redmond, Washington (Tax Parcel No. 3126069049) | 10431 Avondale Road NE, Redmond, Washington (Tax Parcel No. 3126069049) |
| *Subject Easement* | K.C. Records No. 19990923001391 | K.C. Records No. 19990923001391 |
| *Easement Amendment* | K.C. Records No. 200000322000879 | K.C. Records No. 200000322000879 |
| *Commonly Labelled Claims* | Declaratory Relief (1st Cause of Action), Breach of Contract (3rd), Unjust Enrichment (4th), Damage to Land and Property (RCW 4.24.630) (6th) | Declaratory Relief (1st Cause of Action), Breach of Contract (6th), Unjust Enrichment (7th), Damage to Land and Property (RCW 4.24.630) (8th) |

Several of Plaintiff's claims from the First-Filed Case were not re-filed because they could not be. They were disposed of on the merits in the various summary-judgment and other orders in favor of Comcast. *See* Dkts. #183, 310. For example, Plaintiff's claims for Quiet Title, Inverse Condemnation, and other claims were dismissed on the merits as a matter of law. *See* Dkt. #310.

But Plaintiff repackaged other claims from the First-Filed Case in the Second-Filed Case. In the First-Filed Case, Plaintiff alleged in its original complaint that, "Because *parts of the entry is [sic] extremely narrow*, Comcast's obstruction of the access to Plaintiff's Property *causes a significant safety and traffic issue*." First-Filed Complaint ¶ 48 (emphasis added). In addition, "[b]ecause the perpendicular road is a four lane thoroughfare, quickly getting out of the main road when turning into the Property is necessary and Comcast's trucks parked in the road on Plaintiff's Property obstruct access to the house on Plaintiff's Property." *Id.* ¶ 49. Considerable litigation over the shared driveway ensued in the two years between filing and dismissal of the First-Filed Case, leading to the summary judgment order upholding the enforceability of Comcast's easement and the related driveway access. Plaintiff then attempted to re-package its claims in the Second-Filed Case to instead rely upon Comcast's predecessor Vista Television

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

1   Cable, Inc. and AT&T Broadband having built the easement improperly 26 years ago. *See*

2   Second-Filed Complaint at 32–36 (claims under 7.28.010 (1st Cause of Action); RMC 5.60.23

3   (2nd Cause of Action); RMC 12.14.510 (3rd Cause of Action); and RMC 12.14.570 (4th Cause

4   of Action)).

5          Additionally, the First-Filed Complaint included allegations of nuisance. *See* First-Filed

6   Complaint ¶¶ 24, 34, 103 ("Comcast's conduct, individually and collectively, was a substantial

7   factor in causing a nuisance  . . . ."). The Second-Filed Case includes a similar claim of

8   Nuisance. *See* Second-Filed Complaint ¶¶ 31, 119–24.

9          And finally, the Ninth Cause of Action in the Second-Filed Case is based on the central

10  theme that "Comcast had no right to allow King County and LWSD to physically use Plaintiff's

11  property as Comcast had never first sought approval from Plaintiff and paid any compensation to

12  Plaintiff." Second-Filed Complaint ¶¶ 187–92. Plaintiff's First-Filed Complaint also included

13  "improper use" allegations. *See* First-Filed Complaint ¶¶ 88, 89 ("Comcast has used parts of

14  Plaintiff's Property to deliver services to its customers when it had no authority to do so"), 93.

15         In sum, the Second-Filed Case involves the same subject matter as the First-Filed Case.

16         **C.     Consolidation and Amendment of the Two Cases**

17         Plaintiff's unilateral *ex parte* dismissal of its claims in the First-Filed Case left only

18  Comcast's counterclaims remaining for adjudication in the First-Filed Case. Given the First-

19  Filed Case and Second-Filed Case "involve the same parties" and "share common issues of law

20  and fact," Dkt. #538 at 2, the trial court granted Comcast's motion to consolidate Comcast's

21  counterclaims from the First-Filed Case with the claims in the Second-Filed Case. *See* Dkts.

22  #530, 538.

23         The trial court also granted Comcast leave to amend its counterclaims in the First-Filed

24  Case, which would allow Comcast to obtain final rulings on key issues on its previously filed

25  summary judgment motion (many of which claims Plaintiff had dismissed, without prejudice).

26  *See* Dkts. #560, 584–85.

27

DEFENDANTS' MOT. TO RECONSIDER AND/OR MODIFY
AUGUST 14, 2025 DISMISSAL ORDER – 7

1   Unhappy with the direction the Cases had taken, and desperate to keep the Second-Filed

2   Case away from any judge familiar with Plaintiff's conduct, Plaintiff filed an affidavit of

3   prejudice seeking to disqualify Judge McKee in the Second-Filed Case. Dkts. #543, 553. Judge

4   Michael Scott rejected the disqualification. Dkt. #568. Plaintiff then filed a Petition for Writ of

5   Mandamus in the Washington Supreme Court against the King County Superior Court in an

6   attempt to supersede Judge Scott's ruling. Farren Decl., Ex. D.

7   At a status conference with Judge McKee on August 8, 2025, Comcast notified the Court

8   that it intended to seek a stay of the Second-Filed Case. Farren Decl. ¶ 11. Comcast's proposed

9   stay would allow the parties and the Court to proceed to trial on all relevant issues in the

10  reconfigured First-Filed Case without the baggage of the Mandamus Petition against King

11  County. *Id.* ¶ 11. Comcast asked Plaintiff's counsel repeatedly whether it would agree to a stay

12  of the Second-Filed Case. *Id.* ¶ 14. Comcast never received a response. *Id.*

**D.    Dismissal of the Second-Filed Case and Commencement of the Third-Filed Case in Federal Court**

On August 14, 2025, Plaintiff abruptly dismissed its claims in the Second-Filed Case.

*See* Dkts. #596–97. In an ultimate act of desperation to keep the case away from Judge McKee

(or, indeed, any judge who was familiar with Plaintiff's behavior), Plaintiff then re-filed the

same case *a third time*, this time in the U.S. District Court for the Western District of

Washington under Case No. 25-cv-01553-BJR (W.D. Wash.) (the "Third-Filed Case"). *See*

Farren Decl., Ex. F.

**III.    ISSUES PRESENTED**

A.    Should the Court reconsider and amend its August 14 Order, Dkt. #597,

dismissing without prejudice Plaintiff's claims in the Second-Filed Case to instead dismiss the

those claims with prejudice under the nondiscretionary two-dismissal rule of Civil Rule 41(a)(4),

where Plaintiff already voluntarily dismissed its claims in the First-Filed Case that has already

been held to shares common issues of law and fact?

DEFENDANTS' MOT. TO RECONSIDER AND/OR MODIFY
AUGUST 14, 2025 DISMISSAL ORDER – 8

1    B.    Should the Court further amend its August 14 Order, Dkt. #597, to remove the

2  findings improperly purporting to bind future courts in violation of the two-dismissal rule, and

3  prohibiting the award of costs or fees in contradiction to Civil Rule 41(d)?

### IV.    EVIDENCE RELIED UPON

5  The Declaration of Rhys Farren in Support of Comcast Defendants' Motion to

6  Reconsider, and the pleadings in the Cases.

### V.    ARGUMENT

8  **A.    Rule 41(a)(4) Requires Dismissal of the Second-Filed Case With Prejudice.**

9  Plaintiff's claims in the Second-Filed Case should be dismissed with prejudice under the

10  two-dismissal rule.  After a series of adverse rulings in the First-Filed Case, Plaintiff filed the

11  Second-Filed Case and then voluntarily dismissed its claims in the First-Filed Case.  The Court

12  then consolidated Comcast's remaining counterclaims in the First-Filed Case and entered another

13  series of rulings adverse to Plaintiff in the Second-Filed Case.  In response, Plaintiff removed to

14  federal court Comcast's remaining counterclaims in the First-Filed Case, filed in federal court an

15  affirmative action asserting claims identical to those in the Second-Filed Case, and then moved

16  to voluntarily dismiss its claims in the Second-Filed Case in this Court.  All in an effort to evade

17  the adverse rulings it continues to receive in King County Superior Court.

18  The two-dismissal rule was created to prevent this bait-and-switch maneuvering.  Under

19  Civil Rule 41, regarding the "Effect" of "Voluntary Dismissal," "an order of dismissal operates

20  as an ***adjudication upon the merits*** when obtained by a plaintiff who has once dismissed an

21  action based on or including the same claim in any court of the United States or of any state."

22  CR 41(a)(4) (emphasis added).  The "rule operates as a ***nondiscretionary*** adjudication upon the

23  merits when the dismissals at issue are unilaterally obtained by plaintiff." *Spokane Cnty. v.*

24  *Specialty Auto & Truck Painting, Inc.*, 153 Wn.2d 238, 246 (2004) (emphasis added).  That is,

25  the "plain language" of this rule, referred to as the "'two dismissal' rule . . . is self-executing"

26

27

DEFENDANTS' MOT. TO RECONSIDER AND/OR MODIFY
AUGUST 14, 2025 DISMISSAL ORDER – 9

1   and "does not allow for court discretion." *Id.*[8]  Ultimately, the "purpose of the two-dismissal

2   rule is to 'prevent the abuse and harassment of a defendant and the unfair use of dismissal." *Id.*

3   at 245.

4        The Washington Supreme Court applies the two-dismissal rule to (1) two unilateral,

5   voluntary dismissals of claims by a plaintiff (2) "***regarding the same subject matter***." *Specialty*

6   *Auto & Truck Painting, Inc.*, 153 Wn.2d at 246 (emphasis added).  That is precisely what we

7   have here.

8        ***First***, Plaintiff—on its own volition and without notice to Comcast—voluntarily

9   dismissed its claims in both Cases.  *See* Farren Decl., Ex. B (First-Filed Case dismissal motion

10  and order); Farren Decl., Ex. E (Second-Filed Case dismissal motion and order).

11       ***Second***, the voluntarily dismissed claims undoubtedly involve the same subject matter.

12  In *Specialty Auto*, the Supreme Court held that, after a plaintiff voluntary dismissed two suits

13  regarding overbilling for work on an improperly sealed county road, a third suit with a "tort

14  claim arising out of the same incident" was subject to the two-dismissal rule.  *Specialty Auto*,

15  153 Wn.2d at 242–43, 248.  Here, the claims in the First-Filed Case certainly "aris[e] out of the

16  same incident" as those in the Second-Filed Case.  Just a quick glance at the Second-Filed

17  Complaint and TRO motion tells all.  It relates to the width of a driveway—the same driveway

18  Plaintiff complained about in the First-Filed Case.  Farren Decl. ¶¶ 8–9.  Indeed, Plaintiff—in

19  substance—filed two nearly identical lawsuits against Comcast.  Farren Decl. ¶¶ 4–5, 8–10, Exs.

20  A, C.  The Parties, counterclaims, and many of the claims in the Cases are ***identical***, and all the

21  claims and counterclaims all relate to Comcast's easement and the shared driveway.  *Id.*  Thus,

22  the First-Filed Case is "based on or including the same claim" as the Second-Filed Case, as it

23

24  ───────────────

    [8] In addition, Civil Rule 41(a)(4) grants discretion "to make the dismissal with prejudice in an appropriate case"—
25  specifically, "where dismissal without prejudice would be pointless." *Escude ex rel. Escude v. King Cnty. Pub.*
    *Hosp. Dist. No. 2*, 117 Wn. App. 183, 192 (2003).  Here, dismissal without prejudice would be pointless under the
26  two-dismissal rule, given the second dismissal prohibits any future cases in any court "regarding the same subject
    matter." *Specialty Auto*, 153 Wn.2d at 246 (affirming dismissal of third complaint because the plaintiff "twice
    unilaterally dismissed actions filed against [the defendant] regarding the same subject matter" and thus the "'two
27  dismissal' rule bars the filing").

DEFENDANTS' MOT. TO RECONSIDER AND/OR MODIFY
AUGUST 14, 2025 DISMISSAL ORDER – 10

1  includes identical claims that were litigated for two years in the First-Filed Case and dismissed

2  just two months from trial. *Id.* Thus, the two-dismissal rule applies.

3       The Second-Filed Case should be dismissed with prejudice given the two-dismissal rule.

4  **B.    The Court Should Remove the Findings Improperly Purporting to Bind
         Other Courts and Prohibit Awarding Costs or Fees.**

5       In addition to dismissing Plaintiff's claims with prejudice in the Second-Filed Case, the

6  Court should remove the remaining, improper language from the Order.

7       ***First***, Plaintiff included language in its proposed order intending to bind the federal court

8  in the unmentioned-by-Plaintiff, Third-Filed Case—and any court in any other related case—to

9  the determination that the dismissal is without prejudice and does not bar any future action:

10
11       [T]he dismissal is a dismissal without prejudice within the meaning of Fed. R.
         Civ. P. Rule 41(a)(2) . . . [and] should be construed as a voluntary
12       dismissal . . . within the meaning of Fed. R. Civ. P. Rule 41(a)(2). . . . If Plaintiff
         refiles the claims that are the subject of this voluntary dismissal, the forgoing
13       findings and determinations of this Court shall be binding on any future court in
         which Plaintiff refiles the claims that are the subject of this voluntary dismissal.

14  *See* Farren Decl., Ex. E. But such language explicitly contradicts the two-dismissal rule,

15  discussed *supra*, and should be stricken accordingly.

16       ***Second***, Plaintiff included language in its proposed order that "no costs shall be awarded

17  to any party as a result of this voluntary dismissal, nor shall any costs and attorneys' fees be

18  awarded to any party based upon the voluntary dismissal without prejudice that was previously

19  entered by this Court under Dkt. #523 in Cause No. 23-2-12790-1 SEA." *Id.* But Civil Rule

20  41(d) provides, "If a plaintiff who has once dismissed an action . . . commences an action based

21  upon or including the same claim against the same defendant, the court may make such order"

22  for costs." And Plaintiff provided no reason for why Comcast should not be able to recover its

23  costs here. Moreover, in light of Plaintiff's failure to pay the long-outstanding $57,279.19 it was

24  ordered to pay Comcast for discovery sanctions in the form of fees, Comcast should certainly not

25  be barred from seeking to recover both costs and fees.

26       Given its impropriety and inconsistency with the two-dismissal rule and Civil Rule 41(d),

27  Comcast requests the Court remove the language on page 2 of the Order from lines 3 through 13.

DEFENDANTS' MOT. TO RECONSIDER AND/OR MODIFY
AUGUST 14, 2025 DISMISSAL ORDER – 11

1

## VI.    CONCLUSION

2    Plaintiff has sought to judge-shop throughout the two Washington state court Cases.

3    Plaintiff now seeks to forum shop by taking its action and Comcast's counterclaims to federal

4    court.  But the two-dismissal rule prohibits such actions.  To put an end to Plaintiff's endless

5    court-shopping, the Court should reconsider its August 14 Order dismissing Plaintiff's claims in

6    the Second-Filed Case without prejudice to instead dismiss Plaintiff's claims with prejudice.  In

7    so doing, the Court should also remove the additional, unsupported language at page 2, lines 3

8    through 13 prohibiting a discretionary award of fees or costs and incorrectly binding future

9    courts.

10    DATED this 25th day of August, 2025.

11                                DAVIS WRIGHT TREMAINE  LLP
                                 Attorneys for Defendants Comcast
12

13                                By: */s/ Rhys M. Farren*
                                 Rhys M. Farren, WSBA #19398
14                                Brad Fisher, WSBA# 19895
                                 Brent E. Droze, WSBA #54117
15                                920 Fifth Ave, Suite 3300
                                 Seattle, WA 98104
16                                Telephone:  (206) 622-3150
                                 Email: rhysfarren@dwt.com
17                                Email: bradfisher@dwt.com
                                 Email: brentdroze@dwt.com
18

19

20                                *I certify that this memorandum contains 3,40*
                                 *words, in compliance with the Local Civil Rules*
21

22

23

24

25

26

27

DEFENDANTS' MOT. TO RECONSIDER AND/OR MODIFY
AUGUST 14, 2025 DISMISSAL ORDER – 12

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that I caused the document to which this certificate is attached to be

3   delivered to the following as indicated:

4

> *Ryan M. Yoke*  ■ U.S. Mail, postage prepaid
5   *Vander Wel, Jacobson & Yoke, PLLC*  ■ Federal Express
    *1540 140th Avene NE, Suite 200*
6   *Bellevue, WA 98005*  ■ Facsimile
    *ryan@vjbk.com*  ☒ Email
7   ☒ King County E-Service

8   *Courtland T. Shafer*  ■ U.S. Mail, postage prepaid
    *John G. Llewellyn*  ■ Federal Express
9   *Llewellyn & Shafer, PLLC*
    *4847 California Ave. SW, Suite 100*  ■ Facsimile
10  *Seattle, WA 98116*  ☒ Email
    *courtland@llllaw.net*  ☒ King County E-Service
11  *john@llllaw.net*

12

13      Declared under penalty of perjury under the laws of the state of Washington this 25th day of

14  August, 2025.

15
> */s/ Brith Croghan*
16  Brith Croghan, Executive Legal Assistant

17

18

19

20

21

22

23

24

25

26

27

DEFENDANTS' MOT. TO RECONSIDER AND/OR MODIFY
AUGUST 14, 2025 DISMISSAL ORDER – 13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

**FILED**
2025 AUG 25 03:58 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-12790-1 SEA

The Honorable Paul Crisalli
Hearing Date: September 15, 2025
Without Oral Argument

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

| | |
|---|---|
| 10431 AVONDALE ROAD NE LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS,<br>LLC AND COMCAST CABLE<br>COMMUNICATIONS MANAGEMENT, LLC,<br><br>Defendants. | No. 23-2-12790-1 SEA<br>No. 25-2-13814-3 SEA<br><br>[Consolidated Cases]<br><br>DECLARATION OF RHYS M.<br>FARREN IN SUPPORT OF COMCAST<br>DEFENDANTS' MOTION TO<br>RECONSIDER AUGUST 14, 2025<br>DISMISSAL ORDER |

16    I, Rhys M. Farren, declare as follows:

17        1.        I am one of the attorneys representing Defendants Comcast Cable

18    Communications, LLC and Comcast Cable Communications Management, LLC (collectively

19    "Comcast" or "Defendants") in the above-captioned matters.  I make this declaration based upon

20    my personal knowledge, knowledge of court files and public records, and knowledge of business

21    records in my office.

22        2.        I make this declaration in support of Comcast's Motion to Partially Reconsider or

23    Modify the August 14, 2025 Dismissal Order in Cause No. 25-2-13814-3 SEA.  Plaintiff, 10431

24    Avondale Road NE, LLC has filed two similar cases against Comcast: Cause No. 23-2-12790-1

25    SEA (the "First-Filed Case") and Cause No. 25-2- 13814-3 SEA (the "Second-Filed Case")

26

27

DECLARATION OF RHYS M. FARREN IN SUPPORT OF DEFENDANTS'
MOTION TO RECONSIDER DISMISSAL ORDER – 1

1   (collectively with the First-Filed Case, the "Cases").  More recently, Plaintiff filed a third similar

2   case against Comcast in federal court, discussed below.

3       3.    The Cases involve the same parties, the same property at 10431 Avondale Road

4   NE in Redmond (the "Property"), the same easement, the same access driveway, and many of the

5   same issues, including several similar claims that were voluntarily dismissed by Plaintiff in the

6   First-Filed Case on May 19, 2025, after discovery was closed, just two months before trial.

7       4.    On July 17, 2023, Plaintiff filed the First-Filed Case against Comcast asserting

8   claims related to Comcast's operation of a broadband communications system hub (the "Hub")

9   on a Redmond property at 10431 Avondale Road NE in Redmond, Washington (the "Property")

10  under a 1999 Easement (the "Easement").  A true copy of the First-Filed Complaint is attached

11  as **Exhibit A**. The 22-page lawsuit asserted seven causes of action, including claims for: (1)

12  declaratory relief invalidating the Easement; (2) ejectment of Comcast from the Property; (3)

13  breach of contract (i.e., the Easement); (4) unjust enrichment; (5) trespass;  (6) "damage to land"

14  under RCW 4.24.630; and (7) inverse condemnation.  Among other things, Plaintiff alleged

15  Comcast had exceeded the rights granted in the Easement; parked "all over the property"; created

16  a dangerous condition through the "extremely narrow" entry to the Property; and damaged

17  improvements and landscaping on the Property.  Plaintiff advanced a variety of damages theories

18  and sought compensation for damage to the Property and use of the Property by others. Plaintiff

19  sought compensation for property taxes on the Property.

20      5.    Comcast asserted counterclaims against Plaintiff in the First-Filed Case, claims

21  which are set forth in the Amended Answer and Counterclaims filed on August 12, 2024.  To

22  put a definitive end to the litigation, Comcast requested a permanent injunction enjoining

23  Plaintiff from asserting rights adverse to Comcast's.

24      6.    Judge Jason Holloway was assigned to the First-Filed Case after Judge Matt Segal

25  retired. Plaintiff filed a Notice of Disqualification to remove Judge Jason Holloway, after which

26

27

DECLARATION OF RHYS M. FARREN IN SUPPORT OF DEFENDANTS'
MOTION TO RECONSIDER DISMISSAL ORDER – 2

1    the case was reassigned to Judge Maureen McKee on February 16, 2024. Judge McKee has

2    presided over the First-Filed Case since that date.

3         7.    Trial of the First-Filed Case was continued twice before being re-set for July 14,

4    2025.  On April 25, 2025, Comcast filed a motion for partial summary judgment seeking to

5    dispose much of what was left of Plaintiff's case.  Plaintiff did not respond to the summary

6    judgment motion.  Instead, on May 20, 2025 (more than a week after Plaintiff's opposition was

7    due), we first learned that Plaintiff had filed an *ex parte* motion to dismiss all of its remaining

8    claims in the First Filed Case on May 19, 2025. The Plaintiff did not e-serve me or my

9    colleagues.  A copy of the motion and order dismissing the First-Filed Case is attached as

10   **Exhibit B**.

11        8.    On May 7, 2025, we received a copy of a motion for TRO in the Second-Filed

12   Case, a *new* lawsuit regarding the same property, easement, and driveway involved in the First-

13   Filed Case.  The supposed justification for an emergency TRO (which if granted could impact

14   emergency 911 and other broadband services to more than 40,000 residents) was the width of the

15   same driveway that Plaintiff had complained about two years earlier in the First-Filed Case.

16        9.    On May 28, 2025, Plaintiff filed an Amended Complaint in the Second-Filed Case

17   (the "Second-Filed Complaint").  A copy of the Second-Filed Complaint is attached as **Exhibit**

18   **C**. The Second-Filed Complaint makes similar allegations concerning Comcast's alleged misuse

19   of the Property and breaches of the Easement, and again includes claims for (1) declaratory relief

20   concerning the driveway to the Property and liability for property taxes; (2) breach of contract

21   (*i.e.*, the Easement); (3) unjust enrichment; and (4) "damage to land and property" under RCW

22   4.24.630.  Plaintiff has added new counts alleging violation of the Redmond Municipal Code and

23   other statutes, but all claims arise out of or relate to the same subject matter and issues raised in

24   the First-Filed Case.

25

26

27

DECLARATION OF RHYS M. FARREN IN SUPPORT OF DEFENDANTS'
MOTION TO RECONSIDER DISMISSAL ORDER – 3

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

10.    Plaintiff has, in substance, filed two similar lawsuits against Comcast involving the same parties, property, easement, driveway, and many of the same, similar, or related claims. Both cases relied on the testimony of the same witnesses and the same exhibits.

11.    Plaintiff has undertaken extraordinary efforts to find a new judge in these cases. Plaintiff dismissed all of its claims in the First-Filed Case but resurrected them in the Second-Filed Case hoping to steer them to a new judge. Plaintiff then sought to disqualify Judge McKee from the Second-Filed Case. Judge Michael Scott rejected that disqualification. Plaintiff then filed a Petition for Writ of Mandamus against the King County superior court and its judges to force the disqualification. A copy of the Mandamus Petition against King County is attached as **Exhibit D**. The Court also granted Comcast's motion to consolidate and motion to amend in the First-Filed Case. At an August 8, 2025 status conference on the First-Filed Case, we announced that we were seeking a stay of the Second-Filed Case on behalf of Comcast. The combined effect of the consolidation, amendment in the First-Filed Case, and stay in the Second-Filed Case would allow the parties to litigate all of the issues under Comcast's amended pleadings in the First-Filed Case without the distraction of the Petition for Writ of Mandamus.

12.    On August 14, 2025, Plaintiff moved *ex parte* to dismiss all of its claims in the Second-Filed Case. Again, we did not receive e-service of that motion. A copy of the motion and order dismissing the Second-Filed Case is attached as **Exhibit E**. *It is important to note that the day before the motion to dismiss, the attorney who initiated the Second-Filed Case and had been representing Plaintiff in that case filed and served his Notice of Intent to Withdraw.*

13.    That same day, Plaintiff filed a complaint in the U.S. District for the Western District of Washington that was virtually identical to the complaint filed in the dismissed Second-Filed Case in King County. A copy of the Western District Complaint is attached as **Exhibit F**. In yet another extraordinary maneuver, Plaintiff also filed a Notice of Removal of Defendants' counterclaims in First-Filed Case to the Western District federal court as well.

DECLARATION OF RHYS M. FARREN IN SUPPORT OF DEFENDANTS'
MOTION TO RECONSIDER DISMISSAL ORDER – 4

14.     On August 20, 2025, my partner Brad Fisher sent an email to Plaintiff's counsel asking why we had never been served with a copy of the motion to dismiss. Plaintiff defiantly responded that it was not obligated to serve us. That email chain is attached as **Exhibit G**. We also asked Plaintiff to stay the Second-Filed Case and received no response.

15.     During the pendency of the First-File Case, Judge McKee entered an Order Awarding Comcast Fees on discovery sanctions totaling $20,532.75 (Dkt. #318) (which were ordered to be paid by November 28, 2024). Judge McKee also appointed retired judge Chad Allred as Discovery Master. Judge Allred entered Discovery Order No. 11 on May 15, 2025 awarding Comcast an *additional* $36,746.44 in fees as a further discovery sanction. Plaintiff has refused to pay any of the $57,279.19 in discovery sanctions. Copies of the discovery sanction awards are attached as **Exhibit H**.

I make this declaration under penalty of perjury under the laws of the State of Washington.

Executed and dated this 25th day of August, 2025 at Bellevue, Washington.

Rhys M. Farren, WSBA No. 19398.

DECLARATION OF RHYS M. FARREN IN SUPPORT OF DEFENDANTS'
MOTION TO RECONSIDER DISMISSAL ORDER – 5

1

## CERTIFICATE OF SERVICE

2    I hereby certify that I caused the document to which this certificate is attached to be

3 delivered to the following as indicated:

4

5    *Ryan M. Yoke*                         ■ U.S. Mail, postage prepaid
     *Vander Wel, Jacobson & Yoke, PLLC*    ■ Federal Express
6    *1540 140th Avene NE, Suite 200*       ■ Facsimile
     *Bellevue, WA 98005*                   ☒ Email
7    *ryan@vjbk.com*                        ☒ King County E-Service

8

9    *Courtland T. Shafer*                  ■ U.S. Mail, postage prepaid
     *John G. Llewellyn*                    ■ Federal Express
     *Llewellyn & Shafer, PLLC*             ■ Facsimile
10   *4847 California Ave. SW, Suite 100*   ☒ Email
11   *Seattle, WA 98116*                    ☒ King County E-Service
     *courtland@llllaw.net*
12   *john@llllaw.net*

13

14    DATED this 25th day of August, 2025.

15                              */s/ Brith Croghan*
16                              Brith Croghan, Executive Legal Assistant

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF RHYS M. FARREN IN SUPPORT OF DEFENDANTS'
MOTION TO RECONSIDER DISMISSAL ORDER – 6

# EXHIBIT A

**FILED**
2023 JUL 17 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-12790-1 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR THE COUNTY OF KING

| | |
|---|---|
| 10431 AVONDALE ROAD NE LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC, AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>Defendants. | No.<br><br>**COMPLAINT** |

COMES NOW Plaintiff, 10431 Avondale Road NE LLC, by and through their attorneys of record, Vander Wel, Jacobson, & Yoke PLLC, and state for their complaint as follows:

### I.    PARTIES, JURISDICTION AND VENUE

1.    <u>Plaintiff.</u>    Plaintiff 10431 Avondale Road NE LLC is a Washington limited liability company based in King County, Washington. Plaintiff are hereafter collectively referred to as "Plaintiff" or "10431".

2.    <u>Defendants.</u>    Defendant Comcast Cable Communications LLC is a Delaware limited liability company doing business in King County, Washington. Comcast Cable Communications Management LLC is a Delaware limited liability company doing

COMPLAINT - 1

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1  business in King County, Washington. Defendants Comcast Cable Communications LLC

2  and Comcast Cable Communications Management LLC are collectively referred to as

3  "Comcast".

4      3.    Jurisdiction.    The Court has jurisdiction over the subject matter of this

5  action pursuant to RCW 2.08.010 because the real property that is the subject of this quiet

6  title action is located in King County. The Court has jurisdiction over all Defendants because

7  this cause of action arises from their conduct in King County.

8      4.    Even through both Defendants are foreign defendants, this Court has

9  jurisdiction over the proceedings because RCW 7.28.010 expressly provides that quiet title

10  actions are specifically to be brought "in the superior court of the proper county."

11      5.    Venue.    Venue is proper in King County pursuant to RCW 4.12.010(1)

12  because this is an action to quiet title pertaining to certain real property located in King

13  County; pursuant to RCW 4.12.020(3), because the acts giving rise to this Complaint

14  occurred in King County; and pursuant to RCW 4.12.025(1), because all Defendants transact

15  business or reside in King County.

II.    FACTS

**A. Statute of Frauds**

16

17

18      6.    Plaintiff owns fee title certain real property in King County, Washington

19  commonly known as King County Assessor's Tax Parcel No. 3126069049 and legally

20  described as follows (hereafter, "Property" or "Plaintiff's Property"):

21      THAT PORTION OF THE SOUTH HALF OF THE
        NORTHEAST QUARTER OF THE SOUTHWEST
22      QUARTER OF SECTION 31, TOWNSHIP 26 NORTH,
        RANGE 6 EAST, W. M., IN KING COUNTY, WA,
23      DESCRIBED AS FOLLOWS:

24      BEGINNING AT THE INTERSECTION OF THE NORTH
        LINE OF SAID SUBDIVISION WITH THE WESTERLY
25      MARGIN OF THE COUNTY ROAD KNOWN AS
        REDMOND-BEAR CREEK ROAD;
26      THENCE SOUTH 6°15'14" EAST ALONG SAID
        WESTERLY MARGIN 87.54 FEET TO THE TRUE POINT
27      OF BEGINNING OF THE TRACT HEREIN DESCRIBED;

COMPLAINT - 2

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070  Fax: (425) 646-3467

THENCE CONTINUING SOUTH 6°15'14" EAST ALONG SAID WESTERLY MARGIN 165.99 FEET;
THENCE WEST 226.35 FEET;
THENCE NORTH 165.00 FEET;
THENCE EAST 208.47 FEET TO THE TRUE POINT OF BEGINNING;
EXCEPT THAT PORTION THEREOF CONVEYED TO THE CITY OF REDMOND FOR AVONDALE ROAD BY DEED BEARING KING COUNTY RECORDING NUMBER 8807280930;
THAT PORTION OF THE SOUTH HALF OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 31, TOWNSHIP 26 NORTH, RANGE 6 EAST, WILLAMETTE MERIDIAN, LYING WESTERLY OF AVONDALE ROAD, AND LYING NORTHERLY OF NORTHEAST 104TH STREET AS ESTABLISHED BY INSTRUMENT RECORDED UNDER RECORDING NUMBER 8411070892;
EXCEPT THAT PORTION OF THE SOUTH HALF OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 31, TOWNSHIP 26 NORTH, RANGE 6 EAST, WILLAMETTE MERIDIAN, DESCRIBED AS FOLLOWS:
BEGINNING AT THE INTERSECTION OF THE NORTH LINE OF SAID SUBDIVISION WITH THE WESTERLY MARGIN OF THE COUNTY ROAD KNOWN AS REDMOND BEAR CREEK ROAD;
THENCE SOUTH 6°15'14" EAST ALONG SAID WESTERLY MARGIN 87.54 FEET TO THE TRUE POINT OF BEGINNING OF THE TRACT HEREIN DESCRIBED;
THENCE CONTINUING SOUTH 6°15'14" EAST, ALONG SAID WESTERLY MARGIN, 165.99 FEET;
THENCE WEST 226.35 FEET;
THENCE NORTH 165 FEET;
THENCE EAST 208.47 FEET TO THE TRUE POINT OF BEGINNING;
AND ALSO EXCEPT THAT PORTION OF SAID PREMISES CONVEYED TO THE CITY OF REDMOND BY DEED RECORDED UNDER RECORDING NUMBER 8411070892, DESCRIBED AS FOLLOWS:
BEGINNING AT THE INTERSECTION OF THE WESTERLY MARGIN OF AVONDALE ROAD NORTHEAST AND THE NORTHERLY MARGIN OF THE ABOVE DESCRIBED NORTHEAST 104TH STREET;
THENCE NORTHERLY ALONG SAID WESTERLY MARGIN 160.00 FEET;
THENCE SOUTHWESTERLY PERPENDICULAR TO SAID WESTERLY MARGIN 65.00 FEET;
THENCE SOUTHERLY PARALLEL TO SAID WESTERLY MARGIN 145 FEET, MORE OR LESS, TO NORTHERLY MARGIN OF SAID 60.00 FEET STRIP;
THENCE EASTERLY ALONG SAID NORTHERLY MARGIN 67 FEET, MORE OR LESS, TO THE POINT OF BEGINNING;

COMPLAINT - 3

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

ALSO, EXCEPT THAT PORTION THEREOF CONDEMNED IN KING COUNTY SUPERIOR COURT CAUSE NUMBER 88-2-15128-8.

EXCEPT THAT PORTION LYING EAST OF THE FOLLOWING DESCRIBED LINE: BEGINNING AT THE NORTHWEST CORNER OF THE ABOVE DESCRIBED PARCEL; THENCE SOUTH 84°49'01" EAST, ALONG THE NORTH LINE OF THE ABOVE DESCRIBED PARCEL, 257.85 FEET;

THENCE SOUTH 00°32'05" WEST, 361.55 FEET TO A POINT 25.00 FEET NORTHEASTERLY OF THE RIGHT OF WAY OF N.E. 104TH STREET AND A POINT OF CURVE;

THENCE SOUTHEASTERLY ALONG A LINE 25.00 FEET NORTHEASTERLY OF AND PARALLEL TO SAID NORTHEASTERLY RIGHT OF WAY AND A CURVE TO THE RIGHT THE CENTER OF WHICH BEARS SOUTH 50°53'21" WEST, 576.85 FEET DISTANT, THROUGH A CENTRAL ANGLE OF 6°26'30", AN ARC DISTANCE OF 64.86 FEET TO A POINT OF REVERSE CURVE;

THENCE SOUTHEASTERLY ALONG A CURVE TO THE LEFT THE CENTER OF WHICH BEARS NORTH 57°19'51" EAST, 245.00 FEET DISTANT, THROUGH A CENTRAL ANGLE OF 59°09'04", AN ARC DISTANCE OF 252.93 FEET TO THE WESTERLY MARGIN OF AVONDALE ROAD EAST AND THE TERMINUS OF SAID LINE.

SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

7.    Comcast claims that in 1999 James and Lisa Smith ("Smiths") apparently granted Vista Television Cable, Inc. ("Vista") a non-exclusive easement in gross over certain portions of the Property by way of the Easement Agreement recorded under King County Recording No. 19990923001391 ("1999 Easement").

8.    The 1999 Easement as recorded is 6 pages in total length and includes the legal description of the Access and Utilities Easement and the Facilities Easement on Pages 5 and 6 of the 1999 Easement.

9.    Comcast claims that it is a successor in interest to Vista and has a right to use Plaintiff's Property pursuant to the 1999 Easement.

10.    Comcast also claims that in early 2000, the Smiths apparently granted Vista an additional Underground Distribution Easement over certain portions of the Property by way of the Easement Amendment recorded under King County Recording No.

COMPLAINT - 4

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1   20000322000879 ("2000 Easement").

2       11.     The 2000 Easement granted Vista an additional Underground Distribution

3   Easement.

4       12.     Although Vista swore in an sworn affidavit that the 2000 Easement was

5   being recorded to fix an "error", in reality, the 2000 Easement granted Vista an additional

6   easement known as the Underground Distribution Easement.

7       13.     Although the 1999 Easement contends that the "Property" was legally

8   described in Exhibit A-2 of the 1999 Easement, the 1999 Easement does not contain a legal

9   description of the Property under Exhibit A-2.

10      14.     The 1999 Easement does not contain a legal description of the "Property".

11      15.     The 1999 Easement violates the statute of frauds because it is missing a

12  legal description of the Property under Exhibit A-2.

13      16.     Even though it has no authority to do so Comcast has placed

14  telecommunications facilities in areas of Plaintiff's Property beyond the 1999 Easement and

15  the 2000 Easement.

16      17.     In 2021, Comcast had its facilities on Plaintiff's Property surveyed.

17      18.     In 2021, Comcast recorded an survey in the public records under Recording

18  No. 20210910900005 (the "2021 Survey").

19      19.     Comcast's 2021 Survey did not show the 2000 Easement.

20      20.     Comcast did not pay any compensation to Plaintiff or Plaintiff's

21  predecessors for the Underground Distribution Easement in the 2000 Easement.

22      21.     Other than the 2021 Survey, the 1999 Easement, and the 2000 Easement

23  and their respective excise tax affidavits, there are no other documents have been recorded in

24  the public records regarding Comcast's facilities on or about the Property.

25      22.     Plaintiff incorporates by reference the issues and claims raised by Plaintiff

26  in Plaintiff's October 19, 2022 letter to Comcast and Comcast's December 12, 2022 response

27  letter as if both were fully set forth herein.

COMPLAINT - 5

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

**B. Comcast Used the Property Beyond the 1999 Easement and the 2000 Easement**

23.     Comcast has used Plaintiff's Property beyond the 1999 Easement and the 2000 Easement by placing its improvements on Plaintiff's Property beyond those areas described in the 1999 Easement and the 2000 Easement.

24.     Comcast has also impermissibly used Plaintiff's Property beyond the 1999 Easement and the 2000 Easement by consistently parking in those areas of Plaintiff's Property that Comcast does not have any kind of easement or right to park.

25.     Since at least late 2017, Comcast has impermissibly used Plaintiff's Property to park all over the Property when Comcast had no permission or authority to do so.

26.     Comcast's impermissible parking was not only a nuisance, manner in which Comcast parked its trucks on portions of Plaintiff's Property created a safety hazard.

27.     For example, this photo is of a Comcast employee parked on Plaintiff's lawn and in an area where Comcast does not have an easement or any right to park:



COMPLAINT - 6

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

28.     Comcast's trucks parked in this photo are parked in areas where Comcast does not have an easement or right to park on Plaintiff's Property:



29.     Comcast never obtained a parking easement or a parking license from Plaintiff. In fact, quite to the contrary, when Plaintiff told Comcast to stop parking all over its Property, Comcast did not comply.

30.     Not only did Comcast not have a right to park anywhere on Plaintiff's Property, even if Comcast did, Comcast had no right to park in a manner in which it obstructed Plaintiff and Plaintiff's tenant's access to and from the Property.

31.     Comcast also obstructed Plaintiff and Plaintiff's guests, invitees, and Plaintiff's tenants from accessing the house on the Property by parking trucks in a manner in which it obstructed access and caused a safety or traffic hazard.

32.     Without first acquiring a license to park or parking easement, Comcast has routinely used areas of the Property beyond the 1999 Easement and the 2000 Easement.

COMPLAINT - 7

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070  Fax: (425) 646-3467

33.    In these photos, Comcast employees parked in an area of the Property where Comcast does not have any easement, much less any authority to park:

 

34.    In fact, Comcast's nuisance on Plaintiff's Property has gotten so bad for Plaintiff that Comcast has even used parts of Plaintiff's Property as an area to have recreational gatherings and a temporary rest area for its employees.

35.    For example, here is a photograph showing Comcast employees and Comcast contractors lounging around on Plaintiff's Property with their tailgates down and in t-shirts and shorts after they parked on Plaintiff's lawn and in front of Plaintiff's house:

COMPLAINT - 8





COMPLAINT - 9

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

36.     None of Comcast's trucks, employees, or Comcast's contractors had any authority to park on Plaintiff's Property in the locations shown in the preceding photos, let alone on Plaintiff's front lawn.

37.     Comcast employees nor Comcast's contractors had authority to be lounging around on Plaintiff's Property, especially not in areas where they do not have an easement or a right to park.

38.     Lounging around or not, Comcast's occupation of Plaintiff's Property and front lawn, and side lawn has been a consistent source of nuisance, with Comcast occupying Plaintiff's Property at all times of the day and night.

39.     For example, below is a photograph of three Comcast vehicles, including vehicles driven by Comcast employees and contractors:

40.     None of three vehicles identified in the photograph below have any authority to park on Plaintiff's property in the locations in which they are parked:



COMPLAINT - 10

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070  Fax: (425) 646-3467

41.    Similarly, the trucks parked in this photo do not have any right or permission to be parked in the location in which they are parked, let alone in a manner in which it obstructs exit:



42.    Comcast has driven all over Plaintiff's Property and caused damage to Plaintiff's Property, including, but not limited to, Plaintiff's lawn, gravel driveway, asphalt driveway, plantings and related areas. Comcast trucks have even driven into Plaintiff's fence.

43.    Through its acts and omissions hereunder, Comcast has damaged Plaintiff's Property.

44.    By parking all over Plaintiff's Property—especially in areas beyond the 1999 and 2000 Easements—Comcast has been enriching itself at the expense of Plaintiff.

45.    Even though they were asked not to do so by Plaintiff, Comcast has continued to park directly in front of the house on Plaintiff's Property:

COMPLAINT - 11

 

46.     Over the years, hundreds of Comcast and Comcast's contractor's trucks have parked in front of Plaintiff's house and on their lawn where Comcast does not have an easement or any authorization to park. Here is another example:



COMPLAINT - 12

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

47.     Even in areas where Comcast claims to have an access easement, Comcast and Comcast's contractors park in the access easement in a manner in which it obstructs access to the house.

 

48.     Because parts of the entry is extremely narrow, Comcast's obstruction of the access to Plaintiff's Property causes a significant safety and traffic issue.

49.     Because the perpendicular road is a four lane thoroughfare, quickly getting out of the main road when turning into the Property is necessary and Comcast's trucks parked in the road on Plaintiff's Property obstruct access to the house on Plaintiff's Property.

50.     In fact, on some occasions, Comcast's employees and contractors have parked literally in the middle of the road that Comcast claims to have an easement over, obstructing any type of access for Plaintiff and Plaintiff's guests and invitees. For example, see photo on the left on the next page:

COMPLAINT - 13

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

 

51.     On other occasions, Comcast and its contractors park right in front of Plaintiff's garage, obstructing any kind of access to Plaintiff's garage. As an example, see the photo above.

52.     Comcast has no easement to park in the location in which it is parked in the photo in the top right.

53.     Regardless of whether it claims it has an easement or not, Comcast has no right to obstruct Plaintiff's driveway or access to Plaintiff's garage/house.

54.     Even if Comcast has a valid easement on Plaintiff's Property (which it does not), then Comcast cannot park in a manner in which it obstructs Plaintiff from being able to use their own Property.

55.     On several occasions, Comcast has damaged improvements and landscaping on Plaintiff's Property.

56.     Comcast employees have also been involved in hit and runs on Plaintiff's Property. On at least two occasions, Comcast employees have driven into fences located on

COMPLAINT - 14

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

Plaintiff's Property and made no effort to stop to provide their details and contact information in an effort to identify and locate those responsible for driving into Plaintiff's fences:



57.    Comcast has destroyed approximately 60 linear feet of fencing and failed to reimburse Plaintiff for the damages stemming from Comcast's destruction of Plaintiff's Property.

58.    At other times, even when it did not have an easement to do so, Comcast has driven on Plaintiff's landscaping and caused damage to the improvements on Plaintiff's Property.

**C.    Comcast Damaged Plaintiff's Property**

59.    Through its acts and omissions hereunder, Comcast has damaged Plaintiff's Property in a number of ways.

60.    As a limited example, and as shown above, Comcast has driven all over Plaintiff's yard, causing damage to Plaintiff's lawn; caused a significant erosion of gravel

COMPLAINT - 15

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1  because it drove in areas where it did not have any authority to drive; and Comcast drove into

2  Plaintiff's fences.

3       61.    Over the years, hundreds of Comcast trucks have driven over Plaintiff's

4  property and caused damage to Plaintiff's property, including dislodging the soil and

5  compacted gravel area on Plaintiff's Property, damaging Plaintiff's fencing, Plaintiff's

6  landscaping, and other parts of Plaintiff's property.

7       62.    Oil, residue, debris, and litter emanating from Comcast trucks and

8  Comcast's contractor's trucks have accumulated on Plaintiff's Property.

9       63.    Oil leaks from Comcast's trucks have seeped into the soil on Plaintiff's

10  Property because Comcast drove over areas of Plaintiff's property in which it did not have an

11  easement and it was not intended for commercial trucks to drive over.

12       64.    Oil, residue, and damage caused by Comcast trucks driving over Plaintiff's

13  yard has caused damage to Plaintiff's Property and driveways.

14       65.    Given the number of Comcast trucks that have trespassed onto various areas

15  of Plaintiff's property (i.e., areas where Comcast does not claim to have an easement),

16  Comcast's trespass on Plaintiff's Property has been meaningful and caused damage to

17  Plaintiff's Property.

18       66.    When Plaintiff's representatives made demands to Comcast of Washington

19  to pay for expenses associated with Comcast's damage to Plaintiff's Property, Comcast never

20  responded.

21       67.    Comcast failed to reimburse Plaintiff for damages sustained to Plaintiff's

22  Property, including through Comcast's nuisance on Plaintiff's property and by parking and

23  driving over Plaintiff's Property, including in areas where Comcast did not have an

24  easement.

25       68.    Comcast procured permits for work on Plaintiff's Property as the "property

26  owner" even though it had no authority to obtain permits in the name of Plaintiff.

27       69.    When Plaintiff notified Comcast that it could not procure permits as the

COMPLAINT - 16

1  Property owner and represent itself as the Property owner and that it must provide the owner

2  actual notice of permits before obtaining them, Comcast did not address Plaintiff's concerns.

3  **III.    FIRST CAUSE OF ACTION: DECLARATORY RELIEF**

4       70.    Plaintiff realleges and incorporates by reference the allegations of each of

5  the proceeding paragraphs as though fully set forth herein.

6       71.    Pursuant to RCW 7.28.010, Plaintiff seeks an Order from this Court

7  declaring that the 1999 Easement does not comply with the statute of frauds because of the

8  missing legal description.

9       72.    Pursuant to RCW 7.28.010, Plaintiff is entitled to judgment in this action

10  quieting title to the Property to Plaintiff free from the claims of an easement under the 1999

11  Easement.

12       73.    Plaintiff is entitled to a Declaratory Judgment establishing that Comcast has

13  no right or easement to use any portion of Plaintiff's Property.

14       74.    Pursuant to Chapter 7.24 RCW, Plaintiff is entitled to a Declaratory

15  Judgment quieting title to the Property in Plaintiff's name.

16  **IV.    SECOND CAUSE OF ACTION: QUIET TITLE/EJECTMENT**

17       75.    Plaintiff realleges and incorporates by reference the allegations of each of

18  the proceeding paragraphs as though fully set forth herein.

19       76.    Plaintiff owns the Property and has the right to possession and ownership

20  thereof free from Comcast's claims of an easement.

21       77.    Since Comcast does not have a valid easement, it has no right to use

22  Plaintiff's Property.

23       78.    Plaintiff has asked Comcast to cease using its Property. Comcast has

24  declined.

25       79.    Pursuant to RCW 7.28.010, Plaintiff is entitled to eject Comcast from the

26  Property.

27       80.    Pursuant to Chapter 7.24 RCW, Plaintiff is entitled to an Order Quieting

COMPLAINT - 17

1  Title to the Property in Plaintiff's name free from any claims of an easement by Comcast.

2  ## V.      THIRD CAUSE OF ACTION: BREACH OF CONTRACT

3      81.      Plaintiff realleges and incorporates by reference the allegations of each of

4  the proceeding paragraphs as though fully set forth herein.

5      82.      To the extent the Court finds that the 1999 Easement is a valid agreement

6  between Plaintiff and Comcast, then Comcast has breached the agreement because it has

7  failed to honor its obligations under the 1999 Easement.

8      83.      The 1999 Easement contains a provision that states in relevant part:

9  "[Comcast] shall repair to the reasonable satisfaction of [Plaintiff] any structure, fence,

10  paving, landscaping, or other part of the Property which is altered or damaged by [Comcast]

11  or its agents, employees, or contractors during the installation, maintenance, repair or

12  removal of the Improvements in the Easement Area."

13      84.      Plaintiff has demanded payment from Comcast for the damage that Comcast

14  has caused Plaintiff's Property. Comcast has failed to respond or refused to pay for the

15  damages.

16      85.      Plaintiff incorporates by reference the issues and claims raised by Plaintiff

17  in Plaintiff's October 19, 2022 letter to Comcast and Comcast's December 12, 2022 response

18  letter as if both were fully set forth herein.

19      86.      Plaintiff is entitled to damages in an amount to be proven at trial for

20  Comcast's breach of contract.

21  ## VI.      FOURTH CAUSE OF ACTION: UNJUST ENRICHMENT

22      87.      Plaintiff realleges and incorporates by reference the allegations of each of

23  the proceeding paragraphs as though fully set forth herein.

24      88.      Comcast has used parts of Plaintiff's Property without paying any

25  compensation, including the Underground Distribution Easement.

26      89.      Comcast has used parts of Plaintiff's Property to deliver services to its

27  customers when it had no authority to do so.

COMPLAINT - 18

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

90.     By and through their acts and omissions alleged herein, Comcast has been unjustly enriched at the expense of Plaintiff.

91.     Comcast received a benefit, which has not been paid for by Comcast.

92.     Comcast has received a benefit from using Plaintiff's Property in areas where it did not have any authority to do so, under circumstances making it inequitable for Comcast to retain the benefit.

93.     Plaintiff has a right to recover compensation for the use of Plaintiff's Property that Comcast used and obtained a benefit from.

94.     Plaintiff has a right to recover compensation for the use of Plaintiff's Property that Comcast used to park its hundreds of vehicles on, including back rent for parking hundreds of vehicles on Plaintiff's Property in areas beyond the 1999 Easement.

95.     It would be unjust for Comcast to retain any value they obtained from using Plaintiff's Property without providing compensation.

96.     Given the circumstances, it is inequitable for Comcast to retain any benefit at Plaintiff's expense.

97.     Comcast was unjustly enriched at Plaintiff's expense and Plaintiff is entitled to restitution in an amount to be determined at trial.

## VII.    FIFTH CAUSE OF ACTION: TRESPASS

98.     Plaintiff realleges and incorporates by reference the allegations of each of the proceeding paragraphs as though fully set forth herein.

99.     Plaintiff is the owner, in lawful possession, of real property described as the Property.

100.     Comcast has trespassed onto those portions of Plaintiff's Property that it does not have a purported easement over. Plaintiff has not granted permission to Comcast to enter those portions of Plaintiff's Property.

101.     Comcast knew, or should have reasonably known, that their unlawful conduct would cause an invasion of Plaintiff's Property, without permission for right of

COMPLAINT - 19

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1  entry.

2      102.    Comcast also knew, or should have reasonably known, that Comcast's

3  guests, invitees, and others associated with Comcast did not have right to be on or about

4  Plaintiff's Property, including those areas beyond the 1999 Easement.

5      103.    Comcast's conduct, individually and collectively, was a substantial factor in

6  causing a nuisance and unlawful entry on Plaintiff's Property, and was the actual and

7  proximate cause of the invasion of the Plaintiff's Property.

8      104.    Comcast and Comcast's agents trespassed onto Plaintiff's Property on

9  several occasions, including parking its trucks all over Plaintiff's Property.

10      105.    Comcast's trespasses are the direct and proximate cause of damages and

11  losses to Plaintiff, an amount to be determined at trial.

12         **VIII.   SIXTH CAUSE OF ACTION: DAMAGE TO LAND**
                        **AND PROPERTY (RCW 4.24.630)**

13
14      106.    Plaintiff realleges and incorporates by reference the allegations of each of

the proceeding paragraphs as though fully set forth herein.

15      107.    As described above, Comcast caused damage to Plaintiff's Property.

16      108.    By parking its trucks all over Plaintiff's Property, Comcast caused damage

17  to Plaintiff's Property.

18      109.    Pursuant to RCW 4.24.630, Comcast is liable to Plaintiff for Comcast's

19  damage to Plaintiff's Property, including, but not limited to, investigative, restoration, and

20  replacement costs incurred or to be incurred by Plaintiff's to remedy the damage caused by

21  Comcast to Plaintiff's Property.

22      110.    Pursuant to RCW 4.24.630, Plaintiff is entitled to treble damages for

23  damage Comcast caused to Plaintiff's Property, including investigative costs and reasonable

24  attorneys' fees and other litigation-related costs.

25      111.    As a direct and proximate result of Comcast's conduct, Plaintiff has

26  sustained damages in an amount to be determined at trial.

27

COMPLAINT - 20

## IX.    SEVENTH CAUSE OF ACTION: INVERSE CONDEMNATION
### (RCW 8.20.170)

112.    Plaintiff realleges and incorporates by reference the allegations of each of the proceeding paragraphs as though fully set forth herein.

113.    Comcast did not have any right to use Plaintiff's Property pursuant to the 1999 Easement because it did not comply with the statute of frauds.

114.    Comcast did not have any right to use Plaintiff's Property beyond the 1999 Easement because it never acquired an easement or right to use Plaintiff's Property, including the right to park its trucks on Plaintiff's Property and to install improvements on Plaintiff's Property beyond the 1999 Easement area.

115.    An entity or organization that has the authority to condemn real property can be held liable for inverse condemnation if that entity began to use property before providing just compensation.

116.    Since RCW 80.36.010 provides that Comcast has eminent domain rights, Comcast is reciprocally liable for inverse condemnation of Plaintiff's Property.

117.    Since Comcast claims it has placed improvements on Plaintiff's Property, it is required to reimburse Plaintiff for prior use of Plaintiff's Property pursuant to the doctrine of inverse condemnation.

118.    Pursuant to RCW 8.20.170, Plaintiff brings a claim for compensation under the doctrine of inverse condemnation because Comcast began using Plaintiff's Property without having acquired a right to do so or and without ever having paid any compensation.

119.    As a direct and proximate result of Comcast's inverse condemnation of Plaintiff's Property, Plaintiff has sustained damages in an amount to be determined at trial.

## X.    PRAYER FOR RELIEF

WHEREFORE, having set forth the Complaint and allegations above, Plaintiff respectfully prays for judgment as follows:

COMPLAINT - 21

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1.     Quieting Title such that Plaintiff's title, and that of its successors in interest, to the Property is established and quieted in fee simple against any and all claims by Comcast's officers, agents, representatives, employees, attorneys, successors, and assigns, and all others in direct or indirect participation with or through Comcast;

2.     Establishing that Comcast does not have an easement over Plaintiff's Property and that the 1999 Easement/2000 Easement is void under the statute of frauds;

3.     Barring Comcast and Comcast's officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in direct or indirect participation with Comcast from having or asserting any right, title, estate, lien or interest in, to or through Plaintiff's Property;

4.     Awarding damages, including economic and noneconomic damages allowed by law;

6.     Awarding pre-judgement and post judgment interest, investigatory expenses and costs, reasonable attorneys' fees and costs, including those pursuant to RCW 4.24.345; and

7.     Awarding such additional relief as it deems just or proper or as provided by law.

DATED this 14th day of July, 2023

VANDER WEL, JACOBSON, & YOKE, PLLC


By: */s/ Ryan M. Yoke*
Ryan M. Yoke, WSBA #46500

*Attorneys for Plaintiff*

COMPLAINT - 22

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

# EXHIBIT B

FILED
2025 MAY 19 03:50 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-12790-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

| | |
|---|---|
| 10431 AVONDALE ROAD NE LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC, AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>Defendants. | No. 23-2-12790-1 SEA<br><br>**PLAINTIFF'S MOTION FOR DISMISSAL OF ALL CLAIMS PURSUANT TO CR 41(a)(1)(B)** |

## I.   INTRODUCTION, RELIEF REQUESTED AND AUTHORITY

Pursuant to CR 41(a)(1)(B), Plaintiff 10431 Avondale Road NE LLC ("Plaintiff") gives notice that it is exercising its right to voluntarily dismiss the claims in this case without prejudice. *King County Council v. King County Personnel Bd.*, 43 Wn. App. 317, 716 P.2d 322 (1986) ("A plaintiff in a civil action has an absolute right to dismissal under CR 41" when it has not rested its case at trial).

Importantly, "[t]he plaintiff's right [to voluntary dismissal] is absolute and involves no element of discretion on the part of the trial court." *Goin v. Goin*, 8 Wn. App. 801, 802, 508 P.2d 1405, 1406 (1973); *McKay v. McKay*, 47 Wn.2d 301, 287 P.2d 330 (1955) (same); *Studley v. Studley*, 141 Wash. 531, 252 P. 99 (1927) (same); *Herr v. Schwager*, 133 Wash.

PLAINTIFF'S MOTION FOR
DISMISSAL OF ALL CLAIMS
PURSUANT TO CR 41 (a)(1)(B) - 1

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Avenue NE, Suite 200, Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1   568, 234 P. 446 (1925) (same).

2        Washington courts have held that notice to an opposing party before voluntary

3   dismissal is not required. *Greenlaw v. Renn*, 64 Wn. App. 499, 503-04, 824 P.2d 1263, 1266

4   (1992) ("***Although CR 41 does not speak to notice, the fact that the motion can be made at***

5   ***any time before the plaintiff rests his or her case, and then must be granted by the court,***

6   ***indicates that prior written notice of the motion is not required.***") (emphasis added); *see*

7   *also* 14A Wash. Prac., Civil Procedure §23:4 (3d ed.) ("courts have held that the plaintiff

8   need not give advance notice to the defendant before requesting a voluntary dismissal.")

9        When an *ex parte* voluntary dismissal is sought, it counts towards the two voluntary

10  dismissal rule. *See* 14A Wash. Prac., Civil Procedure §23:8 (3d ed.) ("The supreme court has

11  held…that the limit of two voluntary dismissals applies only to voluntary dismissals taken by

12  the plaintiff on an *ex parte* basis.")

13       An *ex parte* request for voluntary dismissal is proper. *Feature Realty, Inc. v.*

14  *Kirkpatrick & Lockhart Preston Gates Ellis, LLP*, 161 Wn.2d 214, 223, 164 P.3d 500, 505

15  (2007) (finding that "dismissal was unilateral and voluntary" when party filed "an *ex parte*

16  request for dismissal that made no reference to any stipulation between the parties.") Thus,

17  the first CR 41 voluntary dismissal is not considered an adjudication on the merits. *Id.* This is

18  Plaintiff's first voluntary dismissal and is not considered an adjudication on the merits.

19       This case has an assigned judge. However, Plaintiff's submittal to EVPC is still

20  proper because notice is not required and because LCR 40.1(b)(2)(A) specifically provides

21  that even in those civil proceedings that have an assigned judge, the matter can be submitted

22  to EVPC if the request is for an order that does not require notice. This is such a request. In

23  addition, an Order for Dismissal Without Prejudice is also a type of order that is on the

24  Clerk's *Ex Parte* Master List.

25       A court lacks any type of discretion under CR 41(a)(1)(B). *Gutierrez v. Icicle*

26  *Seafoods, Inc.*, 198 Wn. App. 549, 394 P.3d 413 (2017) (rejecting the contention that

27  voluntary dismissal should have been denied when extensive discovery had been completed

PLAINTIFF'S MOTION FOR
DISMISSAL OF ALL CLAIMS
PURSUANT TO CR 41 (a)(1)(B) - 2

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Avenue NE, Suite 200, Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1  and the court had ruled on several discovery-related issues); *see also* 14A Wash. Prac., Civil

2  Procedure §23:8 (3d ed.) ("Pretrial hearings and rulings have no effect upon the plaintiff's

3  right to a voluntary dismissal.")

4      In fact, courts have even gone as far as to explain that "CR 41(a)(1)(B) does not

5  grant discretion to the court to consider fairness." *Gutierrez*, 198 Wn. App. at 556. When a

6  party files a "CR 41 motion, [they have] an absolute right to a voluntary nonsuit. The trial

7  court ha[s] to grant [their] request for dismissal. It ha[s] no discretion to decide whether it

8  considered dismissal without prejudice fair relief." *Id.*

9      Under CR 41 (a)(1)(B), a plaintiff has "*a mandatory, absolute right to dismissal of*

10 *its action without prejudice, fixed on the day of the filing of the motion*" and that the court

11 has no discretion because the movant is "*entitled to dismissal without prejudice and without*

12 *delay.*" *Calvert v. Berg*, 177 Wn. App. 466, 472, 312 P.3d 683 (2013).

13      Under CR 41(a)(1)(B), Plaintiff is entitled to dismissal of the action without

14 prejudice as a matter of absolute right because Plaintiff has also not rested its case yet at trial.

15 Plaintiff has also not sought voluntary dismissal before. For the forgoing reasons, Plaintiff

16 asks that its claims be dismissed without prejudice and this action be dismissed without

17 prejudice pursuant to CR 41(a)(1)(B).

18      DATED this 19th day of May, 2025.

19      VANDER WEL, JACOBSON & YOKE, PLLC

20

21      By: /s/ Ryan M. Yoke

22      Ryan M. Yoke, WSBA #46500
       *Attorneys for Plaintiff*

23

24      *I certify that this memorandum contains 734*
       *words, in compliance with the Local Civil*

25      *Rules.*

26

27

PLAINTIFF'S MOTION FOR
DISMISSAL OF ALL CLAIMS
PURSUANT TO CR 41 (a)(1)(B) - 3

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Avenue NE, Suite 200, Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**FILED**
2025 MAY 19 04:01 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-12790-1 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

10431 AVONDALE ROAD NE LLC,

        Plaintiff,

    v.

COMCAST CABLE COMMUNICATIONS,
LLC, AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT,
LLC,

        Defendants.

No. 23-2-12790-1 SEA

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR DISMISSAL OF ALL**
**CLAIMS PURSUANT TO CR 41**
**(a)(1)(B)**

THIS MATTER came before the Court on Plaintiff's Motion for Dismissal of All

Claims Pursuant to CR 41 (a)(1)(B), and the Court having considered the files and record on

file in this action, and the Court having been aware of the premises, it is hereby,

    **ORDERED, ADJUDGED** AND **DECREED** that Plaintiff's Motion for Dismissal

of All Claims Pursuant to CR 41 (a)(1)(B) is **GRANTED** and Plaintiff's claims in this matter

are voluntarily dismissed without prejudice.

    DATED this _____ day of _____, 2025.

_____
JUDGE/COMMISSIONER
KING COUNTY SUPERIOR COURT

ORDER GRANTING PLAINTIFF'S
MOTION FOR DISMISSAL OF ALL
CLAIMS PURSUANT TO CR 41 (a)(1)(B) - 1

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Avenue NE, Suite 200, Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1    Presented by:

2    VANDER WEL, JACOBSON & YOKE, PLLC

3

4    By: /s/ Ryan M. Yoke

5    Ryan M. Yoke, WSBA #46500

6    Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER GRANTING PLAINTIFF'S
MOTION FOR DISMISSAL OF ALL
CLAIMS PURSUANT TO CR 41 (a)(1)(B) - 2

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Avenue NE, Suite 200, Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

**King County Superior Court**
**Judicial Electronic Signature Page**

Case Number:        23-2-12790-1 SEA
Case Title:         10431 AVONDALE ROAD NE VS COMCAST CABLE COMMUNICATIONS ET
                    ANO

Document Title:     Order of Dismissal

Date Signed:        05/19/2025

_____

Judge: Paul M Crisalli

Key/ID Number:      *251992920*

Page Count:         This document contains 2 page(s) plus this signature page.

# EXHIBIT C

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

FILED
2025 AUG 05 10:14 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-12790-1 SEA

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

10431 AVONDALE ROAD NE LLC,

   Plaintiff,

 v.

COMCAST CABLE COMMUNICATIONS,
LLC AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT, LLC,

   Defendants.

No. 23-2-12790-1 SEA
No. 25-2-13814-3 SEA

[Consolidated Cases]

DEFENDANTS' SECOND
AMENDED COUNTERCLAIMS
IN NO. 23-2-12790-1 SEA

## PRELIMINARY STATEMENT

After litigating Cause No. 23-2-12790-1 SEA for almost two years, on May 19, 2025,

Plaintiff 10431 Avondale Road NE LLC ("Plaintiff") voluntarily dismissed what remained of its

claims that had not already been adjudicated and/or dismissed on summary judgment. Prior to

that dismissal, the Court had made dispositive rulings on several of the claims asserted in

Defendants Comcast Cable Communications, LLC and Comcast Cable Management, LLC's

(collectively, "Comcast") First Amended Answer, Affirmative Defenses and Counterclaims [Dkt

165[1]]. Specifically, the Court ruled that the Easement (defined and described below) is valid,

binding and enforceable according to its terms (and in so doing dismissed Plaintiff's claims for

declaratory relief and ejectment/quiet title). All rulings by the Court in this matter to date are

incorporated into and assumed in these Second Amended Counterclaims.

---

[1] Unless otherwise noted, docket references refer to filings in Cause No. 23-2-12790-1 SEA.

SECOND AMENDED COUNTERCLAIMS- 1

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

## ANSWER TO COMPLAINT

Because the Court has dismissed several of Plaintiff's claims, and Plaintiff has voluntarily dismissed its remaining claims, Comcast is not required to answer the allegations in Plaintiff's Complaint in Cause No. 23-2-12790-1 SEA. To the extent Comcast is required to answer those allegations, Comcast incorporates by reference the admissions, denials and defenses pleaded in Defendants' Amended Answer, Affirmative Defenses and Counterclaims [Dkt 165] as if set forth fully herein, and denies that Plaintiff was or is entitled to any relief.

## COUNTERCLAIMS/CLAIMS

Comcast alleges the following as its Second Amended Counterclaims/Claims against Plaintiff in Cause No. 23-2-12790-1 SEA only:

### I.    PARTIES AND JURISDICTION

1.    Comcast and Plaintiff both conduct business in King County, Washington.

2.    This Court has personal jurisdiction over Plaintiff and subject matter jurisdiction over the dispute set forth in these Counterclaims/Claims.

3.    Venue is proper in King County, Washington.

4.    Plaintiff invoked this Court's jurisdiction and contends it is the proper venue for the resolution of disputes between the parties with respect to the Property (defined below).

### II.    BACKGROUND FACTS

5.    Comcast is a national broadband communications company doing business in King County, Washington.

6.    Comcast is the successor-by-merger to Comcast of Washington I, Inc., which in turn was the successor-by merger to Comcast of Washington II, Inc., f/k/a Vista Television Cable, Inc.

7.    Plaintiff's predecessors James Smith and Lisa Smith (the "Smiths") owned real property described as 10431 Avondale Rd. NE, Redmond, Washington, described further as King County Tax Parcel No. 3126069049 (the "Property"). The Smiths granted Comcast's predecessor Vista Television Cable, Inc. easements to legally described areas of real property

SECOND AMENDED COUNTERCLAIMS- 2

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

1 under the 1999 Easement and the 2000 Easement documents. Collectively, the 1999 Easement

2 and the 2000 Easement constitute the "Easement."

3      8.    The Easement grants Comcast, as Vista's successor-in-interest, three separate

4 easements in gross on the Property: a Facilities Easement, an Access and Utility Easement, and

5 an Underground Distribution Easement (collectively, and as legally described in the Easement,

6 the "Easement Areas").

7      9.    Comcast uses the Easement Areas as a "hub site" for the provision of cable

8 television and internet services to residents and businesses in Redmond, Washington and

9 surrounding areas.

10      10.    Comcast and its predecessors-in-interest have used the Easement Areas as a hub

11 site continuously since 2000 and have parked vehicles on the property in the vicinity of the

12 Easement Areas as necessary for operation, maintenance, and repair of the hub site since 2000.

13      11.    The Smiths sold the Property, subject to the Easement, to Martin J. Bryant

14 ("Bryant"). Bryant sold the Property, subject to the Easement, to the Plaintiff under that certain

15 Statutory Warranty Deed dated July 10, 2015, and recorded under King County Recording No.

16 20150710001505 (the "10431 Deed").

17      12.    The granting language of the 10431 Deed indicates that the conveyance from

18 Bryant to 10431 Avondale was made subject to the Easement.

19      13.    Bryant acquired the Property from James P. Smith and Lisa S. Smith via that

20 certain Statutory Warranty deed dated September 28, 2001, and recorded under King County

21 Recording No. 20011005002117 (the "Bryant Deed").

22      14.    The granting language of the Bryant Deed indicates that the conveyance from the

23 Smiths to Bryant was made subject to the Easement.

24      15.    At no point from September 23, 1999 (the recording date for the 1999 Easement),

25 March 22, 2000 (the recording date for the 2000 Easement) or thereafter did the Smiths or

26 Bryant raise the invalidity of the Easement documents with Comcast or its predecessors.

27

SECOND AMENDED COUNTERCLAIMS- 3

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

16.     At no point before October 19, 2022 did Comcast have any notice that 10431 Avondale or its predecessors-in-interest contended that Comcast or Predecessors did not have the right to use the Easement Areas or parking in the vicinity of the Easement Areas.

17.     The Easement is, as adjudicated by the Court, valid, binding and enforceable according to its terms.

18.     Despite all of this, Plaintiff contends that Comcast is liable to it for breach of contract, trespass, unjust enrichment, damage to land and property under RCW 4.24.630, and some portion of the property taxes, among other things.

19.     Comcast denies that it is liable to Plaintiff, or that it owes any money to Plaintiff.

20.     Plaintiff contends that the driveway to the Property does not comply with the laws of the City of Redmond, and that Comcast is responsible for remediating the driveway and/or bringing it into to compliance.

21.     Comcast denies that the driveway to the Property does not comply with the laws of the City of Redmond, and denies that Comcast is responsible for remediating the driveway and/or bringing it into to compliance.

22.     There is a dispute between the parties as to the Comcast's obligations with respect to the driveway.

23.     A judgment or decree on these disputes will terminate the controversies and remove uncertainty.

## III.     FIRST CAUSE OF ACTION:

### DECLATORY JUDGMENT (PRESCRIPTIVE EASEMENT)

24.     All allegations set forth above are realleged herein as if fully set forth.

25.     Comcast used portions of Plaintiff's Property outside the described Easement Areas in an adverse, open and notorious, continuous and uninterrupted manner, for more than the requisite 10 years (the "Additional Easement Area").

26.     Comcast has acquired an ongoing right to continue using those portions of the Property, *i.e.*, the Additional Easement Areas, as a prescriptive easement.

SECOND AMENDED COUNTERCLAIMS- 4

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

27.     Comcast and its predecessors have used the Additional Easement Areas to operate, maintain, and repair the hub site located thereon, including but not limited to communications, repair and maintenance, and temporary parking.

28.     Comcast's and its predecessors' use of the Easement Areas and Additional Easement Areas commenced in 1999-2000, and has continued for more than 20 years.

29.     Comcast's prescriptive rights tack onto any adverse use that occurred during periods of ownership of the Smiths and Bryant.

30.     The allegations set forth herein constitute an actual dispute between the parties and a justiciable controversy. Comcast is entitled to a determination of questions of validity of an easement on the Additional Easement Area and a declaration of rights pursuant to RCW 7.24.020 and the common law regarding declaratory judgments.

31.     Comcast is entitled to declaratory judgment that it holds a valid easement in the Additional Easement Areas.

## IV.     SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT RE LIABILITY TO PLAINTIFF

32.     All allegations set forth above are realleged herein.

33.     Plaintiff contends that Comcast is liable to Plaintiff for monetary damages based on a variety of legal theories, including breach of contract, trespass, unjust enrichment, damage to land and property under RCW 4.24.630.

34.     Comcast denies that it has any liability to Plaintiff.

35.     The allegations set forth herein constitute an actual dispute between the parties and a justiciable controversy. Comcast is entitled to a decree that it is not liable to Plaintiff, or, in the alternative, a determination of what its liability to Plaintiff is.

36.     Comcast is entitled to a declaratory judgment establishing whether it has any liability to Plaintiff.

SECOND AMENDED COUNTERCLAIMS- 5

## V.    THIRD CAUSE OF ACTION:
### DECLARATORY JUDGMENT RE DUTY TO REMEDIATE/LIABILITY FOR ALLEGED CODE VIOLATIONS

37.    All allegations set forth above are realleged herein.

38.    Plaintiff contends that the driveway to its property violates various provisions of the laws of the City of Redmond, and that Comcast is responsible for remediating the deficiencies and/or bringing the driveway into compliance with the law.

39.    Comcast denies that Plaintiff's driveway violates the law, and, to the extent there is a violation of the law, that it is responsible for the alleged violations or has a duty to remediate.

40.    The allegations set forth herein constitute an actual dispute between the parties and a justiciable controversy.

41.    Comcast is entitled to a declaratory judgment establishing that the driveway does not violate the law and/or that Comcast is not responsible for any such violation and has no duty to remediate.

## VI.    FOURTH CAUSE OF ACTION:
### DECLARATORY JUDGMENT/INJUNCTION RE INTERFERENCE

42.    All allegations set forth above are realleged herein.

43.    Comcast holds a right under federal, state, and local law to operate a broadband cable communication system. Comcast established a hub site on the Easement Areas in 1999-2000. Over the ensuing years, Comcast invested substantial sums to build out its hub site, which is important to the broadband communications network in the area.

44.    Comcast holds an express easement as set forth above. Comcast is also entitled to a prescriptive easement against the Additional Easement Areas.

45.    Comcast claims a right to use and exclusively occupy certain improvements in the Easement Areas, Additional Easement Areas, and on the Property.

46.    Unless Plaintiff is enjoined from asserting its adverse claims to Comcast's property rights, Plaintiff may or will continue to assert its adverse claims resulting in irreparable

SECOND AMENDED COUNTERCLAIMS- 6

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

1  harm, damage, and injury not only to Comcast but the public. Comcast has no adequate remedy

2  at law.

3      47.    Comcast alleges that it is the lawful holders of easements and property rights,

4  either by express grant enforceable as set forth above, and/or by prescription, and any other

5  grounds allowed by law.

6      48.    Comcast is entitled to a declaratory judgment declaring that Plaintiff has no right

7  to interfere with Comcast's operation of the hub site.

8      49.    Comcast is entitled to a permanent injunction to enjoin and restrain the Plaintiff

9  from asserting any right, title, or interest in and to the Easement Areas and Additional Easement

10  Areas, adverse to Comcast.

11              **VII.    REQUEST FOR RELIEF**

12      WHEREFORE, having alleged the foregoing as its Counterclaims/Claims, Comcast

13  requests the following relief:

14      1.    Entry of Judgment on the claims previously adjudicated in this matter.

15      2.    Declaratory Judgment decreeing that:

16          a.  Comcast holds a valid easement for the Additional Easement Areas.

17          b.  Comcast has no liability to Plaintiff.

18          c.  The driveway to Plaintiff's property complies with the law, or, to the extent it

19              does not, that Comcast is not responsible for and has no duty to remediate any

20              deficiencies.

21          d.  Plaintiff has no right to interfere with Comcast's operation of the hub site.

22      3.    A permanent injunction enjoining Plaintiff from asserting any right, title, or

23  interest in and to the Easement Areas and Additional Easement Areas adverse to Comcast's.

24      4.    Attorneys' fees to the extent allowed by statute, common law, equitable doctrine,

25  or any other basis allowed by law, as well as those fees and costs that have been awarded against

26  Plaintiff to date.

27

SECOND AMENDED COUNTERCLAIMS- 7

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

1    5.    All other legal and equitable relief that may be properly awarded by this Court.

2    DATED this 5th day of August, 2025.

3

4                                          DAVIS WRIGHT TREMAINE  LLP
                                           Attorneys for Defendants Comcast
5

6                                          By: /s/ Rhys M. Farren
                                           Rhys M. Farren, WSBA #19398
7                                          Brad Fisher, WSBA# 19895
                                           Brent E. Droze, WSBA #54117
8                                          920 Fifth Ave, Suite 3300
                                           Seattle, WA 98104
9                                          Telephone:  (206) 622-3150
                                           Email: rhysfarren@dwt.com
10                                         Email: bradfisher@dwt.com
                                           Email: brentdroze@dwt.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

SECOND AMENDED COUNTERCLAIMS- 8

1

## CERTIFICATE OF SERVICE

2
I hereby certify that I caused the document to which this certificate is attached to be

3
delivered to the following as indicated:

4
*Ryan M. Yoke*
*Vander Wel, Jacobson & Yoke, PLLC*     ■ U.S. Mail, postage prepaid
5
*1540 140th Avene NE, Suite 200*         ■ Federal Express
                                         ■ Facsimile
6
*Bellevue, WA 98005*                     ☒ Email
*ryan@vjbk.com*                          ☒ King County E-Service
7

8
*Courtland T. Shafer*                    ■ U.S. Mail, postage prepaid
*John G. Llewellyn*                      ■ Federal Express
9
*Llewellyn & Shafer, PLLC*               ■ Facsimile
*4847 California Ave. SW, Suite 100*     ☒ Email
10
*Seattle, WA 98116*                      ☒ King County E-Service
*courtland@llllaw.net*
11
*john@llllaw.net*

12

13
Declared under penalty of perjury under the laws of the state of Washington this 5th day of

14
August, 2025.

15
                                    */s/ Brith Croghan*
                                    Brith Croghan, Executive Legal Assistant
16

17

18

19

20

21

22

23

24

25

26

27

SECOND AMENDED COUNTERCLAIMS- 9

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

# EXHIBIT D

FILED
SUPREME COURT
STATE OF WASHINGTON
8/4/2025 3:19 PM
BY SARAH R. PENDLETON
CLERK

No. _____

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

---

10431 AVONDALE ROAD NE LLC, a Washington limited liability company,

Petitioner,

v.

KING COUNTY SUPERIOR COURT,

Respondent.

---

## PETITION FOR WRIT OF MANDAMUS

---

Ryan M. Yoke, WSBA #46500
VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Tel: (425) 462-7070

*Attorneys for Petitioner*

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION AND IDENTITY OF PETITIONER...........................................................1

II.  RELIEF SOUGHT..................................................2

III.  FACTS ...............................................................2

    A.  Procedural Summary....................................2

IV.  ARGUMENT.......................................................6

    A.  Jurisdiction is Proper in this Court and a Writ of Mandamus is the Proper Mechanism for Granting Relief to Avondale...6

        1.  Superior Court Judges are State Officers Under Article IV, Section 4 of the Washington Constitution.............6

        2.  Writ of Mandamus is Proper to Compel Recusal Under RCW 4.12.050 ...............................................8

        3.  There is no Plain, Speedy and Adequate Remedy to a Writ of Mandamus Compelling Recusal Under RCW 4.12.050 .........................11

    B.  Disqualification Under RCW 4.12.050 is an Absolute Right and Does Not Include Any Discretion .....................................................13

    C.  A Writ is Warranted Because a Notice of Disqualification Cannot Be Disputed In a Case in Which One Has Not Been Filed......16

D.   CR 41(a)(1)(B) Dismissal of the First Case Does Not Deprive a Party of a Right to Seek Disqualification in the Second Case Under RCW 4.12.050 ..................................20

E.   Consolidation Does Not Deprive Avondale of a Right to Seek Disqualification Under RCW 4.12.050 in *Comcast II* .......................27

V.   CONCLUSION ....................................................29

# TABLE OF AUTHORITIES

## Cases

*Bode v. Superior Court, Pac. Cnty.,*
   46 Wn.2d 860, 285 P.2d 877 (1955)...........................10

*Cole v. Webster,*
   103 Wn.2d 280, 692 P.2d 799 (1984)...................14, 19

*Eugster v. City of Spokane,*
   118 Wn. App. 383, 76 P.3d 741 (2003).......................12

*Garza v. Perry,*
   25 Wn. App. 2d 433, 523 P.3d 822 (2023).................13

*Godfrey v. Ste. Michelle Wine Estates Ltd,*
   194 Wn.2d 957, 453 P.3d 992 (2019)........................12

*Great Expectations Mining, Inc. v. Pub. Util.*
   *Dist. #1 of Okanogan Cnty.,*
   1997 WL 458462 (Aug. 7, 1997)................................25

*Harbor Enterprises, Inc. v. Gunnar Gudjonsson,*
   116 Wn.2d 283, 803 P.2d 798 (1991).............11, 13, 28

*In re Recall of Lindquist,*
   172 Wn.2d 120, 258 P.3d 9 (2011).............................14

*Ladenburg v. Henke,*
   197 Wn.2d 645, 486 P.3d 866 (2021)...........................6

*LaMon v. Butler,*
   112 Wn.2d 193, 770 P.2d 1027 (1989).................14, 15

*Marine Power & Equip. Co., Inc. v.*
   *Indus. Indem. Co.,*
   102 Wn.2d 457, 687 P.2d 202 (1984).......15, 17, 18, 19

*McDaniel v. McDaniel,*
   64 Wn.2d 273, 391 P.2d 191 (1964).....................27, 28

*Parker v. Wyman,*
   176 Wn.2d 212, 221 P.3d 628 (2012)...........................7

*Riddle v. Elofson,*
   193 Wn.2d 423, 439 P.3d 647 (2019)...........................7

*State ex re. Edelstein v. Foley,*
   6 Wn.2d 444, 107 P.2d 901 (1940)...............................6

*State ex rel. LaMon v. Town of Westport,*
   73 Wn.2d 255, 438 P.2d 200 (1968)...........................18

*State ex rel. Mauerman v. Superior Ct.*
   *for Thurston Cnty.,*
   44 Wn.2d 828, 271 P.2d 435 (1954)................9, 13, 28

*State v. Belgarde,*
   119 Wn.2d 711, 837 P.2d 599 (1992)...................21, 25

*State v. Clemons,*
   56 Wn. App. 57 , 782 P.2d 219 (1989).......................21

*State v. Clifford,*
   65 Wash. 313, 118 P. 40 (1911)...........................10, 18

*State v. Dennison,*
   115 Wn.2d 609 , 801 P.2d 193 (1990).......................15

*State v. Dixon,*
   74 Wn.2d 700, 446 P.2d 329 (1968)...........................15

*State v. Dow,*
   2015 WL 5350514, 190 Wn. App. 1005
   (Sept. 15, 2015)........................................................23

*State v. Espinoza,*
   112 Wn.2d 819, 774 P.2d 1177 (1989)......................15

*State v. Gay,*
   65 Wash. 629, 118 P. 830 (1911).........................10, 11

*State v. Hawkins*,
   164 Wn. App. 705, 265 P.3d 185 (2011)....................24

*State v. Holden*,
   96 Wash. 35 , 164 P. 595 (1917) ................................11

*State v. Maxfield*,
   46 Wn.2d 822, 285 P.2d 887 (1955)...........................15

*State v. Parra*,
   122 Wn.2d 590, 859 P.2d 1231 (1993).......................15

*State v. Superior Court in & for King Cnty.*,
   77 Wash. 631, 138 P. 291 (1914) ...............................10

*State v. Superior Court of Lewis Cnty.*,
   106 Wash. 507, 180 P. 481 (1919) ........................9, 16

*State v. Torres*,
   85 Wn. App. 231, 932 P.2d 186 (1997)......................22

*State v. Yakey*,
   64 Wash. 511, 117 P. 265 (1911) ...............................17

*Washington State Council of Cnty. & City Employees,*
   *Council 2, AFSCME, AFL-CIO, Local 87 v. Hahn*,
   151 Wn.2d 163, 86 P.3d 774 (2004)............................7

*Westerman v. Cary*,
   125 Wn.2d 277, 892 P.2d 1067 (1994).......................8

*Winsor v. Bridges*,
   24 Wash. 540, 64 P. 780 (1901)...................................6

**Statutes**

RCW 2.04.010 ................................................................8

RCW 4.12.040 ..............................................................17

RCW 4.12.050 ..................................................... passim

RCW 7.16.170 ..............................................................11

**Rules**

CR 41(a)(1)(B).............................................21, 22, 26, 27

RAP 16.2(a).............................................................1, 2, 8

RAP 16.2(d)..............................................................5, 8

**Constitutional Provisions**

Article IV, Section 4 ..........................................1, 2, 6, 7

## I.   INTRODUCTION AND IDENTITY OF PETITIONER

Invoking the original jurisdiction of this Court pursuant to Article IV, Section 4 of the Washington Constitution and RAP 16.2(a), Petitioner 10431 Avondale Road NE LLC ("Avondale") seeks a writ of mandate compelling Respondent King County Superior Court to compel the recusal of Judge Maureen McKee from a case involving Avondale and Defendants Comcast Cable Communications LLC and Comcast Cable Communications Management LLC's (collectively, "Comcast").

Given that Avondale has not exercised its right to recuse a judge from the 2025 case under RCW 4.12.050, Avondale has a statutory right to seek Judge McKee's recusal under RCW 4.12.050 and Judge McKee has a corresponding non-discretionary duty to grant that request for recusal under time honored precedent governing recusal of judges. Given that Judge McKee refused to recuse herself from Avondale's 2025 case, a writ of mandate should issue to compel that mandatory duty.

1

## II.    RELIEF SOUGHT

Pursuant to Article IV, Section 4 of the Washington Constitution and RAP 16.2(a), Avondale seeks a writ of mandate compelling Judge McKee's recusal from *Comcast II* because (i) Avondale has filed a Notice of Disqualification under RCW 4.12.050 in *Comcast II*, and because (ii) under long-standing Washington law, a party has a statutory right to seek recusal of a judge without inquiry and as time honored precedent holds that a judge has a corresponding non-discretionary duty to grant the one-time request when one has not been made in the same case.

## III.    FACTS

### A.    Procedural Summary

Avondale and Comcast are involved in a long running dispute in King County Superior Court. In 2023, Avondale initiated a case against Comcast captioned *10431 Avondale Road NE LLC v. Comcast Cable Communications LLC et ano*, KCSC Case No. 23-2-12790-1 SEA (*"Comcast I"*). A1. *Comcast I* was initially

2

assigned to Judge Matthew Segal. After Judge Segal
retired, the case was reassigned to Judge Holloway. A23.
Pursuant to RCW 4.12.050, Avondale sought the recusal
of Judge Holloway, and the 2023 case was subsequently
reassigned to Judge McKee. A25; A28.

In 2025, Avondale dismissed *Comcast I* without
prejudice. A59. Avondale's dismissal of *Comcast I* without
prejudice dismissed all of Avondale's claims against
Comcast and left no claims pending against Comcast. *Id.*
At the time of dismissal of *Comcast I*, only Comcast's
unrelated counterclaims remained.

In 2025, Avondale initiated a new case against
Comcast captioned *10431 Avondale Road NE LLC v.
Comcast Cable Communications LLC et ano*, KCSC Case
No. 25-2-13814-3 SEA (*"Comcast II"*). A62. The claims
Avondale asserted in *Comcast II* were never asserted in
*Comcast I*, and *Comcast II* was a new case with new
claims. *Compare* A1-A22 *with* A62-104. At the time of
initiation, *Comcast II* was assigned to Judge James (Jim)
Rogers.

3

Even though Avondale no longer had any claims pending in *Comcast I*, on June 4, 2025, Comcast moved to (i) have *Comcast II* consolidated with *Comcast I*, and (ii) have *Comcast II* assigned to Judge McKee. Avondale opposed consolidation for a number of reasons, including that the two cases were at different procedural postures.

On June 17, 2025, Chief Civil Judge Michael Scott granted Comcast's request for consolidation and *Comcast II* was consolidated together with *Comcast I*, and *Comcast II* was assigned to Judge McKee. A105.

Given that *Comcast II* was a new case with different claims and given that Avondale had not filed a Notice of Disqualification in *Comcast II*, on July 17, 2025 Avondale filed a Notice of Disqualification pursuant to RCW 4.12.050 seeking to disqualify Judge McKee only from *Comcast II*. A112.

Comcast objected to Avondale's Notice of Disqualification and filed an Objection/Motion to Strike Avondale's Notice of Disqualification. A116. Avondale responded and explained that because Avondale had never exercised its right to disqualification in *Comcast II*,

4

Avondale had a right to seek recusal of Judge McKee from *Comcast II*. A128.

Without any notice to Avondale, Judge McKee referred Comcast's Objection/Motion to Strike to Judge Scott to decide. A193. On July 22, 2025, Judge Scott granted Comcast's Objection/Motion to Strike and struck Avondale Notices of Disqualification seeking to disqualify Judge McKee from *Comcast II*. *Id.*

Because RCW 4.12.050 provides Avondale with a statutory right to seek recusal of a judge in *Comcast II* without inquiry and long standing Washington law has held that a judge has a corresponding non-discretionary duty to grant the one-time request when one has not been made in the same case, this Petition follows.

The facts relevant to this Petition are relatively straightforward. Accordingly, if the Petition is retained for a decision, Avondale anticipates that the parties will provide an agreed and adequate written statement of facts for the panel to decide the Petition on the merits pursuant to RAP 16.2(d).

5

## IV.   ARGUMENT

### A.   Jurisdiction is Proper in this Court and a Writ of Mandamus is the Proper Mechanism for Granting Relief to Avondale

#### 1.   Superior Court Judges are State Officers Under Article IV, Section 4 of the Washington Constitution

Original jurisdiction in the Supreme Court is controlled by Article IV, Section 4 of the Washington Constitution. Original jurisdiction of this Court to issue writs "is fixed by constitutional limitations, and is derived from the constitution, and not in pursuance of any legislative enactment." *Ladenburg v. Henke*, 197 Wn.2d 645, 650, 486 P.3d 866 (2021) (citing *Winsor v. Bridges*, 24 Wash. 540, 547, 64 P. 780 (1901)).

The constitution states that this Court "shall have original jurisdiction in…mandamus as to all state officers[.]" CONST. art. IV, §4. This Court has held that superior court judges are "state officers" within the meaning of article IV, section 4. *State ex re. Edelstein v. Foley*, 6 Wn.2d 444, 448, 107 P.2d 901 (1940).

Over the years, a long line of cases from this Court has upheld the determination in *Edelstein* that superior court judges are state officers within the meaning of article IV, section 4. *See e.g., Ladenburg*, 197 Wn.2d at 654, 486 P.3d at 870 (2021) ("As we said in *Edelstein*, "[A] superior court judge occupies a dual position; that is, [they are] a state officer and also a county officer."); *Riddle v. Elofson*, 193 Wn.2d 423, 428, 439 P.3d 647 (2019) ("A superior court judge is a state officer for the purposes of original prohibition jurisdiction."); *Parker v. Wyman*, 176 Wn.2d 212, 221, 289 P.3d 628, 632 (2012) ("And in construing the constitutional provision giving this court original mandamus and quo warranto jurisdiction as to all "state officers," article IV, section 4 of the Washington Constitution, we held that superior court judges are state officers."); *Washington State Council of Cnty. & City Employees, Council 2, AFSCME, AFL-CIO, Local 87 v. Hahn*, 151 Wn.2d 163, 167, 86 P.3d 774, 776 (2004) ("Superior court judges are state officers for purposes of article IV, section 4"); *Westerman v. Cary*,

125 Wn.2d 277, 299, 892 P.2d 1067, 1079 (1994) ("A superior court judge is both a state and a county officer.")

Procedurally, RCW 2.04.010 and RAP 16.2(a) provides that the Supreme Court and the superior court have concurrent original jurisdiction of a petition against a state officer seeking a writ of mandamus. RAP 16.2(d) provides that the Commissioner or Clerk hearing this Petition may refer this original action to the Supreme Court for further proceedings, refer it to the superior court, or dismiss it outright.

This Petition should be retained for a decision on the merits by the Supreme Court. Given that the subject matter of this Petition relates to compelling a superior court judge's recusal and given that the underlying decision involved a decision by the Superior Court's Chief Civil Judge, referral to the superior court is improper.

### 2.   Writ of Mandamus is Proper to Compel Recusal Under RCW 4.12.050

A long line of cases have held that the proper remedy for a judge who refuses to recuse themselves pursuant to a Notice of Disqualification filed under RCW

4.12.050 is a writ of mandate or writ of prohibition issued by this Court compelling recusal. *See e.g., State ex rel. Mauerman v. Superior Ct. for Thurston Cnty.*, 44 Wn.2d 828, 831, 271 P.2d 435, 437 (1954) ("A writ of mandate will be issued by this court to a superior court to compel its performance of an act which it is enjoined by law to perform. ***As we have stated, relator is entitled to a change of judges under the cited statutes, as a matter of right. She may enforce it by a mandamus proceeding.***") (emphasis added); *State v. Superior Court of Lewis Cnty.*, 106 Wash. 507, 513, 180 P. 481, 483 (1919) (granting writ of mandamus for recusal of judge because "***[r]eference to our decisions will disclose the fact that mandamus has been the accepted remedy in this class of cases***" and because "a change of judges on account of prejudice is a matter of right the only order that the court has power to enter is an order setting the case for trial before another judge, or transferring the cause to another court; and, whatever the state of the record may be, ***this court may compel the entry of the only order which the court has jurisdiction to make.***") (emphasis

added);[1] *State v. Gay*, 65 Wash. 629, 630, 118 P. 830 (1911) (granting writ requiring recusal of King County Superior Court judge); *State v. Clifford*, 65 Wash. 313, 315, 118 P. 40, 41 (1911) ("if the litigant or his attorney believes that such prejudice exists, no matter whether there is any foundation for the belief or not, the writ must be granted under the provisions of the statute"); *State v. Superior Court in & for King Cnty.*, 77 Wash. 631, 635, 138 P. 291, 293 (1914) ("relators were entitled to an order for a change of judges. It, therefore, follows that a writ of mandamus should issue directing the respondent judge to grant their motion"); *Bode v. Superior Court, Pac. Cnty.*, 46 Wn.2d 860, 863, 285 P.2d 877, 879 (1955) (granting writ because "[p]rejudice is established by the filing of the affidavit. No question of fact is presented…The petitioner is entitled to a change of judge, as a matter of right, if the affidavit is timely filed."); *State v. Holden*, 96 Wash. 35,

---

[1] Citation to cases citing the prior version of RCW 4.12.040-050 is proper as "the prior version of the statute contained in the Remington Code was essentially identical to that of the current RCW 4.12.040." *In re Hall*, 184 Wn. App. 676, 682, 339 P.3d 178, 181 (2014).

41, 164 P. 595 (1917) (granting writ requiring recusal of superior court judge).

### 3. There is no Plain, Speedy and Adequate Remedy to a Writ of Mandamus Compelling Recusal Under RCW 4.12.050

RCW 7.16.170 provides that "[t]he writ must be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law." In the context of writs of mandate requiring the recusal of judges pursuant to RCW 4.12.050, this Court has held "*that an appeal is not an adequate or speedy remedy[.]*" *Gay*, 65 Wash. at 630-31 (emphasis added).

Once a party has timely filed a Notice of Disqualification, the subsequent proceedings with the disqualified judge are considered a nullity. *Harbor Enterprises, Inc. v. Gunnar Gudjonsson*, 116 Wn.2d 283, 285, 803 P.2d 798, 799 (1991) ("If the affidavit was timely, the subsequent trial was of no legal effect.") Courts have explained that "[t]his substantial and valuable right was granted by the Legislature in 1911…The cases uniformly have held that there is no discretion in granting a timely

11

motion. ***Timely exercised, the statutory right deprives that particular judge of jurisdiction. Participating in a completed trial does not negate a timely exercise.***" *Harbor Enterprises*, 116 Wn.2d at 291, 803 P.2d at 803 (emphasis added); *see also Godfrey v. Ste. Michelle Wine Estates Ltd*, 194 Wn.2d 957, 964, 453 P.3d 992, 996 (2019) (holding that once a Notice of Disqualification was timely filed, "the superior court judgment is of no legal effect" and the "the superior court judgment is void").

Given that the subsequent proceedings are deemed a nullity, to nevertheless insist that Avondale first proceed with Judge McKee as its judge before Avondale has the opportunity to seek appellate intervention underscores that Avondale does not have a plain, speedy and adequate remedy at hand.

Moreover, in the context of a writ of mandamus, the remedy issue turns on whether there is a practical remedy to mandamus. *Eugster v. City of Spokane*, 118 Wn. App. 383, 414, 76 P.3d 741, 759 (2003) ("Broadly, the remedy issue turns on whether the duty plaintiff seeks to enforce "cannot be directly enforced" by any means other than

12

mandamus. The general principle which governs proceedings by *mandamus* is, that whatever can be done without the employment of that extraordinary remedy, may not be done with it. It only lies when there is practically no other remedy.") (emphasis original, internal citations omitted).

## B. Disqualification Under RCW 4.12.050 is an Absolute Right and Does Not Include Any Discretion

"Disqualification of a single judge without a showing of prejudice is a right granted to parties by statute." *Garza v. Perry*, 25 Wn. App. 2d 433, 443, 523 P.3d 822, 829 (2023) (citing *Harbor Enterprises*, 116 Wn.2d at 285, 803 P.2d at 799 ("The statute speaks of prejudice, but in reality the litigant who exercises this right seeks a change of judge despite the absence of prejudice.")

Under RCW 4.12.050, a party has an absolute right to disqualify a judge. *Mauerman*, 44 Wn.2d at 830, 271 P.2d at 436 ("a motion for a change of judges presents no question of discretion or policy. It must be granted as a matter of right. Nor is a question of fact presented by such

a motion. Prejudice is established by the filing of the affidavit.")

 This Court has repeatedly explained that the filing of a notice entitles a party to an absolute right to disqualify a judge. *LaMon v. Butler,* 112 Wn.2d 193, 201-02, 770 P.2d 1027 (1989) ("***Under these statutes and under our decisions a party litigant is entitled, as a matter of right, to a change of judges upon the timely filing of a motion and affidavit of prejudice against a judge about to hear his cause or any substantial portion thereof on the merits. Such a motion and affidavit seasonably filed presents no question of fact or discretion.*** Prejudice is deemed to be established by the affidavit and the judge to whom it is directed is divested of authority to proceed further into the merits of the action.") (emphasis added).

 A long line of cases have held that disqualification of a judge is by right and it presents no question of discretion on the part of the judge. *See e.g., In re Recall of Lindquist,* 172 Wn.2d 120, 129, 258 P.3d 9, 14 (2011) (quoting *State v. Dixon,* 74 Wn.2d 700, 446 P.2d 329

14

(1968)); *State v. Parra*, 122 Wn.2d 590, 595, 859 P.2d 1231, 1234 (1993) (emphasizing the "**mandatory, nondiscretionary nature of affidavits of prejudice**"); *State v. Dennison*, 115 Wn.2d 609, 620, 801 P.2d 193, 199 (1990) (confirming that a litigant is entitled to change "'as a matter of right'") (quoting *LaMon*, 112 Wn.2d at 201, 770 P.2d 1027 (1989)); *State v. Espinoza*, 112 Wn.2d 819, 823, 774 P.2d 1177, 1179 (1989) (confirming party is "entitled to a change of judge as a matter of right"); *Marine Power & Equip. Co., Inc. v. Indus. Indem. Co.*, 102 Wn.2d 457, 463, 687 P.2d 202, 205 (1984) (noting that a party has the "**right to one change of judge without inquiry**"), 460, 687 P.2d at 204 (**once a Notice of Disqualification is filed, the judge is "'divested of authority to proceed further'"**); *State v. Maxfield*, 46 Wn.2d 822, 829, 285 P.2d 887, 891 (1955) (confirming change is "a matter of right").

### C.    A Writ is Warranted Because a Notice of Disqualification Cannot Be Disputed In a Case in Which One Has Not Been Filed

There is no reasonable dispute that Avondale has not recused a judge in *Comcast II*. There is also no dispute that the Notice of Disqualification Avondale filed on June 18, 2025 was the first and only time Avondale disqualified a judge from *Comcast II*. Despite that, Judge McKee refused to recuse herself.

As a preliminary matter, Avondale had no notice that Comcast's Objection/Motion to Strike was referred to the Chief Civil Judge for consideration. Had Avondale been apprised of that, Avondale would have informed the superior court that "***the only order that the court has power to enter is an order setting the case for trial before another judge, or transferring the cause to another court.***" *Lewis Cnty.*, 106 Wash. at 513, 180 P. at 483.

Given that Avondale had not filed a previous request for disqualification in *Comcast II*, the only order that could have been issued after Avondale's Notice of

Disqualification had been filed is an order transferring the case to another judge. *Id.*; *see also State v. Yakey*, 64 Wash. 511, 514, 117 P. 265, 266 (1911) ("after the affidavit has been brought to the attention of the judge, his power to proceed and the limit of his power find bounds in the statute, and **he can only** forthwith transfer the action to another department")

In *Yakey*, this Court specified that the Chief Civil Judge/Presiding Judge's role is limited to transferring the matter to another judge, not ruling on the Notice of Disqualification: "In such case the presiding judge shall forthwith transfer the action to another department of the same court…" *Yakey*, 64 Wash. at 513, 117 P. at 266 (citing RCW 4.12.040, which states: "In such case the presiding judge…shall forthwith transfer the action to another department of the same court,")

What another judge may not do, however, is rule on the propriety of an objection/Motion to Strike as that would contravene established precedent that a party has the "***right to one change of judge without inquiry***." *Marine Power*, 102 Wn.2d at 463, 687 P.2d 202. If the

17

impermissible inquiry could be made by another judge, the whole purpose of recusal without inquiry would be defeated.

In *Clifford*, 65 Wash. at 315, 118 P. at 41, this Court held that "***the affidavit should be taken to be true***, or need not be substantiated by proof, ***and cannot be disputed.***" (emphasis added).

Once a Notice of Disqualification is filed, a judge loses all right to preside over the matter and may not make any rulings. Our Supreme Court has explained that "***RCW 4.12.050 was intended to take all discretion in determining prejudice away from the trial judge***," explaining that:

> The statute permits of no ulterior inquiry; it is enough to make timely the affidavit and motion, and however much the judge moved against may feel and know that the charge is unwarranted, he may not avoid the effect of the proceeding by holding it to be frivolous or capricious.

*Marine Power*, 102 Wn.2d at 461-62, 687 P.2d at 205.

In *State ex rel. LaMon v. Town of Westport*, 73 Wn.2d 255, 260, 438 P.2d 200, 203 (1968), *overruled on*

18

*other grounds by Cole v. Webster*, 103 Wn.2d 280, 692 P.2d 799 (1984), this Court held that "*it was error for the trial court to go behind the affidavit and inquire into the facts.*" The disqualification of a judge is by right and does not permit any inquiry, either by the disqualified judge or any other judge. *Marine Power*, 102 Wn.2d at 463, 687 P.2d at 205 (noting that a party has the "*right to one change of judge without inquiry*").

The disqualified judge cannot refer a decision on an Objection/Motion to Strike a Notice of Disqualification to another judge because it would require inherently "the trial court to go behind the affidavit and inquire into the facts" for why disqualification was sought. The fact that the disqualified judge outsources that inquiry to another judge is not permissible as it is *any inquiry* into the reasons for disqualification that is improper, regardless of which judge conducts that inquiry.

That is so because the only "the only order that the court has power to enter is an order setting the case for trial before another judge, or transferring the cause to another court."

To allow another judge to inquire into the reasons for disqualification when that is a party's only disqualification in that proceeding would defeat the entire purpose of RCW 4.12.050 because a disqualified judge could always refer the matter to another judge for inquiry and decision when that contravenes the purpose of RCW 4.12.050, as "*the only order that the court has power to enter* is an order setting the case for trial before another judge, or transferring the cause to another court."

No Washington court has ever addressed whether one judge may ask another judge to rule on whether the first judge should be recused under RCW 4.12.050. However, such an inquiry is not permitted because the disqualified judge cannot outsource that impermissible inquiry to another judge when a party has the "*right to one change of judge without inquiry*."

**D.  CR 41(a)(1)(B) Dismissal of the First Case Does Not Deprive a Party of a Right to Seek Disqualification in the Second Case Under RCW 4.12.050**

Not only is disqualification under RCW 4.12.050 an absolute right that involves no discretion, equally

20

important here is that when a party voluntarily dismisses its case pursuant to CR 41(a)(1)(B) and refiles it under a new case number, its right to seek disqualification under RCW 4.12.050 is restored.

Where Judge McKee has not made any rulings in *Comcast II* and where Avondale in *Comcast II* has not disqualified a judge in *Comcast II*, Avondale has a statutory right under RCW 4.12.050 to disqualify Judge McKee from *Comcast II*. Where Avondale has an absolute right to seek disqualification of Judge McKee in *Comcast II* notwithstanding voluntary dismissal of *Comcast I*, Judge Scott's decision to grant Comcast's request to strike Avondale's Notice of Disqualification was erroneous.

For the purposes of RCW 4.12.050, "case" means any "pretrial, trial, post-trial, and appellate proceedings, and [continued trial court proceedings on remand]." *State v. Belgarde*, 119 Wn.2d 711, 716, 837 P.2d 599, 602 (1992). "In *State v. Clemons*, 56 Wn. App. 57, 59, 782 P.2d 219 (1989), *review denied* 114 Wn.2d 1005, 788 P.2d 1079 (1990), the Court of Appeals interpreted "case"

21

in RCW 4.12.050 to include "pretrial, trial, post-trial and appellate proceedings." *Id.* **As explained below, filing a new case under a new cause number is a new case for purposes of RCW 4.12.050.**

In Washington, a party who voluntarily dismisses a case pursuant to CR 41(a)(1)(B), refiles that case under a new case number, and then ends up before the same judge for one reason or another, can still disqualify that judge, notwithstanding the fact that disqualification may be untimely with respect to the first case that was voluntarily dismissed. *State v. Torres*, 85 Wn. App. 231, 932 P.2d 186 (1997), *review denied* 132 Wn.2d 1012, 940 P.2d 654 (1997) ("**Filing of second information against defendant, following dismissal of initial information without prejudice by state, was new case such that motion for change of judge was timely after new information was filed, even though motion to change judge would not have been timely if filed in connection with original information, because judge had made discretionary rulings in that case.**") (emphasis added).

Numerous courts have upheld the determination under *Torres* that "filing a new [case] following a dismissal without prejudice was a new case for purposes of RCW 4.12.050." *State v. Dow*, 2015 WL 5350514, at *1, 190 Wn. App. 1005 (Sept. 15, 2015) ("In 2010, the State charged Dow with first degree child molestation under a new cause number. The State filed an affidavit of prejudice under RCW 4.12.050 against Judge Warning, requesting a different judge; and a new judge was assigned to the case. Dow moved to vacate the affidavit of prejudice because Judge Warning had issued a discretionary ruling in the 2005 case. The trial court denied Dow's motion to vacate, finding that *State v. Torres* was "factually very, very close," and **under Torres, filing a new information following a dismissal without prejudice was a new case for purposes of RCW 4.12.050.**") (emphasis added).[2]

Division I has explained that the filing of a new case following the voluntary dismissal of the first case initiates a new case for purposes of RCW 4.12.050. *State v.*

---

[2] Cited pursuant to GR 14.1(a).

*Hawkins*, 164 Wn. App. 705, 714, 265 P.3d 185, 190 (2011) ("He analogizes to *State v. Torres*, where Division Three of this court held that a pretrial dismissal of a criminal prosecution without prejudice terminated the action; ***thus, the filing of a second information initiated a new case for purposes of RCW 4.12.050***. But *Torres* is easily distinguished. ***There, the original case terminated with the entry of an order of dismissal. Then the State filed a new information that started a new case.*** Here the court never dismissed the original action. All proceedings after entry of the judgment and sentence related either to the original trial or that judgment and sentence. Unlike *Torres*, the State never commenced a second proceeding.") (emphasis added).

Like *Torres*, Avondale dismissed its original case voluntarily and initiated a new action. *Comcast I* ended when "with the entry of an order of dismissal" thus "filing a new [Complaint] following a dismissal without prejudice was a new case for purposes of RCW 4.12.050."

Even in the civil context, Washington courts have relied on *Torres* for the proposition that dismissal of the

24

first complaint without prejudice and filing of a new case entitles Avondale in the newly filed action a right to affidavit a judge: "**Because the dismissal of the first complaint without prejudice was a final order terminating the first proceeding, a second filing will start a new case, permitting a change of judge as a matter of right upon a timely motion.**" *Great Expectations Mining, Inc. v. Pub. Util. Dist. #1 of Okanogan Cnty.*, 1997 WL 458462, at *5 (Aug. 7, 1997) ("GEM's demand for a new judge on remand (or, we must assume, on proper refiling of this action) is not properly addressed to this court. **If GEM refiles its complaint, it may file an affidavit of prejudice pursuant to RCW 4.12.050.** This affidavit must be filed before the trial judge has made any ruling in the case. RCW 4.12.050; *State v. Belgarde*, 119 Wn.2d 711, 715, 837 P.2d 599 (1992). **Because the dismissal of the first complaint without prejudice was a final order terminating the first proceeding, a second filing will start a new case, permitting a change of judge as a matter of right upon a timely motion.** RCW 4.12.050; *State v. Torres*, 85 Wn.

25

App. 231, 234, 932 P.2d 186, *review denied* (July 8, 1997)") (citations original; emphasis added).

To be clear, the existence of a defendant's counterclaims at the time of dismissal of *Comcast I* pursuant to CR 41(a)(1)(B) has nothing to do with dismissal and refiling of a Complaint as explained in *Torres*, *Dow*, *Hawkins*, and *Great Expectations Mining, Inc.*

**First,** the CR 41(a)(1)(B) dismissal order entered by Judge Paul Crisalli dismissed all of Plaintiff's claims in *Comcast I* in its entirety—nothing remained. A59.

**Second,** *Great Expectations Mining, Inc.* specifically explained that it was dismissal and refiling of *plaintiff's* complaint was the relevant inquiry: "Because the dismissal of **the <u>first complaint without prejudice</u> was a final order terminating the first proceeding**, a second filing will start a new case, permitting a change of judge as a matter of right upon a timely motion." *Great Expectations Mining, Inc.*, 1997 WL 458462, at *5.

Indeed, the Court of Appeals reached the decision in *Great Expectations Mining, Inc.* even though the

defendant's counterclaims were still pending at the time of CR 41(a)(1)(B) dismissal of plaintiff's Complaint in *Great Expectations Mining, Inc.* A155.

### E. Consolidation Does Not Deprive Avondale of a Right to Seek Disqualification Under RCW 4.12.050 in *Comcast II*

In the only case that addressed disqualification of a judge in the context of a subsequently filed case that was subsequently consolidated with an existing action, this Court held that consolidation did not defeat a party's right to seek disqualification in the subsequently filed action involving the same parties, the same divorce, and the same judge, and the same subject matter. *McDaniel v. McDaniel*, 64 Wn.2d 273, 391 P.2d 191 (1964).

In *McDaniel*, consolidation of a juvenile proceeding and a divorce modification proceeding relating to the same minor children that were the subject of the juvenile proceeding did not deprive a party's right to seek disqualification under RCW 4.12.050 in the newly filed action even though the cases had been subsequently consolidated and even though the case related to the

same parties, the same children, the same judge, and the same general subject matter. *Id.*

*McDaniel* relies on *Mauerman*, 44 Wn.2d at 832, 271 P.2d at 435 (1954), which *Harbor Enterprises Inc.* later cited favorably and explained that "modification was a new proceeding and that the party was entitled to a change of judge" even though the subsequently filed action related to the same parties, the same children, and was assigned to the same judge who heard the first action. *Harbor Enterprises, Inc.*, 116 Wn.2d at 290, 803 P.2d at 802.

In *McDaniel*, this Court explained that a subsequently filed action assigned to the same judge was not considered a "continuation" of the first proceeding. *McDaniel*, 64 Wn.2d at 275, 391 P.2d at 192-93 (rejecting the argument that "***the modification was a mere continuation of the original action and that the motion [for recusal] was not timely made.***") Such a holding directly contradicts ¶¶12 of the Order, which states: "[Avondale's] original lawsuit was never closed, and the Second-Filed Case is simply a continuation of that action

28

which has now been consolidated into a single case," and

¶¶7 of the Order, which states: "The cases are, in

substance, a single matter in which [Avondale] asserts

the same claims against Comcast." A195.

## V.    CONCLUSION

This Court should disqualify Judge McKee from

*Comcast II.*

The undersigned certifies this document contains

4,999 words in compliance with the word limits under

RAP 18.17.

DATED: August 4, 2025.

VANDER WEL, JACOBSON, & YOKE, PLLC


By: */s/ Ryan M. Yoke*
Ryan M. Yoke, WSBA #46500

*Attorneys for Petitioner/Plaintiff*

29

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated.

Rhys Farren, WSBA #19398
Brad Fisher, WSBA #19895
Brent Droze, WSBA #54117
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
rhysfarren@dwt.com
bradfisher@dwt.com
brentdroze@dwt.com

☐ E-mail
☐ U.S. Mail
☒ E-filing

*Attorneys for Defendants/Respondents Comcast*

The Honorable Maureen McKee
The Honorable Michael Scott
King County Superior Court
516 Third Avenue
Seattle, WA 98104
court.mckee@kingcounty.gov
court.scott@kingcounty.gov

☐ E-mail
☐ U.S. Mail
☒ E-filing

*Respondent King County Superior Court*

DATED this 4th day of August, 2025 in Seattle, Washington.

/s/ Siddharth Jha
Siddharth Jha

30

# PIER 67 CAPITAL PARTNERS LP

## August 04, 2025 - 3:19 PM

## Filing Original Action Against State Officer

## Transmittal Information

**Filed with Court:**  Supreme Court
**Appellate Court Case Number:**  Case Initiation

**The following documents have been uploaded:**

- OAS_Affidavit_Declaration_20250804151702SC231569_7644.pdf
    This File Contains:
    Affidavit/Declaration - Other
    *The Original File Name was 2025-08-04 - Affidavit of Siddharth Jha.pdf*
- OAS_Other_20250804151702SC231569_2867.pdf
    This File Contains:
    Other - Appendix to Petition for Writ
    *The Original File Name was 2025-08-04 - Appendix.pdf*
- OAS_Petition_for_Writ_Plus_20250804151702SC231569_0301.pdf
    This File Contains:
    Original Action Against State Officer
    Petition for Writ
    *The Original File Name was 2025-08-04 - Petition.pdf*

**A copy of the uploaded files will be sent to:**

- bradfisher@dwt.com
- brentdroze@dwt.com
- court.mckee@kingcounty.gov
- court.scott@kingcounty.gov
- rhysfarren@dwt.com
- ryan@vjbk.com
- sjha@piersixtyseven.com

**Comments:**

Sender Name: Siddharth Jha - Email: sjha@piersixtyseven.com
Address:
Pier 67 Capital Partners LP
PO Box 1010
Woodinville, WA, 98072
Phone: (425) 445-2310

**Note: The Filing Id is 20250804151702SC231569**

# EXHIBIT E

1

2

3

4

5

6

7

FILED
2025 AUG 14 10:24 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-12790-1 SEA

8

9

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

10

10431 AVONDALE ROAD NE LLC,

No. 23-2-12790-1 SEA
No. 25-2-13814-3 SEA

11

Plaintiff,

12

v.

[CONSOLIDATED]

13

COMCAST CABLE COMMUNICATIONS,
LLC, AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT,
LLC,

14

15

**PLAINTIFF'S MOTION FOR
DISMISSAL OF ALL CLAIMS
PURSUANT TO CR 41(a)**

16

Defendants.

17

18

**I.    INTRODUCTION, RELIEF REQUESTED AND AUTHORITY**

19

Pursuant to CR 41(a), Plaintiff 10431 Avondale Road NE LLC ("Plaintiff") seeks

20

the Court's permission to exercise its right to voluntarily dismiss the claims in Case No. 25-

21

2-13814-3 SEA without prejudice. *King County Council v. King County Personnel Bd.*, 43

22

Wn. App. 317, 716 P.2d 322 (1986) ("A plaintiff in a civil action has an absolute right to

23

dismissal under CR 41" when it has not rested its case at trial).

24

Importantly, "[t]he plaintiff's right [to voluntary dismissal] is absolute and involves

25

no element of discretion on the part of the trial court." *Goin v. Goin*, 8 Wn. App. 801, 802,

26

508 P.2d 1405, 1406 (1973); *McKay v. McKay*, 47 Wn.2d 301, 287 P.2d 330 (1955) (same);

27

*Studley v. Studley*, 141 Wash. 531, 252 P. 99 (1927) (same); *Herr v. Schwager*, 133 Wash.

PLAINTIFF'S MOTION FOR
DISMISSAL OF ALL CLAIMS
PURSUANT TO CR 41(a) - 1

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Avenue NE, Suite 200, Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1  568, 234 P. 446 (1925) (same).

2        Washington courts have held that notice to an opposing party before voluntary

3  dismissal is not required. *Greenlaw v. Renn*, 64 Wn. App. 499, 503-04, 824 P.2d 1263, 1266

4  (1992) ("***Although CR 41 does not speak to notice, the fact that the motion can be made at***

5  ***any time before the plaintiff rests his or her case, and then must be granted by the court,***

6  ***indicates that prior written notice of the motion is not required.***") (emphasis added); *see*

7  *also* 14A Wash. Prac., Civil Procedure §23:4 (3d ed.) ("courts have held that the plaintiff

8  need not give advance notice to the defendant before requesting a voluntary dismissal.")

9        A court lacks any type of discretion under CR 41(a). *Gutierrez v. Icicle Seafoods,*

10  *Inc.*, 198 Wn. App. 549, 394 P.3d 413 (2017) (rejecting the contention that voluntary

11  dismissal should have been denied when extensive discovery had been completed and the

12  court had ruled on several discovery-related issues); *see also* 14A Wash. Prac., Civil

13  Procedure §23:8 (3d ed.) ("Pretrial hearings and rulings have no effect upon the plaintiff's

14  right to a voluntary dismissal.")

15        In fact, courts have even gone as far as to explain that CR 41(a) "does not grant

16  discretion to the court to consider fairness." *Gutierrez*, 198 Wn. App. at 556. When a party

17  files a "CR 41 motion, [they have] an absolute right to a voluntary nonsuit. The trial court

18  ha[s] to grant [their] request for dismissal. It ha[s] no discretion to decide whether it

19  considered dismissal without prejudice fair relief." *Id.*

20        Under CR 41(a), a plaintiff has "***a mandatory, absolute right to dismissal of its***

21  ***action without prejudice, fixed on the day of the filing of the motion***" and that the court has

22  no discretion because the movant is "***entitled to dismissal without prejudice and without***

23  ***delay.***" *Calvert v. Berg*, 177 Wn. App. 466, 472, 312 P.3d 683 (2013).

24        This case has an assigned judge. However, Plaintiff's submittal to EVPC is still

25  proper because notice is not required and because LCR 40.1(b)(2)(A) specifically provides

26  that even in those civil proceedings that have an assigned judge, the matter can be submitted

27  to EVPC if the request is for an order that does not require notice. This is such a request.

PLAINTIFF'S MOTION FOR
DISMISSAL OF ALL CLAIMS
PURSUANT TO CR 41(a) - 2

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Avenue NE, Suite 200, Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1     In addition, an Order for Dismissal Without Prejudice is also a type of order that is

2  on the Clerk's *Ex Parte* Master List.

3     Under CR 41(a), Plaintiff is entitled to dismissal of its claims in Case No. 25-2-

4  13814-3 SEA without prejudice.

5     DATED this 14th day of May, 2025.

6                                    VANDER WEL, JACOBSON & YOKE, PLLC

7

8                              By: */s/ Ryan M. Yoke*
9                              Ryan M. Yoke, WSBA #46500
                               *Attorneys for Plaintiff*
10
                               *I certify that this memorandum contains 555*
11                             *words, in compliance with the Local Civil*
                               *Rules.*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S MOTION FOR                VANDER WEL, JACOBSON & YOKE, PLLC
DISMISSAL OF ALL CLAIMS               1540 140th Avenue NE, Suite 200, Bellevue, WA 98005
PURSUANT TO CR 41(a) - 3              Phone: (425) 462-7070  Fax: (425) 646-3467

1

FILED

2

2025 AUG 14 12:25 PM
KING COUNTY

3

SUPERIOR COURT CLERK
E-FILED

4

CASE #: 23-2-12790-1 SEA

5

6

7

8

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

9

10

10431 AVONDALE ROAD NE LLC,

11

                Plaintiff,

12

        v.

13

COMCAST CABLE COMMUNICATIONS,

14

LLC, AND COMCAST CABLE
COMMUNICATIONS MANAGEMENT,

15

LLC,

16

                Defendants.

17

No. 23-2-12790-1 SEA
No. 25-2-13814-3 SEA

[CONSOLIDATED]

**ORDER GRANTING PLAINTIFF'S
MOTION FOR DISMISSAL OF ALL
CLAIMS PURSUANT TO CR 41(a)**

18

        THIS MATTER came before the Court on Plaintiff's Motion for Dismissal of All

19

Claims Pursuant to CR 41(a), and the Court having considered the files and record on file in

20

both cases in this consolidated action, and the Court having been aware of the premises, it is

21

hereby **ORDERED, ADJUDGED** and **DECREED** that Plaintiff's Motion for Dismissal of

22

All Claims Pursuant to CR 41(a) is **GRANTED** and Plaintiff's claims in King County

23

Superior Court Case No. 25-2-13814-3 SEA are voluntarily dismissed without prejudice

24

without prejudice to refile suit in state or federal court.

25

        Plaintiff has moved for a voluntary dismissal without prejudice. The Court finds that

26

Plaintiff has shown good cause for voluntary dismissal without prejudice and the dismissal

27

ORDER GRANTING PLAINTIFF'S
MOTION FOR DISMISSAL OF ALL
CLAIMS PURSUANT TO CR 41(a) - 1

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Avenue NE, Suite 200, Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1  Plaintiff's claims in Case No. 25-2-13814-3 SEA is without prejudice and is subject to the

2  terms and conditions set forth in this Order, which the Court finds just and proper.

3      The Court finds that this dismissal is a dismissal without prejudice within the

4  meaning of Fed. R. Civ. P. Rule 41(a)(2). The Court further finds that this dismissal without

5  prejudice should be construed as a voluntary dismissal obtained by court order within the

6  meaning of Fed. R. Civ. P. Rule 41(a)(2).

7      The Court finds that no costs shall be awarded to any party as a result of this

8  voluntary dismissal, nor shall any costs and attorneys' fees be awarded to any party based

9  upon the voluntary dismissal without prejudice that was previously entered by this Court

10  under Dkt. #523 in Cause No. 23-2-12790-1 SEA.

11      If Plaintiff refiles the claims that are the subject of this voluntary dismissal, the

12  forgoing findings and determinations of this Court shall be binding on any future court in

13  which Plaintiff refiles the claims that are the subject of this voluntary dismissal.

14      IT IS SO ORDERED this _____ day of _____, 2025.

15

16                          *Electronically signed and dated*
                          _____
17                          JUDGE PAUL CRISALLI
                          KING COUNTY SUPERIOR COURT
18
     Presented by:
19
     VANDER WEL, JACOBSON & YOKE, PLLC
20

21

22  By: */s/ Ryan M. Yoke*_____
     Ryan M. Yoke, WSBA #46500
23
     *Attorneys for Plaintiff*
24

25

26

27

ORDER GRANTING PLAINTIFF'S                VANDER WEL, JACOBSON & YOKE, PLLC
MOTION FOR DISMISSAL OF ALL               1540 140th Avenue NE, Suite 200, Bellevue, WA 98005
CLAIMS PURSUANT TO CR 41(a) - 2           Phone: (425) 462-7070   Fax: (425) 646-3467

**King County Superior Court**
**Judicial Electronic Signature Page**

Case Number:          23-2-12790-1 SEA
Case Title:           10431 AVONDALE ROAD NE VS COMCAST CABLE COMMUNICATIONS ET
                      ANO

Document Title:       Order of Dismissal Without Prejudice

Date Signed:          08/14/2025

_____

Judge: Paul M Crisalli

Key/ID Number:        *284081815*

Page Count:           This document contains 2 page(s) plus this signature page.

# EXHIBIT F

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| 10431 AVONDALE ROAD NE LLC, | No. 2:25-cv-1553 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| COMCAST CABLE COMMUNICATIONS, LLC, and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, | **JURY DEMAND** |
| Defendants. | |

## I.    INTRODUCTION

This case is about the safety, environmental, and other harms caused in connection with Comcast's occupation of Plaintiff's Property. Comcast created a serious safety issue years ago on Plaintiff's Property when Comcast built a road that was substandard, considerably smaller and in violation of the building permit issued by the City of Redmond. Comcast has known about the serious risks to life and limb associated with the substandard construction all along and chosen to do nothing about it. Comcast finally told Plaintiff about the serious issue just weeks ago. As soon as Plaintiff learned of the risks, Plaintiff immediately told Comcast to abate that serious safety risk. Comcast flatly refused, saying that the internet services it provides outweigh Comcast's responsibility to care for the risks it

COMPLAINT - 1
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1  has created to the life and limb of King County residents.

2      Comcast's conduct is not only abhorrent; it undermines the statutory obligations

3  Comcast has under federal, state, and local law to remediate any risk or damage it causes to

4  private property and adjoining roads. Comcast's willful and deliberate failure to address

5  Plaintiff's concerns are nothing more than Comcast's prioritization of its own profits over the

6  lives and safety of the people of King County.

7                  **II.    PARTIES, JURISDICTION AND VENUE**

8      1.    Plaintiff.    Plaintiff 10431 Avondale Road NE LLC ("Plaintiff") is a

9  Washington limited liability company based in King County, Washington.

10     2.    Defendants.    Defendant Comcast Cable Communications, LLC is a

11 Delaware limited liability company with its principal place of business located in

12 Philadelphia, Pennsylvania.

13     3.    Defendant Comcast Cable Communications Management, LLC is a

14 Delaware limited liability company with its principal place of business located in

15 Philadelphia, Pennsylvania.

16     4.    Defendants Comcast Cable Communications, LLC and Comcast Cable

17 Communications Management, LLC are collectively referred to as "Comcast".

18     5.    Jurisdiction.    This Court has jurisdiction over the subject matter of this

19 dispute pursuant to 28 U.S.C. § 1332, because this is an action between citizens of different

20 states and because the value of declaratory and injunctive relief sought and the value of

21 Plaintiff's damages exceed the amount of $75,000, exclusive of interest and costs.

22     6.    This Court also has jurisdiction pursuant to 28 U.S. Code § 1331 because

23 this case involves federal questions and resolution of state law claims will also require a

24 substantial analysis of federal laws.

25     7.    This Court also has jurisdiction of the non-federal claims for alleged

26 violations of state and municipal statutes based on 28 U.S.C. § 1367(a) as well as under the

27 principles of supplemental jurisdiction.

COMPLAINT - 2
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

8.    <u>Venue</u>.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a), 1391(c), and 1391(d).

### III.    FACTS

**A. Comcast Has Created Serious Safety Risks That Comcast Refuses to Fix in Violation of Comcast's Building Permit**

9.    Plaintiff owns fee title certain real property in King County, Washington commonly known as King County Assessor's Tax Parcel No. 3126069049 and legally described as follows (hereafter, "Property" or "Plaintiff's Property"):

THAT PORTION OF THE SOUTH HALF OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 31, TOWNSHIP 26 NORTH, RANGE 6 EAST, W. M., IN KING COUNTY, WA, DESCRIBED AS FOLLOWS:

BEGINNING AT THE INTERSECTION OF THE NORTH LINE OF SAID SUBDIVISION WITH THE WESTERLY MARGIN OF THE COUNTY ROAD KNOWN AS REDMOND-BEAR CREEK ROAD;
THENCE SOUTH 6°15'14" EAST ALONG SAID WESTERLY MARGIN 87.54 FEET TO THE TRUE POINT OF BEGINNING OF THE TRACT HEREIN DESCRIBED;
THENCE CONTINUING SOUTH 6°15'14" EAST ALONG SAID WESTERLY MARGIN 165.99 FEET; THENCE WEST 226.35 FEET; THENCE NORTH 165.00 FEET; THENCE EAST 208.47 FEET TO THE TRUE POINT OF BEGINNING;
EXCEPT THAT PORTION THEREOF CONVEYED TO THE CITY OF REDMOND FOR AVONDALE ROAD BY DEED BEARING KING COUNTY RECORDING NUMBER 8807280930;
THAT PORTION OF THE SOUTH HALF OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 31, TOWNSHIP 26 NORTH, RANGE 6 EAST, WILLAMETTE MERIDIAN, LYING WESTERLY OF AVONDALE ROAD, AND LYING NORTHERLY OF NORTHEAST 104TH STREET AS ESTABLISHED BY INSTRUMENT RECORDED UNDER RECORDING NUMBER 8411070892;
EXCEPT THAT PORTION OF THE SOUTH HALF OF THE NORTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 31, TOWNSHIP 26 NORTH, RANGE 6 EAST, WILLAMETTE MERIDIAN, DESCRIBED AS FOLLOWS:
BEGINNING AT THE INTERSECTION OF THE NORTH LINE OF SAID SUBDIVISION WITH THE WESTERLY MARGIN OF THE COUNTY ROAD KNOWN AS REDMOND BEAR CREEK ROAD; THENCE SOUTH 6°15'14" EAST ALONG SAID WESTERLY MARGIN 87.54 FEET TO THE TRUE POINT OF BEGINNING OF THE TRACT HEREIN DESCRIBED;
THENCE CONTINUING SOUTH 6°15'14" EAST, ALONG SAID WESTERLY MARGIN, 165.99 FEET; THENCE WEST 226.35 FEET; THENCE NORTH 165 FEET; THENCE EAST 208.47 FEET TO THE TRUE POINT OF BEGINNING;

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

AND ALSO EXCEPT THAT PORTION OF SAID PREMISES CONVEYED TO THE CITY OF REDMOND BY DEED RECORDED UNDER RECORDING NUMBER 8411070892, DESCRIBED AS FOLLOWS:
BEGINNING AT THE INTERSECTION OF THE WESTERLY MARGIN OF AVONDALE ROAD NORTHEAST AND THE NORTHERLY MARGIN OF THE ABOVE DESCRIBED NORTHEAST 104TH STREET;
THENCE NORTHERLY ALONG SAID WESTERLY MARGIN 160.00 FEET;
THENCE SOUTHWESTERLY PERPENDICULAR TO SAID WESTERLY MARGIN 65.00 FEET;
THENCE SOUTHERLY PARALLEL TO SAID WESTERLY MARGIN 145 FEET, MORE OR LESS, TO NORTHERLY MARGIN OF SAID 60.00 FEET STRIP;
THENCE EASTERLY ALONG SAID NORTHERLY MARGIN 67 FEET, MORE OR LESS, TO THE POINT OF BEGINNING;
ALSO, EXCEPT THAT PORTION THEREOF CONDEMNED IN KING COUNTY SUPERIOR COURT CAUSE NUMBER 88-2-15128-8.
EXCEPT THAT PORTION LYING EAST OF THE FOLLOWING DESCRIBED LINE: BEGINNING AT THE NORTHWEST CORNER OF THE ABOVE DESCRIBED PARCEL; THENCE SOUTH 84°49'01" EAST, ALONG THE NORTH LINE OF THE ABOVE DESCRIBED PARCEL, 257.85 FEET;
THENCE SOUTH 00°32'05" WEST, 361.55 FEET TO A POINT 25.00 FEET NORTHEASTERLY OF THE RIGHT OF WAY OF N.E. 104TH STREET AND A POINT OF CURVE;
THENCE SOUTHEASTERLY ALONG A LINE 25.00 FEET NORTHEASTERLY OF AND PARALLEL TO SAID NORTHEASTERLY RIGHT OF WAY AND A CURVE TO THE RIGHT THE CENTER OF WHICH BEARS SOUTH 50°53'21" WEST, 576.85 FEET DISTANT, THROUGH A CENTRAL ANGLE OF 6°26'30", AN ARC DISTANCE OF 64.86 FEET TO A POINT OF REVERSE CURVE;
THENCE SOUTHEASTERLY ALONG A CURVE TO THE LEFT THE CENTER OF WHICH BEARS NORTH 57°19'51" EAST, 245.00 FEET DISTANT, THROUGH A CENTRAL ANGLE OF 59°09'04", AN ARC DISTANCE OF 252.93 FEET TO THE WESTERLY MARGIN OF AVONDALE ROAD EAST AND THE TERMINUS OF SAID LINE.
SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

10.    Comcast claims that in 1999 James and Lisa Smith ("Smiths") apparently granted Vista Television Cable, Inc. ("Vista") a non-exclusive easement in gross over certain portions of the Property by way of the Easement Agreement recorded under King County Recording No. 19990923001391 ("Easement").

11.    Comcast also claims that in early 2000, the Smiths apparently granted Vista an additional Underground Distribution Easement over certain portions of the Property by way of the Easement Amendment recorded under King County Recording No. 20000322000879 ("2000 Easement"). The 1999 Easement and the 2000 Easement are

COMPLAINT - 4
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1  collectively referred to as the "Easement."

2       12.    In 1999, the City of Redmond ("City") issued Comcast building permit

3  Building Permit No. B990523.

4       13.    On April 29, 2024, in connection with an ongoing dispute between Plaintiff

5  and Comcast, Comcast stated that Comcast built the hub site on Plaintiff's Property in

6  accordance with the requirements of Building Permit No. B990523:

7              Initial construction of the Redmond Secondary Hub Site was
               completed in 2000 in accordance with the Building Permit
8              issued under City of Redmond Permit No. B990523 (attached
9              hereto as Exhibit A).

10      14.    Comcast's April 29, 2024 representation was materially incorrect. Plaintiff

11  determined that Comcast failed to comply with Condition 17.1 of Comcast's building permit,

12  which required Comcast to construct an access road containing at least 20 feet of

13  unobstructed width:

14  17:  SITE ACCESS:

15  ACCEPTABLE FIRE APPARATUS ACCESS ROADS SHALL BE INSTALLED
    AND MAINTAINED SERVICEABLE BEFORE, DURING, AND AFTER
16  CONSTRUCTION. THESE ACCESS ROADS SHALL BE CAPABLE OF
    SUPPORTING THE IMPOSED LOAD OF THE APPARATUS, SHALL BE OF
17  AN ALL-WEATHER DESIGN, AND BE PROVIDED TO WITHIN 150 FEET
    OF ALL EXTERIOR WALLS OF THE FIRST FLOOR OF THE BUILDING.
18  THE DRIVING SURFACE SHALL TERMINATE WITHIN 50 FEET OF 25%
    OF THE EXTERIOR OF THE BUILDING (AT A MINIMUM). (UFC
19  902.2.1 AND UBC 902.2.2, RFD STDS 2.1).

20
    1. APPARATUS ACCESS ROADS SHALL HAVE A MINIMUM UNOBSTRUCTED
21  WIDTH OF 20 FEET. (UFC 902.2.2.1)

22  2. A MINIMUM VERTICAL CLEARANCE OF 13 FEET 6 INCHES SHALL
    BE PROVIDED FOR THE APPARATUS ACCESS ROADS. (UFC
23  902.2.2.1)

24

25      15.    For the first time on March 15, 2025, Comcast produced photographs

26  showing that it was Comcast who built the road on Plaintiff's Property in 2000 and it was

27  Comcast who created the unsafe condition on Plaintiff's Property:

COMPLAINT - 5
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070  Fax: (425) 646-3467

1

### AT&T Redmond Secondary Hub




Site Clearing & Construction

### AT&T Redmond Secondary Hub




Site Clearing & Construction

16.    In February 2024 and September 2021, Comcast surveyed parts of Plaintiff's

Property and those surveys confirmed that the substandard road Comcast built on Plaintiff's

Property has just 10.83 feet of unobstructed access width at its narrowest point:

COMPLAINT - 6
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

17.    Plaintiff learned for the first time on March 15, 2025 that Comcast had the

obligation to repair and replace the rockery and fencing that is causing the horizontal sight

obstructions within the sight distance triangle on or about Plaintiff's Property:



COMPLAINT - 7
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070  Fax: (425) 646-3467

1    18.    Until March 15, 2025, Comcast withheld those documents revealing the

2  safety risks from Plaintiff. All along, Comcast was aware of the safety risks that it created

3  and refused to do anything about it.

4    19.    Given the serious safety risks created by Comcast's substandard

5  construction, on April 2, 2025, Plaintiff notified Comcast's counsel, Rhys Farren, that

6  Comcast had created a serious safety risk by constructing and continuing to use a

7  substandard road with inadequate sight clearance. Comcast and Comcast's counsel never

8  addressed any of Plaintiff's permit related concerns. Plaintiff's counsel followed up on April

9  3, 2025 and Comcast and its counsel still never addressed any of Plaintiff's concerns.

10    20.    For the past 25 years, Comcast has been aware of the serious safety risks

11  associated with Comcast's substandard construction and Comcast has done nothing about it.

12    21.    On April 23, 2025, Plaintiff's counsel sent a letter to Comcast's counsel

13  demanding that Comcast cease using and occupying Plaintiff's Property until Comcast first

14  complies with the terms of its building permit.

15    22.    On April 24, 2025, Comcast responded to Plaintiff's April 23 letter by

16  alleging that the unsafe condition created by Comcast had existed for 25 years and that

17  Comcast was not going to do anything because it provides internet, television, telephone, and

18  "Enhanced 911" services to approximately 40,000 residential customers.

19    23.    Comcast's letter did not address the merits of Plaintiff's concerns of the

20  safety risks and affirmatively stated that Comcast would not comply with Plaintiff's demands

21  to cease using Plaintiff's Property without first complying with Comcast's building permit.

22    24.    Comcast has abjectly refused to comply with the terms of Comcast's permit

23  and Comcast's conduct continues to create a substantial safety risk, including the possibility

24  of serious physical injury or death.

25    25.    Comcast's substandard road creates a serious, imminent safety concern

26  because (i) Comcast constructed the road with no turning sight distance; (ii) the substandard

27  road Comcast constructed is perpendicular to a 4-lane, high volume thoroughfare that has an

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070  Fax: (425) 646-3467

1    average daily traffic of 32,400 vehicles per day ("VPD"), and (iii) and the volume of

2    Comcast trucks going in and out of Plaintiff's Property is significant and creates a serious

3    risk of collision given the high number of vehicles along Avondale Road NE.

4         26.    Even though Plaintiff informed Comcast that Comcast's substandard

5    construction created a serious safety risk that could result in serious physical injury or death,

6    Comcast refused to remediate the road.

7         27.    However, none of this is new to Comcast. Comcast had ***actual*** knowledge

8    that Comcast's building permit required a road with at least 20 feet in unobstructed width as

9    Comcast signed the building permit "certify[ing] that [it had] read and examined this

10   permit:"

11   **PLEASE READ AND SIGN**

     This permit becomes null and void if work or construction authorized is not commenced within 180 days, or if

12   construction work is suspended or abandoned for a period of 180 days at any time after work is commenced.

13   All applicable codes shall apply. Errors and/or omissions on plans are the sole responsibility of owner/contractor.
     Corrections required from field inspection shall be at owner/contractor's expense.

14   I hereby certify that I have read and examined this permit and know the same to be true and correct. All provisions
     of laws and ordinances governing this type of work will be complied with whether specified herein or not. The
     granting of a permit does not presume to give authority to violate or cancel the provisions of any other State or local

15   laws regulating construction or the performance of construction.

16   *BRIAN LEMON*                                    *3-15-00*
17   Print Name                                        Date

18   Signature of Owner or Authorized Agent

19        28.    There is no excuse for Comcast's non-compliance, nor is there any excuse

20   for why Comcast has not yet ceased using Plaintiff's Property despite Plaintiff apprising

21   Comcast of the risks and demanding that Comcast cease using and occupying Plaintiff's

22   Property until those safety risks are first resolved.

23        29.    Not only is Comcast's continued use of the substandard road on Plaintiff's

24   Property a serious risk and safety concern that Comcast refuses to do anything about, it is

25   also unlawful for Comcast to continue to use and occupy Plaintiff's Property in light of its

26   failure to construct improvements required by Comcast's permit.

27

COMPLAINT - 9
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070  Fax: (425) 646-3467

1    30.    The Redmond Municipal Code makes it unlawful for Comcast to continue to

2 use Plaintiff's Property and/or occupy a building on Plaintiff's Property when Comcast has

3 failed to fully comply with the terms of its building permit.

4    31.    Specifically, RMC 1.14.060(C)(3) provides that it is unlawful for Comcast

5 to "*conduct[] a use, conducting an activity, occupying land,* or dividing property *while*

6 *failing to install, maintain, repair, operate, reconstruct, or reinstall improvements required*

7 *by a permit including…any conditions imposed as part of the approval of such*

8 *documents*[.]" (emphasis added).

9    32.    RMC 1.14.060(C)(4) provides that it is unlawful for Comcast to not comply

10 with the terms of a permit: "*[f]ailing to comply with the terms of a permit or allowing a*

11 *regulated use or activity to be carried out or to occur on your property or property you*

12 *rent, lease, control, or occupy while failing to comply with the terms of a permit.*"

13    33.    RMC 1.14.060(C)(6) provides that it is unlawful for Comcast to continue to

14 occupy and/or use Plaintiff's Property when Comcast has not fully complied with the terms

15 of its building permit: "[e]recting, constructing, enlarging, intensifying, altering, repairing,

16 improving, converting, demolishing, equipping, *using, occupying, or maintaining any*

17 *building or structure in violation of a permit* or any provision listed in RMC 1.14.030.A,

18 Applicability. *Causing the same to be done in violation of a permit* or any provision listed

19 in RMC 1.14.030.A, Applicability. *Allowing the activities listed in this subsection to occur*

20 *on your property or property you rent, lease, control, or occupy…in violation of a*

21 *permit…*" (emphasis added).

22    34.    The RMC provides that occupancy or use of a property without complying

23 with the terms of a permit violates RMC 1.14.060(C)(3)-(4) and (6), and is considered a

24 nuisance by operation of RMC 1.01.110. *See* RMC 1.01.110 ("It is unlawful for any person

25 to violate any provisions or to fail to comply with any of the requirements of this Code….any

26 condition caused or permitted to exist in violation of any of the provisions of this Code, is a

27 public nuisance and all remedies given by law for the prevention and abatement of nuisances

COMPLAINT - 10
Case No. 2:25-cv-1553

1   shall apply thereto.")

2       35.    Comcast's conduct and substandard construction also constitutes a nuisance

3   in Washington, which RCW 7.48.120 defines as: *"[n]uisance consists in unlawfully doing*

4   *an act, or omitting to perform a duty, which act or omission either* annoys, *injures or*

5   *endangers the comfort, repose, health or safety of others,* offends decency, *or unlawfully*

6   *interferes with, obstructs or tends to obstruct, or render dangerous for passage...any*

7   *square, street or highway; or in any way renders other persons insecure in life, or in the*

8   *use of property.*" (emphasis added).

9       36.    Not only is the road that Comcast constructed narrower than it was required

10  to be under Comcast's building permit, Comcast had further obstructed the passageway by

11  parking on the road itself, obstructing Plaintiff and Plaintiff's guests, invitees, and Plaintiff's

12  tenants from accessing the Property and creating a safety and traffic hazard:



13

14

15

16

17

18

19

20

21

22

23

24

25

26      37.    As part of its marketing campaign touting its commitment to the Pacific

27  Northwest, Comcast claims that, "Comcast is deeply committed to Oregon and

COMPLAINT - 11
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1  Washington…We may be headquartered in Philadelphia, but we are an engaged, impactful

2  local company, and we care about what happens here."[1]

3      38.    Except when Comcast was informed of the serious safety risks on Plaintiff's

4  Property that Comcast created, Comcast flatly told Plaintiff that Comcast was not going to

5  rectify the safety risks Comcast created.

6      39.    Comcast's negligence has proximately caused injury to Plaintiff, including

7  by creating a dangerous situation on Plaintiff's Property that Comcast refuses to do anything

8  about. Comcast has flatly refused to correct the serious risk of physical injury or death that it

9  created on or about Plaintiff's Property. Such an abject defiance is inexcusable, especially

10  when Comcast is placing people's lives at risk.

11      40.    Comcast's substandard road abuts a four lane thoroughfare that sees

12  approximately 23 vehicles *per minute* (32,400 VPD). Where Comcast's substandard

13  construction can cause a collision resulting in serious injury or death, each passing minute

14  counts and Comcast has a heightened obligation to do something about the substandard road

15  that Comcast constructed.

16      41.    Where Comcast withheld its original building permit and photographs

17  showing its construction from Plaintiff until March 15, 2025, Comcast was aware of the risks

18  it created and failed to remediate those risks.

19  **B. Comcast Was Dishonest in its Permit Application with the City of Redmond**

20      42.    Had Comcast been truthful in its building permit application with the City of

21  Redmond, the City of Redmond would either have imposed further restrictions or never

22  issued Comcast a building permit for construction of its building on Plaintiff's Property.

23      43.    For example, on its building permit application, Comcast was asked about

24  the existing use of Plaintiff's Property, and Comcast selected "Multifamily":

25  
| Existing use: | ☐ Retail | ☐ Restaurant | ☒ Multi-family | ☐ Warehouse | ☐ Hospital |
|---|---|---|---|---|---|
| | ☐ Church | ☐ Manufacturing | ☐ Motel/Hotel | ☐ Office | |
| | ☐ School/College/University | | ☐ Other | | |

27  ----

[1] *See* https://washington.comcast.com/about/

COMPLAINT - 12
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

44. Plaintiff's Property has never been used as a multifamily property before.

45. Comcast made inaccurate representations regarding the existing use on Comcast's building permit application.

46. As another example, when Comcast was asked on its permit application if Comcast will be storing or using "flammable/ combustible hazardous material in the building," Comcast responded "No":

> Will there be storage or use of flammable/combustible hazardous material in the building? ☐ yes ☑ no
> Attach list of materials and storage location on separate 8 1/2 X 11 paper indicating quantities & Material Safety Data Sheets
>
> (Over)                                                                *B990523*
>
> O:\PCForms\Sierra\NCPERMIT                  Page 1                              9/4/98

47. Except Comcast stores and uses highly flammable and combustible hazardous materials, including, but not limited to, isopropanol, dimethylcarbinol, isopropyl alcohol, and other highly flammable solvents, cleaners, and fiber-optic epoxies.

48. For example, Comcast routinely uses isopropanol, including reagent grade isopropanol, to prepare fiber before and during its termination to connectors, among other tasks. Typically, reagent-grade isopropyl alcohol is used to remove dirt and oils from bare fiber. This type of alcohol—also called isopropanol—is not found at the corner drugstore but is a specialty item sold through fiber-optic and laboratory-equipment supply companies.

49. The National Oceanic and Atmospheric Administration ("NOAA") classifies isopropanol as a highly flammable and as a peroxidizable compound, stating in relevant part:

> HIGHLY FLAMMABLE: Will be easily ignited by heat, sparks or flames. Vapors may form explosive mixtures with air. Vapors may travel to source of ignition and flash back. Most vapors are heavier than air. They will spread along the ground and collect in low or confined areas (sewers, basements, tanks, etc.). Vapor explosion hazard indoors, outdoors or in sewers. Those substances designated with a (P) may polymerize explosively when heated or involved in a fire. Runoff to sewer may create fire or explosion hazard. Containers may explode when heated. Many liquids will float on water. (ERG, 2024)

COMPLAINT - 13
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070  Fax: (425) 646-3467

50.    NOAA also classifies isopropanol as a highly combustible material, stating:

ISOPROPANOL reacts with air or oxygen to form dangerously unstable peroxides. Contact with 2-butanone increases the rate of peroxide formation. An explosive reaction occurs when it is heated with (aluminum isopropoxide + crotonaldehyde). Forms explosive mixtures with trinitromethane and hydrogen peroxide. Reacts with barium perchlorate to form a highly explosive compound. Ignites on contact with dioxygenyl tetrafluoroborate, chromium trioxide and potassium-tert-butoxide. Vigorous reactions occur with (hydrogen + palladium), nitroform, oleum, COCl2, aluminum triisopropoxide and oxidizing agents. Reacts explosively with phosgene in the presence of iron salts. Incompatible with acids, acid anhydrides, halogens and aluminum (NTP, 1992). Isopropanol can react with PCl3, forming toxic HCl gas.

51.    The International Chemistry Safety Card for isopropyl alcohol states that isopropyl alcohol is a highly flammable solution that has a high risk of fire and explosion:

| | ACUTE HAZARDS |
|---|---|
| **FIRE & EXPLOSION** | Highly flammable. Vapour/air mixtures are explosive. Risk of explosion on contact with strong oxidants. |

52.    Despite using highly flammable materials in and around Comcast's building, Comcast also stores multiple, highly explosive propane tanks connected by an ignition switch in close proximity—severely increasing the likelihood of an explosion:



COMPLAINT - 14
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

53.    Doing so drastically increases the significant risk of fire and damage to Plaintiff's other tenants and nearby occupants as the storage of highly-flammable tanks in close proximity to highly inflammable materials used and stored by Comcast creates a serious safety risk.

54.    On permit applications, the value of a construction is generally used to determine permit fees owed to an agency.

55.    As another example of Comcast's misrepresentations, Comcast stated on its building permit application that the value of the construction on Plaintiff's Property was just $50,000 in 1999:

## New Commercial/Addition/Multi-Family Permit Application

*Application and plans must be complete in order to be accepted for plan review.*
*Applications will not be accepted through the mail or facsimile.*

| Project Name/Tenant: | Value of Construction: |
|---|---|
| TCI Redmond Secondary Hub | $50,000 |

56.    In actuality, internal documents show that at the time Comcast submitted the permit application to the City of Redmond, Comcast estimated the value of Comcast's construction on Plaintiff's Property to be nearly ***three and a half times*** higher than what it represented to the City of Redmond to be:

### AT&T Broadband

#### Regional Upgrade

TITLE: Redmond Funding Summary

Contractor: New Horizons Telecom.

| DATED | DESCRIPTION | AT&T PO# 311474 | AT&T PO# 321107 | AT&T PO# phone trench | AT&T PO# misc. outstanding | Sales Tax | | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | **AUTHORIZED** | | | | | | | |
| 3/27/00 | Facilities bid | $116,325.00 | | | | $10,003.95 | | $126,328.95 |
| 4/28/00 | Hub outfitting bid | | $27,672.00 | | | $2,379.79 | | $30,051.79 |
| 5/15/00 | Phone trench | | | $10,000.00 | | $860.00 | | $10,860.00 |
| | | | | | | $0.00 | | $0.00 |
| | Subtotal (A) | $116,325.00 | $27,672.00 | $10,000.00 | $0.00 | $13,243.74 | | $167,240.74 |
| | **COMMITTED** | | | | | | | |
| 3/27/00 | Facilities bid | $116,325.00 | | | | $10,003.95 | | $126,328.95 |
| 4/10/00 | Credit for vaults | ($7,350.00) | | | | ($632.10) | | ($7,982.10) |
| 4/17/00 | Hub setting CO | | | | $11,053.00 | $950.56 | | $12,003.56 |
| 4/25/00 | Misc. hub outfitting changes | | | | $2,058.00 | $176.99 | | $2,234.99 |
| 4/26/00 | Credit for crane | ($3,956.00) | | | | ($340.22) | | ($4,296.22) |
| 4/27/00 | 42 circuit panel change | | | | $1,209.00 | $103.97 | | $1,312.97 |
| 4/28/00 | Hub outfitting bid | | $27,672.00 | | | $2,379.79 | | $30,051.79 |
| 5/1/00 | Phone trenching | | | void -$3,170.00 | | $0.00 | | $0.00 |
| 5/12/00 | Phone trenching | | | $10,000.00 | | $860.00 | | $10,860.00 |
| 7/27/00 | Credit for weed fabric | ($125.00) | | | | ($10.75) | | ($135.75) |
| | Subtotal (B) | $104,894.00 | $27,672.00 | $10,000.00 | $14,320.00 | $13,492.20 | | $170,378.20 |

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

57.     Comcast had not only an obligation to be truthful in its permit submittal with the City of Redmond, Comcast had an obligation to conduct its activities in a safe manner without creating a fire risk or hazard.

### C. Comcast Damaged Plaintiff's Property by Causing Plaintiff to Be Burdened by Property Taxes Associated With Comcast's Building

58.     Through its acts and omissions hereunder, Comcast has damaged Plaintiff's Property in a number of ways.

59.     Comcast damaged Plaintiff's Property when Comcast caused the levy of property taxes as a result of a building Comcast built on Plaintiff's Property.

60.     Comcast built a building on Plaintiff's Property, and as a result, Comcast caused property taxes associated with Comcast's improvements to be levied against Plaintiff's Property. Comcast damaged Plaintiff's Property when it caused the imposition of property taxes as a result of the building Comcast built on Plaintiff's Property—a building that only Comcast occupies and uses, along with other unauthorized occupants.

61.     Comcast refuses to pay property taxes associated with a building Comcast built on Plaintiff's Property. Plaintiff paid those property taxes and now Comcast refuses to pay Plaintiff for those property taxes associated with the building Comcast built.

62.     It does not matter that Comcast built its building on Plaintiff's Property pursuant to the Easement. What matters here is that Comcast had an independent duty to avoid causing damage to Plaintiff's Property and Comcast breached that independent duty when Comcast caused damage to Plaintiff's Property in the form of having property taxes levied against Plaintiff's Property stemming from Comcast's use of Plaintiff's Property.

63.     Comcast's Easement with Plaintiff does not alleviate Comcast's independent duty to refrain from causing damages to Plaintiff's Property.

64.     Simply because Comcast purportedly has an easement over Plaintiff's Property does not mean that Comcast can damage Plaintiff's Property by making Plaintiff responsible for the property taxes associated with *Comcast's* building.

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

65.    Simply put, Comcast built a building on Plaintiff's Property and then refused to pay property taxes associated with Comcast's building, a building that only Comcast and certain unauthorized occupants use.

66.    Since Comcast has failed to timely pay for Comcast's share of the property taxes, Plaintiff is entitled prejudgment interest at 12% per annum as Comcast's prior tax obligation is a sum certain and can be easily ascertained through computation.

67.    To date, Comcast owes Plaintiff over $103,219.05 for past property taxes associated with Comcast's building, which Comcast has unjustifiably failed to pay. Comcast's share of property taxes are calculated at 65% of Plaintiff's total tax obligation:

| Plaintiff's Past Property Tax Damages | | | | | March 26, 2025 | |
|---|---|---|---|---|---|---|
| Tax Year | Total Property Tax | | Comcast's Past Property Tax Obligations | | Comcast's Interest Allocation | |
| 2015 | $ | 7,059.82 | $ | 4,588.88 | $ | 5,729.94 |
| 2016 | $ | 7,313.21 | $ | 4,753.59 | $ | 5,365.17 |
| 2017 | $ | 7,532.65 | $ | 4,896.22 | $ | 4,937.00 |
| 2018 | $ | 8,620.55 | $ | 5,603.36 | $ | 4,977.62 |
| 2019 | $ | 8,398.79 | $ | 5,459.21 | $ | 4,194.47 |
| 2020 | $ | 9,695.83 | $ | 6,302.29 | $ | 4,085.96 |
| 2021 | $ | 8,638.14 | $ | 5,614.79 | $ | 2,964.61 |
| 2022 | $ | 9,358.43 | $ | 6,082.98 | $ | 2,481.86 |
| 2023 | $ | 11,425.69 | $ | 7,426.70 | $ | 2,138.89 |
| 2024 | $ | 10,268.60 | $ | 6,674.59 | $ | 1,121.33 |
| 2025 | $ | 11,482.74 | $ | 7,463.78 | $ | 355.81 |
| **Total** | **$** | **99,794.45** | **$** | **64,866.39** | **$** | **38,352.66** |
| **Comcast's Past Property Tax Obligations** | | | | | **$ 103,219.05** | |

68.    The $103,219.05 in past property taxes are singular damages. RCW 4.24.630(1) provides for treble damages, which means that Plaintiff's damages as a result of Comcast's failure to timely pay for past property tax obligations is $309,657.15. Although a sizable figure, that pales in comparison to the future property tax damages Comcast has caused Plaintiff.

COMPLAINT - 17
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

69. Evidently, Comcast plans on occupying Plaintiff's Property in the future, which means that the property tax obligation associated with Comcast's building will continue to create new damages for Plaintiff well into the foreseeable future.

70. Plaintiff's future damages are not speculative, theoretical, or merely a guess. Plaintiff's future damages are real, measurable, and as a direct result of Comcast's decision to build a building on Plaintiff's Property.

71. Plaintiff's total property tax in 2024 was $10,268.60. In 2025, Plaintiff's total tax was $11,482.74. The change between 2024 and 2025 represents a 10.57% increase on an annual basis. The rise of property tax in some prior years were even greater. For example, between 2017 and 2018, the total property tax of Plaintiff's Property rose 12.62% on an annual basis. Between 2019 and 2020, that increase was 13.38%. And between 2022 and 2023, that increase was 18.09%. Future property taxes are likely to continue to increase with the same trend.

72. Assuming that the damages caused by Comcast's future property taxes are approximated using a modeling analysis over a 50 year period, which represents the foreseeable future, and assuming that future property taxes rise on average of 7.5% per year, between 2026 and 2075, Plaintiff's total property tax obligation is estimated to be $5,956,323.37. Of that total property tax obligation over a 50 year period, Comcast is responsible for paying Plaintiff 65%, which equates to $3,871,610.19:

| Plaintiff's Future Property Tax Damages | | March 26, 2025 |
|---|---|---|
| Tax Year | Total Property Tax | Comcast's Future Property Tax Obligations |
| 2026 | $ 12,343.95 | $ 8,023.56 |
| 2027 | $ 13,269.74 | $ 8,625.33 |
| 2028 | $ 14,264.97 | $ 9,272.23 |
| 2029 | $ 15,334.84 | $ 9,967.65 |
| 2030 | $ 16,484.96 | $ 10,715.22 |
| 2031 | $ 17,721.33 | $ 11,518.86 |
| 2032 | $ 19,050.43 | $ 12,382.78 |
| 2033 | $ 20,479.21 | $ 13,311.49 |
| 2034 | $ 22,015.15 | $ 14,309.85 |

COMPLAINT - 18
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

| | | | | |
|---|---|---|---|---|
| 1 | 2035 | $ | 23,666.29 | $ | 15,383.09 |
| 2 | 2036 | $ | 25,441.26 | $ | 16,536.82 |
| | 2037 | $ | 27,349.36 | $ | 17,777.08 |
| 3 | 2038 | $ | 29,400.56 | $ | 19,110.36 |
| | 2039 | $ | 31,605.60 | $ | 20,543.64 |
| 4 | 2040 | $ | 33,976.02 | $ | 22,084.41 |
| 5 | 2041 | $ | 36,524.22 | $ | 23,740.74 |
| | 2042 | $ | 39,263.54 | $ | 25,521.30 |
| 6 | 2043 | $ | 42,208.30 | $ | 27,435.40 |
| | 2044 | $ | 45,373.93 | $ | 29,493.05 |
| 7 | 2045 | $ | 48,776.97 | $ | 31,705.03 |
| 8 | 2046 | $ | 52,435.24 | $ | 34,082.91 |
| | 2047 | $ | 56,367.89 | $ | 36,639.13 |
| 9 | 2048 | $ | 60,595.48 | $ | 39,387.06 |
| 10 | 2049 | $ | 65,140.14 | $ | 42,341.09 |
| | 2050 | $ | 70,025.65 | $ | 45,516.67 |
| 11 | 2051 | $ | 75,277.57 | $ | 48,930.42 |
| 12 | 2052 | $ | 80,923.39 | $ | 52,600.20 |
| | 2053 | $ | 86,992.64 | $ | 56,545.22 |
| 13 | 2054 | $ | 93,517.09 | $ | 60,786.11 |
| | 2055 | $ | 100,530.87 | $ | 65,345.07 |
| 14 | 2056 | $ | 108,070.69 | $ | 70,245.95 |
| 15 | 2057 | $ | 116,175.99 | $ | 75,514.39 |
| | 2058 | $ | 124,889.19 | $ | 81,177.97 |
| 16 | 2059 | $ | 134,255.88 | $ | 87,266.32 |
| | 2060 | $ | 144,325.07 | $ | 93,811.30 |
| 17 | 2061 | $ | 155,149.45 | $ | 100,847.14 |
| 18 | 2062 | $ | 166,785.66 | $ | 108,410.68 |
| | 2063 | $ | 179,294.58 | $ | 116,541.48 |
| 19 | 2064 | $ | 192,741.68 | $ | 125,282.09 |
| 20 | 2065 | $ | 207,197.30 | $ | 134,678.25 |
| | 2066 | $ | 222,737.10 | $ | 144,779.12 |
| 21 | 2067 | $ | 239,442.39 | $ | 155,637.55 |
| 22 | 2068 | $ | 257,400.56 | $ | 167,310.37 |
| | 2069 | $ | 276,705.61 | $ | 179,858.64 |
| 23 | 2070 | $ | 297,458.53 | $ | 193,348.04 |
| | 2071 | $ | 319,767.92 | $ | 207,849.15 |
| 24 | 2072 | $ | 343,750.51 | $ | 223,437.83 |
| 25 | 2073 | $ | 369,531.80 | $ | 240,195.67 |
| | 2074 | $ | 397,246.68 | $ | 258,210.34 |
| 26 | 2075 | $ | 427,040.18 | $ | 277,576.12 |
| 27 | **Total** | $ | **5,956,323.37** | $ | **3,871,610.19** |

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070  Fax: (425) 646-3467

73. The $3,871,610.19 in future property taxes are singular damages. RCW 4.24.630(1) provides for treble damages, which means that Plaintiff's damages as a result of property taxes Comcast caused to be levied on Plaintiff's Property in the future is $11,614,830.57:

**RCW 4.24.630(1) Damages Trebling**

| Plaintiff's Singular Damages | Amount | |
|---|---|---|
| Plaintiff's Past Property Tax Damages | $ | 103,219 |
| Plaintiff's Future Property Tax Damages | $ | 3,871,610 |
| **Total** | **$** | **3,974,829** |

| Plaintiff's Treble Damages | Amount | |
|---|---|---|
| Plaintiff's Past Property Tax Damages | $ | 309,657 |
| Plaintiff's Future Property Tax Damages | $ | 11,614,831 |
| **Total** | **$** | **11,924,488** |

74. Comcast failed to reimburse Plaintiff for damages sustained to Plaintiff's Property, including by way of Comcast's failure to pay for property taxes associated with a building it built on Plaintiff's Property.

75. If Comcast no longer continues to occupy a building on Plaintiff's Property, then Plaintiff would not seek a reimbursement of property taxes from that point forward. But because it is presently unclear if Comcast plans on occupying Plaintiff's Property longer than 50 years, Plaintiff's current damages are modeled using a 50 year analysis that is subject to revision. In any event, Plaintiff does not seek a reimbursement of property taxes greater than Comcast's actual occupancy of Plaintiff's Property.

76. The damages amounts referred to in this Complaint are as of the dates listed in the corresponding table and these amounts will be updated accordingly at a later time.

**D. Comcast Breached the Easement by Allowing Unauthorized Third Parties to Physically Use Plaintiff's Property Without First Obtaining Permission From Plaintiff or Providing Compensation to Plaintiff**

77. Through its acts and omissions hereunder, Comcast has caused damage to Plaintiff in a number of ways. One of the ways Comcast has caused damages to Plaintiff is by breaching the Easement by allowing various third parties to physically use the Property.

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

78.     The Easement provides that certain parties are prohibited from using Plaintiff's Property for any purpose unless Comcast first obtains Plaintiff's permission and provides reasonable compensation to Plaintiff. Section 4 of the Easement requires Comcast to pay Plaintiff a reasonable compensation for use of Plaintiff's Property by a party other than Comcast, Comcast's affiliate companies, or Comcast's successors:

> 4.    **Assignment.**   Grantee may assign this Easement Agreement to any entity or individual.   No additional consent to such assignment is required from Grantors other than the execution of this Agreement. This does not constitute consent to nor authorize Grantee to allow other parties to use the Property for any purpose.  Any use of the Property by a party other than Grantee, its affiliate companies or its successor must be approved by Grantors, which approval shall not be unreasonably withheld, provided, that Grantors may require reasonable compensation for such approval.

79.     The Easement requires that "[a]ny use of the Property by a party other than [Comcast, Comcast's affiliate companies, or Comcast's successors] must be approved by [Plaintiff], which approval shall not be unreasonably withheld, provided that Grantors may require reasonable compensation for such approval."

80.     Comcast allowed King County and LWSD to physically use Plaintiff's Property without first seeking Plaintiff's approval and without first paying Plaintiff compensation, including by allowing King County and LWSD to set up various physical apparatuses, rack space, and machines, including those referred to as equipment, machines, transmitters, instruments, devices, routers, switches, modems, servers, switches, switchboards, antennas, transmission systems, wires, cables, and other apparatuses on Plaintiff's Property in violation of the Easement.

81.     Under the Easement, Comcast had no right to allow King County and/or LWSD to physically use Plaintiff's Property without first procuring Plaintiff's permission and without first paying Plaintiff reasonable compensation.

82.     Unbeknownst to Plaintiff, Comcast allowed King County/LWSD and/or other third parties to physically use Plaintiff's property going back decades. But the full extent of such impermissible use is not known to Plaintiff.

COMPLAINT - 21
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

83. Comcast currently allows King County to use Plaintiff's Property.

84. Comcast has also allowed LWSD to place equipment on Plaintiff's Property.

85. The full extent of Comcast's impermissible use is not known at this time because Comcast refused to allow Plaintiff access to the interior of the Comcast building on Plaintiff's Property and refuses to produce records relating to the extent of the use. That inhibits Plaintiff's ability to ascertain the full extent of King County, LWSD and/or other third parties' physical use Plaintiff's Property.

86. Comcast never sought approval from Plaintiff for King County and/or LWSD's physical use of Plaintiff's Property nor did Comcast ever pay any compensation to Plaintiff for King County and/or LWSD's use of Plaintiff's Property in violation of the Easement.

87. Despite the lack of approval, Comcast allowed various third parties to physically use Plaintiff's property, including King County and/or LWSD.

88. For example, below is a photograph of one of King County's ADVA servers and switches on Plaintiff's Property as shown by the "Property of King County" labels:



COMPLAINT - 22
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070  Fax: (425) 646-3467

89.     Below is another example of various King County switches and panels on

Plaintiff's Property with various "Property of King County" labels on them, including King

County INET Panels 4 and 5:



90.     Comcast had no right to allow King County and/or LWSD to physically use

Plaintiff's Property, including setting up switches and other equipment inside the Comcast

building on Plaintiff's Property without first seeking Plaintiff's approval and without first

COMPLAINT - 23
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1    paying Plaintiff compensation.

2          91.     The entire system shown below is another example of several King County

3    switches and networking equipment physically located on Plaintiff's Property:



COMPLAINT - 24
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070  Fax: (425) 646-3467

1    92.    On other parts of Plaintiff's Property, Comcast allowed King County to use

2    various fiber termination panels that are roughly the size of a large fridge:



3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

COMPLAINT - 25
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070  Fax: (425) 646-3467

93.    A closer examination of the fiber termination panels shown above reveals that Comcast allowed King County to physically use Plaintiff's Property by allowing King County to set up various wires, cables, and other connections for the King County INET system using Plaintiff's Property:



94.    Zooming into the previous photograph reveals various "KCINET" labels including, the "KCINET 1165" and "KCINET 2024" labels as well as various wires and conduits labeled "INETWORK" and "INET-2":

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467



95.    Photographs showing the installation of older equipment inside the Comcast building on Plaintiff's property reveals that Comcast has allowed King County/LWSD and/or other third parties to physically use Plaintiff's Property for decades.

96.    For example, Comcast has impermissibly allowed King County and/or LWSD to install various networking equipment, switches, servers, and other physical apparatuses on Plaintiff's Property in violation of the Easement, including a Cisco Catalyst 3550 and a Cisco Catalyst 6503.

COMPLAINT - 27
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

97.    This is another example of King County servers and switches on Plaintiff's Property, as shown by the "Property of King County" labels highlighted in red:



98.    Although the previous image shows several labels of "Property of King County" on them, the systems were actually owned by King County but installed and used by LWSD pursuant to an agreement King County made with LWSD.

COMPLAINT - 28
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1    99.    The following image shows various equipment installed on Plaintiff's

2  Property that was used by LWSD, including a Marconi TNX-210, a Cisco Catalyst 3550, and

3  a Cisco RPS 300:



4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

COMPLAINT - 29
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

100.  Comcast never informed Plaintiff that it was allowing King County and LWSD to physically use Plaintiff's Property for years without Plaintiff's approval.

101.  Comcast concealed the impermissible, uncompensated third-party use of Plaintiff's Property that was occurring inside Comcast's building.

102.  In exchange for allowing King County to physically use Plaintiff's Property, Comcast received an economic benefit from King County, including in the form of an approval of its Franchise Agreement with King County.

103.  Comcast also leases a fiber optic wire to King County.

104.  King County's own trucks have also traversed over Plaintiff's Property several times to use the King County facilities inside the Comcast building on Plaintiff's Property.

105.  Plaintiff's damages expert estimates that between the years 2000 and 2024, the amount of rent Plaintiff is entitled to stemming from King County's unauthorized use of Plaintiff's Property is at least $2,644,273, averaging approximately $9,181.5/month for 288 months:

### Breach of Contract Rental Damages Analysis

December 18, 2024

| No. | Competitor | Type/Size | City | Monthly Rent | Offers Private Suites/Cages | Suite Size Range |
|---|---|---|---|---|---|---|
| 1 | Stealthy Hosting | 42U Full Cabinet | Tukwila | $ 1,474 | Yes | 500-5000 SF |
| 2 | H5 Data Centers | 42U Full Cabinet | Seattle | $ 2,295 | Yes | 500-5000 SF |
| 3 | ColoCrossing | 42U Full Cabinet | Seattle | $ 1,999 | Yes | 500-5000 SF |
| 4 | Coloinseattle | 42U Full Cabinet | Tukwila | $ 2,315 | Yes | 500-5000 SF |
| 5 | Colocation Northwest | 42U Full Cabinet | Redmond | $ 2,125 | Yes | 500-5000 SF |
| | Average | | | $ 2,042 | | |

| | |
|---|---|
| Average Rent Per 42 Full Cabinet / Per Month | $ 2,042 |
| King County's No. of 42 Full Cabinet Spaces | 5 |
| Estimated Monthly Rent | $ 10,208 |
| Private Suite/Cage Premium Factor | 35% |
| Monthly Rent for Five 42 Full Cabinets With Private Access | $ 13,781 |

**Rent Analysis for Breach of Contract Claim**

| Year | Monthly Rent | Annual Rent | | Year | Monthly Rent | Annual Rent |
|---|---|---|---|---|---|---|
| 2000 | $ 5,173 | $ 62,082 | | 2014 | $ 9,162 | $ 109,943 |
| 2001 | $ 5,389 | $ 64,669 | | 2015 | $ 9,544 | $ 114,524 |
| 2002 | $ 5,614 | $ 67,363 | | 2016 | $ 9,941 | $ 119,296 |
| 2003 | $ 5,848 | $ 70,170 | | 2017 | $ 10,356 | $ 124,267 |
| 2004 | $ 6,091 | $ 73,094 | | 2018 | $ 10,787 | $ 129,444 |
| 2005 | $ 6,345 | $ 76,139 | | 2019 | $ 11,236 | $ 134,838 |
| 2006 | $ 6,609 | $ 79,312 | | 2020 | $ 11,705 | $ 140,456 |
| 2007 | $ 6,885 | $ 82,616 | | 2021 | $ 12,192 | $ 146,308 |
| 2008 | $ 7,172 | $ 86,059 | | 2022 | $ 12,700 | $ 152,405 |
| 2009 | $ 7,470 | $ 89,645 | | 2023 | $ 13,230 | $ 158,755 |
| 2010 | $ 7,782 | $ 93,380 | | 2024 | $ 13,781 | $ 165,370 |
| 2011 | $ 8,106 | $ 97,271 | | Total | -- | $ 1,495,605 |
| 2012 | $ 8,444 | $ 101,324 | | Total Rent for Physical Use | $ 2,644,273 |
| 2013 | $ 8,795 | $ 105,545 | | | | |
| Total | -- | $ 1,148,668 | | | | Page 8 |

COMPLAINT - 30
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070  Fax: (425) 646-3467

106.     Plaintiff's damages expert's estimate does not include rent owed to Plaintiff for LWSD's unauthorized use of Plaintiff's Property.

107.     Another way Comcast violated the Easement is that it used SEFNCO, either as an agent for Comcast or as an agent for T-Mobile, to set up cellular backhaul equipment on Plaintiff's Property for the transmission of cellular backhaul for the benefit of T-Mobile.

108.     Either as part of the work that SEFNCO did for Comcast or as part of the work SEFNCO did for T-Mobile, SEFNCO set up telecommunications facilities as defined in RCW 53.08.005 on Plaintiff's Property for the benefit of Comcast or T-Mobile.

109.     SEFNCO assisted Comcast in allowing third-party use of Plaintiff's Property, including for cellular backhaul for T-Mobile.

110.     Comcast or T-Mobile provided SEFNCO compensation for allowing such unauthorized third-party use of Plaintiff's Property, including by providing compensation to SEFNCO for providing certifications for T-Mobile's cellular backhaul systems.

111.     It was unjust for Comcast to pay SEFNCO to facilitate such impermissible third-party use when such third-party use was prohibited by the terms of the Easement.

112.     Unbeknownst to Plaintiff until recently, over the years, SEFNCO performed substantial work at Plaintiff's Property in facilitating T-Mobile's unauthorized third-party use in violation of the Easement.

113.     SEFNCO was aware, or reasonably should have been aware, that it would be impermissible for SEFNCO to collect compensation from Comcast and/or T-Mobile for working on Plaintiff's Property as Comcast and/or T-Mobile had not obtained permission from Plaintiff and had not provided Plaintiff with compensation pursuant to the Easement.

## IV.    FIRST CAUSE OF ACTION: DECLARATORY RELIEF

114.     Plaintiff realleges and incorporates by reference the allegations of each of the proceeding paragraphs as though fully set forth herein.

115.     Pursuant to 28 U.S. Code §§ 2201-2202 and Rule 57, Plaintiff is entitled to a declaratory judgment from this Court declaring that the road Comcast built is a nuisance and

COMPLAINT - 31
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070  Fax: (425) 646-3467

1  has created a safety risk that requires its immediate abatement.

2      116.    Pursuant to 28 U.S. Code §§ 2201-2202 and Rule 57, Plaintiff is entitled to a

3  declaratory judgment in this action declaring that Comcast breached its obligations to

4  Plaintiff under the Easement when it allowed other third-parties to physically use Plaintiff's

5  property, including King County and/or LWSD.

6      117.    Pursuant to 28 U.S. Code §§ 2201-2202 and Rule 57, Plaintiff is also

7  entitled to a declaratory judgment in this action declaring that Comcast's failure to pay for

8  property taxes associated with Comcast's building on Plaintiff's property is unlawful and that

9  Plaintiff is entitled to a refund of those taxes paid as a result of Comcast's building and

10  Plaintiff is entitled to a restitution of future taxes associated with Comcast's building.

11      118.    Pursuant to 28 U.S. Code §§ 2201-2202 and Rule 57, Plaintiff is entitled to a

12  declaratory judgment that Comcast breached its obligations to Plaintiff under 47 U.S. Code §

13  541(a)(2) and caused damages to Plaintiff.

14      119.    Pursuant to 28 U.S. Code §§ 2201-2202 and Rule 57, Plaintiff is entitled to a

15  declaratory judgment that Comcast caused damages to Plaintiff and breached its obligations

16  to Plaintiff under the Redmond Municipal Code, including, but not limited to, RMC

17  1.14.060(C)(3)-(4) and (6), RMC 1.01.110, RMC 5.60.230(E), RMC 5.60.460, RMC

18  12.14.510, RMC 12.14.750, and RMC 12.14.820.

19      120.    Plaintiff is entitled to a declaratory judgment declaring that Comcast created

20  a safety risk on Plaintiff's property and refused to do anything about it.

21      121.    Pursuant to the Declaratory Judgments Act, Plaintiff is entitled to a

22  Declaratory Judgment as set forth above, together with any such further relief as Plaintiff

23  may be entitled to.

24  **V.    SECOND CAUSE OF ACTION: VIOLATION OF RMC 5.60.230(E)**

25      122.    Plaintiff realleges and incorporates by reference the allegations of each of

26  the proceeding paragraphs as though fully set forth herein.

27

COMPLAINT - 32
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

123. Comcast is required to immediately cease its unlawful conduct, including under telecommunications statutes.

124. Comcast is a telecommunications company subject to regulation under Title 5 of the Redmond Municipal Code as Comcast is a "Cable operator" as defined under RMC 5.60.020, and because Comcast is a "Grantee", as defined under RMC 5.60.020, because Comcast provides "Cable services" pursuant to a franchise agreement with the City of Redmond, as defined under RMC 5.60.020.

125. RMC 5.60.20(G) defines "Cable Act" as "the Cable Communications Policy Act of 1984, as amended by the Cable Television Consumer Protection and Competition Act of 1992, and the Telecommunications Act of 1996, and any amendments thereto."

126. RMC 5.60.230(E) provides:

> ***Any damage caused to*** the rights-of-way or public ***or private property by grantee or those performing work on a grantee's behalf shall be promptly repaired or replaced by grantee to the satisfaction of the property owner*** or to the City.

(emphasis added).

127. Plaintiff owns private property that comes within the meaning of RMC 5.60.230(E).

128. Comcast's failure to immediately cease using Plaintiff's Property until Comcast first obtains compliance with the terms of its building permit violates RMC 5.60.230(E).

129. Under RMC 5.60.230(E), Comcast is required to ***promptly*** repair or replace any damage to Plaintiff's Property "***to the satisfaction of the property owner***."

130. It is reasonable for Plaintiff to require Comcast to cease using and occupying Plaintiff's Property until Comcast first complies with the terms of its building permit.

131. Plaintiff has sent Comcast a demand to remediate its damages to Plaintiff's property pursuant to RMC 5.60.230(E), including (i) abatement of the substandard road Comcast built on Plaintiff's Property, (ii) reimbursement of any damages caused by of the

COMPLAINT - 33
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1  substandard road Comcast built on Plaintiff's Property, (iii) reimbursement of Plaintiff's

2  payment of past property taxes associated with Comcast's building on Plaintiff's Property,

3  and (iv) reimbursement of future property taxes associated with Comcast's building on

4  Plaintiff's Property.

5      132.    Comcast has refused to remediate Plaintiff's damages pursuant to RMC

6  5.60.230(E).

7      133.    Plaintiff owns the Property and has the right to be free from Comcast's

8  damages.

9      134.    Comcast's refusal to comply with RMC 5.60.230(E) relating to damage to

10  private property entitles Plaintiff to judicial enforcement of RMC 5.60.230(E).

11     135.    Plaintiff has demanded Comcast to cease using its Property until Comcast

12  first remediates its damages, Comcast has refused.

13     136.    Comcast's failure to immediately cease using Plaintiff's Property until

14  Comcast first obtains compliance with the terms of its building permit violates RMC

15  5.60.230(E).

16     137.    Under RMC 5.60.230(E), Comcast was required to ***promptly*** repair or

17  replace any damage to Plaintiff's Property "***to the satisfaction of the property owner***." It is

18  reasonable for Plaintiff to require Comcast to cease using and occupying Plaintiff's Property

19  until Comcast first complies with the terms of its building permit.

20     138.    Pursuant to RMC 5.60.230(E), Plaintiff is entitled to restitution,

21  reimbursement, and an order compelling compliance with RMC 5.60.230(E).

22     139.    Pursuant to RMC 5.60.230(E), Plaintiff is entitled to an Order requiring

23  Comcast to remediate the damages Comcast caused to Plaintiff's Property.

24     140.    Under RMC 5.60.230(E), Comcast had a reciprocal obligation originating

25  under 47 U.S. Code § 541(a) that Comcast failed to fulfill.

26     141.    RMC 5.60.460 specifically requires Comcast to comply with all federal

27  laws, including those requiring Comcast to pay compensation to Plaintiff for "any damages

COMPLAINT - 34
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1  caused by the installation, construction, operation, or removal of such facilities" as set forth

2  under 47 U.S. Code § 541(a): "Each grantee shall comply with all applicable laws and

3  regulations of the state and federal government or any administrative agencies thereof."

4      142.  Comcast's violation of Title 5 of the Redmond Municipal Code, including,

5  RMC 5.60.460 and RMC 5.60.230(E), is an additional violation of 47 U.S. Code § 541(a)(2).

6      143.  Plaintiff is entitled to damages in an amount to be proven at trial for

7  Comcast's violation of RMC 5.60.230(E).

8  **VI.    THIRD CAUSE OF ACTION: VIOLATION OF RMC 12.14.510**

9      144.  Plaintiff realleges and incorporates by reference the allegations of each of

10  the proceeding paragraphs as though fully set forth herein.

11      145.  Comcast is required to immediately cease its unlawful conduct, including

12  under telecommunications statutes.

13      146.  Comcast is also subject to regulation under Title 12 of the Redmond

14  Municipal Code as Comcast is a "Telecommunications provider" as defined under RMC

15  12.14.020 and because Comcast is a "Grantee", as defined under RMC 12.14.020, under

16  various rights-of-way permits relating to Plaintiff's Property.

17      147.  RMC 12.14.020 defines "Cable Act" as "the Cable Communications Policy

18  Act of 1984, the Cable Television Consumer Protection and Competition Act of 1992, and

19  the Telecommunications Act of 1996, as now existing or hereafter amended."

20      148.  RMC 12.14.510 provides:

21          ***No Grantee or other Person shall take any action or***
   ***permit any action to be done which <u>may</u> impair or***

22  ***damage any City property, public ways, other ways***
   ***or other property, <u>whether publicly or privately</u>***

23  ***<u>owned, located in, on or adjacent thereto.</u>***

24  (emphasis added).

25      149.  Plaintiff owns private property that comes within the meaning of RMC

26  12.14.020.

27

COMPLAINT - 35
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070  Fax: (425) 646-3467

150.    At the very least, (i) Comcast's decision to construct a substandard road and (ii) Comcast's continued failure to comply with a building permit condition requiring the construction of a road with a minimum of 20 feet "*may impair or damage* any City property, *public ways*, other ways or *other property*, whether publicly *or privately owned*, located *in, on or adjacent thereto*" given that Comcast's substandard road abuts a high volume thoroughfare seeing 32,400 vehicles per day.

151.    At the very least, Comcast's decision to construct a building on Plaintiff's Property and cause the imposition of property taxes associated with that building "*may impair or damage* any City property, *public ways*, other ways or *other property*, whether publicly *or privately owned*, located *in, on or adjacent thereto*" given that it was *Comcast's* decision to build a building on Plaintiff's Property and cause the imposition of property taxes.

152.    Plaintiff has sent Comcast a demand to remediate its damages to Plaintiff's property pursuant to RMC 12.14.020, including (i) abatement of the substandard road Comcast built on Plaintiff's Property, (ii) reimbursement of any damages caused by of the substandard road Comcast built on Plaintiff's Property, (iii) reimbursement of Plaintiff's payment of past property taxes associated with Comcast's building on Plaintiff's Property, and (iv) reimbursement of future property taxes associated with Comcast's building on Plaintiff's Property.

153.    Comcast has refused to remediate Plaintiff's damages pursuant to RMC 12.14.020.

154.    Plaintiff owns the Property and has the right to be free from Comcast's damages.

155.    Comcast's refusal to comply with RMC 12.14.020 relating to damage to private property entitles Plaintiff to judicial enforcement of RMC 12.14.020.

156.    Plaintiff has demanded Comcast to cease using its Property until Comcast first remediates its damages, Comcast has refused.

COMPLAINT - 36
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1    157.    Comcast's failure to immediately cease using Plaintiff's Property until

2  Comcast first obtains compliance with the terms of its building permit violates RMC

3  12.14.020.

4    158.    Under RMC 12.14.020, Comcast was prohibited from taking "any action or

5  permit any action to be done" which "*may* impair or damage" Plaintiff's property. It is

6  reasonable for Plaintiff to require Comcast to cease using and occupying Plaintiff's Property

7  until Comcast first complies with the terms of its building permit.

8    159.    Pursuant to RMC 12.14.020, Plaintiff is entitled to just compensation,

9  restitution, reimbursement, and an order compelling compliance with federal laws and the

10  Redmond Municipal Code, including RMC 12.14.020.

11    160.    Pursuant to RMC 12.14.020, Plaintiff is entitled to an Order requiring

12  Comcast to remediate the damages Comcast caused to Plaintiff's Property.

13    161.    Under Title 12 of the Redmond Municipal Code, Comcast had various

14  reciprocal obligations originating under 47 U.S. Code § 541(a) that Comcast failed to fulfill,

15  including, but not limited to:

16    a.   RMC 12.14.010 ("Secure fair and reasonable compensation to the City and

17        the residents of the City for permitting private use of the public ways, other

18        ways and City property in accordance with Federal and State law;")

19    b.   RMC 12.14.070 ("The fees, charges and fines provided for in this Chapter

20        and any compensation charged and paid for the public ways provided for

21        herein, whether monetary or in-kind (to the extent permitted by law), are

22        separate from, and additional to, any and all federal, state, local, and City

23        taxes as may be lawfully levied, imposed or due from a Telecommunications

24        provider, its customers or subscribers or on account of the lease, sale,

25        delivery or transmission of Telecommunications service."

26    c.   RMC 12.14.530 ("Each Grantee shall maintain its Telecommunications

27        facilities in good and safe condition and in a manner that complies with all

COMPLAINT - 37
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1    applicable federal, state and local requirements.'')

2        d.    RMC 12.14.750 ("A Grantee in accordance with applicable federal, state,

3            and local safety requirements shall, at all times, employ reasonable and

4            ordinary care and shall install and maintain and use commonly accepted

5            methods and devices for preventing failures and accidents which are likely

6            to cause damage, injury, or nuisance to the public and/or workers. All

7            structures and all lines, equipment and connections in, over, under, and upon

8            the public ways, other ways, City property or places permitted by a Master

9            Permit, Small Cell Permit, Facilities Lease or Right-of-Way Use Permit,

10            wherever situated or located, shall at all times be kept and maintained in a

11            safe, suitable condition, and in good order and repair.'')

12        e.    RMC 12.14.820 ("Construction of Telecommunications facilities with

13            respect to public ways, other ways and City property shall be developed,

14            installed, excavated, maintained, repaired and replaced in accordance with

15            all applicable federal, state and local codes, rules and regulations.'')

16        162.    Comcast's violation of Title 12 of the Redmond Municipal Code is an

17    additional violation of 47 U.S. Code § 541(a)(2).

18        163.    Plaintiff is entitled to damages in an amount to be proven at trial for

19    Comcast's violation of RMC 12.14.510.

20    **VII.    FOURTH CAUSE OF ACTION: VIOLATION OF RMC 12.14.750**

21        164.    Plaintiff realleges and incorporates by reference the allegations of each of

22    the proceeding paragraphs as though fully set forth herein.

23        165.    Comcast is also subject to regulation under Title 12 of the Redmond

24    Municipal Code as Comcast is a "Telecommunications provider" as defined under RMC

25    12.14.020 and because Comcast is a "Grantee", as defined under RMC 12.14.020, under

26    various rights-of-way permits relating to Plaintiff's Property.

27

COMPLAINT - 38
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070  Fax: (425) 646-3467

166.    Comcast also has various obligations under RMC 12.14.750, which provides in relevant part:

> *A Grantee in accordance with applicable federal, state, and local safety requirements shall, at all times, employ reasonable and ordinary care* and shall install and maintain and use commonly accepted methods and devices *for preventing failures and accidents which are likely to cause damage, injury, or nuisance to the public* and/or workers. *All structures and all lines, equipment and connections* in, over, under, and upon the public ways, other ways, City property or places permitted by a Master Permit, Small Cell Permit, Facilities Lease or Right-of-Way Use Permit, *wherever situated or located, shall at all times be kept and maintained in a safe, suitable condition,* and in good order and repair.

(emphasis added).

167.    Comcast's construction of a substandard road that fails to comply with its building permit plainly contravenes Comcast's statutory obligation under federal, state, and local laws to "employ reasonable and ordinary care" and to "prevent[] failures and accidents which are likely to cause damage, injury, or nuisance to the public…" and as set forth under RMC 12.14.750 and as required by RMC 12.14.820.

168.    Comcast's violation of Title 12 of the Redmond Municipal Code is an additional violation of 47 U.S. Code § 541(a)(2).

169.    Plaintiff is entitled to damages in an amount to be proven at trial for Comcast's violation of RMC 12.14.750.

## VIII.    FIFTH CAUSE OF ACTION: ABATEMENT OF A NUISANCE (CHAPTER 7.48, RCW)

170.    Plaintiff realleges and incorporates by reference the allegations of each of the proceeding paragraphs as though fully set forth herein.

171.    Comcast's substandard construction, and continued refusal to remove or abate such substandard construction constitutes a nuisance in Washington, which RCW

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070  Fax: (425) 646-3467

1   7.48.120 defines as: "*[n]uisance consists in unlawfully doing an act, or omitting to perform*

2   *a duty, which act or omission either* annoys, *injures or endangers the comfort, repose,*

3   *health or safety of others,* offends decency, *or unlawfully interferes with, obstructs or tends*

4   *to obstruct, or render dangerous for passage...any square, street or highway; or in any way*

5   *renders other persons insecure in life, or in the use of property.*" (emphasis added).

6       172.   Comcast's failure to comply with and failure to fulfill the terms of its

7   building permit is a nuisance in Washington.

8       173.   Comcast's continued failure to comply with Plaintiff's demands that

9   Comcast fulfill the terms of its building permit is a nuisance.

10      174.   Plaintiff is entitled to damages in an amount to be proven at trial for

11  Comcast's nuisance.

12      175.   Plaintiff is also entitled to declaratory and injunctive relief that Comcast's

13  substandard construction on Plaintiff's Property violates Comcast's building permit, the

14  Redmond Municipal Code, and the Redmond Zoning Code and must be abated.

15      **IX.    SIXTH CAUSE OF ACTION: BREACH OF CONTRACT**

16      176.   Plaintiff realleges and incorporates by reference the allegations of each of

17  the proceeding paragraphs as though fully set forth herein.

18      177.   To the extent the Easement is a valid agreement between Plaintiff and

19  Comcast, then Comcast has breached the Easement because it has failed to honor its

20  obligations under the Easement.

21      178.   The Easement contains a provision that states in relevant part: "[Comcast]

22  shall repair to the reasonable satisfaction of [Plaintiff] any structure, fence, paving,

23  landscaping, or other part of the Property which is altered or damaged by [Comcast] or its

24  agents, employees, or contractors during the installation, maintenance, repair or removal of

25  the Improvements in the Easement Area."

26      179.   Plaintiff has demanded payment from Comcast for damages Comcast caused

27  to Plaintiff's Property and Comcast has failed to respond or refused to pay for those damages.

COMPLAINT - 40
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

180.    The damages Comcast caused to Plaintiff's Property include Comcast's substandard road and Comcast's failure to pay for property taxes associated with its building, a building only Comcast and certain unauthorized persons use.

181.    The Easement requires that "[a]ly use of the Property by a party other than [Comcast, Comcast's affiliate companies, or Comcast's successors] must be approved by [Plaintiff], which approval shall not be unreasonably withheld, provided that Grantors may require reasonable compensation for such approval."

182.    Comcast also breached the Easement when it allowed King County and/or LWSD to use Plaintiff's Property without first seeking Plaintiff's approval and without first providing Plaintiff compensation pursuant to the terms of the Easement.

183.    Comcast concealed King County and LWSD's use for years. When Plaintiff eventually found out about King County and LWSD's unauthorized use of Plaintiff's Property, Comcast refused to pay Plaintiff for King County and LWSD's unauthorized and uncompensated use of Plaintiff's Property.

184.    Comcast violated the terms of the Easement with Plaintiff when it allowed King County and LWSD to physically set up various switches, servers, and other equipment on Plaintiff's Property without first obtaining Plaintiff's permission and without first paying Plaintiff compensation.

185.    King County and LWSD's unauthorized and uncompensated use of Plaintiff's Property violates the terms of the Easement Comcast has with Plaintiff.

186.    Plaintiff is entitled to damages in an amount to be proven at trial for Comcast's breach of contract.

## X.    SEVENTH CAUSE OF ACTION: UNJUST ENRICHMENT

187.    Plaintiff realleges and incorporates by reference the allegations of each of the proceeding paragraphs as though fully set forth herein.

188.    Comcast has used parts of Plaintiff's Property without paying for property taxes associated with Comcast's building.

COMPLAINT - 41
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

189.    Plaintiff paid those property taxes and is entitled a reimbursement of property taxes it paid for Comcast's share of property taxes.

190.    Plaintiff is also entitled to reimbursement for future property taxes that Plaintiff will have to pay as a result of Comcast's continued occupancy of Plaintiff's Property.

191.    By and through their acts and omissions alleged herein, Comcast has been unjustly enriched at the expense of Plaintiff.

192.    Comcast received a benefit, which has not been paid for by Comcast.

193.    Comcast has received a benefit from Plaintiff, under circumstances making it inequitable for Comcast to retain the benefit.

194.    Plaintiff has a right to recover payments it made for Comcast's benefit that Comcast used and obtained a benefit from.

195.    It would be unjust for Comcast to retain any value Comcast obtained from using Plaintiff's Property without paying the associated taxes owing from Comcast's use of Plaintiff's Property and Comcast's building on Plaintiff's property.

196.    Given the circumstances, it is inequitable for Comcast to retain any benefit at Plaintiff's expense.

197.    Comcast was unjustly enriched at Plaintiff's expense and Plaintiff is entitled to restitution in an amount to be determined at trial.

## XI.    EIGHTH CAUSE OF ACTION: DAMAGE TO LAND AND PROPERTY (RCW 4.24.630)

198.    Plaintiff realleges and incorporates by reference the allegations of each of the proceeding paragraphs as though fully set forth herein.

199.    As described above, Comcast caused damage to Plaintiff's Property in several ways.

200.    Comcast's conduct took place on property owned by Plaintiff. RCW 4.24.630(1) provides that "a person acts "wrongfully" if the person intentionally and

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1   unreasonably commits the act or acts while knowing, or having reason to know, that he or

2   she lacks authorization to so act."

3          201.    First, the property taxes Comcast caused to be levied on Plaintiff's Property

4   as a result of Comcast's building on Plaintiff's property is a damage to Plaintiff's Property

5   within the meaning of Washington's damage to land statute because Comcast's imposition of

6   property taxes was wrongful.

7          202.    Comcast wrongfully caused property taxes to be levied on Plaintiff's

8   Property for a building Comcast primarily occupies.

9          203.    Comcast's conduct was "wrongful" because it contravenes Comcast's

10  obligations set forth under federal law, 47. U.S.C. § 541(a)(2), and under the Redmond

11  Municipal Code, including, but not limited to, RMC 5.60.230(E), RMC 5.60.460, RMC

12  12.14.510, RMC 12.14.750, and RMC 12.14.820.

13         204.    For example, 47. U.S.C. § 541(a)(2)(B) provides that Comcast is responsible

14  for "the cost of the installation, construction, operation, or removal of such facilities," which

15  includes being responsible for property taxes associated with Comcast's use of Plaintiff's

16  Property.

17         205.    Comcast's responsibility for the "cost of the...operation...of such facilities"

18  under 47. U.S.C. § 541(a)(2)(B) certainly includes the property taxes associated with

19  Comcast's building on Plaintiff's property.

20         206.    As another example, 47. U.S.C. § 541(a)(2)(C) requires "the owner of the

21  property be justly compensated by the cable operator for any damages caused by the

22  installation, construction, operation, or removal of such facilities by the cable operator,"

23  which includes a responsibility to reimburse Plaintiff with the property taxes associated with

24  Comcast's use of Plaintiff's Property.

25         207.    Second, by operating a building on Plaintiff's property without first

26  complying with the terms of Comcast's building permit, Comcast's conduct caused damages

27  to Plaintiff.

COMPLAINT - 43
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070  Fax: (425) 646-3467

208.    Comcast's conduct was "wrongful" because it contravenes Comcast's obligation to occupy buildings consistent with the terms of its building permit as required by federal law, 47. U.S.C. § 541(a)(2), and under the Redmond Municipal Code, including, but not limited to, RMC 1.14.060(C)(3)-(4) and (6), RMC 1.01.110, RMC 5.60.230(E), RMC 5.60.460, RMC 12.14.510, RMC 12.14.750, and RMC 12.14.820.

209.    Pursuant to RCW 4.24.630, Comcast is liable to Plaintiff for Comcast's damage to Plaintiff's Property, including, but not limited to, investigative, restoration, and replacement costs incurred or to be incurred by Plaintiff's to remedy the damage caused by Comcast to Plaintiff's Property.

210.    Pursuant to RCW 4.24.630, Plaintiff is entitled to treble damages for damage Comcast caused to Plaintiff's Property, including investigative costs and reasonable attorneys' fees and other litigation-related costs.

211.    As a direct and proximate result of Comcast's conduct, Plaintiff has sustained damages in an amount to be determined at trial.

## XII.    NINTH CAUSE OF ACTION: VIOLATION OF RCW 59.04.050

212.    Plaintiff realleges and incorporates by reference the allegations of each of the proceeding paragraphs as though fully set forth herein.

213.    RCW 59.04.050 provides that "[w]henever any person obtains possession of premises without the consent of the owner or other person having the right to give said possession, he or she shall be deemed a tenant by sufferance merely, and shall be liable to pay reasonable rent for the actual time he or she occupied the premises, and shall forthwith on demand surrender his or her said possession to the owner or person who had the right of possession before said entry, and all his or her right to possession of said premises shall terminate immediately upon said demand."

214.    Comcast had no right to allow King County and/or LWSD to physically use Plaintiff's Property as Comcast had never first sought approval from Plaintiff and had never paid any compensation to Plaintiff.

COMPLAINT - 44
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

215. Plaintiff never provided King County and LWSD any permission to use Plaintiff's Property.

216. King County and LWSD used Plaintiff's Property without obtaining any permission from Plaintiff.

217. King County and LWSD had no right to use Plaintiff's Property as Comcast had not secured the requisite permission from Plaintiff pursuant to the Easement.

218. Pursuant to RCW 59.04.050, Comcast is liable to Plaintiff for allowing King County and LWSD to use Plaintiff's Property without obtaining Plaintiff's consent.

219. Pursuant to RCW 59.04.050, Comcast is liable to Plaintiff for the reasonable rent for the actual time King County and LWSD occupied Plaintiff's Property.

**XIII.   TENTH CAUSE OF ACTION: VIOLATION OF 47. U.S.C. § 541(a)(2)**

220. Plaintiff realleges and incorporates by reference the allegations of each of the proceeding paragraphs as though fully set forth herein.

221. 47 U.S.C. § 541(a)(2)(C) provides that "[a]ny franchise shall be construed to authorize the construction of a cable system over public rights-of-way, and through easements, which is within the area to be served by the cable system and which have been dedicated for compatible uses, except that in using such easements the cable operator shall ensure…*that the owner of the property be justly compensated by the cable operator for any damages caused by the installation, construction, operation, or removal of such facilities by the cable operator.*"

222. Comcast breached its obligations under 47 U.S.C. § 541(a)(2) in several ways, including by the acts and omissions described in this Complaint.

223. For example, Comcast had no right to allow King County and/or LWSD to physically use Plaintiff's Property as Comcast had never sought approval from Plaintiff and had never paid any compensation to Plaintiff for King County and/or LWSD's use.

224. Plaintiff never provided King County and LWSD with any permission to use Plaintiff's Property. By allowing others to physically use Plaintiff's Property in

COMPLAINT - 45
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

1    contravention of the Easement (such as King County and/or LWSD), Comcast caused

2    damages to Plaintiff by misappropriating the physical use of Plaintiff's property for Comcast

3    and third parties' own benefit, including King County and/or LWSD's own benefit.

4         225.    As another example, Comcast's construction of a substandard road on

5    Plaintiff's Property in violation of the terms of its building permit caused damage to

6    Plaintiff's property.

7         226.    Comcast's continued use of the substandard road that Comcast unlawfully

8    constructed on Plaintiff's Property a serious risk and safety concern that Comcast refuses to

9    do anything about, and Comcast's continued inaction is also an additional unlawful act that

10    Comcast refuses to do anything about.

11        227.    Third, Comcast damaged Plaintiff's Property when Comcast caused the levy

12    of property taxes as a result of a building Comcast built on Plaintiff's Property.

13        228.    Comcast built a building on Plaintiff's Property. As a result, Comcast caused

14    property taxes associated with Comcast's improvements to be levied against Plaintiff's

15    Property. Comcast damaged Plaintiff's Property when it caused the imposition of property

16    taxes as a result of the building Comcast built on Plaintiff's Property—a building that

17    Comcast constructed, and only Comcast occupies and uses, along with other unauthorized

18    occupants.

19        229.    Comcast refuses to pay property taxes associated with a building Comcast

20    built on Plaintiff's Property. Plaintiff paid those property taxes and now Comcast refuses to

21    pay Plaintiff for those property taxes associated with the building Comcast built. Comcast's

22    refusal to reimburse Plaintiff breaches Comcast's obligations under 47 U.S.C. §

23    541(a)(2)(C).

24                    **XIV.    PRAYER FOR RELIEF**

25        WHEREFORE, having set forth the Complaint and allegations above, Plaintiff

26    respectfully prays for judgment as follows:

27        1.    Awarding Plaintiff injunctive relief as provided for herein;

COMPLAINT - 46
Case No. 2:25-cv-1553

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070  Fax: (425) 646-3467

1     2.     Awarding Plaintiff declaratory relief as provided for herein;

2     3.     Awarding Plaintiff damages as provided for herein;

3     4.     Awarding Plaintiff damages, including punitive, economic and noneconomic

4     damages as allowed by law;

5     5.     Awarding Plaintiff pre-judgement and post-judgment interest, investigatory

6     expenses and costs,

7     6.     Awarding Plaintiff attorneys' fees and costs to the extent allowed by statute,

8     common law, equitable doctrine, or any other basis allowed by law,

9     7.     Awarding Plaintiff such other legal and equitable relief that may be properly

10     awarded by this Court.

11     DATED this 14th day of August, 2025.

12                   VANDER WEL, JACOBSON, & YOKE, PLLC

13

14                   By: */s/ Ryan M. Yoke*
                         Ryan M. Yoke, WSBA #46500

15

16                   *Attorneys for Plaintiff*

17

18

19

20

21

22

23

24

25

26

27

VANDER WEL, JACOBSON & YOKE, PLLC
1540 140th Ave NE, Suite 200
Bellevue, WA 98005
Phone: (425) 462-7070   Fax: (425) 646-3467

# EXHIBIT G

# EXHIBIT H

**Farren, Rhys**

| | |
|---|---|
| **From:** | Ryan Yoke <ryan@vjbk.com> |
| **Sent:** | Friday, August 22, 2025 5:37 PM |
| **To:** | Farren, Rhys |
| **Cc:** | Fisher, Brad; Droze, Brent; Croghan, Brith; Childs, Stephanie; 'Courtland Shafer'; 'Jha, Siddharth' |
| **Subject:** | RE: Avondale v. Comcast - Joint Status Report Conference |

[EXTERNAL]

Rhys,

██████████████████████████████████████████████████████

With respect to the dismissal, I did not "conceal motion papers from opposing counsel." KCLGR 30(b)(4)(B)(i) does not require the service of documents that are not required to be served. If that were not the case, KCLGR 30(b)(4)(B)(i) would convert every motion into a noticed motion, even those motions that do not require notice to the opposing party.

But the fact that the motion was served in *Greenlaw* had nothing to do with the fact that the Court in *Greenlaw* expressly held that notice wasn't required. *Greenlaw v. Renn*, 64 Wash. App. 499, 503-04, 824 P.2d 1263, 1266 (1992) ("Although CR 41 does not speak to notice, the fact that the motion can be made at any time before the plaintiff rests his or her case, and then must be granted by the court, indicates that prior written notice of the motion is not required. Indeed, motions for voluntary nonsuit are often made orally at trial, without substantial notice. If the trial court relied on lack of notice as a reason for refusing to grant Greenlaw's motion, it erred.") *City of Duvall v. Levine* in addition to being unpublished is completely inapplicable here. Indeed, it favorably cites *Greenlaw's* holding that prior notice is not required for a voluntary motion to dismiss. We provided you with notice shortly after receiving the order of dismissal.

*Levine* is also not applicable because the dismissal order was not even at issue in that case: "Levine did not appeal the order of dismissal." The *City of Duvall* court made the comments you cite in passing on a different motion: "Levine never appealed the order of dismissal in this case. Thus, that order is not on review. Levine's argument that the City failed to comply with certain rules in filing its motion is connected to his argument for attorney fees." Dicta contained in an unpublished case is not persuasive. In any event, an unpublished case does not change the clear holding of a published case.

I still haven't gotten a response regarding my request for your position on consolidation or my request for a joint status conference. Are either of you available for a joint status conference as outlined in my August 20 email? I would like to schedule our joint status conference request as soon as possible.

Thanks,

**Ryan M. Yoke**
**Vander Wel, Jacobson & Yoke, PLLC**
**1540 140th Avenue NE, Suite 200**
**Bellevue, WA 98005**
**Office: 425-462-7070**
**Mobile: 206-963-8187**

**From:** Farren, Rhys [mailto:rhysfarren@DWT.com]
**Sent:** Wednesday, August 20, 2025 7:41 PM
**To:** Ryan Yoke <ryan@vjbk.com>
**Cc:** Fisher, Brad <BradFisher@DWT.COM>; Droze, Brent <BrentDroze@dwt.com>; Croghan, Brith <BrithCroghan@dwt.com>; Childs, Stephanie <StephanieChilds@dwt.com>; 'Courtland Shafer' <courtland@llllaw.net>
**Subject:** RE: Avondale v. Comcast - Joint Status Report Conference

I received your message. Please feel free to email.

With respect to your statement below, it is wrong. Under KCLGR 30(b)(4), attorneys are required to electronically file (e-file) documents using King County eFiling. Under KCLGR 30(b)(4)(B)(i), "[w]hen a party [electronically files] a document, *the party must electronically serve (e-serve) the document.*" *Greenlaw,* which you cite below, doesn't authorize you to conceal motion papers from opposing counsel. As the Court in *City of Duvall v. Levine,* 10 Wn. App. 2d 1042, 2019 WL 5112458 (2019) (unpublished) noted, the plaintiff in *Greenlaw* both filed the motion and served the motion. *Greenlaw v. Renn,* 64 Wn. App. at 501. "Where [a party] failed to electronically serve a motion for voluntary nonsuit on all parties, it violated KCLGR 30(b)(4)(B)(i). *See City of Duvall, 2019 WL 5112458, at *4.* So did you.

This is at least the fourth time in these cases the plaintiff has concealed filings by not e-serving copies on counsel. I would have thought that after Judge McKee admonished you the first time you filed a motion to dismiss Avondale's claims in the 23 Case without serving the motion, you would have served us with your second dismissal.

Rhys

**From:** Ryan Yoke <ryan@vjbk.com>
**Sent:** Wednesday, August 20, 2025 4:01 PM
**To:** Fisher, Brad <BradFisher@DWT.COM>; Farren, Rhys <rhysfarren@DWT.com>; 'Courtland Shafer' <courtland@llllaw.net>
**Cc:** Droze, Brent <BrentDroze@dwt.com>; Croghan, Brith <BrithCroghan@dwt.com>; Childs, Stephanie <StephanieChilds@dwt.com>
**Subject:** RE: Avondale v. Comcast - Joint Status Report Conference

**[EXTERNAL]**

Brad,

The Order Granting Plaintiff's Motion for Dismissal of All Claims was filed in *Comcast II* on August 14 at 12:25 PM. The next day, on August 15, we filed and served you with a copy of our Notice of Removal. Contained within the body of the Notice of Removal was the text contained in the dismissal order. *See* Dkt. #1 in Case No. 25-01557.

At this point you have obviously received copies of both our Notice of Removal and the dismissal order, so I am not sure what your issue is.

As we have stated, Washington law is clear that we do not need to serve you with the dismissal papers. Washington courts have held that notice to an opposing party before voluntary dismissal is not required. *Greenlaw v. Renn,* 64 Wn. App. 499, 503-04, 824 P.2d 1263, 1266 (1992) (*"Although CR 41 does not speak to notice, the fact that the motion can be made at any time before the plaintiff rests his or her case, and then must be granted by the court, indicates that prior written notice of the motion is not required."*) (emphasis added); *see also* 14A Wash. Prac., Civil Procedure §23:4 (3d ed.) ("courts have held that the plaintiff need not give advance notice to the defendant before requesting a voluntary dismissal.") You are already aware of that as we have previously briefed it.

Are you going to cooperate with us on the remaining items I have outlined below?

Please let me know if you have any questions.

Thanks,

**Ryan M. Yoke**
**Vander Wel, Jacobson & Yoke, PLLC**
**1540 140th Avenue NE, Suite 200**
**Bellevue, WA 98005**
**Office: 425-462-7070**
**Mobile: 206-963-8187**

**From:** Fisher, Brad [mailto:BradFisher@DWT.COM]
**Sent:** Wednesday, August 20, 2025 12:32 PM
**To:** Ryan Yoke <ryan@vjbk.com>; Farren, Rhys <rhysfarren@DWT.com>; 'Courtland Shafer' <courtland@llllaw.net>
**Cc:** Droze, Brent <BrentDroze@dwt.com>; Croghan, Brith <BrithCroghan@dwt.com>; Childs, Stephanie <StephanieChilds@dwt.com>
**Subject:** RE: Avondale v. Comcast - Joint Status Report Conference

Ryan, by the close of business tomorrow, can you (or Courtland) tell us why we were not served with the dismissal papers in "Comcast II"?

**Brad Fisher**
**Partner,** Davis Wright Tremaine LLP
P 206.757.8042  E bradfisher@dwt.com
A 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
DWT.COM

https://www.dwt.com/people/f/fisher-brad

**From:** Ryan Yoke <ryan@vjbk.com>
**Sent:** Wednesday, August 20, 2025 10:48 AM
**To:** Farren, Rhys <rhysfarren@DWT.com>; Fisher, Brad <BradFisher@DWT.COM>
**Cc:** 'Jha, Siddharth' <sjha@piersixtyseven.com>; Droze, Brent <BrentDroze@dwt.com>; Croghan, Brith <BrithCroghan@dwt.com>; Childs, Stephanie <StephanieChilds@dwt.com>
**Subject:** Avondale v. Comcast - Joint Status Report Conference
**Importance:** High

**[EXTERNAL]**

Rhys and Brad,

I'm reaching out to address a few issues.

1. Pursuant to the JSR order issued by Judge Jones in the 25-01557 case (*Comcast I*), I am reaching out to schedule a FRCP 26(f) conference. The deadline for our 26(f) conference is September 2. I have availability this week on Friday 9am-5pm and next week on Tuesday or Wednesday 9am-4pm for a conference. As we have done in the past, I would suggest we do a video conference. As always, Sidd will attend the video conference to take notes, but will not participate.

   After our conference, we will take the initial laboring oar on producing a joint status report and discovery plan and will circulate one for your review.

2. For the 25-01553 case (*Comcast III*), pursuant to Rule 4(d), I am requesting a waiver of service from Defendants Comcast.

   As you may be aware, a waiver of service is generally preferred. Rule 4(d)(2) provides that if a defendant fails to sign and return a waiver requested by a Plaintiff, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

   I have attached a copy of the Complaint and the Summons, as well as a completed Waiver of Summons form for the 25-01553 case and would ask that you return me the signed waiver form as soon as possible.

3. Would Comcast stipulate to consolidation of the 25-01553 and 25-01557 federal cases? I'm happy to discuss that more if you'd like.

Thanks,

**Ryan M. Yoke**
**Vander Wel, Jacobson & Yoke, PLLC**
**1540 140th Avenue NE, Suite 200**
**Bellevue, WA 98005**
**Office: 425-462-7070**
**Mobile: 206-963-8187**

# EXHIBIT H

The Honorable Maureen McKee
Hearing Date: Wednesday, October 2, 2024
Without Oral Argument

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

| | |
|---|---|
| 10431 AVONDALE ROAD NE LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS LLC, AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>Defendants. | No. 23-2-12790-1 SEA<br><br>[PROPOSED] ORDER GRANTING FEES AND COSTS RELATED TO MOTION TO COMPEL |

THIS MATTER came before the Court on the Application of Defendants Comcast Cable Communications LLC and Comcast Cable Communications Management, LLC (collectively, "Defendants" or "Comcast") for an award of attorneys' fees related to Defendants' Motion to Compel [Dkt. # 151] and its Reply in support thereof [Dkt. # 196] (collectively, the "Motion"). The Court has now considered the Application, along with the following documents:

1. Declaration of Rhys M. Farren and accompanying exhibits;

2. Declaration of Brian Fanning;

3. Any documents filed in response;

4. Any documents filed in reply; and

Having considered the foregoing documents and the record on file with this Court, the

ORDER ON DEFENDANTS' FEE MOTION - 1
4866-5962-2376v.2 0104797-000007

1    Court now makes the following Findings and Conclusions.

2                                **FINDINGS AND CONCLUSIONS**

3         1.    This Court's Order Granting Defendants' Comcast's Motion to Compel [Dkt. #

4    215] (the "Order") awarded Comcast its reasonable attorneys' fees and costs related to the

5    Motion as a sanction under Civil Rule 26 and 37.

6         2.    To assist the trial court in determining fees and hours, the party requesting the

7    fees and costs must provide *reasonable* documentation of the work performed. The

8    documentation need not be exhaustive or in minute detail but must inform the court, in addition

9    to the number of hours worked, of the type of work performed and the category of attorney who

10   performed the work (i.e., senior partner, associate, etc.).

11        3.    Comcast is represented by Davis Wright Tremaine LLP ("DWT") in this matter.

12   DWT has introduced evidence of its rates, hours, performed, and costs and disbursements in

13   this case.

14        4.    As set forth in *Henningsen v. Worldcom, Inc.*, 102 Wn. App. 828, 847 (2000),

15   "[i]n Washington, the preferred method for determining reasonable attorneys' fees is the

16   lodestar method." *Mahler v. Szucs*, 135 Wn.2d 398, 433 (1998); *Scott Fetzer Co. v. Weeks*, 114

17   Wn.2d 109, 124 (1990).

18        5.    The lodestar method involves a two-step process. First, a "lodestar" fee is

19   determined by multiplying a reasonable hourly rate by the number of hours expended on the

20   lawsuit. Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 593-94 (1983) (quoting Miles

21   v. Sampson, 675 F.2d 5, 8 (1st Cir. 1982)). Second, the "lodestar" may be adjusted up or down

22   to reflect factors, such as the contingent nature of success in the lawsuit or the quality of legal

23   representation, which have not already been taken into account in computing the "lodestar" and

24   which are shown to warrant the adjustment by the party proposing it, *Id.*

25        6.    Comcast does not seek any upward adjustment to the standard lodestar

26   calculation.

27

ORDER ON DEFENDANTS' FEE MOTION - 2
4866-5962-2376v.2 0104797-000007

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500 · 929 108th Avenue NE
Bellevue, Washington 98004
(425) 646-6100 · Fax: (425) 646-6199

7.     There is a presumption that the lodestar amount represents a "reasonable fee." Xieng v. Peoples Nat'l Bank, 63 Wn. App. 572, 587 (1991) (citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987)), aff'd, 120 Wn.2d 512 (1993).

8.     DWT submitted the Declaration of Rhys Farren (the "Farren Fees Declaration"), which includes a "Time Entry Detail" Report exhibit itemizing the full narrative and each entry of professional services rendered for which Comcast is seeking recovery.

9.     The Court reviewed the Farren Fees Declaration and the exhibit attached thereto regarding the rates, and the time entry narratives related to fees related to the Motion to Compel.

10.     The Court finds, based upon the narratives supplied in the time entries, that quantum of time for work performed was reasonable. The Court agrees that the Farren Fees Declaration and accompanying exhibit appropriately support the time expended.

11.     The Court reviewed the Declaration of Brian Fanning, who summarized a peer group study of rates.

12.     The rates are objectively reasonable in light of the experience of counsel representing Comcast in this locale, given the stakes involved in the litigation.

13.     The Court finds that the rates charged by each of the DWT professionals in this case are reasonable and supported by the Declaration of Brian Fanning who summarized a peer group study of rates. The rates are objectively reasonable in light of the experience of counsel representing Comcast in this locale, given the stakes involved in the litigation.

14.     The Court finds that Comcast has made an adequate disclosure and provided more than the minimum required documentation of the work performed and meets or exceeds the level of documentation required by case law.

ORDER ON DEFENDANTS' FEE MOTION - 3
4866-5962-2376v.2 0104797-000007

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500 · 929 108th Avenue NE
Bellevue, Washington 98004
(425) 646-6100 · Fax: (425) 646-6199

1    **ORDER OF THE COURT**

2    Having made the foregoing Findings and Conclusions;

3    IT IS HEREBY ORDERED THAT:

4    Defendants' reasonable attorneys' fees and costs incurred in filing the Motion are

5    approved as follows: Plaintiff shall pay Comcast ~~$28,332.75~~ for DWT's fees incurred in

6    connection with the Motion. ✱    $20,532.75

7    ENTERED this 18 day of Nov. , 2024.

8

9    _____
     THE HONORABLE MAUREEN MCKEE

10

11   Presented by:

12   DAVIS WRIGHT TREMAINE LLP
13   Attorneys for Respondent

14

15   By *s/ Rhys M. Farren*
        Rhys M. Farren, WSBA #19398
16      Brent E. Droze, WSBA #54117

17

18   ✱ Plaintiff must pay this amount within
19
20   ten (10) days of this order.

21

22

23

24

25

26

27

ORDER ON DEFENDANTS' FEE MOTION – 4
4866-5962-2376v.2 0104797-000007

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500 · 929 108th Avenue NE
Bellevue, Washington 98004
(425) 646-6100 · Fax: (425) 646-6199

The Honorable Chad Allred (ret.), Discovery Master
Without Oral Argument

BEFORE THE DISCOVERY MASTER
ON APPOINTEMENT FROM THE KING COUNTY SUPERIOR COURT

| 10431 AVONDALE ROAD NE LLC, | No. 23-2-12790-1 SEA |
|---|---|
| Plaintiff, | **DISCOVERY ORDER NO. 11** |
| v. | |
| COMCAST CABLE COMMUNICATIONS LLC, AND COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, | |
| Defendants. | |

The Comcast Defendants[1] filed an Application and Declaration for Determination of Award of Attorneys' Fees ("Application") as ordered in Discovery Order No. 6 (dated March 28, 2025). Discovery Order No. 6 ruled on Defendants' Motion for Contempt [Dkt. #369], which in turn sought to enforce the trial court's Order to Compel Discovery (entered September 13, 2024) [Dkt. # 215] and Order Determining Award of Fees (entered November 18, 2024) [Dkt. # 318]. The Discovery Master has carefully considered the Application, the accompanying fee detail, the Declaration of Brian Fanning, and all documents filed in response or reply, and makes the following findings of fact and conclusions of law.

<u>**Comcast's Application**</u>

Discovery Order No. 6 awarded Comcast its reasonable attorneys' fees and costs related to Comcast's Motion for Contempt.

---

[1] Defendants are Comcast Cable Communications, LLC and Comcast Cable Communications Management, LLC.

ORDER - 1

1   To assist the trial court (and, here, the Discovery Master) in determining fees and hours,

2   the party requesting the fees and costs must provide reasonable documentation of the work

3   performed. The documentation need not be exhaustive or in minute detail but must inform the

4   court, in addition to the number of hours worked, of the type of work performed and the

5   category of attorney who performed the work (i.e., partner, associate, etc.).

6   Comcast is represented by Davis Wright Tremaine LLP ("DWT") in this matter.

7   Comcast has provided evidence of DWT's rates and the hours of work performed in regard to

8   the Motion for Contempt.

9   The preferred method for determining reasonable attorneys' fees is the lodestar method.

10  The lodestar method involves a two-step process. First, a lodestar fee is determined by

11  multiplying a reasonable hourly rate by the number of hours expended. Second, the lodestar

12  may be adjusted up or down to reflect factors such as the contingent nature of success in the

13  lawsuit or the quality of legal representation, which have not already been considered in

14  computing the lodestar. There is a presumption that the lodestar amount represents a reasonable

15  fee.

16  Comcast submitted the Application, which includes a DWT time-detail report, Exhibit

17  A, itemizing the professional services rendered for which Comcast seeks recovery. The

18  narratives supplied in the time entries, and the quantum of time performed, are reasonable. The

19  Application and supporting materials appropriately support the time expended. Comcast has

20  made an adequate disclosure and provided more than the minimum required documentation of

21  the work performed and meets or exceeds the level of documentation required.

22  The rates charged by Comcast's attorneys (as reflected in the Application) are

23  objectively reasonable for attorneys in the King County legal community in light of the

24  experience of counsel representing Comcast in this locale, and given the stakes involved in this

25  litigation, and also are supported by the Declaration of Brian Fanning who summarized a peer

26  group study of rates. The Discovery Master also makes this finding based on his many years of

27

ORDER - 2

1   working with attorneys, and deciding fee motions, in the King County legal community.

2       In its Application, Comcast removed $17,800 in entries that were not related to the

3   Motion for Contempt. This yielded a lodestar (rates times hours) of $45,933.05. Comcast then

4   discounted this amount by another 20%, which yields the amount requested: $36,746.44.

5       The amount of work performed was reasonable and appropriate and the hourly rates

6   charged were reasonable and appropriate. An upward adjustment to the lodestar is not

7   warranted, and a downward adjustment beyond the 20% discount is not warranted. The total

8   amount of fees sought is reasonable and appropriate.

9                            **Plaintiff's Objections**

10      On April 25, 2025, Plaintiff filed an untimely Opposition to the Application. Even

11  though the Opposition was late, the Discovery Master will briefly address it here.

12      **First,** Plaintiff argues that it moved the Court to modify Discovery Order No. 6 and

13  "[t]he Order Appointing Discovery Master provides that rulings of the Discovery Master *do not*

14  *go into effect* if a party timely seeks reconsideration of the Discovery Master's rulings."[2] But

15  the Order Appointing Discovery Master does not say that. Instead, it says: "Rulings by the

16  Discovery Master shall be deemed to be the rulings of the Court unless any party timely moves

17  this Court for reconsideration pursuant to CR 59 and LCR 59 of any order or ruling entered by

18  the Discovery Master."[3] So, a Discovery Master ruling does not become a ruling *of the Court* if

19  a reconsideration motion is filed with the Court (or the Court affirms the ruling). But while the

20  reconsideration motion is pending, there is no "stay" of the Discovery Master's ruling. The

21  Discovery Master retains all the powers under CR 53.3(d) and paragraph 2 of the Order

22  Appointing Discovery Master.

23      Plaintiff's "stay" argument is especially disingenuous in light of Plaintiff's previous

24  insistence that a reconsideration motion filed with the Court did not affect the enforceability of

25  the pending Discovery Master ruling. On February 26, 2025, the Discovery Master entered an

26  [2] Plaintiff's Opposition to Defendant Comcast's Application for Attorneys' Fees at 1.
    [3] Order Appointing Discovery Master ¶ 4.

27

ORDER - 3

Order allowing Plaintiff to take the deposition of Brian Roberts (under certain conditions). Comcast then filed a motion for reconsideration asking the Court to change the Discovery Master's ruling. On March 7, 2025, Plaintiff asserted that the reconsideration motion did not affect the existing order that allowed Roberts's deposition: "As for scheduling Roberts' deposition, [Plaintiff] would reiterate that just because Comcast has sought reconsideration is not a basis to avoid cooperating scheduling his deposition. LCR 7(b)(6)(B) ('Unless ordered otherwise, the prior ruling will remain in effect pending a decision on the motion.')"[4]

**Second**, Plaintiff argues that Comcast's use of the title "Application," not "Motion," deprives the Discovery Master of Authority to grant the Application. Despite the title "Application," Comcast filed a Notice of Court Date with its Application and in seeking its attorney fees, Comcast was following direction given by the Discovery Master in Discovery Order No. 6. Thus, Plaintiff knows very well what Comcast is seeking, and its form-over-substance argument is not well received.

**Third**, Plaintiff argues that the fee-detail report, Exhibit A, is not clear. The Discovery Master agrees that the report is not perfect; it could be clearer. But it is sufficiently clear.

**Fourth**, Plaintiff says that Comcast seeks fees for work not related to Comcast's Motion for Contempt. This is not accurate. Comcast states that on Exhibit A, "work done on the same day that did not relate to the contempt motion was deducted from that day's amount billed as is shown on the [1] adjustment and [2] net after adjustment columns."[5]

**Fifth**, Plaintiff argues that Comcast overstaffed its Motion for Contempt. In light of the complexity, volume of materials, and contentiousness in this litigation, the Discovery Master disagrees.

**Sixth**, Plaintiff complains that Comcast seeks fees for work done after Comcast filed its reply in support of the contempt motion. Yes, Comcast seeks some fees for after Comcast filed its reply. But these fees relate to the proposed order granting the Motion for Contempt or to the

---

[4] Message from Ryan Yoke filed in JAMS Access (Mar. 7, 2025, 9:07 a.m.).
[5] Application at 3-4.

ORDER - 4

1  Application, which Discovery Order No. 6 authorized. Thus, these fees are related to the

2  Motion to Contempt and fall within the award of attorney fees.[6]

3  **Ruling**

4      Based on the findings, conclusions, and reasons above, it is ORDERED that:

5      1.      The Application and Declaration for Determination of Award of Attorneys' Fees

6  is granted as stated below (and is otherwise denied).

7      2.      By **June 16, 2025**, Plaintiff shall pay Comcast, through its counsel of record,

8  $36,746.44 for attorney fees related to Comcast's Motion for Contempt.

9      3.      The Discovery Master acknowledges that Plaintiff has filed a Motion to Modify

10  Discovery Order No. 6 [Dkt. # 495]. This Discovery Order No. 11 is, of course, subject to any

11  modifications that the Court makes to Discovery Order No. 6.

12

13  May 15, 2025                          */s/ Chad Allred*
                                         Judge Chad Allred (ret.)
14                                       Discovery Master

15

16

17

18

19

20

21

22

23

24

25

26

_____
[6] Discovery Order No. 6 ¶ 8.

27

ORDER - 5

FILED
2025 AUG 25
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 23-2-12790-1 SEA

### IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
### FOR THE COUNTY OF KING

| | |
|---|---|
| 10431 AVONDALE ROAD NE | No. 23-2-12790-1  SEA |
| VS | **CERTIFICATE OF E-SERVICE** |
| COMCAST CABLE COMMUNICATIONS ET ANO | |

I, Rhys Farren, certify that I initiated electronic service of the following document(s) on the parties listed below who have consented to accept electronic service via the King County eFiling Application.  Service was initiated on August 25th, 2025 at 3:58 p.m.

Document(s):

1.  Notice of Hearing
2.  Motion for Reconsideration
3.  Declaration

Parties:

1.  RhysFarren, Respondent/Defendant
2.  , E-Mail: rhysfarren@dwt.com
3.  SiddharthJha, Personal Representative
4.  , E-Mail: sjha@piersixtyseven.com
5.  RyanYoke, Attorney for  Petitioner/Plaintiff

6.   , E-Mail: ryan@vjbk.com

7.   BrentDroze, Attorney for  Respondent/Defendant

8.   , E-Mail: brentdroze@dwt.com

9.   BradFisher, Attorney for  Defendant

10.  , E-Mail: bradfisher@dwt.com

11.  EmmaGaddis, Other Legal Professional

12.  , E-Mail: emma.gaddis@courts.wa.gov

13.  CourtlandShafer, Plaintiff

14.  , E-Mail: courtland@llllaw.net

Executed this 25th day of August, 2025.

s/Rhys Farren,  rhysfarren@dwt.com

# CHICAGO TITLE'S

# EXHIBIT H

**FILED**
2024 DEC 06 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 22-2-08981-4 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| SE 278TH STREET LLC, a Washington limited liability company, | NO. 22-2-08981-4 KNT |
| Plaintiff, | DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS |
| vs. | |
| JOAN MARIE DINSDALE, a single person, and THE ESTATE OF BILLY RAY DINSDALE, | |
| Defendants. | |

## I.    RELIEF REQUESTED

COMES NOW defendants and move the Court for an award of reasonable attorneys' fees and costs incurred to defend the claims made by Plaintiffs in this action.

## II.    STATEMENT OF FACTS

Even before this action commenced, Defendants tried in good faith to address Plaintiffs' concerns, resolve the dispute, and avoid pointless litigation. *See Declaration of John M. Casey in Support of Defendant's Motion for Attorneys' Fees and Costs* ("hereinafter Casey Decl.") at ¶3. Defendants' efforts to achieve resolution outside of litigation were stonewalled by the Plaintiffs' refusal to compromise in settlement and by their continued advancement of claims unsupported by Washington law.

Defendants notified Plaintiffs by letter March 10, 2022 (Defendants' Exhibit 58) and again April 29, 2022 (Defendants' Exhibit 60) that Plaintiffs' claims that the contract had not terminated

DEFS.' MTN FOR FEES & COSTS - 1

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington  98035-0140
(T) 253 852 2345 / (F) 253 852 2030

and that Dinsdale had breached it were not well-grounded in fact or law. Plaintiffs ignored that and plowed forward. *Casey Decl. at ¶4.*

Plaintiff filed this action June 14, 2022 and were given a trial date of June 12, 2023. Plaintiff was granted a continuance to September 25, 2023. Then Plaintiff was granted leave to file its First Amended Complaint September 7, 2023 and consequently a second continuance, to April 1, 2024, was ordered.  A third continuance to August 5, 2024 was entered January 2, 2024 when counsel appeared for newly-added defendant James Muir; and Plaintiff was granted a fourth trial continuance to August 26, 2024. *Casey Decl. at ¶5.* Defendants objected to each continuance.

During this time discovery was served by both parties.  Plaintiff ignored all discovery deadlines, causing defendants to file motions to compel on two different occasions, December 8, 2023 and June 10, 2024.  The answers finally produced by Plaintiff contained mostly objections and documents which were irrelevant and completely unorganized. *Casey Decl. at ¶6.*  Mediation held in August 2023 proved to be fruitless as Plaintiff refused to make any serious proposal to resolve the matter. *Casey Decl. at ¶7.*

A pretrial conference was held August 21, 2024, confirming the trial date to September 3, 2024.  Plaintiff moved the Court to vacate the order, but was denied. In response, Plaintiff filed a Motion for Discretionary Review and a Motion for Stay in the Washington State Court of Appeals. Plaintiff lost the motion to stay and then withdrew the other motion, but not after forcing the Defendants to incur more time and effort to respond to these motions. *Casey Decl. at ¶8.*

The August 23, 2024 Order Denying Plaintiff's CR 60(B) Motion to Vacate Order Setting September 3, 2024 Trial Date included directives for parties to cooperate in setting depositions of witnesses.  After many attempts to communicate with counsel for Plaintiff to coordinate the depositions, all of which went unanswered, Defendant was forced to file a motion to exclude the

DEFS.' MTN FOR FEES & COSTS - 2

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington  98035-0140
(T) 253 852 2345 / (F) 253 852 2030

witnesses from testifying at trial, which was granted and the order was entered November 13, 2024. At this juncture, Plaintiff dropped its claims. *Casey Decl. at ¶9.*

In the course of having to respond to Plaintiff's lack of preparation, an inordinate number of motions, including in the Court of Appeals, and finally having to litigate the case to jury, Defendants have incurred substantial attorneys' fees and costs. Defendants respectfully ask this Court to award them these attorneys' fees and costs.

### III.    STATEMENT OF ISSUE

Whether Defendants should be awarded attorneys' fees of $172,846.50 and costs of $6,126.76 as the prevailing party pursuant to the Purchase and Sale Agreement?

### IV.    EVIDENCE RELIED UPON

The Declaration of John M. Casey In Support Of Defendants' Motion for Attorneys' Fees and Costs and the exhibits thereto.

### V.    AUTHORITY

Paragraph 21 on Page 9 of the parties' 2016 Purchase and Sale Agreement provides that "if either party employs an attorney to enforce any of the terms of this Agreement, and is successful either in whole or in part, whether by trial or otherwise, and on appeal, the other party agrees to pay the reasonable attorneys' fees and costs incurred".

Dinsdale, in addition to fees for substantially prevailing on the issues at trial, is seeking attorney fees for the claims brought by Plaintiff and dismissed at the start of trial. "The general rule pertaining to voluntary nonsuits, that the defendant is regarded as having prevailed, should be applied . . . [T]he legislature must naturally have had in mind that a defendant who "prevails" is ordinarily one against whom no affirmative judgment is entered." *Andersen v. Gold Seal Vineyards,* 81 Wn.2d 863, 505 P.2d 790 (1973). At the time of a voluntary dismissal, the defendant has "prevailed" in the commonsense meaning of the word. *Walji v. Candyco, Inc.,* 57 Wn. App. 284, 288, 787 P.2d 946, 948 (1990). Since the case may never be renewed, it is

DEFS.' MTN FOR FEES & COSTS - 3

essential to apply the attorney fee provision of the lease at the time of dismissal to effectuate the intent of the parties. *Id.*

If Plaintiff is found to be entitled to attorney's fees, that fee should be minimal, given the minimal nature of the claim upon which Plaintiff claims to have prevailed and should be offset by the amount awarded to Dinsdale. The "prevailing party" for the purposes of a contractual provision for an award of attorney fees is usually one who receives judgment in his or her favor. *Crest Inc. v. Costco Wholesale Corp.*, 128 Wn. App. 760, 764, 115 P.3d 349, 351 (2005). But, if neither party wholly prevails, then the party who substantially prevails is the prevailing party. *Id.* That determination turns on the extent of the relief awarded the parties. *Id.* When there are several conflicting claims at issue, a defendant is awarded attorney fees for those claims it successfully defends, and the plaintiff is awarded attorney fees for those claims upon which it prevails, and the awards should be the offset. *Id.*

Pursuant to the lodestar method, the court must determine the number of hours reasonably expended in the litigation. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597 (1983). The attorneys must provide reasonable documentation of the work performed. *Id.* This documentation need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work (*i.e.*, senior partner, associate, etc.). The court must limit the lodestar to hours reasonably expended, and should therefore discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time. *Id.*

In this motion, the defendants seek fees from the date that Plaintiff filed its complaint in June 2022 through December 4, 2024, but are not claiming fees for work on Defendant's motion for summary judgment filed in 2023 and heard in January 2024, as that motion was denied.

Under the lodestar method, the total number of hours reasonably expended is multiplied by the reasonable hourly rate of compensation. *Id.* In addition to the usual billing rate, the court

DEFS.' MTN FOR FEES & COSTS - 4

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington  98035-0140
(T) 253 852 2345 (F) 253 852 2030

1    may consider the level of skill required by the litigation, time limitations imposed on the litigation,

2    the amount of the potential recovery, the attorney's reputation, and the undesirability of the case.

3    *Id.*

4    Washington courts allow the time of nonlawyer personnel to be included in an attorney fee

5    award under certain circumstances, as "[p]roperly employed and supervised nonlawyer personnel

6    can decrease litigation expense. Lawyers should not be forced to perform legal tasks solely so

7    that their time may be compensable in an attorney fee award." *Absher Constr. Co. v. Kent Sch.*

8    *Dist.*, 79 Wn. App. 841, 844-846 (1995). The *Absher* court cited the following criteria as relevant in

9    determining whether such services should be compensated: (1) the services performed by the

10   nonlawyer personnel must be legal in nature; (2) the performance of these services must be

11   supervised by an attorney; (3) the qualifications of the person performing the services must be

12   specified in the request for fees in sufficient detail to demonstrate that the person is qualified by

13   virtue of education, training, or work experience to perform substantive legal work; (4) the nature

14   of the services performed must be specified in the request for fees in order to allow the reviewing

15   court to determine that the services performed were legal rather than clerical; (5) as with attorney

16   time, the amount of time expended must be set forth and must be reasonable; and (6) the amount

17   charged must reflect reasonable community standards for charges by that category of personnel.

18   Based on the above, Defendants request an award of $172,846.50 in fees and $6,126.76

19   in costs as the prevailing party pursuant to the Purchase and Sale Agreement. The Plaintiff

20   refused to engage in settlement discussions, ignored the contract language and Washington law

21   that showed that Plaintiff's claim was destined to fail. As a result, Defendants were forced to incur

22   substantial fees and costs to bring this matter to trial simply to have the contract terminated.

23   I certify that this motion contains approximately 1560 words and is in compliance with the

24   Local Civil Rules.

25

DEFS.' MTN FOR FEES & COSTS - 5

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140
(T) 253 852 2345 / (F) 253 852 2030

DATED this ___5th___ day of December 2024.

CURRAN LAW FIRM, P.S.

John M. Casey, WSBA #24187
Hannah Chelimsky, WSBA #57035
Attorneys for Defendants

DEFS.' MTN FOR FEES & COSTS - 6

**CURRAN** LAW FIRM P.S.
555 West Smith Street
Post Office Box 140
Kent, Washington 98035-0140

**FILED**
2024 DEC 06 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 22-2-08981-4 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| SE 278TH STREET LLC, a Washington limited liability company, | NO. 22-2-08981-4 KNT |
| Plaintiff, | DECLARATION OF JOHN M. CASEY RE: DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS |
| vs. | |
| JOAN MARIE DINSDALE, a single person, and THE ESTATE OF BILLY RAY DINSDALE, | |
| Defendants. | |

I, John M. Casey, declare as follows:

1.     I am one of the attorneys for Defendants Dinsdale in this matter. I am over the age of 18 and competent to testify about the matters contained herein.

2.     I have been in the active practice of law since 1994, working primarily in litigation and transactional matters. The hourly rate I billed in this matter is $430.00, which to my knowledge is consistent with, and may in fact be below the prevailing rates for commercial litigation in the South King County area by attorneys with my level of experience. A lawyer named Blythe Phillips, who had six (6) years' experience at the time, worked on this file during the time period January 18, 2023 to February 9, 2023 before leaving the firm. Her hourly rate was $300.00. Hannah Chelimsky, a lawyer with four (4) years' experience, whose practice also focuses on general civil litigation and transactions, performed legal work on this file as well. Her hourly rate is $250.00. Based on my knowledge and experience, Blythe Phillips' and Hannah Chelimsky's rates were also at or below the prevailing rates for an attorney with their level of

**CURRAN** LAW FIRM P.S.
33400 9th Ave S, Suite 120
Federal Way, WA 98002
(T) 253 852 2345 / (F) 253 852 2030

DECL. OF JOHN M. CASEY - 1

1   experience in South King County. There are three legal assistants in the office who have

2   worked on this file – Joan Corey, Christie Reynolds and Amy Leal. They bill at $125.00 per

3   hour, which I believe to be the prevailing rate for their level of experience in the area, and their

4   time on purely clerical tasks is typically not charged.

5       3.      In all my years of practicing law, I have never had a case where the opposing

6   party acted in such a deliberate and methodical manner to delay and sabotage the proceedings

7   as Plaintiff has done here. The excessive amount of time and money spent on what should

8   have been a simple, routine transaction is egregious. At no time during the course of this

9   litigation did Plaintiff ever make an attempt to settle or even make its goals clear. Nor did it

10  proceed with any discernable effort to put forth experts to establish its case. It refused to meet

11  any case schedule deadlines much less cooperate with the Defendant to prepare for trial.

12      4.      Prior to service of the Summons and Complaint in this matter, counsel, on behalf

13  of Defendant Dinsdale, sent two letters, the first to Siddarth Jha on March 10, 2022, and the

14  second to Plaintiff's attorney, Todd Wyatt, on April 29, 2022. The intent was to explain why

15  Plaintiff's claims were not well-grounded in fact or law and offer two choices: either close the

16  transaction or terminate it. Plaintiff chose a third option, which was to file a lawsuit.

17      5.      Over the next 2-1/2 years, Plaintiff moved the court and received four

18  continuances: April 28, 2023, September 22, 2023, January 2, 2024, August 2, 2024 (amended

19  August 5, 2024). Additionally, Plaintiff unsuccessfully moved the court for a continuance on

20  October 29th 2024 and again on November 4, 2024. Each of these required responses from the

21  Defendant. Ultimately, the court had no choice but to continue the trial until November 4th due to

22  the Plaintiff's willful disregard of the Courts clear directives in the August 23rd order and

23  complete disregard of the case deadlines for uploading exhibits, filing its trial brief and motions

24  in limine, and lack of cooperation in completing a joint statement of evidence and jury

25  instructions.

**CURRAN** LAW FIRM P.S.
33400 9th Ave S, Suite 120
Federal Way, WA 98002
(T) 253 852 2345 / (F) 253 852 2030

DECL. OF JOHN M. CASEY - 2

6.      Discovery was propounded by both parties.  Defendant was forced to file two motions to compel, dated December 8, 2023 and June 10, 2024, due to the Plaintiff not providing answers by the deadline. Answers finally received from the Plaintiff to the first and second set of interrogatories were mostly objections and irrelevant and completely disorganized production of documents, taking administrative staff an exorbitant amount of time to organize.

7.      A mediation, held August 8, 2023 with Matt Turetsky, lasted only a short time as Plaintiff refused to make any proposal to resolve the matter.

8.      A pretrial order was signed by the Court August 21, 2024 confirming the trial date of September 3, 2024.  Plaintiff moved the Court to vacate the order, which was denied. When Plaintiff's motion to vacate was denied on August 23, 2024, Plaintiff filed a Motion for Discretionary Review and a Motion for Stay in the Washington State Court of Appeals.  The stay motion was denied and the motion for discretionary review was eventually withdrawn by the Plaintiff, but not after requiring responses from the Defendants to the motions.

9.      The August 23rd Order Denying Plaintiff's CR 60(B) Motion to Vacate Order Setting September 3, 2024 Trial Date included directives for parties to cooperate in setting depositions of witnesses.  After many attempts to communicate with counsel for Plaintiff to coordinate the depositions, all of which went unanswered, Defendant was forced to file a motion to exclude the witnesses from testifying at trial, which was granted and the order was entered November 13, 2024. At this juncture, Plaintiff dropped its claims.

10.      Attached as **Exhibit A** are true and correct copies of the Curran Law Firm Detail Fee Transaction File Lists for this case.  These are my firms' internal billing records.  They reflect the following hours and fees per timekeeper:

| Timekeeper | Hours | Fees |
|---|---|---|
| John Casey, Sr. partner | 245.80 | $105,694.00 |

DECL. OF JOHN M. CASEY - 3

**CURRAN** LAW FIRM P.S.
33400 9th Ave S, Suite 120
Federal Way, WA 98002
(T) 253 852 2345 / (F) 253 852 2030

| | | |
|---|---|---|
| Hannah Chelimsky, associate atty | 172.45 | $43,112.50 |
| Blythe Philips, associate atty (listed by the initials "FRM") | 4.0 | $1,200 |
| Joan Corey, legal assistant | 135.8 | 20,365.00 |
| Amy Leal, legal assistant | 5.8 | $870.00 |
| Christie Reynolds, legal assistant | .7 | $105.00 |

The total fees sought in this matter are $171,346.50. These fees were incurred starting in June 2022 when Plaintiff filed this action and ending December 4, 2024 after trial. The fees were incurred in order to defend against Plaintiff's multi-theory complaint against Defendants, conduct written discovery, which necessitated three rounds of questions in order to secure substantive answers from the Plaintiff, depositions of Mr. Jha, Ms. Dinsdale (given her age and health concerns), Mike McCarthy of Stewart Title, Brian Levenhagen of the City of Kent, James Muir in order to preserve his testimony if needed while he travelled to Africa on one of the recent scheduled trial dates, and prepare and attend trial, which lasted ten (10) days.

11.    In addition, I anticipate incurring fees of $1,500.00 in order for my office to file Plaintiff's Motion for an Award of Attorneys' Fees and for Entry of Declaratory Judgment and file a response to Plaintiff's Motion for Attorney Fees and Costs. This reasonable estimate should be awarded in addition to the fees claimed in the previous paragraph. The total fees claimed are $172,846.50. Based on the reasonable hourly rates of the attorneys working on this file, the amount of work required to take this issue through summary judgment, a total fee award of $172,846.50 is reasonable in this case.

12.    Costs Expended. The costs outlined in the attached Detail Cost Transaction File List, totaling $5,780.77, were incurred by Defendants to defend against Plaintiff's claims and bring their cross-claims against Plaintiff. I anticipate incurring additional costs of $355.99 in order for my office to file Defendant's Motion for Attorneys' Fees and Declaratory Judgment with the Court and to enter the final judgment with the Court and appropriate county authorities.

DECL. OF JOHN M. CASEY - 4

**CURRAN** LAW FIRM P.S.
33400 9th Ave S, Suite 120
Federal Way, WA 98002
(T) 253 852 2345 / (F) 253 852 2030

1      13.    Plaintiff seeks an award against Defendant in the amount of $172,846.50 as a

2   reasonable attorneys' fee plus $6,126.76 in costs.

3      I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF

4   WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.

5      Dated at Federal Way, Washington, this _5th_ day of December 2024.

6

7                                    John M. Casey, WSBA #24187
                                     Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DECL. OF JOHN M. CASEY - 5

**CURRAN** LAW FIRM P.S.
33400 9th Ave S, Suite 120
Federal Way, WA 98002
(T) 253 852 2345 / (F) 253 852 2030

# EXHIBIT A

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 1

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|---|-------|
| **Timekeeper JMC JOHN M. CASEY** | | | | | | | | | |
| 26081.002 | 06/24/2022 | JMC | A | 6 | 430.00 | | 0.00 | PHONE CALL TO JOAN RE SIDD JHA, LEFT VOICEMAIL (NO CHARGE)<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 06/27/2022 | JMC | A | 26 | 430.00 | 0.70 | 301.00 | REVIEW COMPLAINT BY JHA IN PREP FOR CONFERENCE WITH CLIENT<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 06/28/2022 | JMC | A | 26 | 430.00 | 0.50 | 215.00 | REVIEW 2019 PARK EASEMENT RELEASE;  PHONE CALL TO MUIR RE 2019 ASSUMPTION AGREEMENT<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 06/28/2022 | JMC | A | 10 | 430.00 | 1.00 | 430.00 | CONFERENCE WITH CLIENT RE JHA CASE<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 06/28/2022 | JMC | A | 24 | 430.00 | 0.90 | 387.00 | DRAFT FIRST VERSION OF ANSWER AND COUNTERCLAIM TO JHA SUIT<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 06/28/2022 | JMC | A | 26 | 430.00 | 0.70 | 301.00 | REVIEW AND REVISE COUNTER CLAIM VS JHA; CONFER WITH PARTNER RE PROBATE ISSUE<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 06/29/2022 | JMC | A | 26 | 430.00 | 0.90 | 387.00 | REVIEW SEVERAL EMAILS FROM MUIR INCLUDING UNSIGNED COPY OF AGREEMENT; REVIEW SOOS CREEK EXTENSION AGREEMENT; REVIEW SIGNED ADDENDA<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 06/29/2022 | JMC | A | 26 | 430.00 | 0.80 | 344.00 | REVIEW JHA'S SURVEY COMPLAINTS; COMPARE TO PSA REQUIREMENTS; UPDATE ANSWER AND COUNTERCLAIM<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 07/05/2022 | JMC | A | 26 | 430.00 | 0.80 | 344.00 | REVIEW AND REVISE CALCULATIONS<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 07/07/2022 | JMC | A | 27 | 430.00 | 0.80 | 344.00 | REVISE ANSWER/COUNTERCLAIM; PHONE CALL TO D. MOE; DRAFT LETTER TO MOE RE JHA LAWSUIT<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 07/11/2022 | JMC | A | 27 | 430.00 | 1.20 | 516.00 | REVISE COUNTERCLAIM TO INCLUDE FRIVOLOUS ACTION AND DECLARATORY JUDGMENT<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 07/12/2022 | JMC | A | 29 | 430.00 | 0.20 | 86.00 | FINALIZE APPEARANCE AND DIRECT STAFF TO FILE; EMAIL TO CLIENT RE COUNTERCLAIMS<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 07/12/2022 | JMC | A | 2 | 430.00 | 0.80 | 344.00 | PHONE CONFERENCE WITH CLIENT RE COUNTERCLAIMS AND OFFER TO JHA; REVISE COUNTERCLAIM; DRAFT LETTER TO JHA'S ATTORNEY<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 07/13/2022 | JMC | A | 29 | 430.00 | 0.50 | 215.00 | FINALIZE COUNTERCLAIMS PER EMAIL FROM MUIR; REVISE LETTER TO WYATT RE SPECIFIC PERFORMANCE<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 09/22/2022 | JMC | A | 24 | 430.00 | 1.00 | 430.00 | DRAFT DISCOVERY QUESTIONS TO GO TO JHA<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 09/23/2022 | JMC | A | 27 | 430.00 | 1.00 | 430.00 | REVISE DRAFT DISCOVERY REQUESTS TO PLAINTIFF<br>DINSDALE/JOAN | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 2

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|-----------------|------|--------------|--------|--|-------|
| **Timekeeper JMC JOHN M. CASEY** | | | | | | | | | |
| 26081.002 | 10/27/2022 | JMC A | | 26 | 430.00 | 0.40 | 172.00 | REAL ESTATE<br>REVIEW JHA'S RESPONSE TO RFA; PHONE CALL TO WYATT RE SAME | ARCH |
| 26081.002 | 11/21/2022 | JMC A | | 13 | 430.00 | 0.30 | 129.00 | DINSDALE/JOAN<br>REAL ESTATE<br>INTRA-OFFICE CONFERENCE WITH ASSOCIATE RE RULE 11 MATTER; EMAIL TO WYATT RE SAME | ARCH |
| 26081.002 | 12/02/2022 | JMC A | | 26 | 430.00 | 0.20 | 86.00 | DINSDALE/JOAN<br>REAL ESTATE<br>REVIEW LETTER TO WYATT RE OVERDUE DISCOVERY | ARCH |
| 26081.002 | 12/05/2022 | JMC A | | 26 | 430.00 | 0.30 | 129.00 | DINSDALE/JOAN<br>REAL ESTATE<br>REVIEW CR 11 RESEARCH; REVISE SAME AND DIRECT ASSOCIATE TO AMEND COUNTERCLAIM | ARCH |
| 26081.002 | 12/16/2022 | JMC A | | 26 | 430.00 | 0.50 | 215.00 | DINSDALE/JOAN<br>REAL ESTATE<br>REVIEW NOTICE TO WITHDRAW; EMAIL TO WYATT RE DISCOVERY DOCUMENTS; REVIEW AND REVISE AMENDED COUNTERCLAIM AS TO CR 11 | ARCH |
| 26081.002 | 12/16/2022 | JMC A | | 24 | 430.00 | 0.50 | 215.00 | DINSDALE/JOAN<br>REAL ESTATE<br>DRAFT SECOND REQUEST FOR ADMISSION TO JHA | ARCH |
| 26081.002 | 12/19/2022 | JMC A | | 29 | 430.00 | 0.20 | 86.00 | DINSDALE/JOAN<br>REAL ESTATE<br>FINALIZE AMENDED COMPLAINT | ARCH |
| 26081.002 | 12/20/2022 | JMC A | | 24 | 430.00 | 0.20 | 86.00 | DINSDALE/JOAN<br>REAL ESTATE<br>DRAFT EMAIL TO WYATT RE OVERDUE DISCOVERY | ARCH |
| 26081.002 | 12/20/2022 | JMC A | | 26 | 430.00 | 0.20 | 86.00 | DINSDALE/JOAN<br>REAL ESTATE<br>REVIEW DISCOVERY REQUESTS/EMAILS FROM WYATT | ARCH |
| 26081.002 | 12/21/2022 | JMC A | | 26 | 430.00 | 0.50 | 215.00 | DINSDALE/JOAN<br>REAL ESTATE<br>REVIEW DISCOVERY DOCUMENTS PRODUCED BY JHA | ARCH |
| 26081.002 | 12/29/2022 | JMC A | | 26 | 430.00 | 0.60 | 258.00 | DINSDALE/JOAN<br>REAL ESTATE<br>REVIEW DISCOVERY REQUESTS AND START FORMULATING ANSWERS | ARCH |
| 26081.002 | 01/06/2023 | JMC A | | 30 | 430.00 | 0.30 | 129.00 | DINSDALE/JOAN<br>REAL ESTATE<br>Prepare rough draft witness disclosure | ARCH |
| 26081.002 | 01/06/2023 | JMC A | | 29 | 430.00 | 0.40 | 172.00 | DINSDALE/JOAN<br>REAL ESTATE<br>Finalize witness disclosure | ARCH |
| 26081.002 | 01/10/2023 | JMC A | | 10 | 430.00 | 0.20 | 86.00 | DINSDALE/JOAN<br>REAL ESTATE<br>Conference with client re discovery answers | ARCH |
| 26081.002 | 01/11/2023 | JMC A | | 13 | 430.00 | 0.20 | 86.00 | DINSDALE/JOAN<br>REAL ESTATE<br>Intra-office conference with assistant to discuss JHA's production of documents | ARCH |
| 26081.002 | 01/19/2023 | JMC A | | 10 | 430.00 | 1.50 | 645.00 | DINSDALE/JOAN<br>REAL ESTATE<br>Conference with client re discovery responses to JHA; revise responses after conference; review documents that Joanie located | ARCH |
| 26081.002 | 01/19/2023 | JMC A | | 27 | 430.00 | 0.40 | 172.00 | DINSDALE/JOAN<br>REAL ESTATE<br>Revise discovery answers | ARCH |
| 26081.002 | 01/20/2023 | JMC A | | 13 | 430.00 | 0.30 | 129.00 | DINSDALE/JOAN<br>REAL ESTATE<br>Intra-office conference with associate attorney re bogus RFA responses | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 3

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| Timekeeper JMC JOHN M. CASEY | | | | | | | | | |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 01/23/2023 | JMC | A | 13 | 430.00 | 0.20 | 86.00 | Intra-office conference re JHA's responses to RFA | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 01/24/2023 | JMC | A | 26 | 430.00 | 0.40 | 172.00 | Review discovery production by JHA; confer with associate re Santana | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 01/25/2023 | JMC | A | 26 | 430.00 | 0.50 | 215.00 | Review documents to be produced; sign discovery requests | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 01/25/2023 | JMC | A | 24 | 430.00 | 0.60 | 258.00 | Draft letter to JHA re discovery; draft 30(b)(b) deposition topics; review and finalize 2nd set of RFP | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 01/26/2023 | JMC | A | 1 | 430.00 | 0.30 | 129.00 | Phone conference with WSBA ethics attorney re Geo Santana; draft letter to Santana re same | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 01/27/2023 | JMC | A | 26 | 430.00 | | 0.00 | Review Muir email downloaded (briefly); instruct staff to locate certain emails and attachments and copy them (no charge) | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 02/06/2023 | JMC | A | 26 | 430.00 | 0.40 | 172.00 | Review emails downloaded by Amy; determine how they fit in RFPs | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 02/13/2023 | JMC | A | 1 | 430.00 | 0.50 | 215.00 | Phone conference with Sidd Jha re second discovery requests, answer to counterclaim and upcoming deposition | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 02/13/2023 | JMC | A | 24 | 430.00 | 0.30 | 129.00 | Draft notes from conversation with Jha today; instruct staff to set appointment with Joanie | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 02/14/2023 | JMC | A | 2 | 430.00 | 0.30 | 129.00 | Phone conference with client re conversation with Jha | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 02/14/2023 | JMC | A | 26 | 430.00 | 0.30 | 129.00 | Review Lippincott property ?; phone call to Joan re fending | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 03/06/2023 | JMC | A | 26 | 430.00 | 0.20 | 86.00 | Review case schedule; direct staff to prep jury demand | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 03/07/2023 | JMC | A | 26 | 430.00 | 0.30 | 129.00 | Review and revise motion for default vs Jha | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 03/08/2023 | JMC | A | 24 | 430.00 | 0.20 | 86.00 | Draft email to Sidd re deposition and overdue discovery | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 03/09/2023 | JMC | A | 30 | 430.00 | 2.50 | 1,075.00 | Prepare for deposition of Plaintiff; ID exhibits needed; prepare outline and questions | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 03/10/2023 | JMC | A | 26 | 430.00 | 0.70 | 301.00 | Review emails to be produced; reply to Jha email | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 4

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| **Timekeeper JMC JOHN M. CASEY** | | | | | | | | | |
| 26081.002 | 03/10/2023 | JMC | A | 1 | 430.00 | 0.40 | 172.00 | Phone conference with S. Jha re CR2A overdue discovery, deposition date, etc. Draft email to Jha re same DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 03/28/2023 | JMC | A | 26 | 430.00 | 0.30 | 129.00 | Review docket in Chicago Title case and other JHA matters DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 03/31/2023 | JMC | A | 26 | 430.00 | 0.30 | 129.00 | Review JHA's answer; review exhibits for deposition DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/03/2023 | JMC | A | 24 | 430.00 | 1.50 | 645.00 | Draft email to counsel re deposition; prepare for deposition; review complaint and reply; formulate outline of questions for the deposition DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/03/2023 | JMC | A | 29 | 430.00 | 0.30 | 129.00 | Finalize prep for deposition of JHA DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/04/2023 | JMC | A | 74 | 430.00 | 5.00 | 2,150.00 | Deposition of entity rep for SE 278th St LLC (9am-3pm with breaks) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/04/2023 | JMC | A | 24 | 430.00 | 0.60 | 258.00 | Draft summary of deposition and next steps DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/05/2023 | JMC | A | 29 | 430.00 | 1.00 | 430.00 | Finalize memo; draft legal strategy; review summary points; locate Lippincott and aerials DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/05/2023 | JMC | A | 26 | 430.00 | 0.20 | 86.00 | Review notice of pretrial conference DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/06/2023 | JMC | A | 3 | 430.00 | 0.40 | 172.00 | Phone conference with opposing atty re deposition of defendant, case schedule DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/07/2023 | JMC | A | 26 | 430.00 | | 0.00 | Review court rule on video deposition; prep notice of deposition (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/11/2023 | JMC | A | 26 | 430.00 | 0.20 | 86.00 | Review email from counsel and reply re overdue discovery DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/21/2023 | JMC | A | 24 | 430.00 | 0.30 | 129.00 | Draft report to court re witnesses DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/25/2023 | JMC | A | 10 | 430.00 | 0.20 | 86.00 | Conference with client re status of deposition and trial date (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/27/2023 | JMC | A | 3 | 430.00 | 0.50 | 215.00 | Phone conference with opposing atty re overdue discovery; phone conference with associate re video deposition rules DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/27/2023 | JMC | A | 26 | 430.00 | | 0.00 | Review and revise proposed stipulation to continue trial (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/27/2023 | JMC | A | 26 | 430.00 | | 0.00 | Review proposed stipulation; email to contact to confirm same (no charge) DINSDALE/JOAN | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 5

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|--------------|--------|---|------|
| **Timekeeper JMC JOHN M. CASEY** | | | | | | | | | |
| 26081.002 | 05/05/2023 | JMC | A | 24 | 430.00 | 0.10 | 43.00 | REAL ESTATE Draft email reminder on discovery DINSDALE/JOAN | ARCH |
| 26081.002 | 05/23/2023 | JMC | A | 26 | 430.00 | 1.20 | 516.00 | REAL ESTATE Review 3700 pages of discovery responses from JHA; mostly irrelevant title work; last 50 pages contain PSA addenda; prepare summary; email to Yoke DINSDALE/JOAN | ARCH |
| 26081.002 | 05/25/2023 | JMC | A | 26 | 430.00 | 0.20 | 86.00 | REAL ESTATE Review and sign notice of video deposition DINSDALE/JOAN | ARCH |
| 26081.002 | 06/12/2023 | JMC | A | 30 | 430.00 | 1.00 | 430.00 | REAL ESTATE Prepare for deposition of Joan; prepare outline; locate exhibits DINSDALE/JOAN | ARCH |
| 26081.002 | 06/12/2023 | JMC | A | 29 | 430.00 | 1.00 | 430.00 | REAL ESTATE Finalize outline for Joan's deposition; prep exhibits for same DINSDALE/JOAN | ARCH |
| 26081.002 | 06/13/2023 | JMC | A | 10 | 430.00 | 1.30 | 559.00 | REAL ESTATE Conference with client to prep for deposition; identify additional exhibits and prepare same DINSDALE/JOAN | ARCH |
| 26081.002 | 06/15/2023 | JMC | A | 74 | 430.00 | 4.00 | 1,720.00 | REAL ESTATE Deposition of client (9-12:15 and 1:00-2:15) with breaks DINSDALE/JOAN | ARCH |
| 26081.002 | 06/15/2023 | JMC | A | 24 | 430.00 | 0.40 | 172.00 | REAL ESTATE Draft summary of settlement conversation and next steps; have Joan locate email to Fitzpatrick DINSDALE/JOAN | ARCH |
| 26081.002 | 06/16/2023 | JMC | A | 24 | 430.00 | 0.40 | 172.00 | REAL ESTATE Draft outline next steps to prep for trial; read letter to Fitzpatrick; phone call to Fitzpatrick, left Vm DINSDALE/JOAN | ARCH |
| 26081.002 | 06/16/2023 | JMC | A | 5 | 430.00 | 0.20 | 86.00 | REAL ESTATE Phone call from P. Fitzpatrick; email JHA letter to him DINSDALE/JOAN | ARCH |
| 26081.002 | 06/20/2023 | JMC | A | 26 | 430.00 | 0.50 | 215.00 | REAL ESTATE Review and reply to emails re Kent park call; review PSA terms re payment of property taxes; analyze potential offers to make to resolve case DINSDALE/JOAN | ARCH |
| 26081.002 | 06/21/2023 | JMC | A | 10 | 430.00 | 0.50 | 215.00 | REAL ESTATE Conference with client and J. Muir re property values DINSDALE/JOAN | ARCH |
| 26081.002 | 06/21/2023 | JMC | A | 24 | 430.00 | 0.40 | 172.00 | REAL ESTATE Draft outline of next steps; phone call to Ticor; email to Muir DINSDALE/JOAN | ARCH |
| 26081.002 | 06/21/2023 | JMC | A | 2 | 430.00 | 0.20 | 86.00 | REAL ESTATE Phone conference with T. Braden re Ticor taking on the closing/title responsibilities DINSDALE/JOAN | ARCH |
| 26081.002 | 06/22/2023 | JMC | A | 1 | 430.00 | 0.30 | 129.00 | REAL ESTATE Phone conference with S. Griego at Sadler re two surveys DINSDALE/JOAN | ARCH |
| 26081.002 | 06/22/2023 | JMC | A | 24 | 430.00 | 0.30 | 129.00 | REAL ESTATE Draft email to Ticor including PSA and title reports DINSDALE/JOAN | ARCH |
| 26081.002 | 06/22/2023 | JMC | A | 1 | 430.00 | 0.30 | 129.00 | REAL ESTATE Phone conference with A. Long & B. Levenhagen of Kent re 137th Park improvements; draft notes to file re same | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 6

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|--|-------|

**Timekeeper JMC JOHN M. CASEY**

| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 06/30/2023 | JMC | A | 26 | 430.00 | 0.30 | 129.00 | Review email from Ticor; phone call to Muir re pricing | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/10/2023 | JMC | A | 29 | 430.00 | 0.40 | 172.00 | Finalize amended disclosure of witnesses; draft letter to Mike | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/17/2023 | JMC | A | 24 | 430.00 | 0.30 | 129.00 | Draft outline of mediation letter; instruct staff to finalize same | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/19/2023 | JMC | A | 26 | 430.00 | 0.60 | 258.00 | Review and revise mediation letter | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/25/2023 | JMC | A | 26 | 430.00 | 0.60 | 258.00 | Review and revise mediation letter | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/26/2023 | JMC | A | 27 | 430.00 | | 0.00 | Revise mediation letter to reply to JHA's legal claims (no charge) | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/31/2023 | JMC | A | 27 | 430.00 | | 0.00 | Revise mediation letter (no charge) | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 08/01/2023 | JMC | A | 29 | 430.00 | 0.20 | 86.00 | Finalize court questionnaire for trial readiness | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 08/01/2023 | JMC | A | 29 | 430.00 | | 0.00 | Finalize mediation letter (no charge) | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 08/01/2023 | JMC | A | 26 | 430.00 | 0.30 | 129.00 | Review location of easement for park | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 08/07/2023 | JMC | A | 6 | 430.00 | 0.20 | 86.00 | Phone call to counsel to check status of mediation; email to client | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 08/07/2023 | JMC | A | 6 | 430.00 | 0.20 | 86.00 | Phone call to Yoke; phone conference with mediator; email to client re zoom mediation | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 08/08/2023 | JMC | A | 67 | 430.00 | 2.00 | 860.00 | Attend mediation by Zoom with Matt Turetsky (9:00-1:00 with breaks) | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 08/08/2023 | JMC | A | 13 | 430.00 | 0.80 | 344.00 | Intra-office conference with assistant re trial prep needs; prepare list; prepare exhibit list draft; prepare motion in limine draft | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 08/09/2023 | JMC | A | 26 | 430.00 | 0.70 | 301.00 | Review and revise trial prep list; review and revise ER 904 and exhibit list | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 08/10/2023 | JMC | A | 26 | 430.00 | 0.20 | 86.00 | Review witness letter and subpoenas | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 08/14/2023 | JMC | A | 5 | 430.00 | 0.30 | 129.00 | Phone call from C. Schumacher re subpoena for trial | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 08/14/2023 | JMC | A | 26 | 430.00 | 0.20 | 86.00 | Review email from clients; email to Yoke | ARCH |
| | | | | | | | | DINSDALE/JOAN | |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| **Timekeeper JMC JOHN M. CASEY** | | | | | | | | | |
| 26081.002 | 08/15/2023 | JMC | A | 24 | 430.00 | 1.00 | 430.00 | REAL ESTATE<br>Draft declaration of client and declaration of Casey to oppose motion to amend/continue<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 08/16/2023 | JMC | A | 26 | 430.00 | 0.30 | 129.00 | REAL ESTATE<br>Review JHA's motion to amend<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 08/16/2023 | JMC | A | 24 | 430.00 | 0.30 | 129.00 | REAL ESTATE<br>Draft notes for response to motion<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 08/16/2023 | JMC | A | 6 | 430.00 | 1.60 | 688.00 | REAL ESTATE<br>Phone call to J. Muir; email documents to Muir; draft revisions to declaration of Muir and declaration of Dinsdale; draft outline of response<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 08/17/2023 | JMC | A | 78 | 430.00 | 0.30 | 129.00 | REAL ESTATE<br>Research re statutory duties of a dual agent<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 08/17/2023 | JMC | A | 1 | 430.00 | 2.20 | 946.00 | REAL ESTATE<br>Phone conference with J. Muir; draft declaration of J. Muir; draft response to Plaintiff's motion; revise declarations of Muir and Dinsdale<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 08/20/2023 | JMC | A | 26 | 430.00 | 0.60 | 258.00 | REAL ESTATE<br>Review comments by Muir; revise declaration of Joan; revise response to motion; revise declaration of Casey<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 08/21/2023 | JMC | A | 29 | 430.00 | 0.40 | 172.00 | REAL ESTATE<br>Finalize ER 904 notice<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 08/21/2023 | JMC | A | 27 | 430.00 | 1.50 | 645.00 | REAL ESTATE<br>Revise declaration of Muir and Casey; review response<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 08/22/2023 | JMC | A | 29 | 430.00 | 1.00 | 430.00 | REAL ESTATE<br>Finalize response to motion to amend and proposed order<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 08/22/2023 | JMC | A | 26 | 430.00 | 0.20 | 86.00 | REAL ESTATE<br>Review and finalize ER 904<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 08/30/2023 | JMC | A | 26 | 430.00 | | 0.00 | REAL ESTATE<br>Review emails/correspondence.  Add relevant ones to exhibit set (no charge).<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 09/01/2023 | JMC | A | 29 | 430.00 | 0.90 | 387.00 | REAL ESTATE<br>Finalize witness and exhibit list; add additional exhibits<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 09/06/2023 | JMC | A | 1 | 430.00 | 0.30 | 129.00 | REAL ESTATE<br>Phone conference with counsel for Stewart title re need for testimony<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 09/06/2023 | JMC | A | 26 | 430.00 | 0.30 | 129.00 | REAL ESTATE<br>Review court's order granting motion to amend; confer with opposing counsel re new trial date<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 09/07/2023 | JMC | A | 2 | 430.00 | 0.80 | 344.00 | REAL ESTATE<br>Phone conference with client and J. Muir re judge's order; revise stipulation to continue date; email to JHA's counsel<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 09/11/2023 | JMC | A | 30 | 430.00 | | 0.00 | REAL ESTATE<br>Prepare documents to review with surveyor (no | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| **Timekeeper JMC JOHN M. CASEY** | | | | | | | | | |
| | | | | | | | | charge) | |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 09/12/2023 | JMC | A | 77 | 430.00 | 0.90 | 387.00 | Travel to Puyallup to meet with Dale Oaks re survey | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 09/13/2023 | JMC | A | 26 | 430.00 | 0.20 | 86.00 | Review Yoke's proposed language and reply | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 09/14/2023 | JMC | A | 26 | 430.00 | 0.20 | 86.00 | Review email from bailiff and reply | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 09/18/2023 | JMC | A | 26 | 430.00 | 0.20 | 86.00 | Review emails from Yoke and reply | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 09/19/2023 | JMC | A | 5 | 430.00 | 0.20 | 86.00 | Phone call from attorney Yoke re trial date continuance | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 09/20/2023 | JMC | A | 26 | 430.00 | 0.30 | 129.00 | Review JHA's motion to continue until March 2024 | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 09/20/2023 | JMC | A | 26 | 430.00 | 1.30 | 559.00 | Review and revise response to motion to continue; draft declaration of attorney Casey; revise proposed order | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| ~~26081.002~~ | ~~09/25/2023~~ | ~~JMC~~ | ~~A~~ | ~~26~~ | 430.00 | 0.50 | 215.00 | ~~Prepare outline of summary judgment motion argument; direct staff to order deposition of S. Jha~~ | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 10/10/2023 | JMC | A | 24 | 430.00 | 0.30 | 129.00 | Draft emails with Muir about retaining counsel; draft letter to Yoke re same | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 10/10/2023 | JMC | A | 24 | 430.00 | 0.30 | 129.00 | Draft discovery requests to Jha re park release time | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 10/10/2023 | JMC | A | 29 | 430.00 | 0.20 | 86.00 | Finalize discovery requests and letter to Yoke | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 10/17/2023 | JMC | A | 26 | 430.00 | 0.50 | 215.00 | Review deposition of Jha relative to issues in summary judgment motion; research to strike amended complaint; outline same | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| ~~26081.002~~ | ~~10/23/2023~~ | ~~JMC~~ | ~~A~~ | ~~26~~ | 430.00 | 0.40 | 172.00 | ~~Review summary judgment argument; legal research re specific performance~~ | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| ~~26081.002~~ | ~~10/26/2023~~ | ~~JMC~~ | ~~A~~ | ~~26~~ | 430.00 | 0.50 | 215.00 | ~~Review and critique motion for partial summary judgment~~ | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| ~~26081.002~~ | ~~10/27/2023~~ | ~~JMC~~ | ~~A~~ | ~~13~~ | 430.00 | | 0.00 | ~~Intra-office conference with associate re summary judgment motion/analysis (no charge)~~ | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 10/30/2023 | JMC | A | 26 | 430.00 | | 0.00 | Review amended summons and complaint filed today (no charge) | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 10/31/2023 | JMC | A | 27 | 430.00 | 0.40 | 172.00 | Revise answer to new claims; review email from Muir | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 9

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|--|-------|
| **Timekeeper JMC JOHN M. CASEY** | | | | | | | | | |
| 26081.002 | 11/02/2023 | JMC | A | 26 | 430.00 | 0.40 | 172.00 | Review amended complaint language deleted about specific performance DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/03/2023 | JMC | A | 30 | 430.00 | | 0.00 | Prepare for meeting with McCann; outline testimony he can provide (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/03/2023 | JMC | A | 1 | 430.00 | 0.40 | 172.00 | Phone conference with J. McCann re potential testimony DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/03/2023 | JMC | A | 26 | 430.00 | | 0.00 | Review specific performance cases and analyze same (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.003 | 11/07/2023 | JMC | A | 26 | 430.00 | 0.50 | 215.00 | Revise motion for partial summary judgment DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/07/2023 | JMC | A | 26 | 430.00 | 1.00 | 430.00 | Revise motion for pretrial summary judgment DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/13/2023 | JMC | A | 29 | 430.00 | 0.20 | 86.00 | Finalize CR 26 letter to counsel DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/13/2023 | JMC | A | 27 | 430.00 | | 0.00 | Revise draft motion for summary judgment; review depo for excepts (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.003 | 11/14/2023 | JMC | A | 27 | 430.00 | 0.40 | 172.00 | Revise motion for partial summary judgment; phone call from attorney for Muir; confer with staff re transferring date DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/16/2023 | JMC | A | 27 | 430.00 | | 0.00 | Revise motion and order to add attorneys fees claim language (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/16/2023 | JMC | A | 2 | 430.00 | | 0.00 | Phone conference with client re current status, Muir attorney, J. McCann (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/17/2023 | JMC | A | 1 | 430.00 | 0.30 | 129.00 | Phone conference with attorney Miller re discovery and claims vs Muir DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/20/2023 | JMC | A | 29 | 430.00 | | 0.00 | Finalize motion for summary judgment (no charge) DINSDALE/JOAN | ARCH |
| 26081.002 | 12/02/2023 | JMC | A | 26 | 430.00 | 0.20 | 86.00 | Review email from Yoke and reply DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 12/05/2023 | JMC | A | 2 | 430.00 | 0.30 | 129.00 | Phone conference with client re Muir claim and J. McCann; email to McCann DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 12/06/2023 | JMC | A | 29 | 430.00 | 0.50 | 215.00 | Finalize answer to first amended complaint DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 12/07/2023 | JMC | A | 12 | 430.00 | 0.30 | 129.00 | Instruction to staff to prepare motion to counsel overdue discovery DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 12/08/2023 | JMC | A | 29 | 430.00 | 0.20 | 86.00 | Finalize order to compel discovery DINSDALE/JOAN | ARCH |

**Detail Fee Transaction File List**
**CURRAN LAW FIRM P.S.**

### Timekeeper JMC JOHN M. CASEY

| Client | Trans Date | Thpr | P | Task Code | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| 260081.002 | 12/11/2023 | JMC | A | 29 | 430.00 | 0.20 | 86.00 | Finalize additional witness disclosure<br>REAL ESTATE<br>DINSDALE/JOAN | ARCH |
| 260081.002 | 12/12/2023 | JMC | A | 5 | 430.00 | 0.20 | 86.00 | Phone call from attorney Miller re need for<br>continuance<br>REAL ESTATE<br>DINSDALE/JOAN | ARCH |
| 260081.002 | 12/13/2023 | JMC | A | 26 | 430.00 | 0.30 | 129.00 | Review letter from Yoke; phone call to Yoke re same<br>REAL ESTATE<br>DINSDALE/JOAN | ARCH |
| 260081.002 | 12/14/2023 | JMC | A | 26 | 430.00 | 0.20 | 86.00 | Review JHA's response to 3rd discovery<br>REAL ESTATE<br>DINSDALE/JOAN | ARCH |
| 260081.002 | 12/15/2023 | JMC | A | 24 | 430.00 | 0.20 | 86.00 | Draft email to Yoke re erratum<br>REAL ESTATE<br>DINSDALE/JOAN | ARCH |
| 260081.002 | 12/15/2023 | JMC | A | 1 | 430.00 | 0.30 | 129.00 | Phone conference with J. McCann re development<br>expert work<br>REAL ESTATE<br>DINSDALE/JOAN | ARCH |
| 260081.002 | 12/18/2023 | JMC | A | 26 | 430.00 | 0.20 | 86.00 | Review email from Miller; reply to Miller re requested<br>continuance<br>REAL ESTATE<br>DINSDALE/JOAN | ARCH |
| 260081.002 | 12/20/2023 | JMC | A | 27 | 430.00 | 0.30 | 129.00 | Revise objection to Muir's continuance request;<br>finalize same<br>REAL ESTATE<br>DINSDALE/JOAN | ARCH |
| 260081.002 | 12/27/2023 | JMC | A | 26 | 430.00 | 0.30 | 129.00 | Review response to prefinal summary judgment;<br>motion<br>REAL ESTATE<br>DINSDALE/JOAN | ARCH |
| 260081.002 | 12/27/2023 | JMC | A | 26 | 430.00 | 1.50 | 645.00 | Review cases cited by JHA re specific performance<br>REAL ESTATE<br>DINSDALE/JOAN | ARCH |
| 260081.002 | 12/28/2023 | JMC | A | 13 | 430.00 | 0.80 | 344.00 | Intra-office conference with associate re reply to<br>summary judgment motion<br>REAL ESTATE<br>DINSDALE/JOAN | ARCH |
| 260081.002 | 12/28/2023 | JMC | A | 24 | 430.00 | 0.50 | 215.00 | Draft outline of reply to summary judgment<br>response<br>REAL ESTATE<br>DINSDALE/JOAN | ARCH |
| 260081.002 | 12/29/2023 | JMC | A | 26 | 430.00 | 0.30 | 129.00 | Review and edit draft reply brief<br>REAL ESTATE<br>DINSDALE/JOAN | ARCH |
| 260081.002 | 01/10/2024 | JMC | A | 26 | 430.00 | 0.20 | 86.00 | Review reply on summary judgment (no charge 3.0)<br>REAL ESTATE<br>DINSDALE/JOAN | ARCH |
| 260081.002 | 01/02/2024 | JMC | A | 13 | 430.00 | 0.60 | 258.00 | Intra-office conference with associate re legal<br>briefing for summary judgment; finalize same<br>REAL ESTATE<br>DINSDALE/JOAN | ARCH |
| 260081.002 | 01/03/2024 | JMC | A | 26 | 430.00 | 1.00 | 430.00 | Review objection/second response; prep oral<br>argument for hearing<br>REAL ESTATE<br>DINSDALE/JOAN | ARCH |
| 260081.002 | 01/04/2024 | JMC | A | 13 | 430.00 | 0.40 | 172.00 | Intra-office conference with associate to review key<br>cases for hearing<br>REAL ESTATE<br>DINSDALE/JOAN | ARCH |
| 260081.002 | 01/05/2024 | JMC | A | 11 | 430.00 | 2.00 | 860.00 | Travel to IYC to argue motion for partial summary<br>judgment<br>REAL ESTATE<br>DINSDALE/JOAN | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 11

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|---|------|
| **Timekeeper JMC JOHN M. CASEY** | | | | | | | | | |
| 26081.002 | 01/09/2024 | JMC | A | 24 | 430.00 | 0.60 | 258.00 | REAL ESTATE<br>Draft notes from summary judgment hearing; analyze judge's reasoning<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 03/04/2024 | JMC | A | 26 | 430.00 | 0.20 | 86.00 | REAL ESTATE<br>Review previous witness disclosures to ensure they are complete<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 03/04/2024 | JMC | A | 26 | 430.00 | 0.20 | 86.00 | REAL ESTATE<br>Review witness disclosures; call from Miller re scheduling JHA deposition<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 03/08/2024 | JMC | A | 24 | 430.00 | 0.30 | 129.00 | REAL ESTATE<br>Draft letter to Yoke re lack of witnesses and late discovery<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 03/25/2024 | JMC | A | 29 | 430.00 | 0.20 | 86.00 | REAL ESTATE<br>Finalize letter to counsel; identify deposition dates and ask staff to finalize same<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 03/25/2024 | JMC | A | 29 | 430.00 | 0.20 | 86.00 | REAL ESTATE<br>Finalize deposition dates/notices<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 03/27/2024 | JMC | A | 29 | 430.00 | 0.20 | 86.00 | REAL ESTATE<br>Finalize letters to deponents<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/01/2024 | JMC | A | 29 | 430.00 | 0.20 | 86.00 | REAL ESTATE<br>Finalize subpoena to McCarthy<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/16/2024 | JMC | A | 1 | 430.00 | 1.00 | 430.00 | REAL ESTATE<br>Phone conference with B. Levenhagen; review exhibits and timeline; revise outline for deposition<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/17/2024 | JMC | A | 29 | 430.00 | 0.50 | 215.00 | REAL ESTATE<br>Finalize prep for deposition of Levenhagen<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/18/2024 | JMC | A | 74 | 430.00 | 1.50 | 645.00 | REAL ESTATE<br>Deposition of B. Levenhagen from City of Kent; confer with client after<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/18/2024 | JMC | A | 26 | 430.00 | 0.30 | 129.00 | REAL ESTATE<br>Review Hannah's summary of Levenhagen deposition and revise same<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/18/2024 | JMC | A | 13 | 430.00 | 0.50 | 215.00 | REAL ESTATE<br>Intra-office conference with associate re McCarthy deposition and motion to compel<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/19/2024 | JMC | A | 26 | 430.00 | 0.20 | 86.00 | REAL ESTATE<br>Review Jha declaration with email from Muir to other buyer; confer with associate re same<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/23/2024 | JMC | A | 30 | 430.00 | 2.00 | 860.00 | REAL ESTATE<br>Prepare for deposition of M. McCarthy<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/23/2024 | JMC | A | 1 | 430.00 | 0.50 | 215.00 | REAL ESTATE<br>Phone conference with attorney for Rainier Title re McCarthy deposition<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/24/2024 | JMC | A | 13 | 430.00 | | 0.00 | REAL ESTATE<br>Intra-office conference with associate re discovery motion for incomplete discovery (no charge)<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/24/2024 | JMC | A | 26 | 430.00 | 0.80 | 344.00 | REAL ESTATE<br>Review outline for McCarthy deposition; confer with | ARCH |

*Wednesday 12/04/2024 3:26 pm*

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 12

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|-------------------|------|---------------|--------|---|-------|
| **Timekeeper JMC JOHN M. CASEY** | | | | | | | | | |
| | | | | | | | | associate re discovery motion; finalize letter to Yoke re unanswered discovery | |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 04/25/2024 | JMC | A | 74 | 430.00 | 2.30 | 989.00 | Deposition of M. McCarthy by Zoom; revise notes of same | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 04/26/2024 | JMC | A | 24 | 430.00 | 0.50 | 215.00 | Draft list of motions to limit evidence from Sidd at trial | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 04/29/2024 | JMC | A | 13 | 430.00 | | 0.00 | Intra-office conference with associate re motions in limine (no charge) | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 04/30/2024 | JMC | A | 6 | 430.00 | | 0.00 | Phone call to attorney Yoke re discovery conference (no charge) | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 05/03/2024 | JMC | A | 24 | 430.00 | 0.20 | 86.00 | Draft email to Yoke re missing discovery | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 05/08/2024 | JMC | A | 13 | 430.00 | | 0.00 | Intra-office conference with associate re J. McCann scope (no charge) | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 05/10/2024 | JMC | A | 9 | 430.00 | 0.40 | 172.00 | Conference with T. Lanktree by Zoom re survey questions | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 05/16/2024 | JMC | A | 3 | 430.00 | 0.40 | 172.00 | Phone conference with opposing atty re unanswered discovery by Sidd | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 05/17/2024 | JMC | A | 24 | 430.00 | 0.20 | 86.00 | Draft email to Yoke re discovery conference | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 05/20/2024 | JMC | A | 24 | 430.00 | 0.60 | 258.00 | Draft scope of work for McCann and prep documents for him; email same to Jeff | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 05/22/2024 | JMC | A | 9 | 430.00 | 0.50 | 215.00 | Conference with J. McCann by Zoom re expert witness scope | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 05/24/2024 | JMC | A | 26 | 430.00 | 0.30 | 129.00 | Review Dinsdale survey for McCann questions; ask for call with D. Oaks | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 05/29/2024 | JMC | A | 1 | 430.00 | 0.30 | 129.00 | Phone conference with D. Oaks re questions about 2021 survey | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 05/30/2024 | JMC | A | 26 | 430.00 | 0.20 | 86.00 | Review email from D. Oaks and reply; review email from JHA and reply | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 06/03/2024 | JMC | A | 26 | 430.00 | 0.30 | 129.00 | Review pretrial notice from the court; review motions in limine; prep response | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 06/05/2024 | JMC | A | 5 | 430.00 | | 0.00 | Phone call from Miller re Muir settlement; review file for emails with Yoke (no charge) | ARCH |
| | | | | | | | | DINSDALE/JOAN | |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 13

**Timekeeper JMC JOHN M. CASEY**

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|-----------------|------|--------------|--------|---|-------|
| 26081.002 | 06/05/2024 | JMC A | | 24 | 430.00 | 0.40 | 172.00 | REAL ESTATE<br>Draft witness time estimate and respond to court's questions<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 06/06/2024 | JMC A | | 24 | 430.00 | 0.20 | 86.00 | REAL ESTATE<br>Draft email to Lanktree for review survey<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 06/06/2024 | JMC A | | 26 | 430.00 | 0.20 | 86.00 | REAL ESTATE<br>Review Oaks survey exhibit; forward to McCann<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 06/07/2024 | JMC A | | 26 | 430.00 | 0.50 | 215.00 | REAL ESTATE<br>Review and revise motion to compel<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 06/10/2024 | JMC A | | 29 | 430.00 | 0.70 | 301.00 | REAL ESTATE<br>Finalize motion/declaration/order for motion to compel JHA to answer discovery<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 06/11/2024 | JMC A | | 9 | 430.00 | 0.90 | 387.00 | REAL ESTATE<br>Conference with J. McCann by Zoom for update<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 06/11/2024 | JMC A | | 24 | 430.00 | 0.20 | 86.00 | REAL ESTATE<br>Draft email to bailiff with time estimate<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 06/12/2024 | JMC A | | 5 | 430.00 | | 0.00 | REAL ESTATE<br>Phone call from Yoke re trial continuance and overdue discovery (no charge)<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 06/18/2024 | JMC A | | 26 | 430.00 | 0.50 | 215.00 | REAL ESTATE<br>Review supplemental discovery answers from Jha; reply to Jha; draft email to McCann; draft email to Lanktree<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 06/18/2024 | JMC A | | 26 | 430.00 | 0.20 | 86.00 | REAL ESTATE<br>Review Lanktree review survey<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 06/19/2024 | JMC A | | 13 | 430.00 | 0.20 | 86.00 | REAL ESTATE<br>Intra-office conference with assistant re demand letter to Jha<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 06/19/2024 | JMC A | | 27 | 430.00 | 0.30 | 129.00 | REAL ESTATE<br>Revise letter to Yoke re need an offer<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 06/20/2024 | JMC A | | 1 | 430.00 | 0.20 | 86.00 | REAL ESTATE<br>Phone conference with J. Muir re listing flyer materials<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 06/26/2024 | JMC A | | 26 | 430.00 | | 0.00 | REAL ESTATE<br>Review Jha's supplemental discovery answers (no charge)<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 06/26/2024 | JMC A | | 13 | 430.00 | 0.30 | 129.00 | REAL ESTATE<br>Intra-office conference with associate re Jha's discovery answers<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 07/02/2024 | JMC A | | 68 | 430.00 | 0.60 | 258.00 | REAL ESTATE<br>Court appearance by Zoom for pretrial conference; confer with staff thereafter<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 07/02/2024 | JMC A | | 26 | 430.00 | 0.50 | 215.00 | REAL ESTATE<br>Review witness scheduling issues; ask assistant to prep letters/subpoenas; reply to Jha re Lanktree work<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 07/03/2024 | JMC A | | 24 | 430.00 | 0.60 | 258.00 | REAL ESTATE<br>Draft reply to Jha; confer with J. McCann; organize | ARCH |

JPC

Date: 12/04/2024                  **Detail Fee Transaction File List**                  Page: 14

CURRAN LAW FIRM P.S.

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | Description | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|-------------|-------|
| **Timekeeper JMC JOHN M. CASEY** | | | | | | | | | |
| | | | | | | | | witness subpoenas | |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 07/09/2024 | JMC | A | 26 | 430.00 | 0.70 | 301.00 | Review pattern jury investigations and select needed ones; review witness and exhibit and make needed edits | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 07/11/2024 | JMC | A | 24 | 430.00 | 2.00 | 860.00 | Draft motions to exclude evidence, declaration of JMC | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 07/11/2024 | JMC | A | 26 | 430.00 | 0.50 | 215.00 | Review lengthy email from Yoke to Bailiff; review witness disclosures; prepare outline of answer | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 07/12/2024 | JMC | A | 24 | 430.00 | 0.20 | 86.00 | Draft email to Yoke re Lanktree deposition | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 07/15/2024 | JMC | A | 26 | 430.00 | 2.00 | 860.00 | Review 1981 drainage agreement; phone call to McCann re same; review and revise witness and exhibit list for accuracy and completeness; discuss newest motion to continue | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 07/16/2024 | JMC | A | 26 | 430.00 | 0.40 | 172.00 | Review correspondence to Yoke and witness disclosure; draft outline of JMC declaration in response | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 07/16/2024 | JMC | A | 24 | 430.00 | | 0.00 | Draft reply to court re witness time estimate (no charge) | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 07/18/2024 | JMC | A | 24 | 430.00 | | 0.00 | Draft and revise declaration of Casey in reference to motion to continue (no charge) | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 07/19/2024 | JMC | A | 27 | 430.00 | | 0.00 | Revise response to motion to continue and declaration of JMC (nc) | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 07/19/2024 | JMC | A | 27 | 430.00 | 0.80 | 344.00 | Revise motions in limine and declaration in support thereof | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 07/24/2024 | JMC | A | 26 | 430.00 | | 0.00 | Review Jha disclosures; emails to counsel re phone calls to witnesses (nc) | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 07/24/2024 | JMC | A | 29 | 430.00 | 1.00 | 430.00 | Finalize motions in limine and declaration of JMC | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 07/24/2024 | JMC | A | 27 | 430.00 | 1.00 | 430.00 | Revise proposed jury instructions for trial | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 07/25/2024 | JMC | A | 24 | 430.00 | 0.20 | 86.00 | Draft instruction for witness prep | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 07/25/2024 | JMC | A | 29 | 430.00 | 1.50 | 645.00 | Finalize jury instructions | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 07/26/2024 | JMC | A | 24 | 430.00 | 0.20 | 86.00 | Draft email to Yoke re open issues | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|-----------------|------|--------------|--------|---|-------|
| **Timekeeper JMC JOHN M. CASEY** | | | | | | | | | |
| 26081.002 | 07/30/2024 | JMC A | | 24 | 430.00 | 0.20 | 86.00 | Draft message to staff re needed submittals to court DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 07/31/2024 | JMC A | | 1 | 430.00 | | 0.00 | Phone conference with associate re pretrial conference held today (nc) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/03/2024 | JMC A | | 24 | 430.00 | 0.40 | 172.00 | Draft email to court re availability for trial; confer with staff re deposition DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/06/2024 | JMC A | | 26 | 430.00 | 0.20 | 86.00 | Review court scheduling order; direct staff to work on setting Muir DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/12/2024 | JMC A | | 30 | 430.00 | 1.00 | 430.00 | Prepare for testimony/questions of James Muir DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/12/2024 | JMC A | | 1 | 430.00 | 1.00 | 430.00 | Phone conference with J. Muir to prepare for testimony at deposition DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/13/2024 | JMC A | | 27 | 430.00 | | 0.00 | Revise response to latest motion to continue (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/13/2024 | JMC A | | 29 | 430.00 | 0.60 | 258.00 | Finalize response to latest motion to continue DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/14/2024 | JMC A | | 74 | 430.00 | 1.50 | 645.00 | Deposition of J. Muir at CLF to preserve testimony for trial DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/14/2024 | JMC A | | 24 | 430.00 | 0.20 | 86.00 | Draft email to Yoke re scheduling deposition of surveyor DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/15/2024 | JMC A | | 24 | 430.00 | 0.20 | 86.00 | Draft email to Yoke re deposition of Johnson and availability of other experts for deposition DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/15/2024 | JMC A | | 13 | 430.00 | | 0.00 | Intra-office conference with associate re trial brief (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/20/2024 | JMC A | | 26 | 430.00 | 0.30 | 129.00 | Review email from bailiff; review and revise response DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/20/2024 | JMC A | | 29 | 430.00 | 0.60 | 258.00 | Finalize letter to court with timeline of discovery issues DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/21/2024 | JMC A | | 67 | 430.00 | 1.60 | 688.00 | Attend pretrial conference by Zoom on latest postponement request DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/21/2024 | JMC A | | 30 | 430.00 | 0.30 | 129.00 | Prepare schedule of trial days and next steps DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/22/2024 | JMC A | | 26 | 430.00 | 0.80 | 344.00 | Review and revise trial brief DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/25/2024 | JMC A | | 26 | 430.00 | 0.80 | 344.00 | Review appeal papers filed by Sidd in Court of Appeals; review court rules in Court of Appeals; revise trial brief | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|---|------|

**Timekeeper JMC JOHN M. CASEY**

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | Description | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|---|------|
| 26081.002 | 08/26/2024 | JMC | A | 2 | 430.00 | 0.70 | 301.00 | DINSDALE/JOAN REAL ESTATE Phone conference with client re Appeal; draft stipulation to continue; phone call to attorney Yoke | ARCH |
| 26081.002 | 08/27/2024 | JMC | A | 26 | 430.00 | 0.50 | 215.00 | DINSDALE/JOAN REAL ESTATE Review Yoke's proposed changes to stipulation; reject same; review appellant brief guide; confer with associate re same | ARCH |
| 26081.002 | 08/27/2024 | JMC | A | 26 | 430.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Review and reply to Jha's draft stipulation (no charge) | ARCH |
| 26081.002 | 08/27/2024 | JMC | A | 26 | 430.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Review appellant rules on formatting; draft outline of response (no charge) | ARCH |
| 26081.002 | 08/27/2024 | JMC | A | 27 | 430.00 | 1.50 | 645.00 | DINSDALE/JOAN REAL ESTATE Revise response to motion to stay trial date | ARCH |
| 26081.002 | 08/28/2024 | JMC | A | 13 | 430.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Intra-office conference with staff re formatting and finalizing response to stay motion (no charge) | ARCH |
| 26081.002 | 08/28/2024 | JMC | A | 29 | 430.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Finalize response to motion for emergency stay in court of appeals (no charge) | ARCH |
| 26081.002 | 08/29/2024 | JMC | A | 26 | 430.00 | 1.00 | 430.00 | DINSDALE/JOAN REAL ESTATE Review court of appeals decision; phone conference with Yoke, confer with client | ARCH |
| 26081.002 | 08/30/2024 | JMC | A | 27 | 430.00 | 1.00 | 430.00 | DINSDALE/JOAN REAL ESTATE Revise trial brief and motion in limine | ARCH |
| 26081.002 | 09/03/2024 | JMC | A | 29 | 430.00 | 1.00 | 430.00 | DINSDALE/JOAN REAL ESTATE Finalize Trial brief and proposed Jury instructions | ARCH |
| 26081.002 | 09/04/2024 | JMC | A | 13 | 430.00 | 0.30 | 129.00 | DINSDALE/JOAN REAL ESTATE Intra-office conference with associate re voir dire of jury and witness prep | ARCH |
| 26081.002 | 09/05/2024 | JMC | A | 68 | 430.00 | 0.60 | 258.00 | DINSDALE/JOAN REAL ESTATE Court appearance by Zoom for pretrial conference; finalize order at judge's direction | ARCH |
| 26081.002 | 09/06/2024 | JMC | A | 29 | 430.00 | 0.20 | 86.00 | DINSDALE/JOAN REAL ESTATE Finalize letter to court of appeals re Dinsdale's response to the need for appeal | ARCH |
| 26081.002 | 09/09/2024 | JMC | A | 26 | 430.00 | 0.20 | 86.00 | DINSDALE/JOAN REAL ESTATE Review new disclosure from Yoke; email to Yoke re scheduling call on deposition | ARCH |
| 26081.002 | 09/09/2024 | JMC | A | 30 | 430.00 | 1.00 | 430.00 | DINSDALE/JOAN REAL ESTATE Prepare trial questions for Oaks, K. Dinsdale, Levenhagen | ARCH |
| 26081.002 | 09/09/2024 | JMC | A | 78 | 430.00 | 0.50 | 215.00 | DINSDALE/JOAN REAL ESTATE Research re any case law on seller to maintain property condition | ARCH |
| 26081.002 | 09/10/2024 | JMC | A | 26 | 430.00 | 0.50 | 215.00 | DINSDALE/JOAN REAL ESTATE Review neutral statement of the case; email to Yoke | ARCH |

JPC

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 17

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|--|-------|
| Timekeeper JMC JOHN M. CASEY | | | | | | | | | |
| | | | | | | | | re witness interviews DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 09/11/2024 | JMC | A | 6 | 430.00 | 0.20 | 86.00 | Phone call to R. Yoke re what are they doing with not submitting documents DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/11/2024 | JMC | A | 30 | 430.00 | 0.50 | 215.00 | Prepare questions for her in trial DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/12/2024 | JMC | A | 10 | 430.00 | 1.30 | 559.00 | Conference with client to prepare for testimony at trial DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/12/2024 | JMC | A | 30 | 430.00 | 1.10 | 473.00 | Prepare outline of questions for McCann, Kyle D and Lanktree DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/13/2024 | JMC | A | 9 | 430.00 | 2.80 | 1,204.00 | Conference with K. Dinsdale, J. McCann and T. Lanktree re expected trial testimony DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/16/2024 | JMC | A | 26 | 430.00 | 0.30 | 129.00 | Review and revise proposed order from hearing DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/18/2024 | JMC | A | 29 | 430.00 | 0.30 | 129.00 | Finalize order on show cause hearing DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/25/2024 | JMC | A | 26 | 430.00 | | 0.00 | Review response to Jha motion in Court of Appeals (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/25/2024 | JMC | A | 27 | 430.00 | 0.60 | 258.00 | Revise response to Jha's motion in Court of Appeals DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/30/2024 | JMC | A | 29 | 430.00 | 0.50 | 215.00 | Finalize response in court of Appeals DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 10/01/2024 | JMC | A | 13 | 430.00 | | 0.00 | Intra-office conference with re Oaks work (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 10/02/2024 | JMC | A | 10 | 430.00 | 0.50 | 215.00 | Conference with client re Oaks' survey and strategy for trial DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 10/08/2024 | JMC | A | 24 | 430.00 | 0.20 | 86.00 | Draft email to Oaks re survey exhibit DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 10/22/2024 | JMC | A | 13 | 430.00 | 0.50 | 215.00 | Intra-office conference with associate re motion to exclude, joint statement of evidence and trial tasks DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 10/22/2024 | JMC | A | 26 | 430.00 | 0.60 | 258.00 | Review Jha's proposed evidence for objections, Exhibit 128-173 DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 10/22/2024 | JMC | A | 26 | 430.00 | 0.50 | 215.00 | Review motion to exclude witnesses, surveyor and realtor DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 10/22/2024 | JMC | A | 26 | 430.00 | 0.40 | 172.00 | Review plaintiff's exhibits 110-127 DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 10/23/2024 | JMC | A | 26 | 430.00 | 0.30 | 129.00 | Review motion and declaration for order on | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|-----------------|------|--------------|--------|---|-------|
| **Timekeeper JMC JOHN M. CASEY** | | | | | | | | | |
| | | | | | | | contempt | | |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 10/24/2024 | JMC | A | 29 | 430.00 | 1.70 | 731.00 | Finalize motion to exclude witnesses and joint statement of evidence | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 10/25/2024 | JMC | A | 29 | 430.00 | 0.30 | 129.00 | Finalize neutral statement of the case; email it and Joint statement of evidence to Yoke | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 10/28/2024 | JMC | A | 13 | 430.00 | 0.30 | 129.00 | Intra-office conference re witness scheduling | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 10/28/2024 | JMC | A | 26 | 430.00 | 1.90 | 817.00 | Review and revise response to motion in Limine; draft outline of opening statement; draft cross exam of Diller; review Oaks exhibit | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 10/29/2024 | JMC | A | 26 | 430.00 | 0.50 | 215.00 | Review Oaks' exhibit; phone call with Stephen; email to Dale | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 10/29/2024 | JMC | A | 24 | 430.00 | 2.00 | 860.00 | Draft cross exam of witnesses, voir dire questions and opening statement | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 10/30/2024 | JMC | A | 29 | 430.00 | 0.40 | 172.00 | Finalize reply to opposition to motion to exclude | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 10/30/2024 | JMC | A | 13 | 430.00 | 0.60 | 258.00 | Intra-office conference with associate re cross-exam of Jha; phone call from Dale Oak's office | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 10/31/2024 | JMC | A | 3 | 430.00 | 0.50 | 215.00 | Phone conference with opposing atty re objections to exhibits | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 10/31/2024 | JMC | A | 24 | 430.00 | 0.20 | 86.00 | Draft instructions for revising Joint statement of evidence | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 10/31/2024 | JMC | A | 9 | 430.00 | 0.60 | 258.00 | Conference with B. Levenhagen re trial testimony; review trial brief | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 10/31/2024 | JMC | A | 27 | 430.00 | 0.60 | 258.00 | Revise testimony questions of Levenhagen, Joanie and Diller | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 11/01/2024 | JMC | P | 27 | 430.00 | 1.20 | 516.00 | Revise opening statement, questions for Joan and other witnesses | 822 |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 11/01/2024 | JMC | P | 26 | 430.00 | 1.50 | 645.00 | Review revised exhibit from Sadler; phone call to Oaks; email to Sidd; confer with associate re disclosing exhibit | 823 |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 11/03/2024 | JMC | P | 30 | 430.00 | 3.00 | 1,290.00 | Prepare for opening statement, motions in limine, voir dire | 824 |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 11/04/2024 | JMC | P | 67 | 430.00 | 11.00 | 4,730.00 | Attend trial day 1 (8:30-4:30; prep for day 2 (7-10) | 825 |
| | | | | | | | DINSDALE/JOAN | | |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 19

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|--|-------|
| **Timekeeper JMC JOHN M. CASEY** | | | | | | | | | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/05/2024 | JMC | P | 67 | 430.00 | 8.10 | 3,483.00 | Attend trial day 2 (8:30-4:00); confer with associate and J. McCann after | 826 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/05/2024 | JMC | P | 30 | 430.00 | 2.00 | 860.00 | Prepare examination of Jha, Muir and Joanie | 827 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/06/2024 | JMC | P | 67 | 430.00 | 7.00 | 3,010.00 | Attend trial day 3 (9-4) | 828 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/07/2024 | JMC | P | 13 | 430.00 | 0.50 | 215.00 | Intra-office conference re witness testimony and jury instructions | 829 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/08/2024 | JMC | P | 26 | 430.00 | 0.50 | 215.00 | Review property tax summary; discuss jury instruction and owner's affidavit | 830 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/11/2024 | JMC | P | 30 | 430.00 | 2.50 | 1,075.00 | Prepare jury instructions, exam of Muir, Joan, Brian and McCarthy | 852 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/11/2024 | JMC | P | 29 | 430.00 | 0.60 | 258.00 | Finalize proposed jury instructions; phone conference with Jim Muir | 853 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/12/2024 | JMC | P | 77 | 430.00 | 6.50 | 2,795.00 | Travel to RJC for trial day 4 (9-4) | 854 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/12/2024 | JMC | P | 1 | 430.00 | 2.50 | 1,075.00 | Phone conference with M. McCarthy to prep; phone conference with associate re whether to call J. McCann; prep exam, questions of Joan and McCarthy | 855 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/13/2024 | JMC | P | 30 | 430.00 | 1.30 | 559.00 | Prepare for trial | 856 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/13/2024 | JMC | P | 67 | 430.00 | 6.50 | 2,795.00 | Attend trial day 5 at RJC (9-4) | 857 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/13/2024 | JMC | P | 30 | 430.00 | 1.50 | 645.00 | Prepare questions for client and McCarthy on redirect; phone conference with Oaks | 858 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/14/2024 | JMC | P | 67 | 430.00 | 4.00 | 1,720.00 | Attend trial day 6 at RJC (9-2) | 859 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/14/2024 | JMC | P | 24 | 430.00 | 0.70 | 301.00 | Draft brief response to motion for judgment as a matter of law; review case law cited | 860 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/15/2024 | JMC | P | 27 | 430.00 | 1.50 | 645.00 | Revise response to motion for judgment/proposed order | 861 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/15/2024 | JMC | P | 26 | 430.00 | 1.50 | 645.00 | Review and revise jury instructions; prepare legal arguments | 862 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/18/2024 | JMC | P | 30 | 430.00 | 7.00 | 3,010.00 | Prepare for and attend trial day 7 (1hr for prep; trial 8:45-4, less break) | 863 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/18/2024 | JMC | P | 30 | 430.00 | 1.00 | 430.00 | Prepare for next day of trial | 864 |

JPC

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 20

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|---|-------|
| **Timekeeper JMC JOHN M. CASEY** | | | | | | | | | |
| 26081.002 | 11/19/2024 | JMC | P | 30 | 430.00 | 7.00 | 3,010.00 | DINSDALE/JOAN REAL ESTATE Prepare for and attend trial day 8 at RJC (.5 for prep; trial 8:45-4, less break) | 865 |
| 26081.002 | 11/20/2024 | JMC | P | 30 | 430.00 | 6.00 | 2,580.00 | DINSDALE/JOAN REAL ESTATE Prepare for and attend trial day 9 at RJC (.5 prep; trial 8:45-2:45, less break) | 866 |
| 26081.002 | 11/20/2024 | JMC | P | 29 | 430.00 | 2.00 | 860.00 | DINSDALE/JOAN REAL ESTATE Finalize closing arguments; legal research on statute of awards for jury instruction | 868 |
| 26081.002 | 11/21/2024 | JMC | P | 30 | 430.00 | 5.50 | 2,365.00 | DINSDALE/JOAN REAL ESTATE Prepare for and attend trial day 10 at RJC (.5 prep; trial 8:30-2, less break) | 867 |
| 26081.002 | 11/22/2024 | JMC | P | 68 | 430.00 | 1.00 | 430.00 | DINSDALE/JOAN REAL ESTATE Court appearance by Zoom to address two jurors questions; travel to court for redirect | 869 |
| 26081.002 | 11/26/2024 | JMC | P | 13 | 430.00 | 0.20 | 86.00 | DINSDALE/JOAN REAL ESTATE Intra-office conference with associate re their motion for attorneys fees | 873 |
| 26081.002 | 12/01/2024 | JMC | P | 26 | 430.00 | 0.50 | 215.00 | DINSDALE/JOAN REAL ESTATE Review and revise motion and declaratory judgment | 877 |
| 26081.002 | 12/02/2024 | JMC | P | 13 | 430.00 | 0.30 | 129.00 | DINSDALE/JOAN REAL ESTATE Intra-office conference with associate re legal arguments for attorney fee claim | 878 |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |

| | | Billable | 255.70 | 109,951.00 | JOHN M. CASEY |
|---|---|---------|--------|------------|---------------|
| **Total for Timekeeper JMC** | | | | | |

*Revised total $105,694.00*

*hours 245.8*

Page: 41

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| Timekeeper HCC HANNAH C. CHELIMSKY | | | | | | | | | |
| 26081.002 | 08/17/2022 | HCC A | | 8 | 250.00 | 1.50 | 375.00 | CR 11 RESEARCH DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/16/2022 | HCC A | | 8 | 250.00 | | 0.00 | READ THROUGH ANSWER ASSERTION OF CR 11 DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/17/2022 | HCC A | | 8 | 250.00 | 2.00 | 500.00 | RESEARCH CR 11 MOTIONS DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/17/2022 | HCC A | | 8 | 250.00 | | 0.00 | READ THROUGH CR 11 WESTLAW INSTRUCTION (NO CHARGE) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/18/2022 | HCC A | | 8 | 250.00 | | 0.00 | READ THROUGH CR 11 WESTLAW INSTRUCTION (NO CHARGE) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/21/2022 | HCC A | | 8 | 250.00 | 0.60 | 150.00 | RESEARCH CR 11 DETAILS REQUIRED IN ASSERTION DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/22/2022 | HCC A | | 8 | 250.00 | | 0.00 | READ COMPLAINT AND DRAFT UPDATED CR 11 COMPLAINTS; READ THROUGH CONTRACT (NO CHARGE) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/23/2022 | HCC A | | 8 | 250.00 | 0.80 | 200.00 | DRAFT CR 11 LANGUAGE FOR COMPLAINT AND RESEARCH SUPERCEDE ADDENDUM VS PSA DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/30/2022 | HCC A | | 8 | 250.00 | | 0.00 | CR 11 MOTION AND RESEARCH ON SUBSEQUENT ADDENDA PRIORITY OF APPLICATION (NO CHARGE) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 12/07/2022 | HCC A | | 8 | 250.00 | 0.50 | 125.00 | EDIT CR 11 SECTION IN ANSWER AND COUNTERCLAIMS SEND TO JMC FOR REVIEW DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 12/16/2022 | HCC A | | 8 | 250.00 | 0.40 | 100.00 | RESEARCH AND DRAFT NOTICE TO AMEND DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 12/19/2022 | HCC A | | 8 | 250.00 | 1.00 | 250.00 | FINISH DRAFT MOTION TO AMEND AND SEND TO JMC FOR REVIEW DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 12/20/2022 | HCC A | | 8 | 250.00 | 0.40 | 100.00 | REVIEW COMPLAINT AND AMENDED ANSWER TO FIND REASON FOR HIGHLIGHTED PORTION DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/27/2023 | HCC A | | 8 | 250.00 | 1.60 | 400.00 | Research on deposition perpetuation DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 10/02/2023 | HCC A | | 8 | 250.00 | 0.80 | 200.00 | Draft Motion for partial summary judgment DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 10/02/2023 | HCC A | | 8 | 250.00 | | 0.00 | Phone call with JMC re moving forward (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 10/04/2023 | HCC A | | 8 | 250.00 | 1.00 | 250.00 | Draft motion for partial summary judgment and review previous filings DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 10/06/2023 | HCC A | | 8 | 250.00 | | 0.00 | Review documents in file to catch up (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 10/11/2023 | HCC A | | 8 | 250.00 | 1.20 | 300.00 | Research specific performance standard | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Timekeeper HCC HANNAH C. CHELIMSKY

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| 26081.002 | 10/16/2023 | HCC | A | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Read through deposition, draft declaration and insert citations into motion (no charge) | ARCH |
| 26081.002 | 10/18/2023 | HCC | A | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Read through deposition and pull further citations (No charge) | ARCH |
| 26081.002 | 10/20/2023 | HCC | A | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Read through PSA and all Addenda and pull citations for motion (no charge) | ARCH |
| 26081.002 | 10/30/2023 | HCC | A | 8 | 250.00 | 0.50 | 125.00 | DINSDALE/JOAN REAL ESTATE Research statute of frauds and email representations from non party | ARCH |
| 26081.002 | 11/01/2023 | HCC | A | 8 | 250.00 | 3.00 | 750.00 | DINSDALE/JOAN REAL ESTATE Research and draft motion for summary judgment | ARCH |
| 26081.002 | 11/02/2023 | HCC | A | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Research and edits to motion for summary judgment (no charge) | ARCH |
| 26081.002 | 11/02/2023 | HCC | A | 8 | 250.00 | 0.30 | 75.00 | DINSDALE/JOAN REAL ESTATE Phone call with JMC re: change direction with motion for summary judgment | ARCH |
| 26081.002 | 11/02/2023 | HCC | A | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Edit motion to reflect change in amended complaint (no charge) | ARCH |
| 26081.002 | 11/03/2023 | HCC | A | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Edit motion to reflect change in amended complaint (no charge) | ARCH |
| 26081.002 | 11/06/2023 | HCC | A | 8 | 250.00 | 2.00 | 500.00 | DINSDALE/JOAN REAL ESTATE Research regarding injunction and burden of proof to grant injunction and draft summary judgment motion | ARCH |
| 26081.002 | 11/07/2023 | HCC | A | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Finish edits on motion and edits to JMC declaration. Research statute on grounds for injunction (no charge) | ARCH |
| 26081.002 | 11/07/2023 | HCC | A | 8 | 250.00 | 0.60 | 150.00 | DINSDALE/JOAN REAL ESTATE Draft proposed order | ARCH |
| 26081.002 | 12/27/2023 | HCC | A | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Review defendant reply to Motion for Summary Judgment (no charge) | ARCH |
| 26081.002 | 12/28/2023 | HCC | A | 8 | 250.00 | 2.00 | 500.00 | DINSDALE/JOAN REAL ESTATE Draft reply for partial summary judgment (no charge 2.0 of 4.0) | ARCH |
| 26081.002 | 12/28/2023 | HCC | A | 8 | 250.00 | 1.00 | 250.00 | DINSDALE/JOAN REAL ESTATE Research cases cited by plaintiff re: breach of good faith and fair dealing | ARCH |
| 26081.002 | 12/29/2023 | HCC | A | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Edits to reply for summary judgment (no charge). | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 43

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|-----------------|------|--------------|--------|---|------|
| Timekeeper HCC HANNAH C. CHELIMSKY | | | | | | | | | |
| ~~26081.002~~ | ~~12/29/2023~~ | ~~HCC~~ | ~~A~~ | ~~8~~ | 250.00 | | 0.00 | ~~Edit reply motion for summary judgment and add~~ citations (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 01/02/2024 | HCC | A | 8 | 250.00 | 1.50 | 375.00 | Research first breach of contract DINSDALE/JOAN REAL ESTATE | ARCH |
| ~~26081.002~~ | ~~01/02/2024~~ | ~~HCC~~ | ~~A~~ | ~~8~~ | 250.00 | 0.40 | 100.00 | ~~Edit reply~~ DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 01/04/2024 | HCC | A | 8 | 250.00 | | 0.00 | Review emails between JMC and Yoke (nc) DINSDALE/JOAN REAL ESTATE | ARCH |
| ~~26081.002~~ | ~~01/04/2024~~ | ~~HCC~~ | ~~A~~ | ~~8~~ | 250.00 | 1.50 | 375.00 | ~~Highlight cases for hearing tomorrow; discussion~~ with JMC re: strengths and weaknesses of cases for hearing tomorrow DINSDALE/JOAN REAL ESTATE | ARCH |
| ~~26081.002~~ | ~~01/05/2024~~ | ~~HCC~~ | ~~A~~ | ~~8~~ | 250.00 | | 0.00 | ~~Heading on motion for SJ (nc)~~ DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 01/05/2024 | HCC | A | 8 | 250.00 | | 0.00 | Draft reflection document from hearing (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 01/08/2024 | HCC | A | 8 | 250.00 | | 0.00 | Discuss hearing with JMC and strategy moving forward (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 03/04/2024 | HCC | A | 8 | 250.00 | | 0.00 | Review witness disclosure (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 03/11/2024 | HCC | A | 8 | 250.00 | 0.10 | 25.00 | Pull expert info from file for phone calls setting up depositions DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 03/13/2024 | HCC | A | 8 | 250.00 | 0.40 | 100.00 | Phone call to Rainier Title; contact Kent parks and rec Brian Levenhagen for deposition dates; email to John and Joan re: any further depos needing to be set up DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 03/20/2024 | HCC | A | 8 | 250.00 | 0.10 | 25.00 | Listen to vm from Rainier Title Atty and send email looking for deposition dates DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/15/2024 | HCC | A | 8 | 250.00 | 0.60 | 150.00 | Review exhibits and draft outline for City of Kent Deposition DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/16/2024 | HCC | A | 8 | 250.00 | 0.20 | 50.00 | Finalize depo notes and exhibits and send to JMC DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/16/2024 | HCC | A | 8 | 250.00 | | 0.00 | Discuss Levenhagen depo with Casey; find Feb 3 2021 email (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/18/2024 | HCC | A | 8 | 250.00 | | 0.00 | Levenhagen deposition (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/18/2024 | HCC | A | 8 | 250.00 | 0.50 | 125.00 | Compile exhibits for Mccarthy depo and edit outline for deposition DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/18/2024 | HCC | A | 8 | 250.00 | 0.40 | 100.00 | Identify documents for CR 26 conference (.3 no charge) DINSDALE/JOAN | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 44

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|--|------|
| **Timekeeper HCC HANNAH C. CHELIMSKY** | | | | | | | | | |
| 26081.002 | 04/19/2024 | HCC | A | 8 | 250.00 | | 0.00 | REAL ESTATE<br>Review Dinsdale unanswered discovery (no charge)<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/22/2024 | HCC | A | 8 | 250.00 | | 0.00 | REAL ESTATE<br>Review Miller reply (no charge)<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/22/2024 | HCC | A | 8 | 250.00 | 0.80 | 200.00 | REAL ESTATE<br>Draft Mccarthy outline (.3 nc)<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/23/2024 | HCC | A | 8 | 250.00 | 1.30 | 325.00 | REAL ESTATE<br>Review discovery and determine what is needed from CR 26i conference and what has been turned over. (.9 nc)<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/24/2024 | HCC | A | 8 | 250.00 | 0.60 | 150.00 | REAL ESTATE<br>Draft CR26i letter; check for limits on Interrogatories and RFP; review final CR26i letter and send to John for signature<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/25/2024 | HCC | A | 8 | 250.00 | | 0.00 | REAL ESTATE<br>Attend deposition of McCarthy; take notes for file (no charge)<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/29/2024 | HCC | A | 8 | 250.00 | | 0.00 | REAL ESTATE<br>Review Casey motions in limine and suggest additional (no charge)<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 05/03/2024 | HCC | A | 8 | 250.00 | 0.30 | 75.00 | REAL ESTATE<br>Email to Lanktree for estimate of survey double check; respond to Lanktree email and send complaint for conflict check<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 05/03/2024 | HCC | A | 8 | 250.00 | | 0.00 | REAL ESTATE<br>McCann prep outline for expected questions (no charge)<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 05/08/2024 | HCC | A | 8 | 250.00 | | 0.00 | REAL ESTATE<br>McCann outline (no charge)<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 05/10/2024 | HCC | A | 8 | 250.00 | | 0.00 | REAL ESTATE<br>Zoom conference with Lanktree (no charge)<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 05/22/2024 | HCC | A | 8 | 250.00 | | 0.00 | REAL ESTATE<br>Phone call with McCann re expert witness scope (no charge)<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 06/03/2024 | HCC | A | 8 | 250.00 | 0.60 | 150.00 | REAL ESTATE<br>Draft motion to compel discovery<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 06/04/2024 | HCC | A | 8 | 250.00 | 1.50 | 375.00 | REAL ESTATE<br>Draft motion to compel and declaration<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 06/05/2024 | HCC | A | 8 | 250.00 | 2.00 | 500.00 | REAL ESTATE<br>Draft motion to compel and declaration of JMC<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 06/07/2024 | HCC | A | 8 | 250.00 | | 0.00 | REAL ESTATE<br>Edit declaration of Casey and motion to compel; send to Casey and Joan for review (no charge)<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 06/10/2024 | HCC | A | 8 | 250.00 | 0.70 | 175.00 | REAL ESTATE<br>Put exhibits for motion to compel together with Joan; edits to motion to compel<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 06/19/2024 | HCC | A | 8 | 250.00 | 0.90 | 225.00 | REAL ESTATE<br>Review Lanktree opinion and provide feedback to | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 45

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|-----------------|------|--------------|--------|--|------|
| **Timekeeper HCC HANNAH C. CHELIMSKY** | | | | | | | | | |
| | | | | | | | Casey; Review letter to Jha and follow up with Lanktree to set up phone call | | |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 06/20/2024 | HCC | A | 8 | 250.00 | | 0.00 Schedule call with Lanktree; phone call with Lanktree re: opinion; email to Casey re: Lanktree phone call; review revised opinion from Lanktree; send to JMC and Joan for comment (no charge) | | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 06/21/2024 | HCC | A | 8 | 250.00 | | 0.00 Respond to Jha email requesting motion be stricken (no charge) | | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 06/22/2024 | HCC | A | 8 | 250.00 | 0.30 | 75.00 Review RFP and Rog CR and begin review discovery responses for RFP 17 and 21 | | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 06/24/2024 | HCC | A | 8 | 250.00 | | 0.00 Review discovery summary from Joan and draft reply to opposing party re: striking motion (no charge) | | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 07/03/2024 | HCC | A | 8 | 250.00 | | 0.00 Review LCR 26 re: witness disclosure (nc) | | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 07/09/2024 | HCC | A | 8 | 250.00 | | 0.00 Pre trial call with John and Joan (nc) | | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 07/11/2024 | HCC | A | 8 | 250.00 | | 0.00 Review deposition exhibits (no charge) | | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 07/12/2024 | HCC | A | 8 | 250.00 | 2.20 | 550.00 Review exhibits in file and add to list for trial | | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 07/15/2024 | HCC | A | 8 | 250.00 | | 0.00 Review exhibits and draft email to JMC for final review; review Plaintiff's motion to continue and draft reply (nc) | | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 07/16/2024 | HCC | A | 8 | 250.00 | 1.20 | 300.00 Draft and edit declaration of JMC | | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 07/17/2024 | HCC | A | 8 | 250.00 | | 0.00 Edit Decl. of JMC; draft trial brief (no charge) | | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 07/18/2024 | HCC | A | 8 | 250.00 | 2.00 | 500.00 Edit response to motion and declaration; draft trial brief | | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 07/19/2024 | HCC | A | 8 | 250.00 | | 0.00 Draft trial brief (nc) | | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 07/22/2024 | HCC | A | 8 | 250.00 | 1.00 | 250.00 Review Plaintiff's motion for continuance, declarations and draft response; phone call with client re: recent motions for continuance | | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 07/23/2024 | HCC | A | 8 | 250.00 | | 0.00 Review reply from plaintiff and case law cited (no charge) | | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 07/24/2024 | HCC | A | 8 | 250.00 | | 0.00 Trial brief draft and research (nc) | | ARCH |
| | | | | | | | DINSDALE/JOAN | | |
| | | | | | | | REAL ESTATE | | |
| 26081.002 | 07/25/2024 | HCC | A | 8 | 250.00 | 2.40 | 600.00 Trial brief draft and research | | ARCH |

JPC

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 46

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|---|-------|
| **Timekeeper HCC HANNAH C. CHELIMSKY** | | | | | | | | | |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 07/29/2024 | HCC | A | 8 | 250.00 | | 0.00 | Reply to Joan email (nc) | |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 07/30/2024 | HCC | A | 8 | 250.00 | | 0.00 | Prep for hearing (research RPC for out of state attorneys and check schedules and exhibits) (nc) | |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 07/31/2024 | HCC | A | 8 | 250.00 | 1.20 | 300.00 | Prep for court hearing; Court hearing re: continuance; draft proposed order and send to Joan; edit proposed order and send to court and parties | |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 07/31/2024 | HCC | A | 8 | 250.00 | | 0.00 | Call client to update and respond to edits from opposing party (no charge) | |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 07/31/2024 | HCC | A | 8 | 250.00 | | 0.00 | Respond to opposing counsel (no charge) | |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/01/2024 | HCC | A | 8 | 250.00 | | 0.00 | Respond to opposing party's email to the court (no charge) | |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/12/2024 | HCC | A | 8 | 250.00 | | 0.00 | Review new motion to vacate and sent JMC thoughts (no charge) | |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/12/2024 | HCC | A | 8 | 250.00 | 2.00 | 500.00 | Review and draft response to motion for court to vacate order | |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/13/2024 | HCC | A | 8 | 250.00 | 1.30 | 325.00 | Finalize edits to Reply and send to Casey; respond to emails from opposing counsel regarding deposition and sanctions | |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/14/2024 | HCC | A | 8 | 250.00 | | 0.00 | Preservation deposition of Muir (nc) | |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/16/2024 | HCC | A | 8 | 250.00 | 1.50 | 375.00 | Research and trial brief | |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/20/2024 | HCC | A | 8 | 250.00 | | 0.00 | Review court email and prepare response/ review Joan prepped response and timeline and edit; review interrogatories to Plaintiff to determine unanswered interrogatories (no charge) | |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/21/2024 | HCC | A | 8 | 250.00 | | 0.00 | Status conference (no charge) | |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/21/2024 | HCC | A | 8 | 250.00 | 3.00 | 750.00 | Draft findings of fact and conclusions of law in order; phone call with Appellate expert re: requirements for findings of fact and conclusions of law for appellate review (1 nc) | |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/22/2024 | HCC | A | 8 | 250.00 | 3.00 | 750.00 | Draft trial brief; review case law; finalize research on all claims (Plaintiff and Defendant) (2.0nc) | |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/23/2024 | HCC | A | 8 | 250.00 | 0.50 | 125.00 | Review documents and law cited by OC on appeal (1.5nc) skim (quick review) of appeal documents | |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|---|------|

**Timekeeper HCC HANNAH C. CHELIMSKY**

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | Description | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|-------------|------|
| 26081.002 | 08/26/2024 | HCC A | | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Discuss with JMC and Joan re moving forward and review law cited by opposing counsel (nc) | ARCH |
| 26081.002 | 08/26/2024 | HCC A | | 8 | 250.00 | 0.20 | 50.00 | DINSDALE/JOAN REAL ESTATE Edit stipulation to continue | ARCH |
| 26081.002 | 08/27/2024 | HCC A | | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Research and review sample responses for appellate motion response (no charge) | ARCH |
| 26081.002 | 08/27/2024 | HCC A | | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Finalize appellate response (no charge) | ARCH |
| 26081.002 | 08/28/2024 | HCC A | | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Review Casey edits, format table of contents and table of authorities and add additional briefing (no charge) | ARCH |
| 26081.002 | 08/30/2024 | HCC A | | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Edit trial brief and add jury instructions language for continuity (no charge) | ARCH |
| 26081.002 | 08/30/2024 | HCC A | | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Review emails from opposing counsel (nc) | ARCH |
| 26081.002 | 09/01/2024 | HCC A | | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Final review of trial brief and citation formats (no charge) | ARCH |
| 26081.002 | 09/03/2024 | HCC A | | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Final review of trial brief and citation formats (no charge) | ARCH |
| 26081.002 | 09/05/2024 | HCC A | | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Status conference; discussion (no charge) | ARCH |
| 26081.002 | 09/09/2024 | HCC A | | 8 | 250.00 | 0.50 | 125.00 | DINSDALE/JOAN REAL ESTATE Review daubert motion case law and requirements | ARCH |
| 26081.002 | 09/10/2024 | HCC A | | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Trial prep (no charge) | ARCH |
| 26081.002 | 09/11/2024 | HCC A | | 8 | 250.00 | 4.00 | 1,000.00 | DINSDALE/JOAN REAL ESTATE Draft pocket brief; review | ARCH |
| 26081.002 | 09/12/2024 | HCC A | | 8 | 250.00 | 0.40 | 100.00 | DINSDALE/JOAN REAL ESTATE Send JMC outline of requirements to avoid daubert exclusion of experts | ARCH |
| 26081.002 | 09/12/2024 | HCC A | | 8 | 250.00 | 0.80 | 200.00 | DINSDALE/JOAN REAL ESTATE Research collection from dissolved LLC | ARCH |
| 26081.002 | 09/13/2024 | HCC A | | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Witness prep for trial (no charge) | ARCH |
| 26081.002 | 09/13/2024 | HCC A | | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Review voir dire requirements (no charge) | ARCH |
| 26081.002 | 09/16/2024 | HCC A | | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Show cause hearing (no charge) | ARCH |
| 26081.002 | 09/16/2024 | HCC A | | 8 | 250.00 | 0.20 | 50.00 | DINSDALE/JOAN REAL ESTATE Draft order for court and review JMC edits | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 48

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|---|------|

**Timekeeper HCC HANNAH C. CHELIMSKY**

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | Description | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|-------------|------|
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/17/2024 | HCC A | | 8 | 250.00 | 2.00 | 500.00 | Jury selection research and question drafting DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | ARCH |
| 26081.002 | 09/18/2024 | HCC A | | 8 | 250.00 | | 0.00 | Discuss order with Joan and John (no charge) DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | ARCH |
| 26081.002 | 09/18/2024 | HCC A | | 8 | 250.00 | 2.60 | 650.00 | Research motion to extend discovery; draft motion to extend discovery and motion for sanctions DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | ARCH |
| 26081.002 | 09/19/2024 | HCC A | | 8 | 250.00 | 2.30 | 575.00 | Draft declaration and motion; phone call with JMC re proceeding with motion for contempt or motion under discovery court rule DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | ARCH |
| 26081.002 | 09/20/2024 | HCC A | | 8 | 250.00 | 0.20 | 50.00 | Phone call with client re: update DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | ARCH |
| 26081.002 | 09/20/2024 | HCC A | | 8 | 250.00 | 1.00 | 250.00 | Meeting with Dale Oaks DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | ARCH |
| 26081.002 | 09/20/2024 | HCC A | | 8 | 250.00 | | 0.00 | Debrief after meeting with Dale Oaks with JMC re: how to proceed (no charge) DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | ARCH |
| 26081.002 | 09/24/2024 | HCC A | | 8 | 250.00 | | 0.00 | Edit ct of app. (no charge) DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | ARCH |
| 26081.002 | 09/25/2024 | HCC A | | 8 | 250.00 | 0.70 | 175.00 | Edits to Court of Appeals reply and send to Casey for review DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | ARCH |
| 26081.002 | 09/30/2024 | HCC A | | 8 | 250.00 | | 0.00 | Edit court of appeals response; phone call with client setting up meeting; edit court of appeals table of contents (no charge) DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | ARCH |
| 26081.002 | 10/02/2024 | HCC A | | 8 | 250.00 | | 0.00 | Meet with client and JMC to review trial strategy; edit court of appeals document to comply with Lubin request (no charge) DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | ARCH |
| 26081.002 | 10/03/2024 | HCC A | | 8 | 250.00 | | 0.00 | Edit document for formatting as Court of app. Requested (nc) DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | ARCH |
| 26081.002 | 10/16/2024 | HCC A | | 8 | 250.00 | 0.30 | 75.00 | Look up counsel on other Jha company case and reach out (nc); phone call with other Jha opposing counsel DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | ARCH |
| 26081.002 | 10/16/2024 | HCC A | | 8 | 250.00 | | 0.00 | Review Plaintiff exhibits (no charge) DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | ARCH |
| 26081.002 | 10/18/2024 | HCC A | | 8 | 250.00 | 0.80 | 200.00 | Edit and send atty Casey motion to exclude witnesses DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | ARCH |
| 26081.002 | 10/21/2024 | HCC A | | 8 | 250.00 | 1.00 | 250.00 | Review pleadings and send to Joan DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | ARCH |
| 26081.002 | 10/21/2024 | HCC A | | 8 | 250.00 | | 0.00 | Review Plaintiff exhibits and draft objections (no charge) | ARCH |

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|---|-------|

**Timekeeper HCC HANNAH C. CHELIMSKY**

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | Description | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|-------------|-------|
| 26081.002 | 10/22/2024 | HCC | A | 8 | 250.00 | 7.00 | 1,750.00 | DINSDALE/JOAN REAL ESTATE Review plaintiff's exhibits; draft objections; draft motions and orders (1.0 nc) | ARCH |
| 26081.002 | 10/23/2024 | HCC | A | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Review exhibits for Joint Statement of Evidence (no charge) | ARCH |
| 26081.002 | 10/24/2024 | HCC | A | 8 | 250.00 | 3.50 | 875.00 | DINSDALE/JOAN REAL ESTATE Review exhibits for JSE and finalize motions and orders | ARCH |
| 26081.002 | 10/25/2024 | HCC | A | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Respond to MIL and research MIL relevant case law (nc) | ARCH |
| 26081.002 | 10/26/2024 | HCC | A | 8 | 250.00 | 1.00 | 250.00 | DINSDALE/JOAN REAL ESTATE Respond to MIL and research MIL relevant case law | ARCH |
| 26081.002 | 10/28/2024 | HCC | A | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Respond to P motions in limine; draft Jha cross examination (no charge) | ARCH |
| 26081.002 | 10/29/2024 | HCC | A | 8 | 250.00 | 2.20 | 550.00 | DINSDALE/JOAN REAL ESTATE Draft reply to P response and research case law; draft Jha cross examination; quick review of sadler new survey; phone call with JMC re: reply to P response | ARCH |
| 26081.002 | 10/30/2024 | HCC | A | 8 | 250.00 | 2.75 | 687.50 | DINSDALE/JOAN REAL ESTATE Cross examination drafting; witness question drafting and review exhibits and authentication; add cross references for documents in case of impeachment | ARCH |
| 26081.002 | 10/31/2024 | HCC | A | 8 | 250.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Cross examination drafting; phone call with Yoke re: JSE agreements (no charge) | ARCH |
| 26081.002 | 11/01/2024 | HCC | P | 8 | 250.00 | 4.90 | 1,225.00 | DINSDALE/JOAN REAL ESTATE (.5 nc) Review exhibits and edit cross examination; edit opening statement; edit motions in limine and include Burnet analysis re: exclusion of experts | 810 |
| 26081.002 | 11/03/2024 | HCC | P | 8 | 250.00 | 3.00 | 750.00 | DINSDALE/JOAN REAL ESTATE Review evidence rules and highlight relevant portions | 811 |
| 26081.002 | 11/04/2024 | HCC | P | 8 | 250.00 | 7.50 | 1,875.00 | DINSDALE/JOAN REAL ESTATE Trial | 812 |
| 26081.002 | 11/04/2024 | HCC | P | 8 | 250.00 | 0.40 | 100.00 | DINSDALE/JOAN REAL ESTATE Revise joint statement of evidence | 813 |
| 26081.002 | 11/05/2024 | HCC | P | 8 | 250.00 | 6.00 | 1,500.00 | DINSDALE/JOAN REAL ESTATE Trial | 814 |
| 26081.002 | 11/06/2024 | HCC | P | 8 | 250.00 | 6.00 | 1,500.00 | DINSDALE/JOAN REAL ESTATE Trial | 815 |
| 26081.002 | 11/07/2024 | HCC | P | 8 | 250.00 | 1.50 | 375.00 | DINSDALE/JOAN REAL ESTATE Draft jury instructions; prep for trial | 831 |
| 26081.002 | 11/08/2024 | HCC | P | 8 | 250.00 | 2.00 | 500.00 | DINSDALE/JOAN REAL ESTATE Jury instruction | 832 |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 50

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 11/10/2024 | HCC | P | 8 | 250.00 | 1.00 | 250.00 | Edit jury instructions and verdict form | 833 |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 11/11/2024 | HCC | P | 8 | 250.00 | 1.00 | 250.00 | Review JMC edits to jury instructions and cited case law for statute of frauds | 834 |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 11/12/2024 | HCC | P | 8 | 250.00 | 7.00 | 1,750.00 | Trial | 835 |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 11/13/2024 | HCC | P | 8 | 250.00 | 7.00 | 1,750.00 | Trial | 836 |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 11/14/2024 | HCC | P | 8 | 250.00 | 6.00 | 1,500.00 | Trial and review motion to dismiss | 837 |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 11/14/2024 | HCC | P | 8 | 250.00 | 0.60 | 150.00 | Finalize and save notes from trial | 838 |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 11/15/2024 | HCC | P | 8 | 250.00 | 5.30 | 1,325.00 | Edit jury instructions and combine, research jury instructions and responses. | 843 |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 11/15/2024 | HCC | P | 8 | 250.00 | 0.40 | 100.00 | Draft motion to redact | 844 |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 11/17/2024 | HCC | P | 8 | 250.00 | 3.00 | 750.00 | Draft motion to redact and create Prezi | 845 |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 11/18/2024 | HCC | P | 8 | 250.00 | 9.00 | 2,250.00 | Trial, pretrial motions, edit prezi; highlight exhibits and add snips of exhibits to prezi; edit jury instructions; review closing statement draft | 846 |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 11/19/2024 | HCC | P | 8 | 250.00 | 9.00 | 2,250.00 | Trial; edit prezi and timelines on canva; create visuals for closing; discussions between parties and judge re: jury instructions; special verdict form and motions | 847 |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 11/20/2024 | HCC | P | 8 | 250.00 | 6.20 | 1,550.00 | In court re: jury instructions; special verdict form; review case law cited by Yoke re: relevance/applicability to real estate case | 848 |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 11/21/2024 | HCC | P | 8 | 250.00 | 6.00 | 1,500.00 | Trial | 849 |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 11/22/2024 | HCC | P | 8 | 250.00 | | 0.00 | Jury questions and verdict (nc) | 850 |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 11/26/2024 | HCC | P | 8 | 250.00 | 0.30 | 75.00 | Review and edit motion for declaratory judgment | 870 |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 11/27/2024 | HCC | P | 8 | 250.00 | 2.00 | 500.00 | Research and memo to file re: attorney fees | 871 |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 11/27/2024 | HCC | P | 8 | 250.00 | 1.00 | 250.00 | Edit Motion for Attorney fees and offset; review opposing counsel motion for atty fees. | 874 |
| | | | | | | | | DINSDALE/JOAN | |

Timekeeper HCC HANNAH C. CHELIMSKY

Total for Timekeeper HCC    Billable.    186.75    46,687.50    HANNAH C. CHELIMSKY

*Revised total $43,112.50*

*Revised hours 172.45*

Wednesday 12/04/2024 3:26 pm

JPC

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 22

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|---|-------|
| **Timekeeper FRM FIRM** | | | | | | | | | |
| 26081.002 | 01/18/2023 | FRM | A | 8 | 300.00 | | 0.00 | Begin review of file, review RPC and advisory opinions regarding contact with client (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 01/20/2023 | FRM | A | 8 | 300.00 | | 0.00 | Review discovery, court rules, other legal research and email J. Casey regarding possible discovery violation motion (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 01/24/2023 | FRM | A | 8 | 300.00 | 1.20 | 360.00 | Review pleadings and case law regarding dismissal and default when entity is not represented by attorney. DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 01/24/2023 | FRM | A | 8 | 300.00 | | 0.00 | Begin review of Plaintiff's interrogatory and request for production responses in file (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 01/24/2023 | FRM | A | 8 | 300.00 | 1.00 | 300.00 | Finish reviewing Jha's responses to Dinsdale requests for production, which are largely unresponsive; prepare second requests for production based on Jha's non-responsive/evasive answers to Dinsdale's second requests for admission DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 01/25/2023 | FRM | A | 8 | 300.00 | | 0.00 | Review RPC 5.5 and comments for discussion with J. Casey (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 01/25/2023 | FRM | A | 8 | 300.00 | 0.20 | 60.00 | Confer with J Casey regarding obligations under RPC 4.2 for communicating with opposing party DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 02/09/2023 | FRM | A | 8 | 300.00 | 1.60 | 480.00 | Draft motion and declaration and proposed order for default DINSDALE/JOAN REAL ESTATE | ARCH |

Total for Timekeeper FRM          Billable    4.00    1,200.00  FIRM

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 23

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|---|------|
| **Timekeeper JPC JOAN P. COREY** | | | | | | | | | |
| 26081.002 | 06/28/2022 | JPC | A | 1 | 150.00 | 0.50 | 75.00 | SET UP ANSWER AND COUNTERCLAIM; PREPARE NOTICE OF APPEARANCE DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/29/2022 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | RESEARCH ESTATE ONLINE AND VERIFY ATTY DAVID MOE AS ATTORNEY FOR ESTATE; REVISE ANSWER AND APPEARANCE DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 07/06/2022 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | REVISE CAPTION ON NOTICE OF APPEARANCE AND ANSWER AND COUNTERCLAIMS DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 07/06/2022 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | SET UP LITIGATION NOTEBOOK DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 07/07/2022 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | PREPARE LETTER TO DAVID MOE FOR JMC REVIEW; PRINT, SCAN AND EMAIL WITH COMPLAINT; EMAIL TO CLIENT DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/22/2022 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | BEGIN DRAFTING REQUESTS FOR ADMISSION DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/23/2022 | JPC | A | 1 | 150.00 | 1.60 | 240.00 | FINISH REQUESTS FOR ADMISSION; SET UP INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS; REVISE SAME PER JMC DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/27/2022 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | ASSEMBLE EXHIBITS FOR REQUESTS FOR ADMISSION; CREATE EXHIBIT COVERSHEETS DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/27/2022 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | FINALIZE DISCOVERY FOR SIGNATURE; SCAN AND EMAIL TO OPPOSING ATTORNEY; PREPARE MAILING WITH COVER LETTER; EMAIL TO CLIENT DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/22/2022 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | RECEIVE SERVICE OF CONFIRMATION OF JOINDER; TRANSFER TO FILE AND EMAIL TO CLIENT; CALENDAR 12/22 TO FILE AMENDED ANSWER DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/30/2022 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | SET UP LETTER TO OPPOSING COUNSEL RE CR 26(I) CONFERENCE DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 12/02/2022 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | FINALIZE LETTER TO OPPOSING ATTY AND EMAIL DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 12/19/2022 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | PREPARE NOTE FOR HEARING; CONTACT THE COURT DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 12/20/2022 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | RECEIVE INTERROGATORIES/RFP AND TRANSFER TO FILE; EMAIL TO OPPOSING ATTORNEY FOR WORD VERSION; SET UP LETTER TO CLIENT; CHECK DOCKET FOR ANSWER TO COUNTERCLAIM; EMAIL TO CLERKS OFFICE RE FEE FOR FILING AMENDED ANSWER AND COUNTERCLAIM; EFILE AMENDED ANSWER AND COUNTERCLAIMS DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 12/22/2022 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | FINALIZE LETTER RE DISCOVERY; EMAIL TO CLIENT | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 24

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|-----------------|------|--------------|--------|--|-------|

**Timekeeper JPC JOAN P. COREY**

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | Description | Ref # |
|--------|-----------|------|-----|-----------------|------|--------------|--------|-------------|-------|
| 26081.002 | 12/22/2022 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | DINSDALE/JOAN REAL ESTATE REVIEW AND RESPOND TO EMAIL FROM OPPOSING ATTORNEY WITH DISCOVERY REQUEST IN WORD; EMAIL TO CLIENT WITH WORD VERSION OF INTERROGATORIES | ARCH |
| 26081.002 | 01/03/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | DINSDALE/JOAN REAL ESTATE Email court to strike hearing | ARCH |
| 26081.002 | 01/04/2023 | JPC | A | 1 | 150.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Call from client; prepare mailing of interrogatories (no charge) | ARCH |
| 26081.002 | 01/06/2023 | JPC | A | 1 | 150.00 | 0.50 | 75.00 | DINSDALE/JOAN REAL ESTATE Set up Disclosure of Possible Primary Witnesses | ARCH |
| 26081.002 | 01/06/2023 | JPC | A | 1 | 150.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Call (voice mail) to client re appointment next week and son's address for witness list (no charge) | ARCH |
| 26081.002 | 01/09/2023 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | DINSDALE/JOAN REAL ESTATE Call to client re witness list and interrogatories; finalize witness list and email to opposing party | ARCH |
| 26081.002 | 01/10/2023 | JPC | A | 1 | 150.00 | 0.70 | 105.00 | DINSDALE/JOAN REAL ESTATE Conference with client re answers to discovery | ARCH |
| 26081.002 | 01/11/2023 | JPC | A | 1 | 150.00 | 3.50 | 525.00 | DINSDALE/JOAN REAL ESTATE Review Plaintiff answers; print Plaintiff answers and assemble into binder; revise client answers | ARCH |
| 26081.002 | 01/19/2023 | JPC | A | 1 | 150.00 | 1.00 | 150.00 | DINSDALE/JOAN REAL ESTATE Meet with client; call (voice mail) to Jim Muir; assemble documents per requests for production | ARCH |
| 26081.002 | 01/20/2023 | JPC | A | 1 | 150.00 | 1.00 | 150.00 | DINSDALE/JOAN REAL ESTATE Call from Jim Muir; calendar appointment; email to Jim Muir re discovery requests; assembling discovery | ARCH |
| 26081.002 | 01/23/2023 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | DINSDALE/JOAN REAL ESTATE Review tax information from client; complete a public records request for tax information on the parcels | ARCH |
| 26081.002 | 01/24/2023 | JPC | A | 1 | 150.00 | 1.00 | 150.00 | DINSDALE/JOAN REAL ESTATE Meet with Jim Muir to get emails from computer; call to InTech to request assistance | ARCH |
| 26081.002 | 01/25/2023 | JPC | A | 1 | 150.00 | 1.00 | 150.00 | DINSDALE/JOAN REAL ESTATE Finalize answers; bates stamp and prepare mailing; communicate with InTech regarding emails from Jim Muir | ARCH |
| 26081.002 | 01/25/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | DINSDALE/JOAN REAL ESTATE Prepare Declaration of Mailing (answers) and efile | ARCH |
| 26081.002 | 01/26/2023 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | DINSDALE/JOAN REAL ESTATE Set up letter to Jha; set up Notice of Deposition | ARCH |
| 26081.002 | 01/26/2023 | JPC | A | 1 | 150.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Finalize letter to JHA and prepare mailing; calendar Jha deposition; calendar Jha CR26(i) | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 25

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|--|-------|
| **Timekeeper JPC JOAN P. COREY** | | | | | | | | | |
| 26081.002 | 01/26/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Set up letter to Santana; locate address on-line DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 01/27/2023 | JPC | A | 1 | 150.00 | | 0.00 | Prepare declaration of mailing (Second Requests and Notice of Deposition); efile (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 01/27/2023 | JPC | A | 1 | 150.00 | | 0.00 | Finalize letter to Santana; prepare mailing and email (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 02/07/2023 | JPC | A | 1 | 150.00 | | 0.00 | Scan notes to file and update hard file (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 02/13/2023 | JPC | A | 1 | 150.00 | 3.00 | 450.00 | Convert emails to .pdf REAL ESTATE | ARCH |
| 26081.002 | 02/14/2023 | JPC | A | 1 | 150.00 | 6.00 | 900.00 | Convert emails to .pdf DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 02/15/2023 | JPC | A | 1 | 150.00 | 4.50 | 675.00 | Convert emails to .pdf DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 02/16/2023 | JPC | A | 1 | 150.00 | | 0.00 | Convert emails to .pdf (courtesy no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 02/22/2023 | JPC | A | 1 | 150.00 | 0.50 | 75.00 | Convert final emails to .pdf; conference with JMC DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 02/23/2023 | JPC | A | 1 | 150.00 | 1.00 | 150.00 | Work on email project; bates stamp DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 02/27/2023 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Set up and finalize Amended Notice of Deposition; email to opposing party; order court reporter DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 03/01/2023 | JPC | A | 1 | 150.00 | 0.50 | 75.00 | Update file; assemble title reports and miscellaneous documents including previous offers, maps and recorded documents DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 03/02/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Email to Jha with deposition schedule DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 03/06/2023 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Set up Jury Demand; efile and email to opposing party DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 03/08/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Draft declaration of e-service DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 03/09/2023 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | Prepare note for motion DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 03/09/2023 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Create Google Drive and transfer files (emails and answers) to share with opposing party; notify B&A that deposition may be rescheduled DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 03/10/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Cancel deposition; call client (leave voicemail) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 03/10/2023 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Finalize and efile note and motion for default; submit working copies; email to opposing party DINSDALE/JOAN | ARCH |

JPC

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 26

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|-----------|------|-------|--------|---|-------|

**Timekeeper JPC JOAN P. COREY**

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | Description | Ref # |
|--------|-----------|------|-----|-----------|------|-------|--------|-------------|-------|
| 26081.002 | 03/10/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | REAL ESTATE<br>Email to opposing party with word version of 2nd RFP and link to Google Drive containing emails<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 03/16/2023 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | REAL ESTATE<br>Prepare and email revised deposition notice; prepare declaration of mailing of same and efile; prepare mailing to Jha; order court reporter<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 03/27/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | REAL ESTATE<br>Receive service of Notice of Appearance; transfer to file and email to client<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 03/28/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | REAL ESTATE<br>Email to opposing attorney with deposition information<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 03/30/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | REAL ESTATE<br>Email to court to strike hearing<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 03/31/2023 | JPC | A | 1 | 150.00 | | 0.00 | REAL ESTATE<br>Update file (no charge)<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/03/2023 | JPC | A | 1 | 150.00 | 0.50 | 75.00 | REAL ESTATE<br>Assemble emails for deposition exhibits<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/03/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | REAL ESTATE<br>Confirm deposition and email exhibits<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/05/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | REAL ESTATE<br>Set up memo re deposition; email memo to client<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/05/2023 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | REAL ESTATE<br>Download aerials from KC Parcel Viewer from 2015 to present that show city park; email to client<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/05/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | REAL ESTATE<br>Calendar PTC; transfer Order Setting PTC to file<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/07/2023 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | REAL ESTATE<br>Email to client re deposition date; confirm date by email with Opposing Attorney; draft Notice of Deposition<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/20/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | REAL ESTATE<br>Set up letter to opposing attorney re CR26(i) conference<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/21/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | REAL ESTATE<br>Complete Estimate of Witness Examination form; email to court and OC<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/21/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | REAL ESTATE<br>Finalize letter re CR26(i); email to opposing attorney<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/26/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | REAL ESTATE<br>Respond to opposing attorney re client answers to interrogatories<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/28/2023 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | REAL ESTATE<br>Email to opposing attorney with link to Jim Muir emails; set up letter to opposing attorney re CR26(i) conference; finalize and email<br>DINSDALE/JOAN | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|---|-------|
| **Timekeeper JPC JOAN P. COREY** | | | | | | | | | |
| 26081.002 | 05/03/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Email to client re mediation coordination DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 05/04/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Review and respond to client email; email to opposing attorney re mediation dates and deposition dates DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 05/17/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Email to opposing attorney re deposition and mediation dates DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 05/18/2023 | JPC | A | 1 | 150.00 | | 0.00 | update file (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 05/22/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Email to mediator Turetsky re available dates; email to opposing attorney Yoke re same DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 05/25/2023 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | Email to client re deposition dates; revise notice of deposition and calendar date; email to opposing attorney; order court reporter/videographer DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/12/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Confirm scheduling of court reporter and videographer for deposition; request Zoom link DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/13/2023 | JPC | A | 1 | 150.00 | 0.50 | 75.00 | Prepare exhibits for deposition DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/13/2023 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Review file for proof of payment of Sadler Barnard survey; email to Sadler Barnard DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/14/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Email to client requesting survey invoice DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/14/2023 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | Prepare exhibits for uploading to court reporter DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/15/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Email to mediator Turetsky re available dates DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/15/2023 | JPC | A | 1 | 150.00 | 1.00 | 150.00 | search emails and discovery for Fitzpatrick letter DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/16/2023 | JPC | A | 1 | 150.00 | 0.80 | 120.00 | Gather emails and letters re park access; email to client with mediation information; pull Lippincott Temp. Use Agreement from discovery and transfer to file DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/20/2023 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Research property tax assessments and payments; pull fees and costs DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/21/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Locate both surveys for JMC review; coordinate appointment with Stephen Griego DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/23/2023 | JPC | A | 1 | 150.00 | | 0.00 | Update hard file (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 07/10/2023 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Set-up amended disclosure of possible primary | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 28

Timekeeper JPC JOAN P. COREY

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|-----------------|------|--------------|--------|--|------|
| | | | | | | | | witnesses; finalize and email to opposing attorney DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/11/2023 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Set up ER 408 letter to opposing attorney; finalize and email DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 07/17/2023 | JPC | A | 1 | 150.00 | | 0.00 | Begin draft mediation letter (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 07/18/2023 | JPC | A | 1 | 150.00 | 1.50 | 225.00 | Work on mediation letter draft DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 07/24/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Set up email to court with estimate of witness examination time and answers to questionnaire DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/01/2023 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | Revise/update mediation letter; assemble exhibits for mediation letter DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/03/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Email mediation submission DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/07/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Call to client re mediation DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/08/2023 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Meet with JMC re trial prep; prepare trial prep schedule DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/09/2023 | JPC | A | 1 | 150.00 | 3.00 | 450.00 | Trial Prep - set up Witness and Exhibit List and revise ER 904 DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/10/2023 | JPC | A | 1 | 150.00 | 1.80 | 270.00 | Trial Prep - Set up Joint Confirmation of Issues; set up Motion in Limine; Revise witness and exhibit list; revise ER904; finalize subpoenas and subpoena letters; gather exhibits DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/11/2023 | JPC | A | 1 | 150.00 | 0.80 | 120.00 | Trial prep - efile Notice to Attend Trial (Jha); finalize, email and prepare mailing of letters with subpoenas to Levenhagen, Oaks and Schumacher; set up trial attendance letters to Muir and Dinsdale DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/16/2023 | JPC | A | 1 | 150.00 | 1.70 | 255.00 | Email to client with pleadings and set appointment; update file; find emails referred to in Jha motion; continue with trial prep (revise witness and exhibit list and ER 904 and label exhibits in anticipation of downloading to sharefile) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/16/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Retrieve tax warrants from Clerk's office DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/17/2023 | JPC | A | 1 | 150.00 | 1.50 | 225.00 | Revise JMC declaration and client declaration DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/17/2023 | JPC | A | 1 | 150.00 | 0.80 | 120.00 | Set up declaration of Jim Muir and Response; email to client with draft declaration to review; email to Muir with draft declaration to review DINSDALE/JOAN REAL ESTATE | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 29

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| **Timekeeper JPC JOAN P. COREY** | | | | | | | | | |
| 26081.002 | 08/18/2023 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | Assemble exhibits to declarations; update hard file DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/21/2023 | JPC | A | 1 | 150.00 | 0.50 | 75.00 | Finalize declaration of Muir and Dinsdale; revise response DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/21/2023 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | Scan and efile Response and declarations; purchase working copies; e-serve opposing party DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/22/2023 | JPC | A | 1 | 150.00 | 0.60 | 90.00 | Finalize ER 904 and assemble exhibits; prepare mailing to opposing attorney DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/22/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Prepare declaration of mailing of ER 904 to opposing attorney DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/23/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Efile ER 904 and Dec of Mailing DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/23/2023 | JPC | A | 1 | 150.00 | 0.70 | 100.00 | Trial prep (3.3 hours, no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/31/2023 | JPC | A | 1 | 150.00 | 1.00 | 150.00 | Trial Prep DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/31/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Set up Joint Confirmation of trial readiness DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/01/2023 | JPC | A | 1 | 150.00 | 0.60 | 90.00 | Revise Joint Confirmation of Trial Readiness; email to opposing attorney DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/01/2023 | JPC | A | 1 | 150.00 | 1.00 | 150.00 | Trial Prep - revise exhibits DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/05/2023 | JPC | A | 1 | 150.00 | 0.80 | 120.00 | Revise and finalize witness and exhibit list; confirm exhibits all match DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/05/2023 | JPC | A | 1 | 150.00 | | 0.00 | Email to opposing attorney re Jt. Confirmation of Trial Readiness (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/05/2023 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Trial prep - finalize trial attendance letters to Muir and Kyle Dinsdale; email to Muir; email to client re Kyle's email address; finalize acceptance of service (subpoena) for Levenhagen and Oaks DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/06/2023 | JPC | A | 1 | 150.00 | | 0.00 | Revise Joint Confirmation (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/20/2023 | JPC | A | 1 | 150.00 | 4.00 | 600.00 | Set up draft Response, Declaration of JMC and proposed order, efile and eserve; update binder DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/22/2023 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | Review and respond to email from Court; transfer orders to file; call client re April 1 trial date; calendar new deadlines DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/27/2023 | JPC | A | 1 | 150.00 | | 0.00 | Confirm amended complaint was not filed (no | ARCH |

*Wednesday 12/04/2024 3:26 pm*

JPC

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 30

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|-----------|------|---------|--------|---|------|
| **Timekeeper JPC JOAN P. COREY** | | | | | | | | | |
| | | | | | | | | charge) DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 10/10/2023 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | Set up letter to Ryan Yoke; set up third RFP to Plaintiff DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 10/11/2023 | JPC | A | 1 | 150.00 | | 0.00 | Finalize letter to Yoke and Requests for RFP; email to Yoke (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 10/17/2023 | JPC | A | 1 | 150.00 | 0.80 | 120.00 | Set up motion and order to strike DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 10/18/2023 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | Finalize Motion; prepare hearing notice and efile and eserve; purchase working copies DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 10/30/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Receive service of Amended Summons and Complaint; transfer to file; email to court to strike hearing DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 10/31/2023 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Set up answer to amended complaint DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/01/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Email to Jeff McCann with documents DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/03/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Calendar due date for third set of interrogatories; draft CR26(i) letter to Yoke DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/13/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Finalize letter to atty. Yoke re CR 26(i); email same DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/16/2023 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Prepare Note for Hearing; efile and eserve; calendar hearing DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/17/2023 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | upload discovery answers to Dropbox; email to atty Miller re dates of depositions DINSDALE/JOAN REAL ESTATE | ARCH |
| ~~26081.003~~ | ~~11/20/2023~~ | ~~JPC~~ | ~~A~~ | ~~1~~ | 150.00 | 0.40 | 60.00 | ~~Finalize Motion for Partial Summary Judgment and~~ Declaration; Assemble and prepare exhibits for efiling; efile and eserve motion and declaration; email to opposing attorneys DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/27/2023 | JPC | A | 1 | 150.00 | | 0.00 | Set up letter to opposing attorney re discovery; finalize and email (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 12/04/2023 | JPC | A | 1 | 150.00 | | 0.00 | Email to client re appointment (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 12/05/2023 | JPC | A | 1 | 150.00 | 0.80 | 120.00 | Compare Complaint with Amended Complaint DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 12/06/2023 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | Revise answer to Amended Complaint; finalize and efile/eserve DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 12/07/2023 | JPC | A | 1 | 150.00 | 0.80 | 120.00 | Set up Motion to Compel | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 31

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|--|-------|

**Timekeeper JPC JOAN P. COREY**

| Client | Trans Date | Tkpr | H P | Tcode/Task Code | Rate | Hours to Bill | Amount | Description | Ref # |
|--------|-----------|------|-----|-----------------|------|---------------|--------|-------------|-------|
| 26081.002 | 12/11/2023 | JPC A | | 1 | 150.00 | 0.20 | 30.00 | DINSDALE/JOAN REAL ESTATE Draft letter to client and prepare mailing with Def. Muir's Answer to Amended Complaint | ARCH |
| 26081.002 | 12/11/2023 | JPC A | | 1 | 150.00 | 0.30 | 45.00 | DINSDALE/JOAN REAL ESTATE Set up Second Amended Disclosure of Possible Witnesses; finalize and email to opposing attorney | ARCH |
| 26081.002 | 12/13/2023 | JPC A | | 1 | 150.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE update hard file (no charge) | ARCH |
| 26081.002 | 12/13/2023 | JPC A | | 1 | 150.00 | 0.20 | 30.00 | DINSDALE/JOAN REAL ESTATE Accept service of Motion for Continuance; transfer to file; calendar Response deadline | ARCH |
| 26081.002 | 12/14/2023 | JPC A | | 1 | 150.00 | 0.20 | 30.00 | DINSDALE/JOAN REAL ESTATE Email to court re available SJ dates in January and February | ARCH |
| 26081.002 | 12/14/2023 | JPC A | | 1 | 150.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Email to court striking hearing (no charge) | ARCH |
| 26081.002 | 12/14/2023 | JPC A | | 1 | 150.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Draft letter to client with copy of Plaintiff's Answers to Discovery and deposition transcript; prepare mailing (no charge) | ARCH |
| 26081.002 | 12/19/2023 | JPC A | | 1 | 150.00 | 0.20 | 30.00 | DINSDALE/JOAN REAL ESTATE Call client re continuance | ARCH |
| ~~26081.002~~ | ~~12/20/2023~~ | ~~JPC A~~ | | ~~1~~ | 150.00 | 0.40 | 60.00 | DINSDALE/JOAN REAL ESTATE ~~Revise and finalize Response; efile and purchase working copy; eserve~~ | ARCH |
| 26081.002 | 12/27/2023 | JPC A | | 1 | 150.00 | 0.30 | 45.00 | DINSDALE/JOAN REAL ESTATE Receive service of Plaintiff's Response and transfer to file; print and prepare mailing to client; print for hard file | ARCH |
| ~~26081.002~~ | ~~12/27/2023~~ | ~~JPC A~~ | | ~~1~~ | 150.00 | 0.20 | 30.00 | DINSDALE/JOAN REAL ESTATE ~~Revise proposed order (SJ)~~ | ARCH |
| ~~26081.002~~ | ~~01/02/2024~~ | ~~JPC A~~ | | ~~1~~ | 150.00 | 0.50 | 75.00 | DINSDALE/JOAN REAL ESTATE ~~Prepare Exhibit A; efile Reply and purchase working copies; email to client; email to court re in-person appearance at hearing~~ | ARCH |
| 26081.002 | 01/02/2024 | JPC A | | 1 | 150.00 | 0.20 | 30.00 | DINSDALE/JOAN REAL ESTATE Calendar new case schedule dates | ARCH |
| 26081.002 | 01/04/2024 | JPC A | | 1 | 150.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Review and respond to email from client (no charge) | ARCH |
| 26081.002 | 02/06/2024 | JPC A | | 1 | 150.00 | | 0.00 | DINSDALE/JOAN REAL ESTATE Draft letter to client with Muir's Responses to discovery; prepare mailing (no charge) | ARCH |
| 26081.002 | 03/04/2024 | JPC A | | 1 | 150.00 | 0.20 | 30.00 | DINSDALE/JOAN REAL ESTATE Email to parties with Def's Amended Witness Disclosure and Second Amended Witness Disclosure | ARCH |
| 26081.002 | 03/08/2024 | JPC A | | 1 | 150.00 | 0.20 | 30.00 | DINSDALE/JOAN REAL ESTATE Set up letter to atty. Yoke DINSDALE/JOAN | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 32

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|-----------------|------|--------------|--------|--|-------|
| **Timekeeper JPC JOAN P. COREY** | | | | | | | | | |
| 26081.002 | 03/25/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | REAL ESTATE<br>Email to Stewart Title re deposition dates; set up letter to opposing attorneys re deposition dates; finalize letter and email<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 03/27/2024 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | REAL ESTATE<br>Finalize deposition notices and cover letters; email same to McCarthy and Levenhagen; email deposition notices to opposing attorneys; order court reporter<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 03/27/2024 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | REAL ESTATE<br>Prepare subpoena for deposition to Mike McCarthy<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 03/29/2024 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | REAL ESTATE<br>Order court reporter for depositions<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/02/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | REAL ESTATE<br>Finalize subpoena and email to Mike McCarthy and Sean O'Callaghan<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/03/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | REAL ESTATE<br>Emails to Levenhagen and O'Callaghan re meeting prior to depositions; calendar meetings<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/16/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | REAL ESTATE<br>Email exhibits to Brian Levenhagen<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/17/2024 | JPC | A | 1 | 150.00 | 4.80 | 720.00 | REAL ESTATE<br>Create index of documents produced; summarize answers to discovery and create timeline of discovery<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/22/2024 | JPC | A | 1 | 150.00 | | 0.00 | REAL ESTATE<br>Receive service of reply and declaration; transfer to file (no charge)<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/23/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | REAL ESTATE<br>Email exhibits and Zoom link to Sean O'Callaghan; email exhibits to B&A for deposition<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/24/2024 | JPC | A | 1 | 150.00 | | 0.00 | REAL ESTATE<br>Revise letter to Ryan Yoke re discovery; email same (no charge)<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 04/25/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | REAL ESTATE<br>Call to client re survey; prepare mailing to client with deposition notes<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 05/01/2024 | JPC | A | 1 | 150.00 | | 0.00 | REAL ESTATE<br>Review and respond to email from opposing attorney Yoke (no charge)<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 05/08/2024 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | REAL ESTATE<br>Set up letter to opposing attorney; finalize and email<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 05/10/2024 | JPC | A | 1 | 150.00 | | 0.00 | REAL ESTATE<br>Create Zoom link for Lanktree meeting; email same (no charge)<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 05/14/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | REAL ESTATE<br>Check Secretary of State website to see if SE 278 ST LLC is active<br>DINSDALE/JOAN | ARCH |
| 26081.002 | 05/16/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | REAL ESTATE<br>Email to Jeff McCann; prepare mailing of Consultant | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 33

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| **Timekeeper JPC JOAN P. COREY** | | | | | | | | | |
| | | | | | | | | Agreement DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 05/20/2024 | JPC A | 1 | | 150.00 | | 0.00 | Create Zoom link for meeting with McCann (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 05/20/2024 | JPC A | 1 | | 150.00 | 0.20 | 30.00 | Assemble exhibits for McCann DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 05/22/2024 | JPC A | 1 | | 150.00 | | 0.00 | Create Zoom link for June 11 meeting (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 05/29/2024 | JPC A | 1 | | 150.00 | 1.50 | 225.00 | Set up motion to compel; create timeline DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/04/2024 | JPC A | 1 | | 150.00 | 0.20 | 30.00 | Scan and email agreement for survey services to Dale Oaks at Sadler Barnard DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/05/2024 | JPC A | 1 | | 150.00 | 0.20 | 30.00 | Revise witness examination estimate time form DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/06/2024 | JPC A | 1 | | 150.00 | 0.40 | 60.00 | Edit declaration of JMC DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/07/2024 | JPC A | 1 | | 150.00 | | 0.00 | Email to client re Jeff McCann meeting (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/10/2024 | JPC A | 1 | | 150.00 | 0.80 | 120.00 | Prepare note for hearing; finalize motion and declaration of JMC; assemble exhibits; efile note, motion and declaration; purchase working copies DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/10/2024 | JPC A | 1 | | 150.00 | | 0.00 | Calendar pretrial conference (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/18/2024 | JPC A | 1 | | 150.00 | 0.30 | 45.00 | Prepare summary of discovery responses received versus what we asked for DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/18/2024 | JPC A | 1 | | 150.00 | | 0.00 | Email to Jim Muir (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/19/2024 | JPC A | 1 | | 150.00 | 1.30 | 195.00 | Set up letter to Jha and counsel re continuance and settlement; finalize and email DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/20/2024 | JPC A | 1 | | 150.00 | 0.20 | 30.00 | Coordinate/calendar phone conference with Jim Muir DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/24/2024 | JPC A | 1 | | 150.00 | 0.40 | 60.00 | Review email from Jha and find the documents produced DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/24/2024 | JPC A | 1 | | 150.00 | | 0.00 | Email to court striking hearing (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/25/2024 | JPC A | 1 | | 150.00 | | 0.00 | Confirm attendance at pretrial conference (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 07/02/2024 | JPC A | 1 | | 150.00 | 0.20 | 30.00 | Set up letter to Yoke re Lanktree review survey exhibit | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 34

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|---|------|
| **Timekeeper JPC JOAN P. COREY** | | | | | | | | | |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/02/2024 | JPC | A | 1 | 150.00 | | 0.00 | Email to court re motions in limine (no charge) | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/03/2024 | JPC | A | 1 | 150.00 | 1.80 | 270.00 | Trial prep - update and finalize trial letters and subpoenas; prepare mailing and email | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/08/2024 | JPC | A | 1 | 150.00 | | 0.00 | Set up ER904 affirmation; finalize and efile (nc) | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/09/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Prepare witness availability summary/spreadsheet | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/09/2024 | JPC | A | 1 | 150.00 | | 0.00 | Meet with HCC and JMC re trial preparation; set up letter to Yoke re witnesses, finalize and email same; set up note for motion (motions in Limine), begin jury instructions (nc) | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/10/2024 | JPC | A | 1 | 150.00 | 3.80 | 570.00 | Trial prep: complete draft jury instructions; set up proposed order on motions in limine; revise witness and exhibit list; set up declaration of JMC; email to Yoke; email to Muir; email to McCann | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/10/2024 | JPC | A | 1 | 150.00 | | 0.00 | Efile notice to attend trial (no charge) | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/11/2024 | JPC | A | 1 | 150.00 | | 0.00 | Trial prep - revise joint confirmation of trial readiness, witness and exhibit list, and joint statement of evidence (no charge) | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/12/2024 | JPC | A | 1 | 150.00 | | 0.00 | Email opposing attorney with draft Jt. Confirmation of Trial Readiness (nc) | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/12/2024 | JPC | A | 1 | 150.00 | | 0.00 | Trial Prep - Meet with HCC and JMC re exhibits; review exhibits from depositions and determine which are already included on exhibit list (nc) | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/15/2024 | JPC | A | 1 | 150.00 | | 0.00 | Trial prep - add exhibits and revise witness and exhibit list and joint statement of evidence; finalize jt. confirmation and witness and exhibit lists; upload exhibits to drop box; email documents and dropbox link to opposing attorney; receive plaintiff's motions for shorten time and continuance; transfer to file; review rules on shorten time motions (nc) | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/16/2024 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Revise JMC declaration with dates; review and respond to email from Sean O'Callaghan; | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/17/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Email to court re Response; email McCann exhibits to opposing attorney | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 07/18/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Revise JMC declaration with dates of witness disclosures | ARCH |
| | | | | | | | | DINSDALE/JOAN REAL ESTATE | |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 35

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|-----------------|------|--------------|--------|---|------|
| **Timekeeper JPC JOAN P. COREY** | | | | | | | | | |
| 26081.002 | 07/19/2024 | JPC | A | 1 | 150.00 | 1.60 | 240.00 | Trial prep - revise and finalize response to motion and declaration of JMC; efile and eserve; call to client (v/m); email opposing attorney jt. statement of evidence;<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 07/22/2024 | JPC | A | 1 | 150.00 | | 0.00 | Purchase copy of order on-line; conference with HCC; review and revise Response to 2nd motion to continue and HCC declaration; efile and purchase working copies; eserve (nc)<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 07/23/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Receive service of Reply; transfer to file; print for hard file; update hard file<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 07/24/2024 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | Trial prep - revise motions in limine and declaration of JMC<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 07/25/2024 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Set up special verdict form<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 07/26/2024 | JPC | A | 1 | 150.00 | | 0.00 | Set up trial notebook (nc)<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 07/26/2024 | JPC | A | 1 | 150.00 | | 0.00 | Email all witnesses regarding trial continuance (nc)<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 07/29/2024 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | Assemble documents requested by the court; email summary to HCC and JMC<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 07/29/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Emails to witnesses Oaks, Dinsdale (Kyle) and Lanktree about trial availability<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 07/30/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Email to court with witness disclosure emails<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 07/31/2024 | JPC | A | 1 | 150.00 | 0.60 | 90.00 | Email to court re continuance order; emails to witnesses with new trial date and requesting deposition availability; conference with HCC; proof proposed order; create dropbox for Lanktree documents; send McCann a DropBox link for his file<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 07/31/2024 | JPC | A | 1 | 150.00 | | 0.00 | Purchase and download hearing minutes to file (nc)<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 08/01/2024 | JPC | A | 1 | 150.00 | | 0.00 | Re-send dropbox link to plaintiff (no charge)<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 08/02/2024 | JPC | A | 1 | 150.00 | | 0.00 | Review and respond to email from court; transfer orders to file; calendar new trial dates (no charge)<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 08/02/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Follow up email to Jeff McCann; email to Jim Muir<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 08/05/2024 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Draft Subpoena for deposition of Jim Muir; finalize and email to opposing party; prepare declaration of mailing; review and respond to email from Jha<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 36

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|-----------------|------|--------------|--------|---|-------|
| **Timekeeper JPC JOAN P. COREY** | | | | | | | | | |
| 26081.002 | 08/06/2024 | JPC | A | 1 | 150.00 | | 0.00 | Call to Jeff McCann re downloading file to DropBox (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/12/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Download opposing attorney's motions to shorten time and vacate DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/13/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Finalize and efile Response; purchase working copies DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/13/2024 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Revise Def. Witness and Exhibit List; email to opposing party with Jt. Statement of Evidence DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/13/2024 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Upload exhibits for Muir deposition to B&A; email to Muir to confirm deposition; prepare notebook of exhibits for deposition DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/14/2024 | JPC | A | 1 | 150.00 | | 0.00 | Transfer Reply to file and print for hard file (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/14/2024 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | Create timeline of communications with OC re depositions DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/15/2024 | JPC | A | 1 | 150.00 | | 0.00 | Email Lanktree and McCann re updated availability for deposition (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/19/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Email to court requesting Sharefile link DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/20/2024 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | Revise timeline of offers to depose witnesses; set up response to court DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/20/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Email to McCann and Lanktree regarding trial continuance DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/21/2024 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | Email to McCann and Lanktree re deposition dates; send opposing attorney updated availability for McCann and Lanktree; review and revise order DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/21/2024 | JPC | A | 1 | 150.00 | | 0.00 | Attend pretrial conference (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/22/2024 | JPC | A | 1 | 150.00 | 1.40 | 210.00 | Trial prep - upload exhibits to court file; create trial calendar DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/22/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Email to opposing attorney with Jt. Statement of Evidence DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/26/2024 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Set up stipulation and order re continuance DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/28/2024 | JPC | A | 1 | 150.00 | 0.80 | 120.00 | Re-format Response to Motion; assemble exhibits and create exhibit cover pages; finalize Response and efile; create hard file for appeals court | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 37

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|--|-------|
| **Timekeeper JPC JOAN P. COREY** | | | | | | | | | |
| | | | | | | | | documents DINSDALE/JOAN REAL ESTATE | |
| 26081.002 | 08/30/2024 | JPC A | 1 | | 150.00 | 0.30 | 45.00 | Revise note for hearing; finalize Joint statement of evidence, motions in limine, declaration of JMC and efile; purchase working copies DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/03/2024 | JPC A | 1 | | 150.00 | 0.30 | 45.00 | Finalize and efile trial brief; purchase working copies; submit jury instructions to court DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/05/2024 | JPC A | 1 | | 150.00 | 0.30 | 45.00 | Call to client re status conference; email to witnesses re update; review and revise proposed order; update trial calendar DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/06/2024 | JPC A | 1 | | 150.00 | 2.50 | 375.00 | Trial Prep - assemble trial notebook; correspondence with the court re jury instructions; correspondence with the court re trial assignment; efile correspondence (court of appeals); print Dinsdale and Jha depositions DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/09/2024 | JPC A | 1 | | 150.00 | 0.60 | 90.00 | Set up neutral statement of case DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/10/2024 | JPC A | 1 | | 150.00 | 0.30 | 45.00 | Emails to witnesses coordinating a time for witness prep DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/10/2024 | JPC A | 1 | | 150.00 | 0.20 | 30.00 | Email to opposing attorney with Def. Statement of Case DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/10/2024 | JPC A | 1 | | 150.00 | 0.20 | 30.00 | Look up license information for Plaintiff witness Kelsey Diller DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/11/2024 | JPC A | 1 | | 150.00 | 0.40 | 60.00 | Set up motion to strike expert witness Kelsey Diller DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/12/2024 | JPC A | 1 | | 150.00 | 0.80 | 120.00 | Trial prep - update exhibits; review emails re Kyle Dinsdale; DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/16/2024 | JPC A | 1 | | 150.00 | 0.50 | 75.00 | Revise show cause order DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/16/2024 | JPC A | 1 | | 150.00 | 0.20 | 30.00 | Email to Levenhagen to cancel/postpone trial prep meeting DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/16/2024 | JPC A | 1 | | 150.00 | 0.20 | 30.00 | Set up letter to witnesses re trial postponed DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/16/2024 | JPC A | 1 | | 150.00 | 0.20 | 30.00 | Receive service of witness list, JSE, motions in limine and trial brief; transfer to electronic file; down load Pltff. exhibits DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/17/2024 | JPC A | 1 | | 150.00 | 1.50 | 225.00 | Print and assemble opposing party exhibits DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/17/2024 | JPC A | 1 | | 150.00 | 0.20 | 30.00 | Download appeals court ruling and calendar | ARCH |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 38

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|---|-------|

**Timekeeper JPC JOAN P. COREY**

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | Description | Ref # |
|--------|-----------|------|-----|------------------|------|---------------|--------|-------------|-------|
| | | | | | | | | response | |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 09/18/2024 | JPC | A | 1 | 150.00 | | 0.00 | Print and assemble opposing party exhibits (no charge) | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 09/19/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Receive service of order on show cause from the court; transfer to file; email to Dale Oaks with link to Johnson report | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 09/30/2024 | JPC | A | 1 | 150.00 | 2.50 | 375.00 | Revise and finalize Response; assemble exhibits; efile with Court of Appeals; efile Designation of Clerks Papers | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 10/01/2024 | JPC | A | 1 | 150.00 | | 0.00 | Revise Response and re-submit to Ct. of appeals (no charge) | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 10/17/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Email witnesses re November trial availability | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 10/21/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Review and respond to email from court; email to opposing attorney re JSE | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 10/22/2024 | JPC | A | 1 | 150.00 | 1.60 | 240.00 | Trial prep - draft JSE with plaintiff's witnesses and exhibits, revise witness availability and trial calendar; prepare subpoenas for witnesses | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 10/22/2024 | JPC | A | 1 | 150.00 | 0.60 | 90.00 | Revise JMC Declaration with exhibit identification | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 10/23/2024 | JPC | A | 1 | 150.00 | | 0.00 | Continue revisions of JMC declaration and motion to shorten time ; reformat and add objections to JSE (no charge) | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 10/24/2024 | JPC | A | 1 | 150.00 | 1.50 | 225.00 | Trial Prep - Add Secretary of State Business Information to exhibit notebook, upload to case file and add to JSE; finalize motion to shorten time, motion for show cause and motion to exclude witnesses; revise notes for hearing; email documents to opposing attorney; draft proposed order | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 10/24/2024 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Efile notes, motions and declaration; purchase working copies; eserve opposing attorney | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 10/25/2024 | JPC | A | 1 | 150.00 | 0.20 | 30.00 | Receive service of Court of Appeals filing; transfer to file and print for hard file; prepare mailing to client | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 10/28/2024 | JPC | A | 1 | 150.00 | | 0.00 | Trial prep - Revise all subpoenas and witness letters (no charge) | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 10/28/2024 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Revise Joint Statement of Evidence per Amended Pre-Trial Order and forward to opposing attorney | ARCH |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 39

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|-----------------|------|--------------|--------|---|-------|
| **Timekeeper JPC JOAN P. COREY** | | | | | | | | | |
| 26081.002 | 10/29/2024 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | Scan and email trial letters and subpoenas to witnesses; prepare mailing of same; email to client re appointment to discuss survey<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 10/29/2024 | JPC | A | 1 | 150.00 | | 0.00 | Trial prep - revise trial calendar; download citations from Pltff's motions in limine and create notebook with tabs and index (no charge)<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 10/30/2024 | JPC | A | 1 | 150.00 | 0.40 | 60.00 | Trial prep - print cases per HCC and assemble in notebooks with index; note which exhibits Pltff objected to were in our ER904<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 10/30/2024 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Revise, finalize and Efile Response to motion to continue; purchase working copies<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 10/30/2024 | JPC | A | 1 | 150.00 | 0.30 | 45.00 | Revise, finalize and efile Reply to our motion; purchase working copies<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 10/31/2024 | JPC | A | 1 | 150.00 | 0.80 | 120.00 | Trial Prep - create Agreed JSE<br>DINSDALE/JOAN<br>REAL ESTATE | ARCH |
| 26081.002 | 11/01/2024 | JPC | P | 1 | 150.00 | 0.40 | 60.00 | Trial prep - create labels for notebooks and prepare them for travel to courthouse<br>DINSDALE/JOAN<br>REAL ESTATE | 801 |
| 26081.002 | 11/01/2024 | JPC | P | 1 | 150.00 | 3.00 | 450.00 | Trial prep - research prospective jurors<br>DINSDALE/JOAN<br>REAL ESTATE | 808 |
| 26081.002 | 11/05/2024 | JPC | P | 1 | 150.00 | 0.30 | 45.00 | Email witnesses re date and time need to testify<br>DINSDALE/JOAN<br>REAL ESTATE | 809 |
| 26081.002 | 11/06/2024 | JPC | P | 1 | 150.00 | 0.20 | 30.00 | Contact witness about testifying<br>DINSDALE/JOAN<br>REAL ESTATE | 817 |
| 26081.002 | 11/07/2024 | JPC | P | 1 | 150.00 | 0.30 | 45.00 | Zoom meeting with HCC and JMC; contact witnesses for Tuesday<br>DINSDALE/JOAN<br>REAL ESTATE | 816 |
| 26081.002 | 11/08/2024 | JPC | P | 1 | 150.00 | 3.50 | 525.00 | Trial Prep - locate reference to "owner's affidavit" in Plaintiff's trial exhibits; update witness calendar; create spreadsheet of real estate taxes for the Kent property taxes 2016-2024<br>DINSDALE/JOAN<br>REAL ESTATE | 818 |
| 26081.002 | 11/08/2024 | JPC | P | 1 | 150.00 | 0.20 | 30.00 | Trial prep- transfer trial notebook to larger binder; update witness calendar<br>DINSDALE/JOAN<br>REAL ESTATE | 819 |
| 26081.002 | 11/12/2024 | JPC | P | 1 | 150.00 | 0.20 | 30.00 | prepare exhibit re real estate taxes<br>DINSDALE/JOAN<br>REAL ESTATE | 820 |
| 26081.002 | 11/12/2024 | JPC | P | 1 | 150.00 | 0.20 | 30.00 | Receive service of pleadings and download; email to JMC and HCC at court<br>DINSDALE/JOAN<br>REAL ESTATE | 821 |
| 26081.002 | 11/15/2024 | JPC | P | 1 | 150.00 | 1.50 | 225.00 | Set up Response to Motion for Judgement<br>DINSDALE/JOAN<br>REAL ESTATE | 839 |
| 26081.002 | 11/15/2024 | JPC | P | 1 | 150.00 | 0.30 | 45.00 | Finalize motion for judgement; efile & eserve; purchase working copies | 840 |

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 40

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|-----------------|------|--------------|--------|---|------|
| **Timekeeper JPC JOAN P. COREY** | | | | | | | | | |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/19/2024 | JPC | P | 1 | 150.00 | 0.20 | 30.00 | Download pleadings efiled by opposing attorney; forward docket #58 to Hannah; | 841 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/22/2024 | JPC | P | 1 | 150.00 | 0.20 | 30.00 | Prepare coversheet; efile email correspondence w/red-line jury instructions and verdict form | 842 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/25/2024 | JPC | P | 1 | 150.00 | 0.80 | 120.00 | Continue setting up motion for atty. fees | 851 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/27/2024 | JPC | P | 1 | 150.00 | 0.80 | 120.00 | Set up proposed orders on motion for fees and motion for declaratory judgment; set up declaration of JMC re fees | 872 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 12/02/2024 | JPC | P | 1 | 150.00 | 0.40 | 60.00 | Research adding Findings and Conclusions into the proposed declaratory judgment order; review and revise motion and prop. order for declaratory judgment | 875 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 12/03/2024 | JPC | P | 1 | 150.00 | 0.40 | 60.00 | Set up response to Motion for fees; set up objection to motion for fees | 876 |
| | | | | | | | | DINSDALE/JOAN | |
| | | | | | | | | REAL ESTATE | |
| **Total for Timekeeper JPC** | | | | | Billable | 137.30 | 20,590.00 | JOAN P. COREY | |

*Revised total $ 20,365.00* (handwritten)

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 51

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| Timekeeper AJL AMY J. LEAL | | | | | | | | | |
| 26081.002 | 02/02/2023 | AJL | A | 1 | 150.00 | 1.30 | 195.00 | Review Jim Muir emails and compile Rainier Title insurance docs from emails into separate folder DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 02/03/2023 | AJL | A | 1 | 150.00 | 1.00 | 150.00 | Review Jim Muir emails and save requested selections as pdfs in file DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 02/06/2023 | AJL | A | 1 | 150.00 | 0.20 | 30.00 | Review Jim Muir emails and save requested selections as pdfs in file DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 02/15/2023 | AJL | A | 1 | 150.00 | 2.50 | 375.00 | Convert Jim Muir emails to PDFs DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 02/16/2023 | AJL | A | 1 | 150.00 | | 0.00 | Add dates to emails previously converted to PDFs on 2/3 and 2/6 (courtesy no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 02/16/2023 | AJL | A | 1 | 150.00 | 0.60 | 90.00 | Convert Jim Muir emails to PDFs DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 02/23/2023 | AJL | A | 1 | 150.00 | 0.20 | 30.00 | Research WA State Supreme Court orders re: remote deposition, forward results to JMC DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 02/23/2023 | AJL | A | 1 | 150.00 | | 0.00 | Convert Jim Muir emails to PDFs (courtesy no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/07/2023 | AJL | A | 8 | 150.00 | 0.30 | 45.00 | Begin extracting pages from Jha deposition to use as exhibits for JMC motion for summary judgment, highlighting relevant portions DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/08/2023 | AJL | A | 8 | 150.00 | 0.20 | 30.00 | Locate addendums to PSA in file as well as letters referenced in attorney declaration for summary judgment and save to relevant folder DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/16/2023 | AJL | A | 8 | 150.00 | 0.90 | 135.00 | Extract pages from Jha Deposition and save as exhibits for Motion for Partial Summary Judgment, highlighting lines referred to in motion; revise exhibits for declaration of atty Casey to match his revisions to declaration DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/20/2023 | AJL | A | 8 | 150.00 | | 0.00 | Review declaration exhibits with attorney Casey, editing as requested; combine exhibits into single pdf and forward to paralegal for filing (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 07/03/2024 | AJL | A | 8 | 150.00 | | 0.00 | Review Muir emails from 2016 and prior for lot layouts or wetland studies; review Jha discovery production for same; email to atty Casey with summary of findings. (no charge) DINSDALE/JOAN REAL ESTATE | ARCH |
| **Total for Timekeeper AJL** | | | Billable | | | 7.20 | 1,080.00 | AMY J. LEAL | |

*Revised total $870.00* (handwritten)

**GRAND TOTALS**

JPC

Date: 12/04/2024

**Detail Fee Transaction File List**
CURRAN LAW FIRM P.S.

Page: 21

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| **Timekeeper CSR CHRISTIE REYNOLDS** | | | | | | | | | |
| 26081.002 | 07/12/2022 | CSR | A | 95 | 150.00 | 0.40 | 60.00 | EFILE NOTICE OF APPEARANCE AND CERTIFICATE OF E-SERVICE; ESERVE OPPOSING COUNSEL; EMAIL TO OPPOSING COUNSEL DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 07/14/2022 | CSR | A | 95 | 150.00 | 0.30 | 45.00 | EFILE ANSWER AND COUNTERCLAIM AND CERTIFICATE OF E-SERVICE; E-SERVE OPPOSING COUNSEL DINSDALE/JOAN REAL ESTATE | ARCH |
| **Total for Timekeeper CSR** | | | | | Billable | 0.70 | 105.00 | CHRISTIE REYNOLDS | |

Date: 11/27/2024     **Detail Transaction File List**     Page: 53
CURRAN LAW FIRM P.S.

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Stmt # Rate | Hours to Bill | Amount | | Ref # |
|---|---|---|---|---|---|---|---|---|---|
| **Advances** | | | | | | | | | |
| 26081.002 | 07/14/2022 | JMC | A | 153 | | | 242.49 | KING COUNTY SUPERIOR COURT DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 03/06/2023 | JMC | A | 153 | | | 252.49 | King County Superior Court DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 03/10/2023 | JMC | A | 153 | | | 32.49 | King County Superior Court DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 03/28/2023 | JMC | A | 153 | | | 67.24 | King County Superior Court DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/20/2023 | JMC | A | 153 | | | 450.00 | B & A Litigation Services DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/16/2023 | JMC | A | 153 | | | 975.00 | B & A Litigation Services, Inc. DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/23/2023 | JMC | A | 153 | | | 500.00 | B & A Litigation Services, Inc. DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/18/2023 | JMC | A | 153 | | | 2.99 | King County Superior Court DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 08/22/2023 | JMC | A | 153 | | | 32.49 | King County Superior Court DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 09/20/2023 | JMC | A | 153 | | | 32.49 | King County Superior Court DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 10/18/2023 | JMC | A | 153 | | | 32.49 | King County Superior Court DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 10/20/2023 | JMC | A | 153 | | | 938.00 | B & A Litigation Services, Inc. DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 11/20/2023 | JMC | A | 153 | | | 32.49 | King County Superior Court DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 12/08/2023 | JMC | A | 153 | | | 32.49 | King County Superior Court DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 12/20/2023 | JMC | A | 153 | | | 32.49 | King County Superior Court DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 01/02/2024 | JMC | A | 153 | | | 42.49 | King County Superior Court DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/25/2024 | JMC | A | 153 | | | 7.99 | USPS DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/29/2024 | JMC | A | 153 | | | 160.00 | B&A Litigation Services, Inc. DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 04/29/2024 | JMC | A | 153 | | | 160.00 | B&A Litigation Services, Inc. DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/06/2024 | JMC | A | 153 | | | 364.00 | Sadler, Barnard & Assoc., Inc. DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 06/10/2024 | JMC | A | 153 | | | 42.49 | King County Superior Court DINSDALE/JOAN REAL ESTATE | ARCH |
| 26081.002 | 07/19/2024 | JMC | A | 153 | | | 42.49 | King County Superior Court DINSDALE/JOAN | ARCH |

Date: 11/27/2024

**Detail Transaction File List**
CURRAN LAW FIRM P.S.

Page: 54

| Client | Trans Date | Tkpr | H P | Tcode/ Task Code | Stmt # Rate | Hours to Bill | Amount | | Ref # |
|--------|-----------|------|-----|------------------|-------------|---------------|--------|---|-------|
| **Advances** | | | | | | | | REAL ESTATE | |
| 26081.002 | 07/22/2024 | JMC | A | 153 | | | 42.49 | King County Superior Court DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 07/22/2024 | JMC | A | 153 | | | 3.24 | King County Superior Court DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 08/13/2024 | JMC | A | 153 | | | 42.49 | King County Superior Court DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 08/21/2024 | JMC | A | 153 | | | 525.00 | B&A Litigation Services, Inc. DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 08/30/2024 | JMC | A | 153 | | | 42.49 | King County Superior Court DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 09/03/2024 | JMC | A | 153 | | | 42.49 | King County Superior Court DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 10/24/2024 | JMC | A | 153 | | | 42.49 | King County Superior Court DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 10/30/2024 | JMC | A | 153 | | | 42.49 | King County Superior Court DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 10/30/2024 | JMC | A | 153 | | | 42.49 | King County Superior Court DINSDALE/JOAN | ARCH |
| | | | | | | | | REAL ESTATE | |
| 26081.002 | 11/19/2024 | JMC | P | 153 | | | 480.00 | B & A Litigation Services DINSDALE/JOAN | 32 |
| | | | | | | | | REAL ESTATE | |

| **Total for Advances** | | | | | Billable | 0.00 | 5,780.77 | | |

FILED
2024 DEC 05
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 22-2-08981-4 KNT

### IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
### FOR THE COUNTY OF KING

| | |
|---|---|
| SE 278TH ST LLC | No. 22-2-08981-4  KNT |
| VS | **CERTIFICATE OF E-SERVICE** |
| DINSDALE ET ANO | |

I, Joan Corey, certify that I initiated electronic service of the following document(s) on the parties listed below who have consented to accept electronic service via the King County eFiling Application.  Service was initiated on December 5th, 2024 at 4:44 p.m.

Document(s):

1. Motion
2. Declaration
3. Notice of Hearing
4. Motion

Parties:

1. JoanCorey, Other Legal Professional
2. , E-Mail: jcorey@curranfirm.com
3. JohnCasey, Attorney for  Respondent/Defendant
4. , E-Mail: jcasey@curranfirm.com

5.  RyanYoke, Petitioner/Plaintiff

6.  , E-Mail: ryan@vjbk.com

7.  SiddharthJha, Personal Representative

8.  , E-Mail: sjha@piersixtyseven.com

Executed this 5th day of December, 2024.

s/Joan Corey, 555 West Smith Street PO Box 140 Kent WA 98035 jcorey@curranfirm.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 15, 2025 the foregoing document was sent for delivery on the following parties/counsel in the manner indicated below.

- DECLARATION OF DANIEL A. WOMAC IN SUPPORT OF CHICAGO TITLE'S AMENDED RESPONSE TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE UNDER FRCP 41(a)(2)

Joseph Scuderi, WSBA #26623                     ☒ ECF/e-filing
Scuderi Law Offices, P.S.                       ☐ Email
108 – 22nd Avenue Southwest, #24                ☐ USPS Mail
Olympia, Washington 98501                       ☐ Certified Mail/FedEx/UPS
Phone: (360) 534-9183                           ☐ Legal Messenger
Email: joescuderi@scuderilaw.com
*Attorneys for Plaintiffs*

DATED this 15th day of October 2025.

FIDELITY NATIONAL LAW GROUP

*/s/ Richard Wexler*
Richard Wexler, Paralegal

DECLARATION OF DANIEL A. WOMAC IN
SUPPORT OF CHICAGO TITLE'S AMENDED
RESPONSE TO PLAINTIFFS' MOTION TO
DISMISS WITHOUT PREJUDICE – 4