UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAKHAN JHA and MINAKSHI KUMARI,

               Plaintiffs,

    v.

CHICAGO TITLE INSURANCE COMPANY,

               Defendant.

CASE NO. 2:23-cv-00584

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiffs' motion for reconsideration. Dkt. No. 232. Plaintiffs seek reconsideration of the Court's denial of their motions to compel as untimely. *See* Dkt. No. 231. "Motions for reconsideration are disfavored," LCR 7(h)(1), and "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "A motion for reconsideration 'may not be used to raise arguments or

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION - 1

present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Whether . . . to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Because Plaintiffs' arguments could have been raised sooner, they do not warrant reconsideration. Moreover, Plaintiffs' arguments fail on the merits. First, they contend that they could not have possibly complied with the Court's February 18, 2026, discovery-related motions deadline because that deadline pre-dated the scheduling order, which issued on February 20, 2026. That is true. But as the Court has already explained, the inclusion of a deadline for discovery motions in the Court's February 20 order was a clerical error. Dkt. No. 231 at 1–2. Again, the Court did not intend to include a new deadline for filing discovery-related motions in its February 20 order because that deadline had expired and had not been preserved by the Court's January 30, 2026, scheduling order. *Id.*

Next, Plaintiffs argue that the Court *never* provided a discovery-related motions deadline that they could comply with, depriving them of a fair opportunity to be heard. They state that "other than the February 18 deadline in the Court's Order under Dkt. #211, at no point in this case have Plaintiffs ever been provided with any sort of deadline from the Court for discovery-related motions." Dkt. No. 232 at 2 (emphasis removed). But the Court provided a deadline for discovery-related motions a year ago, in its April 21, 2025, order. Dkt. No. 105 at 1. The Court then considered discovery-related motions filed by the deadline. *See* Dkt. Nos. 109,

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION - 2

115. Accordingly, Plaintiffs' assertion that they had "[no] way to gauge the Court's expectations regarding what the Court viewed as the deadline for discovery-related motions," Dkt. No. 232 at 4, is not well taken, especially considering that this insurance dispute was filed *three years ago* and has been continued numerous times, including once on the eve of jury selection at Plaintiffs' request.

Accordingly, Plaintiffs' motion for reconsideration is DENIED. Dkt. No. 232.

Dated this 7th day of April, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION - 3