UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAKHAN JHA and MINAKSHI KUMARI, | CASE NO. 2:23-cv-00584 |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO SERVE REQUESTS FOR ADMISSION |
| v. | |
| CHICAGO TITLE INSURANCE COMPANY, | |
| Defendant. | |

Plaintiffs move for leave to serve 77 Requests for Admission (RFAs) upon Defendant to "narrow down the issues for trial." Dkt. No. 236 at 2. The motion is DENIED for the reasons stated below.

Plaintiffs' primary argument—that RFAs under Rule 36 are not discovery devices subject to the Court's discovery deadline—falls flat. Plaintiffs rely on a smattering of district court orders and secondary sources that, in some respects, distinguish requests for admission from other discovery devices. These authorities are neither controlling nor persuasive. To the contrary, courts in this district treat RFAs as discovery mechanisms subject to the discovery deadline. *See* LCR 26(d) ("[i]nterrogatories, *requests for admissions* or production, etc., must be served

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO SERVE REQUESTS FOR ADMISSION - 1

sufficiently early that all responses are due *before the discovery deadline.*"). Before serving the RFAs, then, Plaintiffs must first seek an amendment of the case schedule to reopen discovery.

Even construing the motion as a request to reopen discovery, Plaintiffs cannot show the good cause required to do so. The case schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)(4)'s good cause inquiry primarily considers the diligence of the party seeking amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). If the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id.* at 609. On this record, Plaintiffs fail to show they were diligent in seeking leave to amend. Plaintiffs claim that the need for the RFAs "did not become apparent until the Pre-Trial Order" where Defendant "objected to the authenticity of a number of trial exhibits for the first time well after the discovery cutoff." Dkt. No 236 at 5. But the only Pre-Trial Order issued in this case was filed on October 1, 2025, *see* Dkt. No. 197, while Plaintiffs' motion was filed over eight months later on May 21, 2026. An eight-month delay in bringing an otherwise untimely discovery motion does not show diligence. Accordingly, the motion is denied.

In response, Defendant argues that Plaintiffs' motion for leave is sanctionable under the Federal Rules of Civil Procedure and seeks its attorney's fees. Dkt. No. 241. The request is denied. Plaintiffs' motion for leave to serve RFAs is not a motion subject to sanctions under Federal Rule of Civil Procedure 37, and

the Court does not find that Plaintiffs' motion for leave or the arguments it contains warrant sanctions under Rule 11(c).

In sum, Plaintiffs' motion for leave, Dkt. No. 236, is DENIED. Defendant's request for sanctions is DENIED.

Dated this 6th day of July, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO SERVE REQUESTS FOR ADMISSION - 3