UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAKHAN JHA and MINAKSHI KUMARI,<br><br>Plaintiffs,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:23-cv-00584<br><br>ORDER DENYING RECONSIDERATION |

Plaintiffs Lakhan Jha and Minakshi Kumari ("the Jhas") ask the Court, for a second time, to reconsider its order granting partial summary judgment to Defendant Chicago Title Insurance Company. Dkt. Nos. 247, 67. The Court entered that order nearly three years ago on November 8, 2023, and denied reconsideration of that order in March 2024. *See* Dkt. No. 80. The Court denies reconsideration again for the reasons below.

The Jhas invoke Federal Rule of Civil Procedure 54(b), which states: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the

action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). They do not address Local Civil Rule ("LCR") 7(h), which governs *all* motions for reconsideration in this District and supplies "[t]he means and procedures for seeking revision of a Court order." *Holiwell v. Higgins*, No. 2:24-cv-00720-RSL, 2025 WL 2599937, at *1 (W.D. Wash. Aug. 6, 2025). Under LCR 7(h), "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). A motion for reconsideration must also "be filed within fourteen days after the order to which it relates is filed." LCR 7(h)(2).

Most of this motion rests on material the Jhas have had all along, and they filed it more than two and a half years after the order they ask the Court to revisit. The only argument they could not have raised in 2023 is that, according to the Jhas, *Cherberg v. Fidelity National Title Insurance Company*, No. 85749-5-I, 2024 WL 4930534 (Wash. Ct. App. Dec. 2, 2024), an unpublished Washington Court of Appeals decision issued in December 2024, changed the controlling law. But under Washington General Rule 14.1(a), an unpublished Court of Appeals opinion, like *Cherberg*, has no precedential value. Because the Court's prior order applied published Washington precedent, *Tumwater Bank v. Commonwealth Title Insurance Company*, 752 P.2d 930 (1988), there has been no change in law that would warrant reconsideration.

The Jhas also argue that reconsideration is appropriate because the Court failed to address certain issues they raised years ago. Dkt. No. 247 at 15–16. But the Court thoroughly addressed the issues that the Jha's raised and declines to reconsider them under Rule 54(b). If the Jha's believed the Court failed to address one or more of their arguments, they should have moved for reconsideration of the Court's denial of their motion to reconsider within the 14-day time limit set by LCR 7(h)(2).

Finally, the Jhas argue that their motion should be granted because Chicago Title failed to oppose it. But motions for reconsideration do not require a response, unless the Court directs one. LCR 7(h)(3). Thus, Chicago Title's silence was what the rule required, and concedes nothing. Besides, Chicago Title cannot be faulted for staying quiet about a motion that is plainly frivolous.

Accordingly, the motion is DENIED. Dkt. No. 247.

Dated this 19th day of August, 2026.

Jamal N. Whitehead
United States District Judge