UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAKHAN JHA and MINAKSHI KUMARI,<br><br>Plaintiffs,<br><br>v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:23-cv-00584<br><br>ORDER |

This matter comes before the Court on Plaintiffs' Motion in Limine to exclude Defendant Chicago Title Insurance Company's expert, J. Bushnell Nielsen, Dkt. No. 252, and Plaintiffs' Motion to Strike Chicago Title's response, Dkt. No. 262. Having considered the briefing, the record, and argument at the September 1, 2026, pretrial conference, the Court DENIES the motion in limine and DENIES as moot the motion to strike.

"A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). They're "useful tools to resolve issues which would otherwise 'clutter up' the trial." *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir.

1986). Trial courts possess broad discretion when ruling on motions in limine. *Heller,* 551 F.3d at 1111. Denial of a motion in limine does not guarantee admission of contested evidence, but merely indicates that without trial context, the court cannot make a proper determination regarding exclusion. *See id.*

Plaintiffs say that Chicago Title withheld materials Nielsen considered—namely, an unredacted claims manual—in violation of the expert disclosure rules, and that exclusion must follow under Rule 37(c)(1). The premise is unsupported. True, Exhibit 1 to Nielsen's report lists no claims manual, underwriting manual, or internal claims-handling guidance, and the report refers to none. But at argument, Chicago Title represented that Nielsen neither relied on any such material nor will he offer opinions on those subjects at trial. The Court holds Chicago Title to that representation and will not permit testimony about the contents of any internal manual or guidance or their import from Nielsen.

Plaintiffs' remaining arguments—that Nielsen is unqualified to opine on Washington bad faith, appraisal, and surveying—are challenges under Rule 702. Local Civil Rule 7(d)(5) removes such motions from the motion in limine track and requires that they be filed by the dispositive motion deadline. Plaintiffs filed this one in the weeks before the pretrial conference, long after the *Daubert* motion deadline. *See* Dkt. No. 211 at 2. The Rule 702 arguments are denied as untimely.

Even so, the Court's gatekeeping obligation does not depend on the parties' motion practice. Expert opinion is not objectionable merely because it embraces an ultimate issue. *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (citing Fed. R. Evid. 704(a)). But instructing the jury on the applicable

law "is the distinct and exclusive province" of the Court. *Id.* In an insurance bad faith case, an expert may describe the customs and practices of the industry, describe what the parties did, and opine whether that conduct conformed to those customs. An expert may not tell the jury what the law requires, opine that a party complied with or violated the law, interpret the policy, or say that conduct was reasonable or unreasonable, in good faith or in bad faith. *See Northmarq Fin., LLC v. Fid. Nat'l Title Ins. Co.,* No. 22-CV-2839-WJM-TPO, 2025 WL 2780917, at *2 (D. Colo. Sept. 30, 2025). Those determinations belong to the Court and the jury. Referring to law to explain why a practice exists does not cross the line, but supplying a legal standard or a legal result in place of a description of practice does. This standard applies to every expert in this case.

Finally, Plaintiffs move to strike Chicago Title's response, which was due on August 26, 2026, but was filed on August 28 without a request for more time or any showing of excusable neglect. The Court will not excuse another late filing from Chicago Title, but because the Court did not rely on its response in reaching the rulings above, the motion is DENIED as moot.

Dated this 2nd day of September, 2026.

Jamal N. Whitehead
United States District Judge